IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,

    Defendant.

## COMPLAINT

Plaintiff David E. Brody respectfully submits this Complaint against Defendant Marc A. Bruner, and alleges as follows:

### Nature of the Claims

1. This case arises from Defendant's breach of an agreement (the "Agreement") to pay Plaintiff for a certain bankruptcy claim transferred from Plaintiff to Defendant. Specifically, Plaintiff assigned his bankruptcy claim against PetroHunter Energy Corp. ("PetroHunter") to Defendant in exchange for $25,000 in cash and 150,000 freely-tradable shares of Fortem Resources Inc. ("Fortem" and the "Fortem Shares"), valued in excess of $300,000. Defendant has not performed under the Agreement. Furthermore, Plaintiff recently learned that Defendant may liquidate or transfer some or all of his shares in Fortem as part of a separate transaction, potentially depriving Plaintiff of the benefit of the Agreement. Thereafter, Plaintiff demanded compliance with the Agreement or assurances that Defendant would comply. Defendant has neither complied

nor given assurances of future compliance. Therefore, Plaintiff is compelled to bring this action seeking specific performance.

## The Parties

2. Plaintiff is an individual who resides in the State of Colorado.

3. Defendant is an individual who resides outside of the State of Colorado, in Zurich, Switzerland and Calgary, Alberta, Canada. As applicable here, he is the President and Chief Executive Officer of Fortem and a claimant in the PetroHunter Bankruptcy.

## Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff, a citizen of Colorado, and Defendant, a citizen of Switzerland and Canada, and the amount of controversy exceeds $75,000, exclusive of interests and costs.

5. This matter arises from acts and omissions that occurred within the State of Colorado, including:

    a. Plaintiff and Defendant were each claimants *In re PetroHunter Energy Corporation*, Case No. 16-20197-KHT, in the United States Bankruptcy Court for the District of Colorado (the "PetroHunter Bankruptcy").

    b. Defendant requested that Plaintiff sell and transfer Plaintiff's bankruptcy claim to Defendant so that Defendant could add Plaintiff's substantial claim to Defendant's own bankruptcy claim(s) in the PetroHunter Bankruptcy, for the purpose of strengthening Defendant's position in such proceedings. Plaintiff accepted Defendant's offer and the parties entered into the Agreement.

      c.      Plaintiff's sale and assignment of his bankruptcy claim to Defendant occurred entirely within the State of Colorado, and Defendant received the claim and filed notice of the assignment in the PetroHunter Bankruptcy in Colorado, where Defendant's claims remain pending. Ex. 1.

      d.      Defendant's payment of the $25,000 and delivery of a certificate in the Fortem Shares to Plaintiff was to occur in Colorado.

      e.      The harm from Defendant's breach is felt in Colorado, where Plaintiff resides.

      f.      Plaintiff and Defendant agreed in the Agreement that "venue for any legal action brought under the Agreement will be state or federal court in Denver, Colorado." Agreement at 2, attached as Ex. 2.

6.      In addition to the foregoing case-specific contacts, Defendant has the following general contacts with the State of Colorado:

      a.      Defendant travels to Colorado often for personal and business reasons.

      b.      Throughout 2016 and 2017, Defendant represented to the U.S. Securities and Exchange Commission and the Nevada Secretary of State that his residence was in Colorado.

      c.      Until recently, Defendant owned real property in Colorado through his wholly-owned affiliate, MAB Resources LLC.

      d.      From 2010 to 2018, Defendant leased an apartment at 1555 Blake Street in Denver, which he used as his business address during those years.

7.      The value of Plaintiff's claim against Defendant exceeds $75,000, exclusive of interest.

### General Allegations

8. On August 16, 2017, Plaintiff and Defendant entered into the Agreement, under which Plaintiff would assign his claim in the amount of $335,374.18 filed in the PetroHunter Bankruptcy to Defendant in exchange for $25,000 and 150,000 freely-tradable shares of Fortem.

9. Pursuant to the Agreement, Plaintiff transferred his claim to Defendant. On August 22, 2017, Defendant signed and recorded this transfer in the PetroHunter Bankruptcy.

10. Under the Agreement, Defendant was required to: (1) pay Plaintiff $25,000 in two equal installments of $12,500 to Plaintiff, within 30 and 60 days of the Agreement, respectively, and (2) deliver to Plaintiff 150,000 shares freely-tradable common stock of Fortem owned by Defendant, free and clear of any liens or encumbrances, in one share certificate, within 10 days of the Agreement, as more fully described in the Agreement.

11. Defendant failed to pay the $25,000.

12. Defendant failed to transfer any of the 150,000 shares of Fortem stock, which value is estimated to be in excess of $300,000.

13. Plaintiff has further learned that Defendant intends to contribute $15 million worth of his shares of Fortem to third party Beetaloo Basin Partners and is liquidating or otherwise using his Fortem shares for that purpose and/or for other purposes.

14. Defendant's contribution of his interest in Fortem to a third party is likely to deprive Plaintiff of the benefit of the Agreement.

15. Plaintiff has made multiple demands since the breach of the Agreement originally occurred that Defendant comply with the Agreement and provide assurances that he will perform

under the Agreement, which demands have gone unanswered. Plaintiff therefore seeks specific performance.

16. Pursuant to the Agreement, "[i]f any Party commences any action or proceeding against the other in order to enforce the provisions of th[e] Agreement, the prevailing Party in any such action will be entitled to recover, in addition to any amounts or relief otherwise awarded, all reasonable costs incurred in connection therewith, including all reasonable attorneys' fees and costs." Therefore, Plaintiff further seeks attorneys' fees and costs.

### Causes of Action

### Count I
### Breach of Contract – Specific Performance

17. Plaintiff re-alleges the allegations of the paragraphs above herein.

18. The Agreement is a valid and enforceable contract between Plaintiff and Defendant that is binding on Defendant.

19. Plaintiff has fully performed and complied under the Agreement.

20. Defendant is able to but has failed to perform under the Agreement by failing to: (1) pay Plaintiff $25,000 in two equal installments of $12,500 to Plaintiff, within 30 and 60 days of the Agreement, respectively, and (2) deliver to Plaintiff 150,000 shares of freely-tradable common stock of Fortem owned by Defendant, as provided in the Agreement.

21. Defendant refused, continues to refuse, and otherwise failed to provide assurances that he will perform under the Agreement.

22. Given the nature of the Agreement and the fact that Plaintiff fully performed his obligations by selling and assigning his bankruptcy claim against PetroHunter to Defendant, Plaintiff is entitled to specific performance of the Agreement by payment of $25,000 from

Defendant. Given the unique value and number of Fortem Shares and Plaintiff's full performance under the Agreement, Plaintiff is entitled to specific performance of the Agreement by Defendant's delivery of 150,000 shares of freely-tradable common stock of Fortem owned by Defendant, as provided in the Agreement.

23. The Agreement further provides that in the event of a breach, the prevailing party is entitled to attorneys' fees and costs, and due to Defendant's breach, Plaintiff is entitled to and seeks same in an amount to be proved at trial.

## Count II
## Breach of the Implied Duty of Good Faith and Fair Dealing

24. Plaintiff re-alleges the allegations of the paragraphs above herein.

25. Under Colorado law, a duty of good faith and fair dealing is implied into every contract.

26. The Agreement, like every contract, contained the implied duty of good faith and fair dealing.

27. Plaintiff justifiably relied on the duty of good faith and fair dealing.

28. Good faith performance under the Agreement involved Defendant's adherence to the terms of the Agreement by keeping his promises to Plaintiff and performing under the Agreement.

29. Plaintiff had a justified expectation that Defendant would act in a reasonable manner in its performance under the Agreement. Defendant has failed to perform under the Agreement.

30. Defendant's conduct deprived or threatens to deprive Plaintiff of the benefit of the Agreement.

31. Defendant's breach of the implied duty of good faith and fair dealing has caused Plaintiff damages in an amount to be proved at trial, and entitles Plaintiff to an award of attorneys' fees and costs.

## Request for Relief

WHEREFORE, Plaintiff requests an award against Defendant requiring specific performance of the agreement to pay $25,000, transfer 150,000 freely-tradeable shares of Fortem, actual damages for Defendant's breach of the implied duty of good faith and fair dealing, and attorneys' fees and costs.

Dated this 12th day of April, 2019.

> s/ Michael A. Rollin
> Michael A. Rollin
> Edgar O. Barraza
> FOX ROTHSCHILD LLP
> 1225 17th Street, Suite 2200
> Denver, CO 80202
> Phone: (303) 945-7412
> Fax: (303) 292-1200
> E-mail: mrollin@foxrothschild.com
> E-mail: ebarraza@foxrothschild.com
> *Attorneys for Plaintiff*