IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

## ORDER TO SHOW CAUSE

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Judge Raymond P. Moore on July 16, 2019 (Dkt. #9).

On April 15, 2019, the Court set a Scheduling Conference for July 24, 2019 (Dkt. #6). On July 15, 2019, Plaintiff filed a Motion to Stay Scheduling Conference (Dkt. #7) because Defendant Marc A. Bruner had not been served. Rather than stay the Scheduling Conference, the Court converted it to a Status Conference (Dkt. #12). At the Status Conference, Plaintiff asked for an extension of time to serve Defendant Bruner. The Court granted this request, gave Plaintiff an additional 60 days to serve Defendant Bruner, and ordered Plaintiff to "simultaneously file a certificate of service and a motion to set a scheduling conference" (Dkt. #13). A summons was issued on August 14, 2019 (Dkt. #15). And then nothing happened in this case until June 5, 2020, when Plaintiff filed an Amended Complaint adding new claims and defendants (Dkt. #16). Plaintiff did

1

not comply with the Court's orders issued on July 24, 2019, and has offered no justification for his failure to do so.

> Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Furthermore, Rule 41(b) provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

D.C.COLO.LCivR 41.1 further provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**ORDERED** that on **June 23, 2020, at 2:00 p.m.**, in Courtroom C-203 of the Byron G. Rogers U.S. Courthouse, located at 1929 Stout Street in Denver, Colorado, a Show Cause Hearing will be held during which the **plaintiff David E. Brody** shall appear by telephone and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b), and D.C.COLO.LCivR 41.1. It is further

**ORDERED** that Plaintiff's counsel shall participate by calling the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time. It is further

**Plaintiff is hereby expressly warned that a failure to comply will result in dismissal of this case without prejudice.**

Dated: June 5, 2020
       Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge

3