IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## DECLARATION OF MARC E. BRUNER

I, Marc E. Bruner ("MEB"), as Trustee of The Bruner Family Trust (the "BFT") (I refer to myself and the BFT together as the "BFT Parties"), on personal knowledge, state and declare as follows:

1. I am over age 18 and competent to provide this declaration.

2. I have served as Trustee of the BFT since its inception in 2004.

3. Before this litigation commenced, I had no knowledge as to the Brody-Bruner Agreement, dated August 16, 2017, nor the existence of the Brody Claim or transfer.

4. I have never had any communication from Brody regarding the Brody-Bruner Agreement, or the claim transfer.

5. Brody initiated this action and later initiated an adversary proceeding in PetroHunter's bankruptcy pursuing identical claims.

6. The BFT Parties willingly accepted service in this matter.

74437853.1

EXHIBIT C

7. The BFT Parties do not operate internationally.

8. The BFT Parties maintain domestic bank accounts.

9. If the BFT Claim (as defined in the response to Brody's motion for a constructive trust) is paid, the BFT plans to retain those funds for its beneficiaries.

10. If this Court imposes a constructive trust or permits prejudgment attachment of the BFT Claim it would cause significant harm to the BFT. The BFT has about 21 beneficiaries to answer to for recovery of claims against the Debtor (as defined in the response to Brody's motion for a constructive trust) that have been pending for years.

11. The BFT has no other assets beyond the BFT Claim. Without the BFT Claim being paid, it will not have sufficient funds to defend Brody's unfounded claims in multiple courts based on the Brody-Bruner Agreement to which the BFT Parties are not a party. The BFT and BFT Parties would be defenseless without representation unjustly enriching Brody due to his advantage if the BFT Parties cannot afford to pay for legal representation.

12. Limiting the BFT Parties' access to funds by imposing a constructive trust will ensure Brody prevails not on the merits of his claims but because the BFT's ability to defend itself will be severely prejudiced due to lack of funds through prejudgment attachment.

Dated this 11 day of Aug, 2020.

_____
Marc E. Bruner, as Trustee for the Bruner Family Trust