# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091
DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

    Defendants.

## SUPPLEMENTAL DECLARATION OF MICHAEL A. ROLLIN

I, Michael A. Rollin, am a partner with the law firm of Foster Graham Milstein & Calisher LLP and am counsel to Plaintiff in the above-entitled action. I have personal knowledge of the matters set forth herein and if called to testify, I would testify competently thereto.

1. On April 2, 2019, I sent correspondence to Marc A. Bruner ("MAB") in an effort to resolve the dispute between him and Plaintiff. FedEx confirmed delivery at the Calgary, Alberta, Canada address of Fortem Resources, Inc. ("Fortem") on April 3, 2019.

2. On April 16, 2019 and May 20, 2019, I sent correspondence to Marc A. Bruner ("MAB") requesting that he accept/waive service of them Complaint. FedEx confirmed both deliveries at the offices of Fortem Resources, Inc., in Calgary, Alberta, Canada. MAB never replied. I made further attempts to contact MAB directly as reflected in my first declaration.

3. Members of my prior law firm investigated whether MAB had any property or residences in Colorado and identified a potential residence located at 1555 Blake Street, suite 1002, Denver, Colorado. The process server attempted service at that address on September 3, 2019 but

1

was informed by the doorman that MAB may have been a former resident of the building but did not reside there at the time.

4. On September 3, 2019, members of my prior law firm unsuccessfully attempted to serve the Complaint on MAB at the Colorado home of Marc E. Bruner, in the event it would be possible to characterize it as MAB's domicile under Colorado law. An individual who identified himself as Marc E. Bruner told the process server that MAB was his father and did not reside there.

5. On August 14, 2019, members of my prior law firm unsuccessfully attempted service of the Complaint under Article 10(b) of the Hague Convention (direct service under Canadian law) at the Calgary offices of Fortem, but Alberta law requires personal service and the process server was unable to locate MAB personally. The process server was also told that MAB usually is not in the office and does not have set office hours.

6. I did not attempt service in Italy or Switzerland in part because I did not know where to locate MAB and in part because of his and/or his lawyer's representations that he would transfer the Fortem Shares to Plaintiff, as discussed below and in Plaintiff's supplemental declaration.

7. I also contacted several lawyers who I understood represented MAB or his companies and asked each to facilitate or accept/waive service of the Complaint. All three declined. These lawyers and the dates and substance of our communications are as follows:

**Glenn Merrick**

8. Mr. Merrick represented MAB, the BFT, and other Bruner-related entities in the PetroHunter bankruptcy case beginning in September 2018.

9. I do not have a record of when I first contacted Mr. Merrick, but I believe it was in September 2019. In our first call, I asked if he would accept or facilitate service of the Complaint on MAB. He declined.

2

10.     On October 2, 2019, I emailed Mr. Merrick with a resolution proposal or, in the alterative, a request that he ask MAB to waive service, together with copies of the Complaint and other documents necessary to effect service.

11.     On October 9, 2019, Mr. Merrick forwarded to me the contents of an email sent to him by Tony Lotito on MAB's behalf, committing the transfer the Fortem Shares to Plaintiff approximately 10 days thereafter.

### Cam McTavish

12.     Mr. McTavish is a lawyer with Clark Wilson LLP in Vancouver, BC, Canada, who I understand represents Fortem. I was informed that MAB directed Plaintiff to Mr. McTavish to facilitate the transfer of the Fortem Shares.

13.     I first contacted Mr. McTavish by email on October 10, 2019 to facilitate the transfer of the Fortem Shares as MAB and Plaintiff had discussed in order to resolve the lawsuit. Mr. McTavish told me that Fortem stock was subject to a Cease Trading Order ("CTO") and that "we can revisit the arrangement after the CTO is revoked."

14.     On December 7, 2019, Plaintiff wrote to Mr. McTavish as follows: "Cam – It looks like the Fortem shares are trading. Please provide the documents we need for assigning 150,000 of Marc's shares to me. Thank you." However, the shares were still non-trading.

15.     On March 5, 2020, I contacted Mr. McTavish for an update on the trading status of Fortem stock. He told me it was still subject to the CTO.

16.     On March 9, 2020, I requested that Mr. McTavish help facilitate alternate consideration for the Brody Claim or accept service of the Complaint for MAB. Mr. McTavish declined, stating that his firm does not represent MAB personally.

### Barry Meinster

3

17. Barry Meinster is a Colorado attorney who originally filed the BFT Claims in the PetroHunter bankruptcy case.

18. On July 16, 2020, I wrote to Mr. Meinster by email and asked whether he would be able to facilitate service. Mr. Meinster replied that he had not spoken with MAB in over a year and did not know how to contact him.

I certify under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

/s/ Michael A. Rollin

Michael A. Rollin

4