# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

PETROHUNTER ENERGY CORPORATION
EIN: XX-XXX1245

Debtor.

Case No. 16-20197 KHT

Chapter 7

## ORDER APPROVING STIPULATION REGARDING VARIOUS MATTERS BY AND BETWEEN: (A) MARC A. BRUNER; (B) MARC E. BRUNER; (C) THE BRUNER FAMILY TRUST; (D) DAVID E. BRODY; AND (E) CHAPTER 7 TRUSTEE, JEFFREY L. HILL

This matter having come before the Court upon the Stipulation Regarding Various Matters by and Between: (a) Marc A. Bruner; (b) Marc E. Bruner; (c) The Bruner Family Trust; (d) Davide E. Brody; and (e) Chapter 7 Trustee, Jeffrey L. Hill (the "**Stipulation**");[1] the Court having jurisdiction to consider the Stipulation; and upon consideration of the Stipulation; and due and appropriate notice having been given under the circumstances, and no further notice being needed; and upon the proceedings before the Court; and good and sufficient cause having been shown; the Court hereby **ORDERS**:

1. The Stipulation is approved in its entirety.

2. This Order shall be immediately enforceable.

3. The Court shall retain jurisdiction to interpret, administer or enforce the terms and provisions of the Stipulation and this Order.

Dated: August 27, 2020.

BY THE COURT:

*/s/ Kimberley H. Tyson*

Kimberley H. Tyson
United States Bankruptcy Judge

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Stipulation.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| PETROHUNTER ENERGY ) | Case No. 16-20197 KHT |
| CORPORATION ) | |
| EIN: XX-XXX1245 ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**STIPULATION REGARDING VARIOUS MATTERS BY AND BETWEEN: (A) MARC A. BRUNER; (B) MARC E. BRUNER; (C) THE BRUNER FAMILY TRUST; (D) DAVID E. BRODY; AND (E) CHAPTER 7 TRUSTEE, JEFFREY L. HILL**

COME NOW Marc A. Bruner ("**MAB**"), Marc E. Bruner ("**MEB**"), the Bruner Family Trust ("**BFT**"), David E. Brody ("**Brody**") and Chapter 7 Trustee, Jeffrey L. Hill (the "**Trustee**") (each, a "**Party**" and collectively, the "**Parties**"), by and through their respective undersigned counsel, for their Stipulation Regarding Various Matters (the "**Stipulation**"). In support of the Stipulation, the Parties state as follows:

**Recitals**

WHEREAS, on October 17, 2016 (the "**Petition Date**"), PetroHunter Energy Corporation (the "**Debtor**") commenced this bankruptcy case (the "**Bankruptcy Case**") when it filed its voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "**Bankruptcy Code**");

WHEREAS, on March 2, 2017, Brody filed a proof of claim against the Debtor's estate in the amount of $335,374.18 (Claims Reg. No. 7-1) ("**Claim No. 7**");

WHEREAS, on March 6, 2017, BFT filed six proofs of claim against the Debtor's estate: (i) in the amount of $250,000.00 (Claims Reg. No. 9-1) ("**Claim No. 9**"); (ii) in the amount of $25,000.00 (Claims Reg. No. 10-1); (iii) in the amended amount of $2,385,184.00 (Claims Reg. No. 11-2); (iv) in the amount of $120,000.00 (Claims Reg. No. 12-1); (v) in the amount of $100,000.00 (Claims Reg. No. 13-1); (vi) in the amount of $100,000.00 (Claims Reg. No. 14-1); (vii) in the amount of $100,000.00 (Claims Reg. No. 15-1) (collectively, the "**BFT Claims**");

WHEREAS, on August 16, 2017, Brody and MAB entered into an agreement whereby Brody would sell Claim No. 7 to MAB (the "**Claim Purchase Agreement**");

WHEREAS, on September 8, 2017, BFT filed an amended Claim No. 9 which consolidated all of the BFT Claims in the amount of $4,158,963.82 (Claims Reg. No. 9-2) (the "**Amended Claim No. 9**").

WHEREAS, on April 12, 2019, Brody commenced an action against MAB in the United States District Court for the District of Colorado (the "**District Court**"), styled as *Brody v. Bruner*, Case No. 19-cv-01091-RM-NRN (the "**District Court Action**");

WHEREAS, on May 20, 2020, the Trustee filed the Motion for Authority to Pay Interim Distribution and Interim Trustee Fee (the "**Interim Distribution Motion**") requesting that he be authorized to make an interim distribution of estate funds to creditors in the amount of $4,000,000.00, including MAB and BFT on account of Claim 7 and Claim 9 respectively (Docket No. 514);

WHEREAS, on June 5, 2020, Brody filed his amended complaint (the "**Amended Complaint**") in the District Court Action naming MAB, Marc E. Bruner ("**MEB**") and the Bruner Family Trust ("**BFT**") as defendants. (D. Colo., Case No. 19-cv-01091 at Docket No. 16);

WHEREAS, on June 10, 2020, Brody filed his Limited Objection to the Interim Distribution Motion (Docket No. 529) (the "**Limited Objection**") asserting that the Trustee should not pay MAB or BFT on account of Claim 7 or Claim 9 because of Brody's pending claims in the District Court Action against MAB, MEB and BFT;

WHEREAS, on July 21, 2020, Brody filed his *Motion for Constructive Trust or, in the Alternative, for Prejudgment Attachment* (the "**Prejudgment Attachment Motion**") requesting that the District Court impose a constructive trust, or a prejudgment attachment, upon distributions MAB, MEB, or BFT would receive on account of Claim 7 or Claim 9. (D. Colo., Case No. 19-cv-01091 at Docket No. 29);

WHEREAS, on July 27, 2020, Brody filed his Motion for Leave of Court to Intervene in Bankruptcy Case for Specified Matters Pursuant to Fed. R. Bankr. P. 2018(a) (Docket No. 554) (the "**Intervention Motion**");

WHEREAS, on July 27, 2020, Brody filed an amended proof of claim on account of Claim No. 7 attaching a copy of the Amended Complaint filed in the District Court Action (Claims Reg. No. 7-2) (the "**Amended Claim No. 7**").

WHEREAS, on August 3, 2020, Brody commenced an adversary proceeding against MAB, MEB and BFT, in part, asserting, an interpleader claim against the Trustee for the interim distribution contemplated under the Interim Distribution Motion, Adv. Pro. No. 20-01225-KHT (the "**Adversary Proceeding**");

WHEREAS, on August 11, 2020, MEB and BFT filed their joint response to the Prejudgment Attachment Motion opposing all relief requested therein. (D. Colo., Case No. 19-cv-01091 at Docket No. 30);

WHEREAS, on August 18, 2020, MAB filed his response to the Prejudgment Attachment Motion opposing all relief requested therein. (D. Colo., Case No. 19-cv-01091 at Docket No. 35);

WHEREAS, the Trustee has not objected to the validity or amount of Claim 7 or Amended Claim 9, is willing to interplead Claim 7 and deposit all distributions on account of Claim 7 into the registry of the District Court;

WHEREAS, because in Brody's Limited Objection and Prejudgment Attachment Motion he does not seek to delay the Trustee's first interim distribution to any creditors except MAB and BFT, and the District Court will not likely rule on Brody's Prejudgment Attachment Motion before the first interim distribution is made by the Trustee, Brody agrees not to oppose the first interim distribution to BFT.

NOW, THEREFORE, in consideration of the foregoing, the mutual promises and covenants contained herein, and other good and valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, the Parties, each intending to be legally bound, agree as follows:

**Stipulation**

1. RECITALS.  The Recitals set forth above are hereby incorporated in and made a part of this Stipulation by reference.

2. BANKRUPTCY COURT APPROVAL.  The terms of this Stipulation shall not become effective unless and until the Court has entered an order approving the terms hereof (the "**Approval Order**").

3. INTERPLEADER OF DISTRIBUTIONS ON ACCOUNT OF CLAIM NO. 7.  So long as the District Court action remains pending (or any other action is filed in another court of competent jurisdiction within ten business days after it is no longer pending in the District Court, and relates to the same subject matter as the District Court action, including any appeal), any and all distributions the Trustee seeks to make on account of Claim No. 7, including the proposed distribution provided for in the Interim Distribution Motion, shall not be paid to MAB and shall be deposited into the registry of the District Court or other court within seven (7) days of the entry of the Approval Order or the filing of an action in another court of competent jurisdiction.

4. PAYMENT OF FIRST INTERIM DISTRIBUTION OF AMENDED CLAIM NO. 9 TO BFT.  The Trustee shall pay all distributions on account of Amended Claim No. 9 directly to BFT, solely as provided for in the Initial Distribution Motion (the "**First Interim Distribution**"). The Trustee shall make the First Interim Distribution at the same time he is paying all other creditors as provided for in the Initial Distribution Motion.  To the extent the Brody seeks to enjoin any future distributions the Trustee seeks to make on account of Amended Claim No. 9 after the date of the First Interim Distribution (the "**Future Distributions**"), Brody must first obtain an order from the District Court or any other Court of competent jurisdiction which specifically prohibits the Trustee's payment of any such Future Distribution to BFT on account of Amended Claim No. 9.

5.      DISMISSAL OF BANKRUPTCY PLEADINGS.  Within (7) seven days of the entry of the Approval Order: (a) Brody shall dismiss, *without prejudice*, the Adversary Proceeding against all parties; (b) Brody shall withdraw his Amended Claim No. 7-2; and (c) Brody shall withdraw his Motion to Intervene.

6.      DISTRICT COURT RESERVATION OF RIGHTS.  The Parties reserve all rights to contest any pleading filed in the District Court Action.  Nothing in this Stipulation shall be construed as, or deemed an admission of, any fact or conclusion of law as it may relate to the Amended Complaint, the Prejudgment Attachment Motion or any other pleading filed, or to be filed, in the District Court Action.

7.      RETENTION OF JURISDICTION.  Each Party hereto agrees that the Bankruptcy Court shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) to interpret, administer or enforce the terms and provisions of this Stipulation and the Approval Order.

8.      AUTHORSHIP.  This Stipulation shall be deemed to have been drafted jointly by the Parties such that no Party shall be entitled to any legal presumption in the interpretation of this Stipulation on the basis of authorship.

9.      ATTORNEYS' FEES. In any action to enforce the terms of this Stipulation, the prevailing party shall recover its attorneys' fees and costs incurred.

10.     REVISED ORDER FOR INTERIM DISTRIBUTION MOTION. The Trustee shall submit to the Court a revised proposed form of order granting the Interim Distribution Motion and directing the Trustee to make payments as contemplated under this Stipulation. The Trustee shall also file a Second Amended Exhibit A to the Interim Distribution Motion reflecting his current proposed distribution.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving this Stipulation, and for all such other and further relief as this Court deems fair and equitable under the circumstances.

[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]

Dated: August 26, 2020

| | |
|---|---|
| */s/Lance Henry* | */s/Chad S. Caby* |
| Patrick D. Vellone, Colorado Bar No. 15284 | Chad S. Caby, Colorado Bar No. 30927 |
| James S. Helfrich, Colorado Bar No. 22627 | Lewis Roca Rothgerber Christie LLP |
| Lance Henry, Colorado Bar No. 50864 | 1200 17th Street, Suite 3000 |
| Allen Vellone Wolf Helfrich & Factor P.C. | Denver, Colorado 80202 |
| 1600 Stout Street, Suite 1900 | (303) 623-9000 |
| Denver, Colorado 80202 | ccaby@lrrc.com |
| (303) 534-4499 | *Attorneys for David E. Brody* |
| pvellone@allen-vellone.com | |
| jhelfrich@allen-vellone.com | |
| lhenry@allen-vellone.com | |
| *Counsel for Chapter 7 Trustee of PetroHunter Energy Corporation Jeffrey L. Hill* | |

| | |
|---|---|
| */s/William R. Meyer* | */s/Timothy M. Swanson* |
| William R. Meyer, Colorado Bar No. 34012 | Timothy M. Swanson, Colorado Bar No. 47267 |
| Polsinelli PC | Moye White LLP |
| 1401 Lawrence Street, Suite 2300 | 1400 16th Street, Suite 600 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| (303) 572-9300 | (303) 292-2900 |
| wmeyer@polsinelli.com | tim.swanson@moyewhite.com |
| *Counsel for the Bruner Family Trust and Marc E. Bruner, as trustee to the Bruner Family Trust* | *Counsel for Marc A. Bruner* |

## Certificate of Service

I hereby certify that on this 26th day of August 2020, I caused the foregoing to be served by CM/ECF on the following:

Joseph T. Bernstein, jtb@msbfirm.com
Chad S. Caby, ccaby@lrrc.com
Tyler Ferguson, tferguson@mayerbrown.com
Jenny M.F. Fujii, jmf@kutnerlaw.com
Matthew A. Gold, courts@argopartners.net
Jeffrey L. Hill, jeffreyhillpc@gmail.com
John J. Kane, jkane@krcl.com
Charles S. Kelley, ckelley@mayerbrown.com
Lee M. Kutner, lmk@kutnerlaw.com
Barry Meinster, bmeinster@meinster.com
Glenn W. Merrick, gwm@msbfirm.com
William R. Meyer, wmeyer@polsinelli.com
David M. Miller, dmiller@spencerfane.com
William P. Rossini, williamp@rossini-law.com
Brad W. Schacht, bschacht@ottenjohnson.com
Matthew D. Skeen, jrskeen@skeen-skeen.com
Timothy M. Swanson, tim.swanson@moyewhite.com
United States Trustee, USTPRegion19.DV.ECF@usdoj.gov
Jeffrey Weinman, jweinmantrustee@outlook.com
Alice A. White, awhite@ecf.courtdrive.com

*/s/Lance Henry*