IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER, *et al*.

Defendants.

## MOTION TO STRIKE

The Bruner Family Trust ("BFT") and Marc E. Bruner ("MEB"), as Trustee of The Bruner Family Trust (together the "BFT Parties"), submit this Motion to Strike ("Motion to Strike") seeking to strike facts and argument first raised in Plaintiff's Reply in Support of Motion for Constructive Trust or, in the Alternative, for Prejudgment Attachment (Doc. #48) (the "Reply'), and in support states as follows.

***Certificate of Conferral***: *Undersigned counsel conferred with counsel for Plaintiff and this motion is opposed.*

1. Plaintiff filed his Motion for Constructive Trust or, in the alternative, for Prejudgment Attachment (Doc #29) (the "Motion") seeking either the imposition of a constructive trust or prejudgment attachment of amounts to be paid to Marc A. Bruner ("MAB") and the BFT Parties in the PetroHunter bankruptcy. MAB and the BFT Parties responded to the Motion (Doc. ## 38 and 30, respectively).

1

74694027.1

2. The BFT Parties object to Plaintiff's Reply because it raises new facts and arguments for the first time that are not in response to arguments raised in either response brief. *See e.g. Foundation Learning LLC v. Academic Arts and Action Charter Academy*, 2018 WL 3382933, *3 (Colo. Dist. Ct. 2018) (not reported) ("Unfortunately for plaintiff, a reply brief is too late to be raising new arguments" citing *Sadeghi v. Immigration & Naturalization Serv.*, 40 F.3d 1139, 1143 (10th Cir. 1994) ("explaining that issued raised for the first time in a reply brief are not considered, unless the opposing party raises an argument not addressed in the opening pleading.").

3. The issues raised for the first time in the Reply are:

a. Plaintiff's Reply claims for the first time that he is entitled to a constructive trust or prejudgment attachment over the BFT Parties' assets because the BFT Parties are "an instrumentality or alter ego of MAB," and that "MAB controls the BFT such that its assets are, or should be treated as, his assets and therefore may be attached." Reply at §I(a)(1) and fn.1. This should be stricken because Plaintiff never argued it before.

Although the Motion contains a handful of generalizations that MAB controls the BFT, it never argued the BFT was his alter ego or that the BFT's assets should be treated as belonging to MAB. Likewise, Plaintiff did not cite applicable law for either point. Courts must evaluate several factors to determine whether a corporate entity is the alter ego of another person or entity. *See e.g. Sedgwick Properties Development Corp. v. Hinds*, 456 P.3d 64, 70 (Colo. App. 2019). The Motion did not evaluate any such factors. To the contrary, the Motion seeks to attach the BFT Parties' assets only because they purportedly conspired with MAB to defraud Plaintiff. This is consistent with the Amended Complaint, which never references alter ego and, instead,

relies solely on an alleged conspiracy between MAB and the BFT Parties. This also is consistent with representations Plaintiff's bankruptcy counsel made to Bankruptcy Judge Tyson on the record. He was questioned as to how Plaintiff had any rights to prejudgment attachment of the BFT Parties' claim and his response was, "….that's because of the civil conspiracy as to the claim…." *See* Exhibit A, pp 52-54. Because Plaintiff only ever claimed he was entitled to the BFT Parties' assets through an alleged conspiracy, his new Reply brief claim of alter ego should be stricken.

        b.      The Court should strike the Supplemental Declaration of Michael A. Rollin (Reply Ex. B (Doc. #48-2)) because it asserts new facts regarding alleged efforts to serve MAB. Plaintiff's original Motion included Mr. Rollins's original declaration to support a claim that MAB was dodging service (the "Original Declaration"). The BFT Parties argued that Plaintiff failed to satisfy his burden of proof because, in part, the Original Declaration was devoid of any relevant factual information. Now, tacitly acknowledging the flaws in the Original Declaration, Plaintiff submitted Mr. Rollins' supplemental declaration to provide information omitted from the Motion. Plaintiff and his counsel had access to all of the information contained in the supplemental declaration when he submitted the Original Declaration. Yet rather than provide it with the Motion, Plaintiff waited to ambush Defendants with it in a reply. Consequently, it should be stricken.

        c.      The Court should strike the Supplemental Declaration of David E. Brody (Doc. #48-1) because (1) it is an argumentative brief that exceeds the permitted page limit (as modified) for Plaintiff's Reply and is not based on personal knowledge; (2) it seeks to introduce parol evidence to interpret a contract and (3) because it includes ad hominem attacks against counsel.

74694027.1

Defendants did not oppose increasing Plaintiff's reply brief page limit from 15 to 20 pages. Plaintiff's supplemental declaration, however, is a 16 page brief with numerous exhibits on its own. In addition to being duplicative in many respects to Plaintiff's original declaration (*see e.g.* Plaintiff's Suppl. Decl. at ¶¶4 and 32 acknowledging duplication), it is argumentative. For example, pages 4 through 8 of the supplemental declaration is a legal argument with citation to the Rules of Professional Conduct. This is a lawyer's argument to the Court, not a declaration of facts supporting the Motion.

In other places he argues the strength of the evidence and credibility of the parties, such as:

- "all of the above facts confirm that in the absence of a constructive trust or prejudgment attachment, I will never see one dollar from [MAB] or [the BFT]. …. [this] constitutes sufficient evidence that he will continue to do everything possible to avoid paying me…." (¶26),
- "[MAB] cannot be trusted to meet his obligations to make any payment" (¶27);
- "the fact that [MAB] submitted himself to the jurisdiction of this court also does nothing to provide assurances that he would respond to a ruling in [Plaintiff's] favor." (¶30).

Plaintiff's supplemental declaration should also be stricken because it is not based on personal knowledge. It contains numerous guesses cloaked as fact such as:

4

74694027.1

- "I do not know where [MAB's] other assets are located. As far as I'm aware, in recent years [MAB] divested all assets he owned in the U.S." (¶4);
- "I have no direct knowledge of the amount or nature of BFT assets…." (¶5);
- "….distributions for the BFT beneficiaries are *likely* to be controlled by [MAB]" (¶8(h)) (emphasis added);
- "….such funds *could* be transferred to an offshore bank account…" (¶8(i)) (emphasis added).

None of this is appropriate for a declaration. Since it is an argumentative brief, exceeding this Court's page limits, and not based on personal knowledge, Plaintiff's supplemental declaration should be stricken.

Additionally, it is well-settled that parol evidence cannot be used to alter the plain meaning of an unambiguous contract, *see e.g. Magnetic Copy Services, Inc. v. Seismic Specialists, Inc.*, 805 P.2d 1161, 1164 (Colo. App. 1990). Yet Plaintiff dedicates four pages of his declaration trying to explain what a single paragraph of the Agreement (attached to the Motion as Ex. D)[1] means. This should be stricken because Plaintiff never claims the Agreement is ambiguous and he, therefore, is not permitted to introduce parol evidence to alter the plain meaning of the Agreement. *See id.* This section also contains ad hominem attacks against counsel for Defendants. *See e.g. General Electric Capital Corp. v. Wattles Real Estate Partners LLC*, Colo. Ct. App. 14CA0367 (not selected for publication) (noting "the use of rhetoric like this is unpersuasive and

---

[1] It remains undisputed that the BFT Parties were not a party to the Agreement.

74694027.1

unhelpful because it causes courts to 'waste judicial resources hacking through the verbal brush to uncover the substance (if any) of the [party's] arguments."). The basis of Plaintiff's complaint is that he claims Defendants only partially quoted the Agreement in an attempt to "cheat" and commit a fraud on the Court. *See* Doc. #48-1, p. 8. This argument is unsupported because the full Agreement is part of the Court's record having been attached to multiple filings *including the Motion*. *See* Doc. #29-3 at p. 17. It is obviously expected that the Court will review all documents filed regarding this briefing.

    d. The Court should strike all of Plaintiff's claims that MAB's likelihood of dissipating assets or avoiding efforts to enforce a judgment will cause him irreparable harm, or form a basis for prejudgment attachment. *See* Reply §I(A)(2), II, and III. These arguments ignore that the parties entered into a stipulation, *see* Reply Ex. C (Doc. #48-3), by which the bankruptcy trustee agreed to pay all distributions due under the disputed Brody Claim into the registry of this Court. Thus, Plaintiff already effectively has a constructive trust over amounts due on the claim that is the basis of this action. With that in place, Plaintiff cannot be irreparably harmed as a result of difficulty collecting a judgment, and there is no risk of MAB dissipating funds, because the funds will be held by this Court.

  Wherefore, the BFT Parties request that the Court enter an order striking from Plaintiff's Reply (1) Plaintiff's claim that the BFT is the alter ego or an instrumentality of MAB, (2) the Supplemental Declaration of Michael A. Rollins, (3) the Supplemental Declaration of David E. Brody, and (4) all arguments that there is a likelihood of MAB dissipating assets or avoiding efforts to enforce a judgment.

6

Dated this 8th day of September, 2020.

/s/ William R. Meyer
William R. Meyer, Attorney Reg. 34012
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Phone: (303) 572-9300
Fax: (303) 572-7883
E-mail: wmeyer@polsinelli.com

*Attorneys for The Bruner Family Trust and Marc E. Bruner, as trustee for the Bruner Family Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2020, the foregoing was served by CM/ECF to all parties of record using the e-mail addresses on file with the Court:

/s/ William R. Meyer

Michael A. Rollin
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, Sixth Floor
Denver, CO 80209
Phone: (303) 333-9810
E-mail: mrollin@fostergraham.com
*Attorneys for Plaintiff, David E. Brody*

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
Moye White LLP
1400 16th Street, Suite 600
Denver, CO 80202
Phone: (303) 292-2900
E-mail: tim.swanson@moyewhite.com
E-mail: billy.jones@moyewhite.com
E-mail: tanya.sevy@moyewhite.com
*Attorneys for Defendant, Marc A. Bruner*

8

74694027.1