IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091
DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

    Defendants.

---

### REPLY OF DEFENDANTS THE BRUNER FAMILY AND TRUST MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST, TO THE PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

---

The Bruner Family Trust ("**BFT**") and Marc E. Bruner ("**MEB**"), as Trustee of the BFT, reply in opposition to the *Plaintiff's Response to the Court's Order to Show Cause* [Docket No. 46] (the "**Response**") of David E. Brody ("**Brody**"), as follows.

### PRELIMINARY STATEMENT

This Court does not have subject matter jurisdiction over Plaintiff's claims—which all arise under state law and involve only non-debtor parties—under 28 U.S.C. § 1334.[1] This Court does

---

[1] Although not alleged in his Amended Complaint, Plaintiff also now asserts in his Response that diversity jurisdiction exists and has not been destroyed by the addition of MEB—a Colorado resident—as a defendant. The BFT Parties presume Plaintiff did not allege diversity because he knew Plaintiff and MEB were not diverse since both are Colorado residents. Neither *Freeport-McMoRan, Inc. v. K N Energy, Inc.* nor *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp*., 320 F.3d 1081 (10th Cir. 2003) stand for the proposition that a plaintiff may freely add non-diverse defendants without destroying diversity jurisdiction. That would encourage forum shopping and strategic pleading. The *Freeport-McMoRan* case involves a Rule 25(c) transfer-of-interest-based substitution. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 427 (1991). Federal courts have found that the language in *Freeport-McMoRan*—"diversity jurisdiction, once it is established, is not defeated by the addition of a non-diverse party to the action"—is merely dicta or limited to Rule 25(c) substitutions. *See Stubbs v. Kline*, 1998 WL 295598, at *2 (D. Kan. May 20, 1998); *see also In re Spree.Com Corp.*, 295 B.R. 762, 768 n.12 (Bankr. E.D. Pa. 2003); *Estate of Alvarez v. Donaldson Co., Inc.,* 213 F.3d 993, (7th Cir. 2000); *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, (5th Cir. 1999). Any other reading "could vastly change the law in diversity cases where a new party is added who would have otherwise destroyed diversity

1

74722514.1

not have "arising in" jurisdiction over Plaintiff's claims under 28 U.S.C. § 1334 because all seven counts in Plaintiff's *Amended Complaint for Damages, Declaratory Relief, and Temporary and Preliminary Injunctive Relief* [Docket No. 16] (the "**Amended Complaint**") arise under state law, would exist outside of the Chapter 7 bankruptcy case (the "**Bankruptcy Case**") of PetroHunter Energy Corporation (the "**Debtor**"), and could be brought in another forum.

This Court also does not have "related to" jurisdiction over Plaintiff's claims under 28 U.S.C. § 1334 because the resolution of Plaintiff's claims would have no conceivable effect on the Debtor's bankruptcy estate. The Debtor's estate will not benefit in any way from the outcome of this proceeding. Neither the Debtor nor the Chapter 7 Trustee is a party to this proceeding and would not be bound by res judicata or collateral estoppel. Moreover, Plaintiff's claims seek to impose liability on the Defendants and are not enforcement actions against property of the Debtor's estate.

Finally, this Court does not have exclusive jurisdiction over Plaintiff's claims under 28 U.S.C. § 1334(e) because Plaintiff's claims are not *in rem* actions. Moreover, section 1334(e) does not alter the jurisdictional analysis under sections 1334(a) and (b). The fact that Plaintiff hopes to prevail in this action and then, essentially, garnish—as a judgment creditor— amounts due to Defendants from the PetroHunter Bankruptcy is immaterial to the jurisdictional analysis under section 1334. Accordingly, this Court lacks subject matter jurisdiction and Plaintiff's claims should be dismissed.

---

jurisdiction." *Stubbs v. Kline*, 1998 WL 295598, at *2 (D. Kan. May 20, 1998). Likewise, *Salt Lake Tribune Pub.* is limited to court-approved intervention—not a plaintiff amending to assert claims against a non-diverse defendant.

74722514.1

## ARGUMENT

### I. This Court Does Not Have Subject Matter Jurisdiction over Plaintiff's Claims under 28 U.S.C. § 1334.

Pursuant to 28 U.S.C. § 1334, "district courts shall have original and exclusive jurisdiction of all cases under title 11 . . . [and] original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). Thus, the grant of jurisdiction to district courts under 28 U.S.C. § 1334 exists only with regard to those claims or causes of actions which are capable of being included in at least one of the following categories: (1) cases under the Bankruptcy Code, (2) civil proceedings "arising under" the Bankruptcy Code, (3) civil proceedings "arising in" cases under the Bankruptcy Code, and (4) civil proceedings "related to" cases under the Bankruptcy Code. A case under the Bankruptcy Code is "distinct from the other three and simply means the original bankruptcy petition itself from which all other bankruptcy proceedings spring." *In re Alexander*, 49 B.R. 733, 735 (Bankr. D.N.D. 1985). Thus, the first category is wholly inapplicable to Plaintiff's claims.

In bankruptcy, the terms "arising under" and "arising in" are "terms of art." *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 935 F.2d 1071, 1076 (9th Cir. 1991). "A matter 'arises under' the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *In re Wisdom*, 2015 WL 2128830, at *6 (Bankr. D. Idaho May 5, 2015); *see also Eastport Assocs. v. City of L.A. (In re Eastport Assocs.),* 935 F.2d 1071, 1076 (9th Cir. 1991) (citing *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir. 1987)). Plaintiff does not and cannot assert that his claims arise under the Bankruptcy Code as his claims are all state law causes of action. Thus, Plaintiff's claims do not arise under the Bankruptcy Code.

3

In his Response, Plaintiff asserts that this Court has "arising in" and "related to" jurisdiction under section 1334 of Title 28. However, as set forth in detail below, Plaintiff has failed to demonstrate that his state law claims against non-debtor parties arise in the Bankruptcy Case or relate to the Bankruptcy Case. Accordingly, Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

### A. Plaintiff's Claims Do Not Arise in the Bankruptcy Case.

The term "'arising in' refers to administrative matters that are not based on any right expressly created by [T]itle 11 but would nevertheless have no existence outside of the bankruptcy case." *In re Telluride Income Growth, L.P.*, 364 B.R. 390, 397–98 (10th Cir. BAP 2007); *In re Wisdom*, 2015 WL 2128830, at *6 (Bankr. D. Idaho May 5, 2015) (A proceeding "arises in" a case under the Bankruptcy Code if "it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code.").

Here, Plaintiff's claims are all state law causes of action that exist independent of the Bankruptcy Case. All seven counts in Plaintiff's Amended Complaint arise under state law, which include: (1) fraud, (2) civil theft, (3) breach of contract, (4) breach of the implied to duty of good faith and fair dealing, (5) promissory estoppel, (6) civil conspiracy, and (7) declaratory judgment. Each of these counts would exist outside of the Bankruptcy Case and could be brought in another forum. Accordingly, Plaintiff's claims do not arise in the Bankruptcy Case.

### B. Plaintiff's Claims Are Not Related to the Bankruptcy Case.

"'The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *RAF Fin. Corp. v. Resurgens Commc'ns Grp., Inc.*, 127 B.R. 458, 461 (D. Colo.

1991) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)). A "proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate. *Id. (citing Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990)). "For subject matter jurisdiction to exist . . . there must be some nexus between the 'related' civil proceeding and the title 11 case." *Pacor, Inc.*, 743 at 994. A district court "lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

In *Celotex Corp v. Edwards,* 514 U.S. 300 (1995), the Supreme Court noted that the Congressional grant of jurisdiction over "related to" matters "cannot be limitless." *Id.* at 308. *Celotex Corp.* also recognized that "[t]he [related to] jurisdiction of the bankruptcy courts may extend more broadly" when dealing with a chapter 11 reorganization than with a chapter 7 liquidation. *Id.* at 310.

Bankruptcy jurisdiction "was not conferred for the convenience of those not in bankruptcy to enlarge the possibility of recovery over and above that which they otherwise may have had." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3d Cir. 1984). Federal courts have found that claims are not related to a bankruptcy case where such claims involve only non-debtor parties—meaning the debtor would not be bound by the outcome under principles of res judicata and collateral estoppel—and such claims are based solely on state law. *See, e.g.*, *In re ACI-HDT Supply Co.*, 205 B.R. 231, 238 (B.A.P. 9th Cir. 1997) (holding the court lacked related to subject matter jurisdiction where the debtor was not named as a defendant in the state action, the claims were based solely in state law, parties were not attempting to usurp causes of action that a trustee would have, and the

5

74722514.1

debtor would not be bound by the outcome of the claims under principles of res judicata and collateral estoppel); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3rd Cir. 1984) (holding the court lacked related to subject matter jurisdiction where the debtor was not a party to the litigation and could not be bound by res judicata or collateral estoppel and the outcome of the action could not determine any rights, liabilities, or course of action of the debtor).

Here, Plaintiff's state law claims against non-debtor parties are not related to the Debtor's Chapter 7 Bankruptcy Case because the resolution of Plaintiff's claims would have no conceivable effect on the Debtor's bankruptcy estate. First, Plaintiff does not dispute the substance, validity, or amount of Defendants' bankruptcy claims. As such, the Debtor's estate will not benefit in any way from the outcome of this proceeding because the amount of the distribution from the estate will not be affected. Second, neither the Debtor nor the Chapter 7 Trustee is a party to this action and would not be bound by res judicata or collateral estoppel. Moreover, neither the Debtor nor the Chapter 7 Trustee needs to be a party to resolve Plaintiff's claims. Finally, Plaintiff's claims seek to impose liability on the Defendants and are not enforcement actions against property of the Debtor's estate. Accordingly, the outcome of Plaintiff's claims will not determine the rights, liabilities, or course of action of the Debtor or the Chapter 7 Trustee.

**II.     Section 1334(e) Does Not Grant This Court Exclusive Jurisdiction over Plaintiff's Claims.**

Section 1334(e) provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. 1334(e). Plaintiff asserts that section 1334(e) grants this Court exclusive jurisdiction over Plaintiff's claims, independent of the other subsections of section 1334, merely because Plaintiff asserts that any judgment in his favor could be satisfied by funds constituting property of the Debtor's estate.

6

However, Plaintiff's assertion is incorrect and fails to take into account a comprehensive reading of section 1334(e) with other provisions of Title 28. Courts have found that an expansive reading of § 1334(e), as proposed by Plaintiff, is inconsistent with other provisions of Title 28, including §§ 1452, 1334(c), and 1409. *See In re Noletto*, 244 B.R. 845, 850 (Bankr. S.D. Ala. 2000). Bankruptcy Courts consistently grant motions for relief from stay to liquidate claims in state court and abstain to allow parties to proceed in state court for the same purpose. *See id*. Plaintiff's view of § 1334(e) would compel bankruptcy courts to hear these matters, even if nonbankruptcy law controls, simply because a judgment could potentially be satisfied by estate property. *See id*. For example, "[m]ost debtor complaints with state law issues could not be heard by a state court because they would be estate property subject to the exclusive jurisdiction of the district court in which the debtor's bankruptcy case is pending." *Id*. at 852. "Moreover, district courts are required to abstain under § 1334(c)(2) from proceedings that may include estate property, but state courts could not hear these proceedings because they are within the exclusive province of these same district courts." *Id*. "This illogical result could not have been the intent of § 1334." *Id*. Plaintiff's reading of § 1334(e) would leave bankruptcy courts in gridlock. *See id*. at 854.

Instead of Plaintiff's inconsistent and expansive interpretation of section 1334(e), federal courts reviewing section 1334(e) and the statutory scheme of Title 28 have found that the grant of exclusive jurisdiction in section 1334(e) only applies to *in rem* matters. *See, e.g., id*; *Loudin v. J.P. Morgan Tr. Co.*, 481 B.R. 388, 394 (S.D.W. Va. 2012). "[T]he exclusivity of federal jurisdiction over property of the estate does not extend to resolution of a claim which might, or will, have as its telos the distribution of property of the estate." *Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 783 (Bankr. M.D. La. 2001); *see also In re AG Indus., Inc.*, 279 B.R. 534, 539 (Bankr. S.D. Ohio 2002) ("[U]nless an action involves the actual recovery of property of the estate, rather than

7

reparations paid for damages suffered, the action may proceed in state court without offending the exclusivity provision."). An *in personam* suit "which has as its ultimate end the satisfaction of a claim from property of the debtor or the estate, may proceed in a forum other than the bankruptcy court . . . without offending the exclusivity provision of § 1334(e) because the ultimate end of the suit, *i.e.*, satisfaction of the judgment from property of the debtor or estate, cannot be had without dispensation from the bankruptcy court which exclusively controls the property of the debtor and its estate." *Landry*, 260 B.R. at 782.

Here, this Court does not have exclusive jurisdiction over Plaintiff's claims because Plaintiff's claims are not *in rem* actions, nor do they concern the extent of the Debtor's interest in property, the liability of the Debtor, or the determination of the amount of an allowed claim to be paid from estate funds. Plaintiff's claims are state law causes of action seeking to impose liability against non-debtor parties. The fact that Plaintiff seeks satisfaction of any potential judgment in his favor from property of the estate is immaterial and does not offend the exclusivity provision of § 1334(e). *See id.* Section 1334(e) does not alter the jurisdictional analysis under sections 1334(a) and (b) set forth in Part I of this Reply.

8

## **CONCLUSION**

This Court does not have subject matter jurisdiction over Plaintiff's claims because Plaintiff's claims do not "arise in" or "relate to" the Bankruptcy Case as required by 28 U.S.C. § 1334. Plaintiff's claims are independent of the Bankruptcy Case and the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction

Dated: September 14, 2020

Respectfully submitted,

POLSINELLI PC

*/s/ William R. Meyer*

William R. Meyer, #34012
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 572-7883
Email: wmeyer@polsinelli.com

*Counsel to Bruner Family Trust and Marc E. Bruner, as trustee to the Bruner Family Trust*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 14, 2020, the foregoing was served by CM/ECF to all parties of record using the e-mail addresses on file with the Court:

/s/ William R. Meyer

Michael A. Rollin
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, Sixth Floor
Denver, CO 80209
Phone: (303) 333-9810
E-mail: mrollin@fostergraham.com
*Attorneys for Plaintiff, David E. Brody*

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
Moye White LLP
1400 16th Street, Suite 600
Denver, CO 80202
Phone: (303) 292-2900
E-mail: tim.swanson@moyewhite.com
E-mail: billy.jones@moyewhite.com
E-mail: tanya.sevy@moyewhite.com
*Attorneys for Defendant, Marc A. Bruner*

10

74722514.1