IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**DEFENDANT MARC A. BRUNER'S REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Defendant Marc A. Bruner ("MAB") hereby submits his Reply to Plaintiff's Response to the Court's Order to Show Cause, as follows.

**INTRODUCTION**

28 U.S.C. § 1334 grants federal jurisdiction only to cases arising under, "arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). This is not such a case. As noted by Co-Defendants Marc E. Bruner and the Bruner Family Trust (the "BFT"), Plaintiff David Brody ("Plaintiff") asserts only state law claims. All of Plaintiff's claims arise out of a contract between MAB and Plaintiff, in which MAB agreed to make two payments and transfer shares in another company to Plaintiff, in exchange for Plaintiff's claim in the bankruptcy case captioned *In re Matter of PetroHunter Energy Corporation*, Case No. 16-20197-KHT (the "Bankruptcy Action"). Yet this relationship to the Bankruptcy Action is insufficient to confer jurisdiction. Plaintiff urges

1

a broad reading of "arising in" and "related to" jurisdiction under Section 1334, but that contradicts the relevant authority. Section 1334 confers limited federal jurisdiction under circumstances not present here. Accordingly, this case must be dismissed and remanded to state court.

## ARGUMENT

As a preliminary matter, MAB notes that Plaintiff does not identify diversity jurisdiction in his First Amended Complaint [Doc. #16]. Nor could he, as Plaintiff and Defendants MEB and BFT are both residents of Colorado. Plaintiff contends that diversity jurisdiction exists because the addition of non-diverse parties does not destroy diversity, but that is erroneous. *See Stubbs v. Kline*, 1998 WL 295598, at *2 (D. Kan. May 20, 1998); *see also In re Spree.Com Corp.*, 295 B.R. 762, 768 n.12 (Bankr. E.D. Pa. 2003); *Estate of Alvarez v. Donaldson Co., Inc.,* 213 F.3d 993, (7th Cir. 2000); *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, (5th Cir. 1999). Plaintiff cannot establish diversity because of the addition of MEB and BFT.

To circumvent this jurisdictional dilemma, Plaintiff turns to 28 U.S.C. § 1334. MAB agrees with and incorporates the arguments of MEB and BFT in their Reply to Plaintiff's Response to the Order to Show Cause [Doc. #54]. As they note, jurisdiction is conferred under Section 1334 only when a matter arises under, arises in, or is related to a bankruptcy action. 28 U.S.C. § 1334(a)-(b). These are terms of art, and not as broadly construed as Plaintiff contends. *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.),* 935 F.2d 1071, 1076 (9th Cir. 1991).

First, "[a] matter 'arises under' the Bankruptcy Code if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *In re Wisdom*, 2015 WL 2128830, at *6 (Bankr. D. Idaho May 5, 2015); *see also Eastport Assocs. v. City of L.A. (In re Eastport*

*Assocs.),* 935 F.2d 1071, 1076 (9th Cir. 1991) (citing *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir. 1987)). Plaintiff asserts seven claims for relief against MAB: fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and declaratory judgment. All seven are state law claims. They are unrelated to any statutory section of the Bankruptcy Code, and therefore, cannot arise under the Bankruptcy Code.

Next, the term "'arising in' refers to administrative matters that are not based on any right expressly created by [T]itle 11 but would nevertheless have no existence outside of the bankruptcy case." *In re Telluride Income Growth, L.P.*, 364 B.R. 390, 397–98 (10th Cir. BAP 2007). As stated, all seven of Plaintiff's claims can, and do, exist outside of the Bankruptcy Code. They are not related to any administrative matters of Title 11 (or any other provision of the Bankruptcy Code). Instead, they are relatively straightforward contract and tort claims. Although they involve the transfer of a bankruptcy claim, there is no meaningful difference between Plaintiff's claims here and any other contract action. Indeed, Plaintiff recently withdrew his attempt to intervene in the Bankruptcy Action. This further demonstrates that Plaintiff's claims are traditional state law claims, without the crucial connection to the Bankruptcy Action.

Finally, Plaintiff's claims are not "related to" the Bankruptcy Action. "'The test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *RAF Fin. Corp. v. Resurgens Commc'ns Grp., Inc.*, 127 B.R. 458, 461 (D. Colo. 1991) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)). A "proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy

3

estate. *Id. (citing Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990)). "For subject matter jurisdiction to exist . . . there must be some nexus between the 'related' civil proceeding and the title 11 case." *Pacor, Inc.*, 743 at 994. A district court "lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

Plaintiff's claims here, and whether he prevails, have no effect on the Bankruptcy Action. If he is successful, he will receive an award of monetary damages. This has no bearing on the debtor PetroHunter's rights, liabilities, or options in the Bankruptcy Action. PetroHunter and the trustee of the bankruptcy estate will still be able to administer and distribute the estate as they see fit. Thus, there is no "related to" jurisdiction under Section 1334.

For all these reasons, Plaintiff cannot establish jurisdiction under Section 1334. His claims do not arise under or in Title 11, nor is there a sufficient nexus to show they are related to the Bankruptcy Action. Plaintiff's claims remain rooted in state law. Since there is no basis for federal jurisdiction, a state court is the appropriate forum. Accordingly, Plaintiff's claims must be dismissed and remanded to state court.

WHEREFORE Defendant Marc A. Bruner respectfully requests the Court dismiss Plaintiff's claims, remand them to state court, and for such other and further relief as the Court deems appropriate.

DATED this 14th day of September, 2020.

**MOYE WHITE LLP**

By: /s/ *Tanya A. Sevy*
William F. Jones
Timothy M. Swanson
Tanya A. Sevy
1400 16th Street, 6th Floor
Denver, Colorado 80202
Phone: (303) 292-2900
Email: billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc A. Bruner*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September, 2020, I electronically filed the foregoing **DEFENDANT MARC A. BRUNER'S REPLY TO PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
Esther H. Lee
Edgar O. Barraza
FOX ROTHSCHILD LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants Bruner Family Trust and Marc E. Bruner*

/s/ *Audra Albright*

5