IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER, *et al*.

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO STRIKE**

---

The Bruner Family Trust ("BFT") and Marc E. Bruner ("MEB"), as Trustee of The Bruner Family Trust (together the "BFT Parties"), submit this Reply in Support of Motion to Strike ("Reply"), and in support state as follows.

1. **Irreparable harm**. Plaintiff made a surprising admission in his Response in Opposition to Motion to Strike (Doc. #52) (the "Response to Motion to Strike"). He acknowledged:

> The date and the amount of the next and subsequent interim distributions by the Trustee in the Bankruptcy Case, if any, are unknown and uncertain. The date and amount of the final distribution, if any, are also unknown and uncertain. The trustee in the Bankruptcy Case has not issued any information or notices to creditors regarding whether there will be further distributions and, if so, the dates or amounts of any such distributions….Any future funds held by this Court over and above $39,000 are speculative. (Response, p.7).

1

74759636.2

This directly refutes Plaintiff's claim that he will be irreparably harmed[1] without prejudgment attachment[2]. Irreparable harm requires a showing of "certain imminent harm" if prejudgment attachment is not granted. But here, Plaintiff now admits the very payments, "if any," for which he seeks a constructive trust are "uncertain" and "speculative," and it is unknown "whether there will be further distributions." There can be no certain imminent harm if the Court denies Plaintiff's request because of the speculative and uncertain nature of any future distributions. This supports striking all of Plaintiff's irreparable harm arguments and denying his request for prejudgment attachment. Moreover, if the payment of future distributions is speculative and uncertain, then Plaintiff's effort to obtain prejudgment attachment is wasting this Court's and the Parties' time and resources because Plaintiff's underlying claims could be resolved before any potential future distribution might be made.

2. **Applicable law**. Plaintiff claims the Motion to Strike failed to state the applicable rule or standard. To the contrary, the BFT Parties cited applicable case law in support of their argument that issues raised for the first time in a reply brief should not be considered, unless the opposing party raises an argument not addressed in an opening pleading. *See Foundation Learning LLC v. Academic Arts and Action Charter Academy*, 2018 WL 3382933 (Colo. Dist. Ct. 2018) (not reported); *Sadeghi v. Immigration & Naturalization Serv.*, 40 F.3d 1139, 1143 (10th Cir. 1994).

---

[1] Plaintiff's motion for imposition of a constructive trust acknowledges that irreparable harm is the "most important element" in an injunction analysis. (Doc. #29, p.12)

[2] References to prejudgment attachment are intended to be inclusive of imposition of a constructive trust. The BFT Parties refer to Plaintiff's Motion for Constructive Trust or, in the Alternative, for Prejudgment Attachment (Doc. #29) as the "Prejudgment Attachment Motion".

2

Since Plaintiff attempted to refute these cases and standards, the BFT Parties contend they sufficiently stated applicable law.

3. **Alter ego**. Plaintiff claims he adequately raised alter ego and instrumentality in his Prejudgment Attachment Motion. The BFT Parties acknowledged in their Motion to Strike that Plaintiff offered a handful of conclusory generalizations that MAB in some way controls the BFT. The distinction is that Plaintiff's motion never tied those few generalizations to any claim for relief or basis for prejudgment attachment against the BFT Parties. Plaintiff's Prejudgment Attachment Motion, and Amended Complaint, focused only on the BFT Parties' alleged conspiracy and never even used the words "alter ego" or "instrumentality" nor cited any alter ego, veil piercing, or instrumentality law whatsoever. And—as quoted in Plaintiff's Response to Motion to Strike—it only contained conclusory generalizations that MAB in some way controlled the BFT. Thus, Plaintiff's reply in support of prejudgment attachment was too late to first pursue alter ego or instrumentality and/or to try to connect his conclusory generalizations to a specific claim for prejudgment attachment. Said another way, (a) Plaintiff's Prejudgment Attachment Motion argued he was entitled to such relief because the BFT Parties conspired with MAB; (b) the BFT Parties' response demonstrated massive flaws in Plaintiff's argument; so (c) Plaintiff pivoted to a new argument in his reply brief that the BFT is MAB's alter ego. If alter ego/instrumentality was Plaintiff's claim, then he should have argued it his Prejudgment Attachment Motion and not waited to raise it in his reply.

4. **Rollin's supplemental declaration**. Plaintiff justifies submittal of Rollin's supplemental declaration on claimed "implicit and unfounded skepticism of counsel's

3

74759636.2

declaration…"³  (Response to Motion to Strike, ¶8)  Neither implicit nor unfounded skepticism was raised in response to Plaintiff's Prejudgment Attachment Motion.  The BFT Parties rightfully challenged Rollin's anemic original declaration as support for the claim that MAB was avoiding service of process.  Plaintiff now claims all of the facts contained in Rollin's supplemental declaration were in the original declaration.  Obviously, they were not or the supplemental declaration would not have been necessary.  In fact, the table comparing statements made in the two declarations that Plaintiff supplied in his Response to the Motion to Strike perfectly illustrates the deficiencies in Rollin's original declaration because they bear no resemblance to each other.  The BFT Parties do not agree that the Rollin's supplemental declaration demonstrates actual efforts to serve MAB or MAB avoiding service, but regardless Plaintiff should have included that level of detail with his Prejudgment Attachment Motion rather than unfairly waiting for his reply when Defendants have no opportunity to respond to it.  Arguments and facts first presented in a reply should not be considered unless they respond to a new argument not raised in the motion.  *See Foundation Learning LLC v. Academic Arts and Action Charter Academy*, supra, at *2.  Here, (a) Plaintiff claimed MAB was dodging service in the Prejudgment Attachment Motion, (b) the BFT Parties did not raise new arguments but challenged Plaintiff's claim based on information Plaintiff proffered, and then (c) Plaintiff raised new facts and arguments for the first time in his reply.  That

---

[3] Plaintiff complains about "professional dismay" that the BFT Parties question his efforts to serve MAB.  The BFT Parties, however, were not there.  Like the Court, all they can rely on is evidence Plaintiff provides and that evidence does not establish meaningful efforts to serve MAB where he resides. Plaintiff's efforts to serve MAB were apparently limited to: (1) attempting service at a former residence; (2) attempting service at a Canadian business address where Plaintiff was advised MAB does not usually work; (3) FedEx-ing MAB at the same Canadian business; (4) sending a process server to MAB's grown son's house knowing MAB did not reside there; (5) a series of phone and text messages; and (6) asking other lawyer to facilitate waivers—which the lawyers declined.

is a text-book situation in which striking is appropriate. Like in *Foundation Learning*, "Plaintiff[] makes a somewhat better attempt at explaining….Unfortunately for plaintiff, a reply is too late to be raising new arguments." *Id.*

5. **Brody's supplemental declaration**. The Supplemental Declaration of David E. Brody (Doc. #48-1) is a lengthy legal brief that impermissibly exceeds this Court's page limits and should be stricken based on this Court's practice standards. Although Plaintiff denies it, his supplemental declaration provides a legal analysis of how the relevant Agreement should be interpreted to support his claim that he is likely to prevail on the merits. He quotes the Agreement (Brody Supp. Decl. §13), then explains to the Court his analysis of how the Agreement should be interpreted (Brody Supp. Decl. §§16-17), then he argues against Defendants' interpretation of the same provision (Brody Supp. Decl. §§18-20). After briefing that, Plaintiff then briefs his view of the applicability of Colorado's Rules of Professional Conduct (Brody Supp. Decl. §21). In each of these sections, Plaintiff recites his view of the facts and then provides his legal analysis for the Court. That is a brief and not a declaration. Plaintiff should have included any such legal argument in his actual reply brief, subject to this Court's page limitations. Plaintiff is attempting an end-around by submitting this legal analysis in his supplemental declaration rather than the body of his reply.

6. **Plaintiff's declaration was not based on personal knowledge**. The BFT Parties re-affirm their arguments that Brody's supplemental declaration should be stricken because it is not based on personal knowledge and goes well beyond reasonable inferences. A plain reading of his declarations demonstrates as much.

5

7. **Plaintiff's ad hominem attacks**. An ad hominem attack is one directed against a person rather than the position they are maintaining. Plaintiff admits his reference to the Rules of Professional Conduct "was not offered as support for the Trust Motion…." (Response to Motion to Strike, p. 10) Instead, it was offered against defense counsel whom he claims was attempting to "cheat" and commit a fraud on the Court. Such argument is not necessary or helpful to the Court and should be stricken.

8. **The Motion to Strike was not filed for improper purposes**. Lastly, Plaintiff frivolously claims the BFT Parties filed their Motion to Strike for improper purposes. Plaintiff's argument is that the BFT Parties filed it to extend their deadline to respond to Plaintiff's Amended Complaint (Doc. #16), which Plaintiff claims is due 21 days from this Court's ruling on the Prejudgment Attachment Motion. Plaintiff is wrong—there is no correlation between Defendants' deadline to respond to the Amended Complaint and this Court's ruling on prejudgment attachment. The BFT Parties' response to the Amended Complaint is due 21 days after the Court rules on its Show Cause Order (Doc. #31) pertaining to this Court's subject matter jurisdiction. (*See* Order (Doc. #50)) That is fully briefed. It seems unlikely that the Court will rule on the Prejudgment Attachment Motion before determining whether it has jurisdiction, so the filing of the Motion to Strike would not have delayed anything regardless. And because Plaintiff concedes payment of any interim distribution is speculative and uncertain, there is no threat that the Motion to Strike could prejudicially delay resolution of the Prejudgment Attachment Motion since there are no pending payments that could be subject to prejudgment attachment.

The BFT Parties deny that their Motion to Strike contained an unauthorized surreply.

6

74759636.2

WHEREFORE, the BFT Parties renew their request that the Court strike from Plaintiff's Reply (1) Plaintiff's claim that the BFT is the alter ego or an instrumentality of MAB, (2) the Supplemental Declaration of Michael A. Rollins, (3) the Supplemental Declaration of David E. Brody, and (4) all arguments regarding irreparable harm, including that there is a likelihood of MAB dissipating assets or avoiding efforts to enforce a judgment.

Dated this 21st day of September, 2020.

/s/ William R. Meyer
William R. Meyer, Attorney Reg. 34012
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Phone: (303) 572-9300
Fax: (303) 572-7883
E-mail: wmeyer@polsinelli.com

*Attorneys for The Bruner Family Trust and Marc E. Bruner, as trustee for the Bruner Family Trust*

7

74759636.2

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 21, 2020, the foregoing was served by CM/ECF to all parties of record using the e-mail addresses on file with the Court:

/s/ Alissa A. Siron

Michael A. Rollin
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, Sixth Floor
Denver, CO 80209
Phone: (303) 333-9810
E-mail: mrollin@fostergraham.com
*Attorneys for Plaintiff, David E. Brody*

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
Moye White LLP
1400 16th Street, Suite 600
Denver, CO 80202
Phone: (303) 292-2900
E-mail: tim.swanson@moyewhite.com
E-mail: billy.jones@moyewhite.com
E-mail: tanya.sevy@moyewhite.com
*Attorneys for Defendant, Marc A. Bruner*

74759636.2