IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER, *et al*.

Defendants.

---

**ORDER GRANING MOTION TO STRIKE**

---

The Court, having reviewed Bruner Family Trust's ("BFT") and Marc E. Bruner's ("MEB"), as Trustee of The Bruner Family Trust (together the "BFT Parties") Motion to Strike (Doc. #51), and Marc. A. Bruner's ("MAB") joinder (Doc. #57), seeking to strike facts and argument first raised in Plaintiff's Reply in Support of Motion for Constructive Trust or, in the Alternative, for Prejudgment Attachment (Doc. #48) (the "Reply') hereby GRANTS the Motion to Strike.

1. Plaintiff filed his Motion for Constructive Trust or, in the alternative, for Prejudgment Attachment (Doc #29) (the "Motion") seeking either the imposition of a constructive trust or prejudgment attachment of amounts to be paid to MAB and the BFT Parties in the PetroHunter bankruptcy. MAB and the BFT Parties responded to the Motion (Doc. ## 38 and 30, respectively).

1

74826265.2

2. Defendants objected to Plaintiff's Reply because they claimed it raised new facts and arguments for the first time that are not in response to arguments raised in either response brief. Defendants cited *Foundation Learning LLC v. Academic Arts and Action Charter Academy*, 2018 WL 3382933, *3 (Colo. Dist. Ct. 2018) (not reported) ("Unfortunately for plaintiff, a reply brief is too late to be raising new arguments" citing *Sadeghi v. Immigration & Naturalization Serv.*, 40 F.3d 1139, 1143 (10th Cir. 1994) ("explaining that issued raised for the first time in a reply brief are not considered, unless the opposing party raises an argument not addressed in the opening pleading.").

3. Defendants claim the issues raised for the first time in the Reply are:

a. Plaintiff's Reply claims for the first time that he is entitled to a constructive trust or prejudgment attachment over the BFT Parties' assets because the BFT Parties are "an instrumentality or alter ego of MAB," and that "MAB controls the BFT such that its assets are, or should be treated as, his assets and therefore may be attached." The Court hereby strikes this argument. Although Plaintiff's Prejudgment Attachment Motion contains a handful of generalizations that MAB controls the BFT, it never argued the BFT was his alter ego or that the BFT's assets should be treated as belonging to MAB. Likewise, Plaintiff did not cite applicable law for either point. To the contrary, the Prejudgment Attachment Motion seeks to attach the BFT Parties' assets only because they purportedly conspired with MAB to defraud Plaintiff. This is consistent with the Amended Complaint, which never referenced alter ego and, instead, relied solely on an alleged conspiracy between MAB and the BFT Parties. This also is consistent with representations Plaintiff's bankruptcy counsel made to Bankruptcy Judge Tyson on the record. He

2

74826265.2

was questioned as to how Plaintiff had any rights to prejudgment attachment of the BFT Parties' claim and his response was, "….that's because of the civil conspiracy as to the claim…." Because Plaintiff only ever claimed he was entitled to the BFT Parties' assets through an alleged conspiracy, his new claim of alter ego is stricken.

      b.      The Court strikes the Supplemental Declaration of Michael A. Rollin (Doc. #48-2) because it asserts new facts regarding alleged efforts to serve MAB. Plaintiff's original Motion included Mr. Rollins's original declaration to support a claim that MAB was avoiding service (the "Original Declaration"). The BFT Parties argued that Plaintiff failed to satisfy his burden of proof because the Original Declaration failed to provide sufficient information of Plaintiff's efforts to achieve service. Plaintiff then submitted Mr. Rollins' supplemental declaration to provide information omitted from the Original Declaration. Plaintiff and his counsel should have provided such information with his Original Declaration rather than waiting to raise it in Plaintiff's reply. Consequently, it is hereby stricken.

      c.      The Court strikes the Supplemental Declaration of David E. Brody (Doc. #48-1) because (1) it is an argumentative brief that exceeds the permitted page limit (as modified) for Plaintiff's Reply and is not based on personal knowledge; and (2) because it includes ad hominem attacks against counsel.

The Court finds that Plaintiff's supplemental declaration is a 16 page brief not including numerous attached exhibits. It contains many pages constituting legal argument with analysis of the disputed contract and citation to the Rules of Professional Conduct. The Court agrees this is a lawyer's argument to the Court, not a declaration of facts supporting the Motion.

3

Plaintiff's supplemental declaration should also be stricken because it is not based on personal knowledge and therefore lacks foundation. Because the Court is striking this declaration, it need not address Defendants' argument regarding parol evidence. But the Court will note that it disapproves of ad hominem attacks and encourages counsel to focus on the issues and strengths and weaknesses of claims and positions rather than directing argument at your opponents.

        d.    Finally, the Court also strikes all of Plaintiff's claims regarding irreparable harm. Plaintiff admits that future payments by the bankruptcy trustee are speculative and uncertain. Based on that, there is no certain or imminent threat to Plaintiff if prejudgment attachment is not granted. And because the parties entered into a stipulation by which the bankruptcy trustee agreed to pay all distributions due under the disputed MAB Claim into the registry of this Court, Plaintiff already effectively has a constructive trust over amounts due on the claim that is the basis of this action. With that in place, Plaintiff cannot be irreparably harmed as a result of difficulty collecting a judgment, and there is no risk of MAB dissipating funds, because the funds will be held by this Court.

ORDERED this ____ day of _____, 2020.

BY THE COURT:

_____
Raymond P. Moore, District Court Judge