# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

     Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

     Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

## 1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference is set to take place on September 30, 2020 at 11:00 AM via telephone only. Doc. 56. Plaintiff David E. Brody is represented by Michael A. Rollin of Foster Graham Milstein & Calisher, LLP, 360 S. Garfield St., Sixth Floor, Denver, CO 80209, who can be reached at (303) 333-9810. The Bruner Family Trust (the "BFT") and Marc E. Bruner, as trustee of the Bruner Family Trust (together, the "BFT Parties") are represented by William R. Meyer of Polsinelli PC. Marc A. Bruner ("MAB") is represented by Billy Jones and Tanya Sevy of Moye White LLP, 1400 16th Street, 6th Floor, Denver, CO 80202.

## 2.    STATEMENT OF JURISDICTION

Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1332, 1334(b), and/or 1334(e) because the initial

defendant, Marc. A. Bruner, is a resident of a foreign county and the subsequent addition of Defendants the Bruner Family Trust and its trustee, Marc E. Bruner, does not destroy diversity jurisdiction, and because the action arises in, is related to, or concerns the property that is the subject of *In re PetroHunter Energy Corporation*, United States Bankruptcy Court for the District of Colorado Case No. 16-20197-KHT (the "PetroHunter Bankruptcy Case"), all as described more fully in its Response to the Court's Order to Show Cause, Doc. 46. It is Plaintiff's position that because Defendants have challenged diversity jurisdiction, Docs. 54, 55, if the Court does not discharge the Order to Show Cause, Plaintiff is entitled to limited discovery on the question of the citizenship of the Bruner Family Trust as well as whether Marc E. Bruner, a Colorado resident, is an indispensable party. *See Salt Lake Tribune Pub. Co., LLC v. AT&T Corp*. 320 F.3d 1081, 1096 (10th Cir. 2003).

The BFT Parties dispute subject matter jurisdiction in this Court as set forth in their Reply (Doc. #54) to the Court's Order to Show Cause (Doc. #46), incorporated herein. Contrary to Plaintiff's statement of jurisdiction above, Plaintiff's Amended Complaint (Doc. #16) does not allege diversity jurisdiction under 28 U.S.C. 1332. The BFT Parties object to Plaintiff engaging in discovery in this matter if this Court determines it lacks jurisdiction and further note that the *Salt Lake Tribune Pub. Co., LLC* case cited by Plaintiff does not address or suggest that Plaintiff is "entitled" to engage in such discovery.

MAB also contests jurisdiction, as set forth in his Reply to the Court's Order to Show Cause (Doc. #55) and incorporated herein. Plaintiff's Amended Complaint (Doc. #16) does not allege diversity jurisdiction, and asserts only jurisdiction under 28 U.S.C. § 1334. For the reasons stated in his Reply (Doc. #55), MAB posits that 28 U.S.C. § 1334 does not apply under the circumstances of this case and is insufficient to confer jurisdiction. Finally, MAB understands that Plaintiff only requests discovery into the citizenship of the BFT Parties, but reserves the right to oppose jurisdictional discovery should that issue arise.

3.    **STATEMENT OF CLAIMS AND DEFENSES**

    a.    <u>Plaintiff</u>:

Plaintiff's position is that Marc A. Bruner's ("MAB"), with the active support or acquiescence of Marc E. Bruner ("MEB"), as trustee for the Bruner Family Trust (the "BFT"), defrauded Plaintiff out of his $335,374.18 claim against the PetroHunter bankruptcy estate (the "Brody Claim"), so MAB, with the support of MEB, could combine the Brody Claim with a claim held by the BFT (the "BFT Claim") and leverage the combined claims in negotiations with the bankruptcy trustee and for the purpose of pursuing a series of joint motions in the PetroHunter Bankruptcy Case (the "Bruner/BFT Strategy").

Defendants effected this by having MAB enter into an agreement with Plaintiff pursuant to which Plaintiff would assign the Brody Claim to MAB in exchange for 150,000 shares in Fortem Resources Inc. (the "Fortem Shares") and $25,000 in cash. MAB took possession of the Brody Claim, filed paperwork in the PetroHunter Bankruptcy Case identifying himself as the transferee claimant, and used the Brody Claim (which gave him personal standing in the Bankruptcy Case) in negotiations with the bankruptcy trustee and in pursuing the Bruner/BFT Strategy. MAB, however, never delivered any Fortem Shares or any of the cash consideration for the Brody Claim.

Plaintiff, therefore, asserts that Defendants are liable to Plaintiff for breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, fraud, civil theft, and conspiracy. Plaintiff's damages exceed $1 million.

    b.    <u>Defendants</u>:

<u>The BFT Parties</u>.  Plaintiff's Amended Complaint makes no specific substantive allegations against the BFT Parties.  All of his substantive allegations are against MAB and MAB's alleged breach

of the Agreement to purchase the MAB Claim. In order to put pressure on MAB to settle, Plaintiff fabricated a civil conspiracy claim against the BFT Parties but provided no factual allegations to support it because the BFT Parties have done nothing wrong. Instead, Plaintiff embarked on a smear campaign complaining about transactions that occurred well over a decade ago, which have no relevance to the dispute currently before the Court. The BFT Parties also object to the extent Plaintiff, who was counsel to MAB and the BFT, is using privileged information offensively against his former clients.

The BFT Parties object to Plaintiff's effort to obtain prejudgment attachment against them. As set forth in their response (Doc. #30) to Plaintiff's motion for prejudgment attachment, Plaintiff cannot satisfy any element for prejudgment attachment.

The BFT Parties' response to the Amended Complaint is not due until 21 days after the Court determines it has subject matter jurisdiction. If this Court determines that it has subject matter jurisdiction, the BFT Parties expect to seek the dismissal of Plaintiff's claim against them. If they are not dismissed, then they will answer and assert affirmative defenses including, but not limited to, defenses outlined in the BFT Parties response to Plaintiff's motion for prejudgment attachment.

MAB: Plaintiff asserts numerous claims against MAB, based on the assignment and transfer of a bankruptcy claim (the "Agreement"). Plaintiff and MAB have known each other for at least 16 years, and Plaintiff acted as MAB's attorney for the majority of that time. MAB denies any liability under the Agreement, and further denies any liability under Plaintiff's claims. Plaintiff's claims are barred by the express provisions of the Agreement – which Plaintiff, as a sophisticated business attorney, had a substantial opportunity to review and approve. Further, Plaintiff's own delay is suspect, as he took no action for over a year after filing this action. MAB's response to the First

Amended Complaint is not due until October 12, 2020. MAB reserves the right to respond more fully

to Plaintiff's allegations and assert any affirmative defenses at that time.

**4.      UNDISPUTED FACTS**

The following facts are undisputed:

- On August 16, 2017, Plaintiff David E. Brody and Defendant Marc A. Bruner entered into an agreement, which has been submitted into the record of this case as Doc. 35-1 (the "Agreement").

- The face value of the Bankruptcy Claim is $335,374.18.

- As of this submission, the trustee in the PetroHunter Bankruptcy Case has made one interim distribution on the Bankruptcy Claim, in the amount of $39,016.91, which it deposited into the registry of this Court pending resolution of this action. *See* Doc. 47.

- Defendant Marc A. Bruner is the settlor of Defendant the Bruner Family Trust.

- Defendant Marc E. Bruner is the trustee of Defendant the Bruner Family Trust.

**4.      COMPUTATION OF DAMAGES**

Plaintiff seeks compensatory damages between $360,000 and $597,000, which is the range

of the market value of 150,000 shares of Fortem Resources Inc. commencing at the time of the

Agreement and continuing to September 28, 2018, and additional compensatory damages of

$25,000, all of which was due but unpaid under the Agreement. Plaintiff seeks statutory interest on

compensatory damages running from the date of Defendant Marc A. Bruner's breach, fraud, or civil

theft. Plaintiff seeks treble damages under Colo. Rev. Stat. § 18-4-405 and/or exemplary damages

under Colo. Rev. Stat. § 13-21-102. Plaintiff further seeks attorney's fees and costs under Paragraph

3(f) of the Agreement and Colo. Rev. Stat. § 18-4-405, and reserves the right to seek attorney's fees

and costs under 28 U.S.C. § 1927 and/or for the reasons described in *Universal Oil Prods. Co. v. Root

Refining Co.*, 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed 1447 (1946). In total, Plaintiff's damages

claim in is a range of $1 million to $2 million.

The BFT Parties reserve the right to seek an award of their fees and costs against Plaintiff resulting from his having filed a frivolous lawsuit against them. The BFT also reserves the right to seek damages from Plaintiff resulting from his improper offensive use of privileged information.

MAB denies Plaintiff is entitled to any damages in this matter. MAB reserves the right to seek an award of fees and costs against Plaintiff pursuant to applicable and Colorado law, including but not limited to filing an action that lacks substantial justification. MAB also reserves the right to assert claims and seek damages from Plaintiff resulting from his improper use of privileged information.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.    Date of Rule 26(f) meeting.

Monday, September 21, 2020.

b.    Names of each participant and party he/she represented.

Michael A Rollin represented Plaintiff.

William R. Meyer represented the BFT Parties.

Billy Jones and Tanya Sevy represented MAB.

c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Initial disclosures will be made on or before twenty-one (21) days after all parties have answered all pleadings.

d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

None except as set forth in (c) above.

e.    Statement concerning any agreements to conduct informal discovery:

There have been no agreements concerning informal discovery.

f.  <u>Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.</u>

The parties agree that each producing party will use Bates labels that clearly identify the producing party. The parties agree that if they obtain documents by subpoena from non-parties that are not Bates labeled, the receiving party shall Bates and produce such documents to all other parties within ten (10) days of receipt from the non-party. If the documents are received already Bates labeled, then the receiving party shall produce them to all other parties within three (3) days.

The parties agree to use a unified and consecutive numbering system for all depositions.

g.  <u>Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.</u>

The parties do not anticipate the case will involve extensive electronic discovery and agree that electronically-stored documents may be produced in pdf format, Bates labeled, and with clear delineation of separate documents. For clarity, each separate document produced shall be a separate pdf. And upon request, the producing party shall produce any or all documents in their native format, with metadata intact.

h.  <u>Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.</u>

Plaintiff and a representative of the BFT Parties discussed settlement but reached no agreements. The parties agree to explore opportunities for early resolution.

## 7.    CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.    DISCOVERY LIMITATIONS

a.  <u>Modifications which any party proposes to the presumptive numbers of</u>

depositions or interrogatories contained in the Federal Rules.

None.

b.       Limitations which any party proposes on the length of depositions.

None.

c.       Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may propound 20 requests for production and 20 requests for admission on any other party.

d.       Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Six months after all parties have answered all pleadings.

e.       Other Planning or Discovery Orders.

None at this time.

**9.     CASE PLAN AND SCHEDULE**

a.       Deadline for Joinder of Parties and Amendment of Pleadings:

Ninety (90) days after all parties have answered all pleadings.

b.       Discovery Cut-off:

Thirty-three days after the deadline to serve Interrogatories, Requests for Production of Documents and/or Admissions.

c.       Dispositive Motion Deadline:

Thirty-three days after the discovery cut-off deadline.

d.       Expert Witness Disclosure

1.       The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff does not anticipate a need for expert witnesses but reserves the right to identify expert witnesses, including, without limitation, on the topic of damages and to respond to any of Defendants' experts.

Defendant MAB anticipates he may designate an expert in the valuation or damages related to a bankruptcy claim, and an expert in legal malpractice, duties, and other obligations.

Defendants the BFT Parties reserve the right to designate rebuttal experts in any applicable field and may designate an expert in the valuation or damages related to applicable bankruptcy claims and/or legal malpractice, duties, and other obligations.

2. <u>Limitations which the parties propose on the use or number of expert **witnesses**</u>.

The Parties agree that each party is limited to one (1) expert witness per designated field of expertise, absent further order of the Court for good cause shown.

3. <u>The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:</u>

January 29, 2021

4. <u>The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:</u>

February 26, 2021.

e. <u>Identification of Persons to Be Deposed</u>:

Plaintiff anticipates taking the depositions of the following:

- Marc A. Bruner – 7 hours
- Marc E. Bruner – 4 hours
- Glenn Merrick – 4 hours
- Jeffrey L. Hill – 2 hours
- Carmen (Tony) Lotito – 7 hours

- Any person identified as a witness or deposed by any other party
- Plaintiff reserves the right to designate additional depositions as discovery proceeds and after the parties have exchanged initial disclosures.

The BFT Parties and MAB object to Plaintiff deposing any lawyers who represent or represented any defendant including objecting to any testimony that involves attorney-client communications, work product, or any other applicable claim of privilege.

Defendants anticipate taking depositions of the following:

- David E. Brody—7 hours
- The BFT Parties and MAB anticipate asking questions in any deposition noticed by another party.
- Any person identified as a witness by any other party.
- Defendants reserve the right to designate additional depositions as discovery proceeds and after the parties have exchanged initial disclosures.

## 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

_____.

b.    A final pretrial conference will be held in this case on _____at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.    <u>Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.</u>

[None.]

b.    <u>Anticipated length of trial and whether trial is to the court or jury.</u>

The parties anticipate a jury trial of [3] days.

c.    <u>Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado</u>

Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.    AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20____.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | | |
|---|---|---|
| */s/ Michael A. Rollin* | */s/ William R. Meyer* | */s/ Tanya A. Sevy* |
| Michael. A. Rollin, Esq. | William R. Meyer, Esq. | Timothy M. Swanson |
| Mallory A. Revel, Esq. | POLSINELLI PC | William F. Jones |
| Lindsey Idelberg, Esq. | 1401 Lawrence Street, | Tanya A. Sevy |
| FOSTER GRAHAM | Suite 2300 | MOYE WHITE LLP |
| MILSTEIN & CALISHER | Denver, CO 80202 | 1400 16th Street, |
| LLP | wmeyer@polsinelli.com | Suite 600 |
| 360 South Garfield Street, | Tel.: (303) 572-9300 | Denver, CO 80202 |
| Sixth Floor | Fax: (303) 572-7883 | tim.swanson@moyewhite.com |
| Denver, Colorado 80209 | | billy.jones@moyewhite.com |
| mrollin@fostergraham.com | | tanya.sevy@moyewhite.com |
| mrevel@fostergraham.com | *Attorneys for Defendants The* | Tel: (303) 292-2900 |
| lidelberg@fostergraham.com | *Bruner Family Trust and Marc E.* | |
| Tel: (303) 333-9810 | *Bruner, as trustee for the Bruner* | |
| Fax: (303) 333-9786 | *Family Trust* | *Attorneys for Defendant Marc A.* |
| | | *Bruner* |
| *Attorneys for Plaintiff* | | |