## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

David E. Brody,

    Plaintiff,

v.

Marc A. Bruner,
The Bruner Family Trust, and
Marc E. Bruner, As Trustee of The Bruner Family Trust,

    Defendants.

## JOINT MOTION TO CONSOLIDATE

The attorneys for Jeffrey L. Hill, Chapter 7 Trustee of PetroHunter Energy Corporation (the "Interested Party" and the parties to the above-entitled action hereby jointly move for an Order consolidating this action (the "Brody Action") with Civil Action No. 20-cv-03243-NYW (the "Interpleader Action"), and as grounds therefor state as follows:

### BACKGROUND

Each of the parties to the Interpleader Action were parties in the bankruptcy of PetroHunter Energy Corporation ("PetroHunter"), pending in the United States Bankruptcy Court for the District of Colorado, Case No. 16-20197-KHT (the "Bankruptcy Case"). Each of the parties to the Interpleader Action were also parties to an adversary proceeding Brody initiated in which he asserted claims similar to the claims he asserted in the Brody Action, which was already pending. Brody's claims include a dispute with Marc A. Bruner over proceeds from a claim against PetroHunter (the "Disputed Claim"). To resolve those claims in the Bankruptcy Case, the parties generally stipulated that (1) the Chapter 7 Trustee would pay proceeds from the Disputed Claim into the registry of the Court in the

1

Brody Action, (2) the parties would dismiss the adversary proceeding and withdraw various other motions in the Bankruptcy Case, and (3) Brody could pursue his claims in the Brody Action or another court having jurisdiction if the Brody Court determined it lacked jurisdiction. In the Brody Action, Brody asserts that Marc E. Bruner and the Bruner Family Trust are liable to him in connection with Brody's transfer the Disputed Claim to Marc A. Bruner, for which he seeks damages from both Marc A. Bruner and the Bruner Family Trust (the "BFT") as well as pre-judgment attachment of the Brody Claim and a bankruptcy claim filed by the BFT (the "BFT Claim"). Marc A. Bruner and the Bruner Family Trust, through its trustee, Marc E. Bruner, deny Brody's claims and oppose pre-judgment attachment.

Plaintiff in the Interpleader Action is the duly appointed Chapter 7 Trustee in the Bankruptcy Case, who holds, on behalf of the PetroHunter estate, the balance of any distributions to the Disputed Claim. The Chapter 7 Trustee takes no position on whether any amounts payable under the Disputed Claim are properly paid to Brody, Marc A. Bruner, or anyone else, and seeks only to pay those amounts into the registry of the Brody Court pending determination of who is entitled to those funds. The purpose of the Interpleader Action is to transfer the amount reserved in the Bankruptcy Case on account of the Disputed Claim to the registry of the District Court, pending resolution of the Brody Action.

The subject matter of the Interpleader Action overlaps entirely with Brody's claims against Marc A. Bruner in the Brody Action, and the outcome of the Brody Action will determine how the interpleaded funds will be distributed among the parties thereto. Accordingly, the parties to the Interpleader Action, which include all of the parties to the Brody Action,[1] hereby jointly move for

---

[1] The Chapter 7 Trustee is not a party to the Brody Action but seeks to deposit distributions on account of the Brody Claim into the District Court registry with respect to that matter.

2

consolidation of the Interpleader Action into the Brody Action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A.  Standard of Review

Rule 42(a) of the Federal Rules of Civil Procedure provides that the Court may consolidate actions that "involve a common question of law or fact" and "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)-(3). Consolidation advances the objective of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (citing Rules 2, 18-20, and 42 of the Federal Rules of Civil Procedure).

### B.  The Court should consolidate the Interpleader Action into the Brody Action.

Interpleader is a procedure designed to provide a remedy for competing claims to a single fund. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967). The competing claims for the interpleaded assets will be resolved entirely in the Brody Action; that is, there is complete overlap of legal and factual issues in the Interpleader Action with Brody's claims against Marc A. Bruner in the Brody Action.[2]

Absent consolidation, the Interpleader Action will effectively lie dormant pending the outcome of the Brody Action, needlessly weighing down the Court's docket and creating judicial and litigant inefficiency to the extent separate filings, conferences, and case management functions are required. For this reason alone, consolidation is appropriate.

---

[2] The aspects of the Brody Action directed to Marc E. Bruner and the BFT will not affect the Interpleader Action, but they may affect the Chapter 7 Trustee's distribution of assets held on account of the BFT Claim.

3

Accordingly, the consolidation jointly requested herein will serve the purposes of Rules 1 and 42 of the Federal Rules of Civil Procedure.

## CONCLUSION

Therefore, the parties respectfully request an Order consolidating the Interpleader Action into the Brody Action

Respectfully submitted, this 3rd day of December, 2020.

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

*/s/Lance Henry*
Patrick D. Vellone
Lance Henry
1600 Stout Street, Suite 1900
Denver, Colorado 80202
(303) 534-4499
pvellone@allen-vellone.com
lhenry@allen-vellone.com

*Attorneys for the Interested Party, Jeffrey L. Hill, Chapter 7 Trustee of PetroHunter Energy Corporation*

FOSTER GRAHAM MILSTEIN & CALISHER LLP

*/s/Michael A. Rollin*
Michael A. Rollin
Mallory A. Revel
Lindsey Idelberg
360 South Garfield Street, Sixth Floor
Denver, Colorado 80209
(303) 333-9810
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com

*Attorneys for David E. Brody*

4

MOYE WHITE LLP.

*/s/Tanya Sevy*
Billy Jones
Tanya Sevy
1400 16th Street, Suite 600
Denver, Colorado 80202
(303) 292-2900
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Marc A. Bruner*

POLSINELLI PC

*/s/William R. Meyer*
William R. Meyer
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
(303) 572-9300
wmeyer@polsinelli.com

*Attorneys for Marc E. Bruner and the Bruner Family Trust*

5

Certificate of Service

I hereby certify that on the 3rd day of December, I electronically filed the foregoing Joint Motion to Consolidate with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
Mallory A. Revel
Lindsey Idelberg
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street, Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com
*Attorneys for David E. Brody*

Billy Jones
Tanya Sevy
MOYE WHITE LLP.
1400 16th Street, Suite 600
Denver, Colorado 80202
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com
*Attorneys for Marc A. Bruner*

William R. Meyer
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
wmeyer@polsinelli.com
*Attorneys for Marc E. Bruner and the Bruner Family Trust*

*/s/ Terri M. Novoa*
Allen Vellone Wolf Helfrich & Factor, P.C.

6