**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

    Defendants.

---

**ORDER**

---

This matter is before the Court on David E. Brody's ("Plaintiff") response (ECF No. 46) to the Court's Order to Show Cause (ECF No. 31). Defendants Marc A. Bruner (MAB), the Bruner Family Trust ("BFT"), and Marc E. Bruner ("MEB") as trustee of the BFT (collectively, "Defendants") timely replied to Plaintiff's response (ECF Nos. 54; 55). Upon consideration of the related briefing and the applicable law, and being otherwise fully advised, the Court finds Plaintiff has demonstrated the Court has subject matter jurisdiction in this case.

**I.   BACKGROUND**

When this case was initially filed, Plaintiff pled subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) Subsequently, Plaintiff amended his complaint, adding Defendants BFT and MEB as trustee of the BFT. (ECF No. 16.) In doing so, Plaintiff seemingly destroyed complete diversity among the parties as he and MEB reside in Colorado, and BFT is domiciled in Colorado. (*Id.* ¶ 10.) Recognizing the parties' common residence, Plaintiff now asserts jurisdiction based on 28 U.S.C. § 1334, as the claims made in his

amended complaint arise in and are related to *In re PetroHunter Energy Corporation*, Case No. 16-20197-KHT, in the United States Bankruptcy Court for the District of Colorado ("PetroHunter Bankruptcy"). (*Id.*) Defendant MAB especially noted this jurisdictional pivot in his response to Plaintiff's motion for constructive trust. (ECF No. 30.) Thus, because this new information suggests the absence of jurisdiction, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 31.)

## II.  LEGAL STANDARD

"Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quotation and citation omitted).

Here, Plaintiff alleges subject matter jurisdiction exists under 28 U.S.C. § 1334. Subsection (b) of this statute provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11." 28 U.S.C. § 1334(b). Civil proceedings either "arising under" or "arising in" Title 11 are considered core proceedings within the jurisdiction of bankruptcy courts, whereas "related to" proceedings are non-core to bankruptcy which limits a bankruptcy court's adjudicative power. *Telluride Asset Resolution, LLC v. Telluride Global Dev., LLC (In re Telluride Income Growth, L.P.)*, 364 B.R. 390, 397–98 (B.A.P. 10th Cir. 2007) (citation omitted). Nevertheless, district courts—and, in turn, bankruptcy courts—have subject matter jurisdiction over both core and non-core proceedings; thus, this distinction is material only in determining whether a bankruptcy court's finding on a non-core matter shall be submitted to the district court for entry of a final order or judgment. *See* 28 U.S.C. § 157(c)(1); *see also Id.* at

398 (discussing bankruptcy court's statutory power to enter a final order in a non-core proceeding).

A proceeding "arising under" Title 11 is a civil proceeding which "asserts a cause of action created by the [Bankruptcy] Code." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (B.A.P. 10th Cir. 1997). Proceedings "arising in" a bankruptcy case are "administrative matters that are not based on any right expressly created by Title 11 but would nevertheless have no existence outside of the bankruptcy case." *In re Telluride Income Growth, L.P.*, 364 B.R. at 397–98 (quotation and citation omitted). Examples include "orders respecting the obtaining of credit, confirmation of a plan, [and] the assumption or rejection of a contract" as these matters "could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code." *In re Midgard Corp.*, 204 B.R. at 771.

"Related to" jurisdiction applies in "civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district or state court." *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Convincible effects "alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *Id.*

### III.   DISCUSSION

This adversarial proceeding stems from a contract dispute where Plaintiff agreed to transfer his bankruptcy claim ("Claim 7") against PetroHunter Energy Corporation to MAB in exchange for $25,000 in cash and 150,000 shares of Fortem Resources Inc. (ECF No. 16 at 1.) After receiving Claim 7 in accordance with the agreement, MAB allegedly neglected to perform

his side of the bargain by refusing to make payment by the agreed upon date. (*Id.*) As a result of the claimed breach, Plaintiff alleges seven causes of action arising under state law. (*See Id.* at 31-69.) Because Plaintiff asserts only state law claims in his complaint, Defendants argue that the Court lacks jurisdiction over this contract dispute. (ECF Nos. 54 at 2; 55 at 1.) Plaintiff disagrees, arguing that jurisdiction exists as this matter arises in and is related to the PetroHunter Bankruptcy, and it concerns the acquisition of a bankruptcy claim and its effect on the administration of the estate.[1] (ECF No. 46 at 2.) In reply, Defendants argue that the PetroHunter Bankruptcy bears an insufficient relation to this civil proceeding and has no effect on the debtor's bankruptcy estate. (ECF No. 54 at 2.) The Court finds this dispute is, at a minimum, "related to" a bankruptcy case.

    A.    **"Related to" Jurisdiction**

Even if this proceeding does not arise in a bankruptcy case, it is at least "related to" the bankruptcy proceeding, as the disposition of this matter affects the handing and administration of the Debtor's estate. Conceivably, the allowance of claims, the distribution to creditors, and the trustee's obligations to creditors are altered by this proceeding. Both Plaintiff and Defendants are claimants to property held in the Debtor's estate. In fact, the bankruptcy court recognized the transfer of Claim 7; as noted by the PetroHunter Bankruptcy trustee, not only is Claim 7 being held in reserve pending the disposition of this matter, but also eight other claims (belonging to the BFT) are being held for the same reason. (*See* ECF No. 46-3 p. 5.) This delay affects the administration of the Debtors' estate, as the trustee cannot distribute certain creditors' claims. Therefore, since Claim 7 is part of the Debtor's estate, the determination of whether the Claim belongs to Plaintiff or MAB is a related proceeding. *See George Love Farming L.C. v. Barnes*

---

[1] Plaintiff does not argue this matter is "arising under" Title 11 because his cause of action is not created by the Bankruptcy Code.

4

*Banking Corporation (In re George Love Farming, LLC)*, 438 B.R. 354, 5 (Table), 2010 WL 813689 (B.A.P. 10th Cir. Mar. 9, 2010) (finding at least "related to" jurisdiction where a proceeding concerned whether claims were assets of a Chapter 7 estate even though the cause of action was based in state law because "suits between third parties which have an effect on the bankruptcy estate" are "related to proceedings").

### B. Referral to Bankruptcy Judges

Generally, pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a), cases under Title 11, and proceedings arising under or related to cases under Title 11, are initially referred to the bankruptcy judges for this district. Since jurisdiction was originally based on diversity, the Court did not have an opportunity to refer this case in accordance with local rules. Having now established this matter is related to a bankruptcy case, it is appropriate for referral to the bankruptcy judges of this district, unless the parties can demonstrate otherwise.

### IV. CONCLUSION

Based on the forgoing, the Court ORDERS as follows:

1. The original Order to Show Cause (ECF No. 31) is DISCHARGED;

2. On or before January 6, 2021, the parties shall SHOW CAUSE why this matter should not be referred to the bankruptcy judges for this district pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a).

DATED this 11th day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge