**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

        Plaintiff,

    v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

        Defendants.

---

**DEFENDANTS THE BRUNER FAMILY TRUST AND MARC E. BRUNER, AS
TRUSTEE OF THE BRUNER FAMILY TRUST'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendant The Bruner Family Trust ("BFT") and Marc E. Bruner ("MEB"), as Trustee of the BFT (together, the "BFT Parties"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss, in whole or in part, Plaintiff David E. Brody's ("Plaintiff") Amended Complaint [Doc. #16], as alleged against the BFT Parties, for failure to state a claim because (1) Plaintiff did not, and cannot, allege more than one person engaged in a conspiracy, that there was a meeting of the minds, or an overt act to support a claim of conspiracy, and (2) because the statute of limitations expired on Plaintiff's civil theft claim against the BFT Parties.

      ***D.C.Colo.L.CivR 7.1 Certificate of Conferral:*** Counsel for the BFT Parties conferred via email with counsel for Plaintiff regarding the specific relief requested herein. Plaintiff opposes the relief requested herein.

75895812.2

## I.    SUMMARY

According to the Amended Complaint, prior to seeking bankruptcy protection PetroHunter Energy Corporation ("PetroHunter") owed Plaintiff $335,374.18. [Am. Compl. ¶12]. Plaintiff preserved his claim against PetroHunter by filing a proof of claim in the PetroHunter bankruptcy (the "Disputed Claim"). [Am. Compl. ¶1; Bankr. Claim #7-1, filed 3/7/2017]. On or about August 16, 2017, Plaintiff and Marc A. Bruner ("MAB") entered an Agreement (the "Agreement") pursuant to which Plaintiff agreed to sell the Disputed Claim to MAB in exchange for a combination of cash and stock. [Am. Compl. ¶12]. The BFT Parties were not parties to the Agreement. Consistent with the Agreement, Plaintiff transferred the Disputed Claim to MAB. [Am. Compl. ¶16]. Plaintiff claims MAB failed to tender the cash or stock required under the Agreement. [Am. Compl. ¶¶18-19].

Not content to sue MAB only for the alleged breach of the Agreement, Plaintiff amended his complaint over a year later and sued MAB for fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and declaratory judgment and added BFT as a defendant with no basis. [*See generally*, Am. Compl.]. Plaintiff also alleged MAB controls and manages the BFT. [Am. Compl. ¶¶9(c) and 10(a)]. Plaintiff asserted the single claim of civil conspiracy against the BFT Parties. [Am. Compl. ¶¶61-65]. Plaintiff's claim for civil conspiracy alleges a conspiracy to defraud, steal, retain the benefit of, and/or breach the contract to sell the Disputed Claim. As a matter of law, Plaintiff's claim against the BFT Parties is barred, in whole or in part.

To prevail on a conspiracy claim, Plaintiff must alleged (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) an

75895812.2

unlawful overt act, and (5) damages. *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) Plaintiff failed to, and cannot, allege three of these elements: (i) two or more persons, (ii) a meeting of the minds, or (iii) that the BFT engaged in an unlawful overt act. Plaintiff cannot establish two or more persons because it is well established an entity cannot conspire with its members or employees and Plaintiff claims all of the alleged conspirators are members of, or control, the BFT. Plaintiff also did not allege any meeting of the minds to defraud him. Accepting his allegations, Plaintiff claims only that the BFT Parties had some interest in MAB purchasing the Disputed Claim—not that the BFT had an interest in MAB breaching the Agreement. And Plaintiff did not allege any unlawful overt act by the BFT Parties.

Plaintiff's attempt to obtain civil theft damages against the BFT Parties also fails as a matter of law because the statute of limitations on that claim expired. The statute of limitations for civil theft is two years, and the statute of limitations for the civil theft treble damages penalty is just one year. Plaintiff claims the conspiracy to steal his claim occurred in or around September 2017 (at the latest), but Plaintiff did not bring any claim against the BFT Parties until June 2020. Plaintiff's claims for civil theft and treble damages were expired by then. Moreover, Plaintiff's claim for treble damages (subject to a one year statute of limitations) expired before Plaintiff filed his original complaint against MAB.

Because the Complaint fails to present claims upon which relief may be granted, the Court should dismiss, in whole or in part, under Rule 12(b)(6).

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in a complaint as true and view those allegations in the light most favorable

to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 679-80. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Here, when examining only the allegations against the BFT Parties, Plaintiff's Amended Complaint lacks sufficient factual allegations to overcome this Motion.

### III. ALLEGATIONS AGAINST THE BFT PARTIES

Of sixty-nine paragraphs in the Amended Complaint, only fourteen contain allegations against the BFT Parties. [Am. Compl. ¶¶1, 6, 7, 9(a), 9(b), 9(c), 10(a), 10(c), 29, 61-65]. All allegations in those paragraphs against the BFT Parties are conclusory, formulaic and lack specificity. For example, Plaintiff generally alleges:

> Defendants agreed and worked cooperatively to defraud Plaintiff of and steal the [Disputed Claim], use the [Disputed Claim], and/or retain the benefit of the [Disputed Claim], or, in the alternative, to breach [MAB]'s contractual obligation to pay consideration and act in good faith under the Agreement, and/or retain the benefit of [MAB]'s breach, in order to enrich themselves at the expense of Plaintiff. [Am. Compl. ¶62]

This allegation, like the others, formulaically recites the elements of civil conspiracy but it offers no facts to support the conclusion that Defendants acted together to defraud Plaintiff. This is consistent with Plaintiff's other allegations in which he formulaically alleges, without offering facts, the BFT Parties conspired to defraud Plaintiff. [Am. Compl. ¶¶1, 9(a)]. Elsewhere Plaintiff claims MAB controls the BFT but that is not relevant to any claim asserted against the BFT Parties.

## IV.     ARGUMENT

**A.     Plaintiff's claim for civil conspiracy fails as a matter of law.**

Plaintiff generally claims the BFT Parties conspired to defraud Plaintiff. [Am. Compl. ¶¶1, 9(a), 61-65]  His claim cannot survive a motion to dismiss, however, because "in alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." F.R.C.P. 9(b); *see Jackson County Federal Sav. And Loan Ass'n v. Maduff Mortg. Corp.*, 649 F.Supp. 6, 8 (Dist. Ct. Colo. 1986) (dismissing conspiracy claim under F.R.C.P. 9(b) for failing to allege with particularity facts to support claim that defendants entered into a common plan). Here, Plaintiff failed to state with particularity the circumstances constituting the BFT Parties' fraud or conspiracy to commit fraud. The allegations in the Amended Complaint, instead, describe MAB's alleged wrongs. Those allegations are specific. Yet, with respect to the BFT Parties, Plaintiff can muster little more than claiming they conspired to defraud him. Plaintiff does not allege when they conspired with MAB, what was discussed, why they conspired or had an interest in MAB breaching the Agreement, or on what they had a meeting of the minds. As noted above, Plaintiff's strongest allegation against the BFT Parties is in

paragraph 61 of the Amended Complaint and it offers nothing more than a general formulaic recitation of the elements of civil conspiracy.

Even if Plaintiff could satisfy this pleading standard, as a matter of law, he cannot satisfy three elements of civil conspiracy. The elements of civil conspiracy are:

> (1) two or more persons, and for this purpose a corporation is a person, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof.

*Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995); *Walker v. Van Laningham*, 148 P.3d 391, 396 (Colo. App. 2006).

<u>First</u>, Plaintiff cannot establish there was a conspiracy by two or more persons. To satisfy this element, Plaintiff alleges MAB, the BFT Parties, and Carmen Lotito ("Lotito") participated in the conspiracy. [Am. Compl. ¶61]. Those three persons are the settlor of the BFT (MAB), the trustee for the BFT (MEB), the trust itself, and a representative and beneficiary of the trust (Lotito). Plaintiff further alleges MAB controls and manages the BFT. [Am. Compl. ¶¶9(c) and 10(a)].

It is well-established a person cannot conspire with himself. *Lockwood Grader Corp. v. Bockhaus*, 279 P.2d 193, 196 (Colo. 1954). It is also a "well-settled tenet of corporate law that a director cannot conspire with the corporation which he serves." *Semler v. Hellerstein*, 428 P.3d 555, 562 (Colo. App. 2016)(overturned on other ground) (citing *Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1390 (Colo. App. 1986)("A corporation and its employees do not constitute the 'two or more persons' required for a civil conspiracy, at least if the employees are acting on behalf of the corporation and not as individuals for their individual advantage.") Although no Colorado court has applied this principal to a trust, the rationale and analysis is the same if a trust

and all of its members/beneficiaries are allegedly working on behalf of its interest and not their own individual interest.

Here, Plaintiff's conspiracy claim fails as it would if Plaintiff alleged a corporation was conspiring with its employees. Plaintiff alleges:

- MEB is the trustee of the BFT [Am. Compl. ¶7];

- MAB controls and manages the BFT and is a beneficiary of the BFT [Am. Compl. ¶¶9(c) and 10(a)];

- MAB holds assets through the BFT [Am. Compl. 10(a)];

- Lotito served in various capacities with the BFT [Am. Compl. ¶61];

- All of the allegedly conspiratorial efforts were to benefit the BFT [Am. Compl. ¶¶9(b) and 63]

These allegations demonstrate Plaintiff's inability to prove two or more persons engaged in a conspiracy. For purposes of a civil conspiracy, they are one and the same as alleged by Plaintiff: MAB created, controls, manages and is a beneficiary of the BFT; MEB is the BFT's trustee; and Lotito[1] serves in various capacities with the BFT (they are akin to the owners and directors of a corporation). And Plaintiff alleges their conspiracy was to transfer the Disputed Claim to MAB for the benefit of the BFT, of which they all are representatives. [Am. Compl. ¶¶62 and 63]. This is no different than a corporation conspiring with its employees and directors – which is not cognizable.

Second, Plaintiff failed to sufficiently allege there was a meeting of the minds on any object or course of action. "A court will not infer the necessary agreement. Facts showing such

---

[1] Mr. Lotito also is a beneficiary of the BFT.

7

an agreement must be alleged by the plaintiff." *FDIC v. First Interstate Bank of Denver, NA*, 937 F.Supp. 1461, 1473, (U.S. Dist. Ct. Colo. 1996). Plaintiff must do more than simply allege, without factual support, that there was a 'meeting of the minds.'

Here, Plaintiff offered little more than a statement that the defendants agreed to defraud him. Plaintiff did not allege any facts showing an agreement between MAB, the BFT Parties, and Lotito to do anything improper—even by inference. *See Buhendwa v. Reg'l Transp. Dist.*, 82 F. Supp. 3d 1259, 1269 (D. Colo. 2015) ("However, a plaintiff may not rely on mere labels or conclusions, 'and a formulaic recitation of the elements of a cause of action will not do.'") The Amended Complaint fails to explain the substance of an agreement, when Defendants discussed a plan to defraud Plaintiff, why the BFT Parties would want to defraud Plaintiff, or when they reached a meeting of the minds on anything. To the extent Plaintiff claims the parties conspired to fraudulently obtain the Disputed Claim, he must be specific.[2]

Moreover, as pleaded Plaintiff's claim is not plausible. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (only a complaint that states a plausible claim for relief can survive a motion to dismiss.) Even accepting Plaintiff's premise that the BFT Parties might benefit if MAB obtained the Disputed Claim, that alone is not sufficient to show an agreement to obtain the Disputed Claim fraudulently. Conversely, it is plausible that an agreement in that context, if there was one, was for MAB to obtain the Disputed Claim pursuant to the terms of the Agreement (without breaching it).

Plaintiff alleges the BFT Parties already had a claim in the PetroHunter bankruptcy worth $7 million of dollars. [Am. Compl. ¶¶9(a) and 29]. The BFT Parties did not need MAB to

---

[2] Fraud must be alleged with particularity. *See, e.g.* F.R.C.P. 9(b).

obtain the Disputed Claim (worth only $335,374), let alone through fraud or theft, to bolster their position.

Even accepting Plaintiff's premise that the BFT Parties had some interest in MAB obtaining the Disputed Claim, it is not plausible that the BFT Parties would agree with or want MAB to defraud Plaintiff to accomplish that goal. Plaintiff never even alleges the BFT Parties knew (1) MAB would breach the Agreement or (2) that MAB had some intent not to perform prior to entering the Agreement. As pled, it is more plausible, that if the BFT Parties had some interest in MAB obtaining the Disputed Claim that they expected MAB would obtain it pursuant to the terms of the Agreement. In short, Plaintiff did not and cannot plausibly allege that the BFT Parties and MAB had a meeting on the minds to defraud Plaintiff.

Third, Plaintiff failed to allege the BFT Parties participated in any unlawful overt acts. Plaintiff does not claim the BFT Parties negotiated with him regarding the Agreement or that they encouraged MAB to breach the Agreement. As alleged, the Agreement was a contract between two parties only: Plaintiff and MAB. Whether MAB breached the Agreement is between them. The BFT Parties had nothing to do with negotiation, execution, or a potential breach of the Agreement; and other than a formulaic conclusory claim that they conspired to defraud him, Plaintiff does not claim otherwise. Without a BFT Parties overt act, Plaintiff's civil conspiracy claim against them must fail.

Even accepting all of his factual allegations, Plaintiff's civil conspiracy claim fails as a matter of law. He cannot establish (1) two or more people conspired, (2) that there was a meeting of the minds, or (3) the BFT Parties engaged in an overt unlawful act.

9

**B.** **Plaintiff's claim for conspiracy to commit civil theft against the BFT Parties is barred by the statute of limitations.**

As noted above, conspiracy is a derivative cause of action that is not actionable *per se*. *Double Oak Const., LLC v. Cornerstone Development Intern., LLC*, 97 P.3d 140, 146 (Colo. App. 2003). If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself. *Id.* Here, the acts alleged to constitute the basis for the treble damage penalty for civil theft occurred more than a year before Plaintiff initiated this action. Because the right to recover treble damages under the civil theft statute is controlled by a one-year statute of limitations, Plaintiff is too late to recover treble damages from any defendant. Additionally, the statute of limitations for the non-penalty portion of the civil theft statute is two years, which is the same for conspiracy to commit civil theft. Plaintiff failed to assert any claims against the BFT Parties within that two-year window so any claim that the BFT Parties conspired to commit civil theft is also time-barred.

The statute of limitations for civil theft is two years and the statute of limitations to recover the treble damages penalty is one year.[3] *See Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019) (recognizing a two-year statute of limitations for civil theft claims and a one-year statute of limitations for recovery of treble damage penalties under the civil theft statute).

Plaintiff claims MAB failed to deliver consideration under the Agreement by September 16, 2017 (thirty days from when the Agreement was executed). [Am. Compl. ¶¶12, 19, 20, 21, 23]. At that point he knew, or should have known, of the alleged civil theft. Yet, Plaintiff did not initiate this action until April 12, 2019 (against MAB only), almost seven months after the

---

[3] Civil conspiracy claims share a statute of limitations with the underlying tort. *See Sterenbuch v. Goss*, 266 P.3d 428, 436 (Colo. App. 2011) (compiling cases)

one year statute of limitations expired. The original complaint asserted only two breach of contract claims against MAB and contained no claims against the BFT Parties. Plaintiff did not assert a civil theft claim against MAB until June 6, 2020, which is when he first asserted his conspiracy claim against the BFT Parties.

Plaintiff needed to seek treble damages at the latest by September 16, 2018 (one year after MAB allegedly failed to tender consideration under the Agreement), but he did not file his complaint until seven months later in April 2019. This precludes his recovery of the treble damage penalty against any defendant. Likewise, Plaintiff's claim that the BFT parties conspired to commit civil theft is time-barred in total because he did not name them as parties in this action until June 2020, nine months after the two-year statute of limitations expired. The following timeline is illustrative.



### V.    CONCLUSION

The Court should not countenance Plaintiff's blatantly over-pled complaint. Whether MAB breached a contract or not, factually the BFT Parties were not a party to that contract and

they had no involvement with it whatsoever. Plaintiff was unable to plead a single fact to support its civil conspiracy claim. Legally none of Plaintiff's claims are cognizable either. Plaintiff cannot establish two or more people engaged in a conspiracy, that there was a meeting of the minds, or any overt illegal act. And the statute of limitations was long-expired when Plaintiff first asserted his civil theft claim.

WHEREFORE, the Court should dismiss with prejudice all claims Plaintiff asserted against the BFT Parties (civil conspiracy and declaratory relief[4]) pursuant to Rule 12(b)(6) because Plaintiff fails to plead a claim upon which relief may be granted. The BFT Parties request the Court award BFT Parties with all fees and costs incurred defending both Plaintiff's frivolous claims in this action, including fees and costs incurred in this action and in the bankruptcy court proceedings wherein Plaintiff attempted to prevent the distribution of the funds to BFT Parties.

Respectfully submitted this 4th day of January, 2021.

POLSINELLI PC

*/s/ William R. Meyer*
William R. Meyer, #34012
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: 303-572-9300
Email: wmeyer@polsinelli.com

*Attorneys for Defendants The Bruner Family Trust and Marc. E. Bruner, as Trustee for the Bruner Family Trust*

---

[4] Although Plaintiff's claim for declaratory relief states it is against all Defendants, the only relief sought pertains to the Disputed Claim, in which the BFT Parties have no interest.

75895812.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of January, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


*/s/ William R. Meyer*

75895812.2