IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY, Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

## PLAINTIFF'S RESPONSE TO AMENDED ORDER TO SHOW CAUSE

Plaintiff, David E. Brody, hereby responds to the Court's Amended Order to Show Cause, Doc. No. 66, as follows:

The Court having found the above-caption matter is "related to" *In re PetroHunter Energy Corp.*, Case No. 16-20197 KHT, (the "Bankruptcy Case"), referral to the bankruptcy court is automatic. *Sender v. Capital One Bus. Credit Corp.*, Civil Action No. 18-cv-00392-STV, 2018 WL 4961645, at *3 (D. Colo. Oct. 12, 2018) (citing D.C.COLO.LCivR 84.1(a)). Accordingly, a party has no basis to oppose referral, *id.*, and Plaintiff, therefore, does not.

However, because a party to a bankruptcy case may move to withdraw the reference, Plaintiff asks the Court to construe this response as such a motion,[1] as doing so promotes judicial economy. *Id.* It would "place form over substance—and waste the resources of the parties and the Court—to transfer [a] matter to the Bankruptcy Court only to have [a party] immediately file a motion for

---
[1] Plaintiff has conferred with Defendants, who oppose withdrawal of the reference.

withdrawal of the automatic reference, which would then be referred back to th[e] district [c]ourt for decision." *Id.*[2]

Withdrawal of the reference may be mandatory or permissive. 28 U.S.C. § 157(d). Mandatory withdrawal is narrowly construed and applies only "when a determination of issues requires significant interpretation of federal law that congress would have intended to have decided by a district judge rather than a bankruptcy judge, or where issues arising under non-title 11 laws dominated those arising under title 11." *In re Westmoreland Coal Co.*, 221 B.R. 512, 514 (D. Colo. 1998) (internal quotations and authorities omitted). The phrase "non-title 11 laws" means federal law. *In re Adelphi Inst., Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990) (citing 1 *Collier on Bankruptcy* ¶ 3.01 at 3-59 (15th ed. 1987)); *see also In re Centrix Fin., LLC*, Civil No. 09-cv-00088-PAB, 2009 WL 1605826, at *1 (D. Colo. June 8, 2009). As no significant interpretations of substantive federal law are at issue here, mandatory withdrawal does not apply.

The Court may also withdraw the reference permissively "for cause shown." 28 U.S.C. § 157(d). The "principle [sic] inquiry" in cause determinations is whether the at-issue claims are core or non-core. *In re Westmoreland Coal Co.*, 221 B.R. at 515 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)); *see also In re Iridium Operating LLC*, 285 B.R. 822, 828 (S.D.N.Y. 2002) (identifying the core/non-core issue as "paramount" and *Orion* as seminal).[3]

Core claims are those that are "unique to or uniquely affected by the bankruptcy proceedings, or (2) [that] directly affect a core bankruptcy function." *In re Iridium Operating LLC*, 285 B.R. at 830

---

[2] Plaintiff is mindful that motions must be filed as separate documents, D.C.COLO.LCivR 7.1(d), but in reliance on both the language and rationale of *Sender*, Plaintiff respectfully asks the Court to accept this response as a motion.

[3] After the U.S. Supreme Court's landmark decision in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), it may be more appropriate to trade the "core/non-core" dichotomy for one that distinguishes between those cases that can and cannot be adjudicated by a bankruptcy court. *See In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012). Doing so would expand the reach of permissive withdrawal because *Stern* holds that even some core claims—so-called "*Stern* claims"—cannot be finally adjudicated by a bankruptcy court. *Id.* at 720. Nevertheless, using the core/non-core formulation remains useful as well as plentiful in this context.

(citations omitted); *see also In re Kelley*, Civil Action No. 16-cv-756-MSK, 2016 WL 3475196, at *2 (D. Colo. June 27, 2016) (noting that 28 U.S.C. § 157(b)(2) includes a non-exclusive list of 16 types of core matters). Non-core claims "do not arise under the [Bankruptcy] Code—even if the issues are related to bankruptcy." *In re Int'l Elec., Inc.*, 557 B.R. 204, 212 (D. Kan. 2016) (citing *In re Renewable Energy Dev. Corp.*, 792 F.3d 1274, 1282 (10th Cir. 2015)).

Plaintiff's claims are for fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, and civil conspiracy. Doc. No. 16. These are generally non-core, *see, e.g.*, *In re Iridium*, 285 B.R. at 832-33 (identifying breach of contract and state common-law claims as "traditionally non-core"), which a bankruptcy court may only adjudicate with the consent of all parties, *In re Kelley*, 2016 WL 3475196, at *2. Plaintiff expressly[4] does not consent to bankruptcy court adjudication of this action; therefore, if the reference is maintained, the bankruptcy court "must submit proposed findings of fact and conclusions of law to the district court for de novo review." *Id.* (citing 28 U.S.C. § 157(c)(1)) (internal quotations omitted). In short, "the parties are entitled by the Constitution to have an Article III judge make the final call," *In re Renewable Energy Dev. Corp.*, 792 F.3d at 1277 (Gorsuch, J.), and Plaintiff so requests.

As a consequence, maintaining the reference in this case will be inefficient. "If a claim involves a noncore proceeding…the fact that a bankruptcy court's determination of the matter is subject to *de novo* review may lead to the conclusion that a single proceeding in the district court is preferable." *In re Westmoreland Coal Co.*, 221 B.R. at 515; *see also In re Money Ctrs. of Am., Inc.*, 579 B.R. 710, 714 (S.D.N.Y. 2016) (finding that there would be "unnecessary costs [that] could be avoided by a single proceeding in the district court" resulting in "prejudice by the cost and delay of having to multiply

---

[4] In *Wellness Int'l Network, Ltd. v. Sharif*, the Supreme Court held that consent to bankruptcy court adjudication may be implied. 575 U.S. 665, 135 S.Ct. 1932, 1947-48, 191 L.Ed.2d 911 (2015). Plaintiff makes its lack of consent express to avoid any possible ambiguity.

3

proceedings…."). While efficiency is not the "most important" of the *Orion* factors (core/non-core is), it is still significant. *See In re Iridium*, 285 B.R. at 834.

Courts in this district have cited judicial efficiency as a factor *militating against* withdrawal of the reference, *e.g.*, *In re Centrix Fin., LLC*, 2009 WL 1605826, at *4 (collecting cases), but those types of cases turn on a bankruptcy court's greater familiarity with the debtors and their transactions, *In re Money Ctrs. of Am., Inc.*, 579 B.R. at 715 (noting that cases predicated on judicial efficiency in bankruptcy court "are based on factors such as the bankruptcy court's familiarity with the underlying bankruptcy case, the existence of both core and non-core claims, or the bankruptcy court having had extensive pretrial involvement with the adversary proceeding."). By contrast, here, the bankruptcy court has no special experience or expertise with these intra-creditor, state law claims. This efficiency factor, therefore, supports withdrawal of the reference. *See In re Money Ctrs. Of Am., Inc.*, 579 B.R. at 714 ("'[The bankruptcy court] has no connection to the underlying bankruptcy case and the Complaint asserts non-core state law claims."). Even if otherwise, efficiency in bankruptcy court would not be dispositive where other factors favoring withdrawal predominate. *See In re Richardson*, No. 12-cv-00911-WYD, 2012 WL 5458860, at *2 (D. Colo. Nov. 8, 2012).

Another important factor in the case law is whether maintaining the reference would deprive a party of its right to a jury trial. *In re Iridium*, 285 B.R. at 835; *see also*, *e.g.*, *In re Van Fleet*, Civil Action No. 09-cv-01892-WYD, 2009 WL 3158140, at *1 (Sept. 29, 2009) (demonstrating the importance of Seventh Amendment considerations in this district). In this case, Plaintiff has not demanded a jury trial but Defendant Marc A. Bruner has. Doc. No. 68.[5]

The final *Orion* factors—prevention of forum shopping and uniformity in the administration of bankruptcy law—*In re Iridium*, 285 B.R. at 834 (citing *In re Orion Pictures Corp.*, 4 F3d at 1101), also

---

[5] The Bruner Family Trust has not yet answered so Plaintiff cannot state whether it, too, will demand a jury.

4

support (or at least do not militate against) withdrawal of the reference. Plaintiff filed this action in this Court, and therefore ought not be viewed as forum shopping by seeking to keep it here. And the uniform administration of bankruptcy cases is not affected by this Court's adjudication of state law claims that, while related to the bankruptcy case and involving competing demands for estate assets, are not central to the bankruptcy court's function.

In summary, no factors support maintaining the reference. Plaintiff's are non-core claims or—using the language of *Stern v. Marshall*—claims that cannot be finally adjudicated by the bankruptcy court. Consequently, while the bankruptcy court may entertain pre-trial matters, it will have to send proposed findings of fact and conclusions to this Court, which must review them *de novo*. This *de novo* review ensures the exercise will be inefficient for the judiciary and the litigants. On these bases, Plaintiff respectfully submits that the Court should withdraw the reference.

Respectfully submitted, this 6th day of January, 2021.

                              FOSTER GRAHAM MILSTEIN & CALISHER LLP

                              */s/Michael A. Rollin*
                              Michael A. Rollin
                              Mallory A. Revel
                              Lindsey Idelberg
                              360 South Garfield Street, Sixth Floor
                              Denver, Colorado 80209
                              (303) 333-9810
                              mrollin@fostergraham.com
                              mrevel@fostergraham.com
                              lidelberg@fostergraham.com

                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO AMENDED ORDER TO SHOW CAUSE** with the Clerk of Court using the CM/ECF system, which was electronically served to all counsel of record.

By: */s/ Angelica McClurg*
Angelica McClurg, Paralegal

6

4849-6058-7734, v. 1