IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| DAVID E. BRODY, | ) | Case No. 19-cv-01091 |
| | ) | |
| Plaintiff, | ) | Judge Raymond P. Moore |
| | ) | |
| v. | ) | Magistrate Judge N. Reid Neureiter |
| | ) | |
| MARC A. BRUNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MARC A. BRUNER'S RESPONSE TO AMENDED ORDER**

Defendant Marc A. Bruner ("**MAB**") files this response to the Court's December 14, 2020 Amended Order to show cause why this case should not be referred to the United States Bankruptcy Court for the District of Colorado (the "**Bankruptcy Court**").

Referral of this action to the Bankruptcy Court is automatic. MAB takes no issue with the Bankruptcy Court presiding over this action *provided* his right to a jury trial is not impaired. MAB has demanded a jury trial. Pursuant to 28 U.S.C § 157(e) and Rule 9015(b) of the Federal Rules of Bankruptcy Procedure, a bankruptcy court may only conduct a jury trial if the district court "specially designate[s]" the bankruptcy judge to conduct the jury trial *and* both parties consent to the bankruptcy judge conducting the jury trial. Accordingly, the Court's decision to refer or withdraw the automatic reference to the Bankruptcy Court turns on whether the Bankruptcy Court has the ability to conduct a jury trial.

MAB expressly consents to the bankruptcy judge conducting the jury trial and would request that the Court specially designate the bankruptcy judge to conduct the jury trial. However, if any of the parties do not consent to the bankruptcy judge conducting the jury trial—which, based on Plaintiff David E. Brody's ("**Brody**") statement that he does not consent to the Bankruptcy Court entering final orders, seems likely—or if the Court declines to specially designate the

4841-3279-9446.2

bankruptcy judge to conduct the jury trial, then the Court must, at a minimum, withdraw the automatic reference to conduct the jury trial.

Even if Brody consented to the bankruptcy judge, the Court should still withdraw the reference to conduct the jury trial. This case concerns non-core bankruptcy matters, which means, because Brody does not consent to the bankruptcy judge entering final orders, the Court is required to review all of the Bankruptcy Court's proposed findings of fact and conclusions of law de novo. If Brody consents to the bankruptcy judge conducting the jury trial, but not to entry of final judgments, the Court's de novo review may be in violation of the Seventh Amendment, which states "no fact tried by a jury[] shall be otherwise re-examined in any Court." Accordingly, even if Brody consents to the Bankruptcy Court conducing a jury trial, the Court, in an abundance of caution, should withdraw the reference to conduct the jury trial. To do otherwise may jeopardize MAB's right to a jury trial.

**I.     RELEVANT FACTS**

Brody initiated this action on April 12, 2019. *See* Docket. Brody filed the Amended Complaint on June 5, 2020. *See id.* The Amended Complaint alleges a number of state law causes of action, including fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and declaratory judgment. Am. Compl. 8–13, June 5, 2020, ECF No. 16. The basis of Brody's claim is that Brody allegedly assigned and transferred to MAB a certain claim against PetroHunter Energy Corp. ("**PetroHunter**") in exchange for $25,000.00 and 150,000 shares of Fortem Resources Inc., but that MAB (and Defendants The Bruner Family Trust and Marc E. Bruner, as Trustee of The Bruner Family Trust) allegedly failed to perform his obligations under a certain agreement. *See id.* ¶ 1.

2

When Brody amended his complaint, he no longer based subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but instead on 28 U.S.C. § 1334 because the claims arise in and are related to the PetroHunter bankruptcy, *In re PetroHunter Energy Corporation*, No. 16-20197-KHT (Bankr. D. Colo. Oct. 17, 2016). *Compare* Compl. ¶ 4, Apr. 12, 2019, ECF No. 1 *with* Am. Compl. ¶ 8. On August 12, 2020, the Court ordered Brody to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Docket. Based on the parties' responses, the Court determined that it has subject matter jurisdiction in this case, but ordered the parties to show cause why this case should not be referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a). *See* Am. Order 1, 5, Dec. 14, 2020, ECF No. 66. MAB submits this response to the Amended Order.

**II.   LAW AND ANALYSIS**

"A case or proceeding brought under or related to Title 11, United States Code, shall be referred automatically to the bankruptcy judges of the district under 28 U.S.C. § 157." D.C.COLO.LCivR 84.1(a). *See also* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

Although proceedings arising under or related to cases under title 11 of the United States Code are automatically referred to bankruptcy judges, that reference may be withdrawn where a party can show cause. *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."). "In the Tenth Circuit, a right to have a jury trial constitutes 'cause' for withdrawal where the bankruptcy court is not authorized to conduct a jury trial." *In re Kelley*, No. 16-cv-756-MSK, 2016 U.S. Dist. LEXIS 83035, at *7 n.3 (D. Colo. June 27, 2016) (citing *In*

3

*re Kaiser Steel Corp.*, 911 F.2d 38, 389 (10th Cir. 1990)). *See also Frictionless World, LLC v. Frictionless, LLC (In re Frictionless World, LLC)*, No. 19-cv-03583-CMA, 2020 U.S. Dist. LEXIS 91841, at *3–4 (D. Colo. May 26, 2020) ("Among the causes for withdrawal are a bankruptcy court's lack of constitutional authority to enter final judgments on the claims at issue and the Seventh Amendment right to a jury trial on claims brought against the defendant.").

A bankruptcy court may only conduct a jury trial "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all parties." 28 U.S.C. § 157(e). Rule 9015(b) of the Federal Rules of Bankruptcy Procedure expounds on 28 U.S.C. § 157(e), and identifies four requirements for a bankruptcy court to conduct a jury trial:

> [1] If the right to a jury trial applies, [2] a timely demand has been filed pursuant to Rule 38(b) F.R.Civ.P., [3] and the bankruptcy judge has been specially designated to conduct the jury trial, [4] the parties may consent to have a jury trial conducted by a bankruptcy judge under 28 U.S.C. § 157(e) by jointly or separately filing a statement of consent within any applicable time limits specified by local rule.

*See also* 10 Collier on Bankruptcy ¶ 9015.14 (Richard Levin & Henry J. Sommer eds., 16th ed.). If any of these requirements are not met, a bankruptcy court cannot conduct the jury trial, and the district court must withdraw the reference. *See Frictionless World*, 2020 U.S. Dist. LEXIS 91841, at *6 (withdrawing the automatic reference because movants did not consent to a jury trial before the bankruptcy court, but allowing bankruptcy court to consider and determine all pre-trial matters, subject to a submittal of a report and recommendation to the district court for all dispositive matters).

Here, the right to a jury trial applies, and MAB has timely demanded a jury trial. Brody raises numerous state law causes of action, all of which may be tried by a jury. *See* Am. Compl. 8–13; Colo. R. Civ. P. 38(a). MAB timely demanded a jury on all triable issues. *See* Def. MAB's Answer 9, Jan. 4, 2021, ECF No. 68. *See also* Fed. R. Civ. P. 9015(b); Fed. R. Civ. P. 38(b);

4

Order, Sept. 2, 2020, ECF No. 50 (stating responsive pleading not due until January 4, 2021, twenty-one days after order on initial show cause order).

In the District of Colorado, there is neither a local rule nor standing order that "specially designat[es]" a bankruptcy court to conduct a jury trial. *See Kelly*, 2016 U.S. Dist. LEXIS 83035, at *7 n.3 (noting "this court has not authorized the bankruptcy court to conduct jury trials"). Nevertheless, this Court may specially designate the bankruptcy court to conduct a jury trial provided the parties consent to such an arrangement. *See, e.g.*, *Veldekens v. GE HFS Holdings, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 875 (Bankr. S.D. Tex. 2006) ("Thus, since the parties have consented to this Court conducting a jury trial, the District Court should 'specially designate' this Court to do so because of this Court's level of familiarity with the facts and issues in this case."). Unless the Court agrees to specially designate the Bankruptcy Court to conduct the jury trial—an express requirement under 28 U.S.C. § 157(e), the Court must withdraw the automatic reference.

As a final requirement, all parties must consent, in writing, to the Bankruptcy Court conducting the jury trial. MAB consents to the Bankruptcy Court conducting the jury trial. However, if any of the other three parties do not consent to the Bankruptcy Court conducting the jury trial, the Court must withdraw the automatic reference. *See Frictionless World*, 2020 U.S. Dist. LEXIS 91841, at *5 ("In the instant case, Movants do not consent to a jury trial before the Bankruptcy Court and they are entitled to a jury trial on all of the Debtor's claims against them. Therefore, Movant's timely demand for a jury trial is cause for withdrawal of the reference to the Bankruptcy Court." (citing *Kelly*, 2016 U.S. Dist. LEXIS 83035, at *6–7)).[1] Brody has made clear

---

[1] If the Court withdraws the automatic reference, it may still delegate certain actions to the Bankruptcy Court. *See, e.g.*, *Frictionless World*, 2020 U.S. Dist. LEXIS 91841, at *6 ("[T]he Court concludes that the Bankruptcy Court is in the best position to handle all pretrial matters in this case. As such, the Court adopts the well-established practice in the District of Colorado of withdrawing the automatic reference and remanding the action to the Bankruptcy Court to

5

that he does not consent to the Bankruptcy Court entering final orders. *See* Pl.'s Resp. Am. Order Show Cause 3, Jan. 6, 2021, ECF No. 71 ("Plaintiff expressly does not consent to bankruptcy court adjudication of this action."). Based on his statement, Brody may also not consent to the Bankruptcy Court conducting the jury trial. If this is the case, then the Court must, at a minimum, withdraw the reference to conduct the jury trial in order to ensure MAB's right to a jury trial is not impaired.

Nevertheless, even if Brody did consent to the bankruptcy judge conducting the jury trial, the Court should still withdraw the reference. The claims alleged in this action are "traditionally non-core." *Statutory Comm. of Unsecured Creditors v. Motorola (In re Iridium Operating LLC)*, 285 B.R. 822, 827 (S.D.N.Y. 2002). Because Brody does not consent to entry of final orders in the Bankruptcy Court, the bankruptcy judge would need to "submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Kelly*, 2016 U.S. Dist. LEXIS 83035, at *5–6. If this non-core matter was tried by a jury trial in the Bankruptcy Court, and Brody does not consent to entry of a final judgment, then the result may violate the Seventh Amendment, which states, "no fact tried by a jury[] shall be otherwise re-examined in any Court of the United States." U.S. Const. amend. VII. Accordingly, even if Brody consented to the bankruptcy judge conducting the jury trial, without Brody expressly consenting to the Bankruptcy Court entering final orders, MAB's right to a jury trial may be impaired, thus warranting the Court withdrawing the automatic reference.

To summarize: If Brody does not consent to the bankruptcy court conducting the jury trial, the Court must, at a minimum, withdraw the reference to conduct the jury trial. Even if Brody

---

handle all pretrial matters." (citations omitted)). In *Frictionless World*, the Court withdrew the automatic reference, but allowed the bankruptcy court to handle all pretrial matters, although it would "review dispositive rulings by the Bankruptcy Court upon timely objection by either party." *Id.* at *6 n.2.

6

4841-3279-9446.2

consents to the bankruptcy court conducting the jury trial, the Court should nevertheless withdraw the reference to avoid any Seventh Amendment issues and ensure MAB's right to a jury trial is not impaired.

### III.   CONCLUSION

The Court should, at a minimum, withdraw the automatic reference to conduct the jury trial to ensure MAB's right to a jury trial is not impaired.  Because MAB demanded a trial by jury, the decision to refer or withdraw the automatic reference to the Bankruptcy Court turns on whether (i) all of the parties in this action consent to the bankruptcy judge conducting the jury trial, and (ii) the Court agrees to specially designate the bankruptcy judge to conduct the jury trial.  If, and only if, these two requirements are met can the Court refer this matter in its entirety to the Bankruptcy Court.  Even if these requirements are satisfied, the Court should still withdraw the reference to conduct the jury trial based on the possible Seventh Amendment issues that may arise from Brody declining to consent to the bankruptcy judge entering final orders.

Respectfully submitted,

*/s/ Timothy M. Swanson*
William F. Jones (35294)
Timothy M. Swanson (47267)
Tanya A. Sevy (46282)
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202
(303) 292-2900
(303) 292-4510 (facsimile)
billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc. A. Bruner*

7

4841-3279-9446.2

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I electronically filed the foregoing *Defendant Marc A. Bruner's Response to Amended Order* with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
Esther H. Lee
Edgar O. Barraza
FOX ROTHSCHILD LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants The Bruner Family Trust and Marc E. Bruner, as Trustee of The Bruner Family Trust*

/s/ Timothy M. Swanson

4841-3279-9446.2