IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

        Plaintiff,

v.

MARC A. BRUNER, et al.,

        Defendants.

---

**DEFENDANT MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST'S ANSWER TO COMPLAINT FOR INTERPLEADER**

---

Defendants Marc E. Bruner ("MEB"), as Trustee of the Bruner Family Trust, answers Jeffrey L. Hill's, as trustee of PetroHunter Energy Corporation (the "Trustee"), Complaint for Interpleader ("CFI") as follows.

## I.    JURISDICTION & VENUE

1. MEB admits 28 U.S.C. §1335 says what it says and denies the allegations contained in paragraph 1 of the CFI to the extent they are inconsistent therewith.

2. MEB admits 28 U.S.C. §1339 says what it says and denies the allegations contained in paragraph 2 of the CFI to the extent they are inconsistent therewith. MEB does not dispute venue in this Court.

## II.    PARTIES

3. Admitted.

4. MEB admits the participants in any pending action and the contents of any stipulation are what they are. MEB is without sufficient knowledge or information to admit or

1
76371789.1

deny the remaining allegations contained in paragraph 4 of the CFI and therefore denies them.

5. MEB admits Brody initiated this action and that he is not currently a claimant in Bankruptcy Case No. 16-20197 KHT.  MEB is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 4 of the CFI and therefore denies them.

6. Admitted.

### III. GENERAL ALLEGATIONS

7. MEB admits PetroHunter Energy Corporation sought bankruptcy protection and that its applicable pleadings say what they say and denies the allegations contained in paragraph 7 of the CFI to the extent they are inconsistent therewith.

8. MEB admits Brody's claims in this action are what they are and denies the allegations contained in paragraph 8 of the CFI to the extent they are inconsistent therewith.

9. MEB admits the timing and contents of any court filings are what they are and denies the allegations contained in paragraph 9 of the CFI to the extent they are inconsistent therewith.

10. MEB admits the terms of the Stipulation are what they are and denies the allegations contained in paragraph 10 of the CFI to the extent they are inconsistent therewith.

11. Admitted.

12. Paragraph 12 of the CFI does not contain any allegations against MEB and therefore requires no response.

13. Paragraph 13 of the CFI does not contain any allegations against MEB and therefore requires no response.

### IV.   FIRST CLAIM FOR RELIEF
### (Interpleader)

14.   MEB incorporates all of his other responses herein.

15.   The allegations contained in paragraph 15 of the CFI are directed to MAB and Brody and a dispute between them pertaining to Claim No. 7. These allegations are not directed to MEB or the Bruner Family Trust's claims against the PetroHunter Bankruptcy Estate (amended Claim No. 9). Consequently, the allegations contained in paragraph 15 of the CFI do not require a response from MEB. To the extent a response is required, MEB denies there is a valid dispute as to who owns Claim No. 7 as between Brody and MAB, and MEB further states that the Trustee should pay the proceeds from Claim No. 7 to MAB. Notwithstanding this, pursuant to the Stipulation the parties agreed such proceeds would be paid into the registry of any court having jurisdiction and MEB does not object to that occurring.

16.   MEB admits he has not colluded with the Trustee but is without sufficient knowledge or information to admit or deny whether the Trustee has colluded with any other party and therefore denies that allegation. MEB objects to and denies the Trustee is entitled to any restraining order, let alone one enjoining MEB from pursuing legal or equitable remedies in this or any other action, and certainly not on an expedited basis.

17.   Paragraph 17 of the CFI does not contain any allegations against MEB and therefore requires no response.

18.   MEB does not object to the Trustee being discharged from this action once he has tendered the proceeds for Claim No. 7 in the Court's registry. MEB denies that the Trustee is entitled to be exonerated, discharged, or released simply because he tendered such proceeds to the registry of this Court.

3

76371789.1

## V. AFFIRMATIVE AND OTHER DEFENSES

19. MEB denies all allegations not specifically admitted herein.

20. MEB does not object to the Trustee interpleading funds but does object to the Trustee receiving any discharge or release related thereto.

21. MEB incorporates any applicable affirmative asserted by other parties to this action.

22. MEB reserves the right to assert any additional affirmative defenses that are applicable based on ongoing discovery and further investigation.

23. MEB files this answer without waiving any of the arguments he made in his motion to dismiss and he reaffirms all arguments asserted therein.

WHEREFORE, Marc E. Bruner, as Trustee for the Bruner Family Trust, does not object to an order permitting the Trustee to interplead the proceeds from Claim No. 7 but does object to the Trustee interpleading proceeds from any other claim or receiving any discharge or release related thereto.

Respectfully submitted this 1st day of February, 2021.

> POLSINELLI PC
>
> */s/  William R. Meyer*
> William R. Meyer, #34012
> 1401 Lawrence Street, Suite 2300
> Denver, CO 80202
> Telephone: 303-572-9300
> Email: wmeyer@polsinelli.com
>
> *Attorneys for Defendants The Bruner Family Trust and Marc. E. Bruner, as Trustee for the Bruner Family Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ William R. Meyer

5

76371789.1