**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Order to Show Cause (ECF No. 65) as to why this case should not be referred to the United States Bankruptcy Court for the District of Colorado. David E. Brody ("Plaintiff") timely filed a response (ECF No. 71) to the Order. Defendants Marc A. Bruner ("MAB"), the Bruner Family Trust ("BFT"), and Marc E. Bruner ("MEB"), as trustee of the BFT, also timely responded (ECF Nos. 73; 72). Upon consideration of the related briefing and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

This adversarial proceeding stems from a contract dispute where Plaintiff agreed to transfer his bankruptcy claim ("Claim 7") against PetroHunter Energy Corporation to MAB in exchange for $25,000 and 150,000 shares of Fortem Resources Inc. (ECF No. 16 at 1.) After Claim 7 was transferred to MAB in accordance with the agreement, MAB allegedly neglected to

perform his side of the bargain by refusing to make payment by the agreed upon date.  (*Id.*)  As a result of the claimed breach, Plaintiff alleges seven causes of action arising under state law.  (*Id.* at 31-69.)  Plaintiff filed his initial complaint in district court alleging subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  (ECF No. 1.)

After Plaintiff amended his complaint adding BFT and MEB as trustee of the BFT (ECF No. 16), it appeared that diversity among the parties had been destroyed; consequently, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (ECF No. 31.)  Plaintiff's response was convincing.  The Court found jurisdiction exists under 28 U.S.C. § 1334 as this case is "related to" a Title 11 bankruptcy proceeding, *In re PetroHunter Energy Corporation*, Case No. 16-20197-KHT, in the United States Bankruptcy Court for the District of Colorado ("PetroHunter Bankruptcy").  (ECF No. 66.)

Meanwhile, Jeffrey L. Hill, Chapter 7 Trustee of the PetroHunter Bankruptcy filed a motion to consolidate an interpleader action involving the proceeds from Claim 7 with this case.  (ECF No. 64.)  On January 5, 2021, the Court granted the motion to consolidate, finding that the two actions involved common questions of law or fact.  (ECF No. 70.)

On January 6, 2021, Plaintiff responded to the Order to Show Cause, arguing that while referral of a case "related to" a bankruptcy proceeding is automatic in this District, the Court should construe his response as a motion to withdraw reference and abstain from referring this case to the bankruptcy court based on principles of judicial efficiency.  (ECF No. 71 at 1.)  MAB responded the same day and does not object to this case initially being referred to the bankruptcy court but asks the Court to withdraw the reference prior to a jury trial in this matter.[1]  (ECF No. 73 at 1-2.)  BFT and MEB, as trustee of the BFT, also timely responded and do not object to this

---

[1] MAB has requested a jury trial on Plaintiff's claims.  (ECF No. 68.)

matter being referred to the bankruptcy court.  (ECF No. 72.)

## II.     LEGAL STANDARD

Pursuant to D.C.COLO.LCivR 84.1(a), a proceeding "related to" Title 11 shall be referred automatically to the bankruptcy judges of this district under 28 U.S.C. § 157.  The automatic reference may by permissively withdrawn, "in whole or in part," on the Court's own motion or on timely motion of any party, "for cause shown."  28 U.S.C. § 157(d).

In determining whether cause has been shown for permissive withdrawal, courts examine whether the claims at issue are core or non-core to the bankruptcy proceeding.  *In re Westmoreland Coal Co.*, 221 B.R. 512, 515 (D. Colo. 1998) (citation omitted).  That is because a bankruptcy judge's role is more limited in non-core proceedings: all proposed findings of fact and conclusions of law shall be submitted to the district court for review.  28 U.S.C. § 157(c)(1).  Thus, the fact that a bankruptcy judge's determination is subject to de novo review may weigh in favor of permissive withdrawal.  *See In re Westmoreland Coal Co.*, 221 B.R. at 515 (explaining that "a single proceeding in the district court is preferable" where a bankruptcy court's determination of the matter was "subject to *de novo* review").

An additional cause to withdraw reference occurs where a party has invoked his right to a jury trial.  *Frictionless World, LLC v. Frictionless, LLC* (*In re Frictionless World, LLC*), No. 19-CV-03583-CMA, 2020 U.S. Dist. LEXIS 91841, at *3-4 (D. Colo. May 26, 2020) (finding that the "right to a jury trial on claims brought against the defendant" was cause for withdrawal).  Where the right to trial is present, the proceeding "must be heard by the district court, since bankruptcy courts are not empowered to conduct jury trials."  *In re M & L Bus. Mach. Co., Inc.*, 159 B.R. 932, 934 (D. Colo. 1993) (citing *Kaiser Steel Corp. v. Frates* (*In re Kaiser Steel Corp.*), 911 F.2d 380, 391–92 (10th Cir.1990)).  Withdrawal of the reference, however, can be delayed

3

until the case is ready for trial "where the bankruptcy court possesses more familiarity with the facts of a case incident to its management of the bankruptcy proceedings." *In re Am. Title Servs. Co.*, No. 15-CV-00950-PAB, 2015 WL 13229210, at *2 (D. Colo. Dec. 11, 2015) (collecting cases).

Beyond the efficiency considerations, courts also take into account "uniformity in bankruptcy administration and concerns about forum shopping" in determining if cause has been shown to withdraw a reference. *In re Westmoreland Coal Co.*, 221 B.R. at 515. Ultimately, where cause for permissive withdrawal has been shown, the Court has discretion "to determine at what stage in the proceedings the reference should be withdrawn." *In re Am. Title Servs. Co.*, 2015 WL 13229210, at *2 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

**III.  DISCUSSION**

At the outset, the Court recognizes that this matter has not yet been referred to the bankruptcy court of this District. Nevertheless, to transfer this case to the bankruptcy court only to have Plaintiff immediately file a motion to withdraw reference, "which would then be referred back to this Court for decision," would place "form over substance" thereby expending court resources and delaying adjudication of this case. *Sender v. Capital One Bus. Credit Corp.*, No. 18-CV-00392-STV, 2018 WL 4961645, at *3 (D. Colo. Oct. 12, 2018) (construing a response to an order to show cause as a motion to withdraw reference even though the case had not yet been referred to the bankruptcy court). Therefore, the Court will construe Plaintiff's response to the Order to Show Cause as a motion to withdraw the automatic reference, or, more accurately, a motion to abstain from reference.

Here, Plaintiff asserts that the reference should be withdrawn because (1) this matter concerns claims that are not core to the related bankruptcy proceeding, (2) the bankruptcy court

4

has no experience or familiarity with the state-law claims at issue here, and (3) this Court must review any findings of fact or conclusions of law made by a bankruptcy court, wasting judicial resources.  (ECF No. 71 at 3-5.)  MAB agrees that cause exists to withdraw reference, but asserts it is based on his right to a jury trial on Plaintiff's claims.  (ECF No. 73 at 2.)

*Core and Non-core Proceedings*.  This case concerns claims that are peripheral to the PetroHunter Bankruptcy.  "Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings." *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).  For example, a state-law breach of contract claim is traditionally viewed as a non-core proceeding.  *See, e.g., In re Guenther*, 65 B.R. 650, 651 (Bankr. D. Colo. 1986) (finding that claims for breach of insurance contract and negligence were a "non-core proceeding" because they "could have been brought in the district or state court," and were "related only peripherally to the bankruptcy case itself").

Central to this case is a breach of contract dispute over ownership of the proceeds from Claim 7.  Additionally, Plaintiff's claims arise under state law and do not implicate bankruptcy laws.  As a result, this matter could proceed in a state or district court.  Finding this to be a non-core proceeding would require that the bankruptcy judge's proposed findings of fact and conclusions of law be submitted to this Court for review and entry of final order.  Currently, there are pending motions, which, based on the parties' representations, would implicate this review process.  Thus, as Plaintiff argues, judicial efficiency favors omitting the reference and allowing the proceeding to remain before the Court.

Where courts maintain the reference in bankruptcy after cause has been shown, it is predominantly based upon the bankruptcy court's familiarity with the issues and background of a case.  *See, e.g., In re XP Ent., LLC*, No. 11-CV-03392-WYD, 2012 WL 1596946, at *1 (D. Colo.

May 7, 2012) (granting a motion to withdraw reference based on defendant's right to a jury trial but remanding to the bankruptcy court to conduct all pretrial matters because that court was "more familiar with the background of th[e] case and its core bankruptcy issues"). In those circumstances, the bankruptcy court is better situated to oversee the discovery process to streamline adjudication and conserve the litigants' resources. Here, however, that same principle favors this Court tending to the proceeding as it was commenced in district court, the claims arise under state law, and it does not involve core bankruptcy issues. Moreover, this matter has not been before a bankruptcy judge, and any overlap between this adversarial proceeding and the related bankruptcy case is slight. Thus, this Court is in the best position to expeditiously adjudicate the claims. Accordingly, the nature of Plaintiff's claims favors waiving reference.

*Right to a Jury Trial*. As previously noted, MAB has invoked his right to a jury trial on Plaintiff's claims. Under 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial on non-core proceedings "with the express consent of all the parties," but that has not occurred here. Without consent, if this case is referred to the bankruptcy judges, once all pretrial matters conclude, it would need to be transferred back to this Court for trial. And while there is no guarantee this matter will reach trial, the fact that MAB has requested one weighs in favor of forgoing reference. *Flex Fin. Holding Co. v. OneBeacon Ins. Grp. LLC*, No. 15-CV-7205-DDC, 2016 WL 755611, at *2 (D. Kan. Feb. 25, 2016) (granting a motion to withdraw reference of a case involving a commercial insurance contract based on defendant's "right to a jury trial" on plaintiff's claims that were "not directly related to the matters within the Bankruptcy Court's knowledge").

In instances where cause for withdrawal is based on a parties' right to a jury trial, the common practice in this District is to postpone withdrawing reference until the case is ripe for

trial; however, the context of this matter cuts against that practice, mainly because of the Court's familiarity with the parties and issues. *Cf. In re Richardson*, No. 12-1075-SBB, 2012 WL 5458860, at *2 (D. Colo. Nov. 8, 2012) (granting a motion to withdraw reference of a case involving state-law claims but remanding to the bankruptcy court to conduct all pretrial matters to promote judicial economy because of the bankruptcy court's familiarity with the background of the case and the core bankruptcy issues).

Additionally, once cause has been shown, the Court has discretion to determine at which time the reference ought to be withdrawn, and in light of the core issues here, the interest of judicial economy is best served by forgoing reference of this proceeding. Therefore, MAB's request for a jury trial on Plaintiff's claims weighs in favor of forgoing reference.

*Uniformity of Bankruptcy Laws*. If the Court forgoes referring this case to the bankruptcy court, uniformity of bankruptcy laws would not be disrupted. Plaintiff's claims arise under state law and are peripheral to the bankruptcy court's core function. While this case involves competing interests in estate assets, it has been represented to the Court that resolution of the dispute over ownership of Claim 7 only involves state laws. Thus, this factor weighs in favor of forgoing referral.

*Forum Shopping*. There are no concerns of forum shopping present here. Plaintiff filed his complaint in district court and his motion asks that his case remain in district court. Thus, this factor weighs in favor of forgoing referral.

Based on the nature of the claims at issue, MAB exercising his right to a jury trial, and the Court's familiarity with the parties and issues in this case, and no other factors weighing in favor of reference, the Court finds that cause has been shown for permissive withdrawal of the automatic reference to the bankruptcy court, or, in this instance, cause has been shown to abstain

7

from referring this proceeding. *Manley Truck Line, Inc. v. Mercantile Bank of Kansas City*, 106 B.R. 696, 697 (D. Kan. 1989) (declining to refer a proceeding involving claims for breach of contract and negligence to the bankruptcy court in the interest of judicial economy because plaintiff requested a jury trial and the "state law claims asserted" were "not so intimately connected with the bankruptcy proceeding as to require reference to the bankruptcy court").

IV.     **CONCLUSION**

It is therefore **ORDERED** that the Order to Show Cause (ECF No. 65) is DISCHARGED and that this case will not be referred to the bankruptcy court of this district.

DATED this 19th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge