IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

    Defendants.

---

**ORDER**

---

This matter is before the Court on David Brody's ("Plaintiff") motion for constructive trust or, in the alternative, for prejudgment attachment (ECF No. 29). Defendants Marc A. Bruner ("MAB"), the Bruner Family Trust ("BFT"), and Marc E. Bruner ("MEB"), as trustee of the BFT (collectively, "Defendants"), filed responses (ECF Nos. 30; 35; 38) to the motion and Plaintiff replied (ECF No. 48). Upon consideration of the motion and related briefing, the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.    BACKGROUND**

This adversarial proceeding stems from a contract dispute where Plaintiff agreed to transfer his bankruptcy claim ("Claim 7") against PetroHunter Energy Corporation to MAB in exchange for $25,000 and 150,000 shares of Fortem Resources Inc. (ECF No. 16 at 1.) After receiving Claim 7, MAB allegedly failed to transfer the cash and shares to Plaintiff in accordance with the agreement. (*Id.*) On June 6, 2020, Plaintiff filed an amended complaint alleging six

causes of action arising under state law based on the contract dispute.  (*Id.* at 31-69.)

On July 21, 2020, Plaintiff filed a motion for constructive trust or, in the alternative, for prejudgment attachment on the proceeds from Claim 7 and other claims held by the BFT.  (ECF No. 29.)  During the pendency of the motion, on December 3, 2020, the Trustee of the related bankruptcy proceeding, *In re PetroHunter Energy Corporation*, Case No. 16-20197-KHT, in the United States Bankruptcy Court for the District of Colorado ("PetroHunter Bankruptcy"), filed a motion to consolidate an interpleader action involving the proceeds from disputed Claim 7 with this case.  (ECF No. 64.)  On January 5, 2021, the Court granted the motion to consolidate, finding that the two actions involved common questions of law or fact.  (ECF No. 70.)

On February 19, 2021, the Trustee filed an unopposed motion to deposit the proceeds from Claim 7 into the registry of the Court pending final disposition of this case.  (ECF No. 80.)  On March 19, 2021, the Court granted the motion (ECF No. 81) and on March 22, 2021, the Trustee deposited $39,016.69 into the Court's registry (ECF No. 83).

## II.     LEGAL STANDARD

The Court will "look to state law to determine whether [Plaintiff] has met [his] burden" in establishing a constructive trust.  *Foster v. Kinzler (In re Foster)*, 275 F.3d 924, 926 (10th Cir. 2001) (applying Colorado law to determine whether imposition of a constructive trust was proper).  Under Colorado law, "[a] constructive trust is a remedial device designed to prevent unjust enrichment."  *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 737 (Colo. 1991); *see also In re Marriage of Allen*, 724 P.2d 651, 656–57 (Colo. 1986) ("The purpose of the remedy is to prevent the defendant from being unjustly enriched at the plaintiff's expense.").  It is a flexible remedy which "enables the restitution of property that in equity and good conscience does not belong to the defendant."  *Lawry v. Palm*, 192 P.3d 550, 562 (Colo. App. 2008) (collecting

cases). In this regard, a constructive trust "compel[s] one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." *Lyons v. Jefferson Bank & Trust*, 781 F.Supp. 1525, 1530 (D. Colo. 1992).

"Such relief is granted 'to provide just compensation for the wrong, not to impose a penalty.'" *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 498 (4th Cir. 1999) (citation omitted). Thus, a constructive trust is typically a post-judgment remedy predicated on a finding that the property at issue was obtained through illegal means. *See CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2017 WL 11542433, at *8 (D. Colo. Dec. 18, 2017) (imposing "a constructive trust after trial as a post-trial remedy"); *see also Lawry*, 192 P.3d at 562 ("By imposing a constructive trust, a court awards the successful plaintiff a personal order requiring the defendant to transfer specific property to the plaintiff.").

In order for the Court to grant such relief, the plaintiff must state "a plausible claim for unjust enrichment." *Scott v. Scott*, 428 P.3d 626, 636 (Colo. App. 2018). "[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008).

Courts in this District apply a comparable test in deciding whether a constructive trust is warranted in the bankruptcy context: "a claimant must (1) show fraud or mistake in the debtor's acquisition of the property; and (2) be able to trace the wrongfully held property." *In re Foster*, 275 F.3d at 926-27 (applying this test "[t]o warrant imposition of a constructive trust over the property of a debtor").

What emerges as the common thread in this equitable remedy is that the movant must be able to show that the defendant possesses property wrongfully taken. *See, e.g., Schmidt-Tiago*

3

*Const. Co. v. City of Colorado Springs*, 633 P.2d 533, 534 (Colo. App. 1981) (holding that the court was "not at liberty to create any type of equitable trust" where "there is no res"); *State v. Benjamin*, 587 P.2d 1207, 1209 (Colo. App. 1978) (declining to impose a constructive trust where plaintiff failed to trace property to claimed proceeds).

### III. DISCUSSION

Plaintiff's motion for constructive trust is based on the allegation that MAB obtained Claim 7 through fraud and civil theft. It is true that a constructive trust may be imposed when "property is obtained by fraud," *Mancuso*, 818 P.2d at 737-38, but in those instances, there needs to be some benefit conferred that equity requires be repaid to the aggrieved party. For a constructive trust to be imposed under a theory of unjust enrichment, there must be some showing that the defendant received a benefit. Similarly, in the debtor context, the plaintiff must show that property is being wrongfully held.

Here, based on allegations in the amended complaint, when the motion for constructive trust was filed, MAB had received a benefit (Claim 7) at the expense of Plaintiff that under the circumstances would have made it unjust for MAB to retain without compensation. The Court expresses no opinion as to whether transferring Claim 7 under the facts alleged constituted unjust enrichment; however, regardless of the veracity of those allegations, that is no longer the situation as MAB has relinquished control of Claim 7. As noted previously, the PetroHunter Bankruptcy Trustee requested, and the Court granted leave, to deposit the Claim 7 proceeds into the Court's registry during the pendency of this ownership dispute. In doing so, the effect of the Trustee's interpleader action mirrors that of a constructive trust: it prevents unjust enrichment. Thus, equity has not been displaced and a constructive trust is unwarranted.[1]

---

[1] The Court recognizes that Plaintiff's motion is styled as one for constructive trust or, in the alternative, for prejudgment attachment. (ECF No. 29.) The Court rejects Plaintiff's argument for prejudgment attachment as the

With respect to the remaining PetroHunter Bankruptcy claims owned by the BFT which Plaintiff seeks to acquire via constructive trust, the Court finds no equitable basis to award such relief.  A constructive trust is equitable in nature, not punitive.  It bears repeating that the crux of Plaintiff's complaint is that he is the true and rightful owner of Claim 7, and the equitable relief he seeks is for the Court to declare the assignment and transfer of Claim 7 as void.  (ECF No. 16 at 13.)  While Plaintiff requests money damages above the value of the disputed claim, those damages are not equitable in kind, and any such award could be satisfied at the post-judgment stage.  Accordingly, the Court declines to impose a monetary injunction above preservation of the proceeds from Claim 7 as to do so would contravene principles of equity.

IV.   **CONCLUSION**

Based on the forgoing, it is therefore **ORDERED** that Plaintiff's motion for constructive trust or, in the alternative, prejudgment attachment (ECF No. 29) is DENIED.

DATED this 29th day of March, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

status quo has been preserved since MAB no longer possesses Claim 7, effectuating the result of the alternative relief sought.  *See, e.g., In re Fox*, 232 B.R. 229, 238 (Bankr. D. Kan. 1999) (explaining that a "prejudgment writ of attachment [is] designed to preserve the status quo").  Moreover, Plaintiff has failed to demonstrate that "Defendants have any intention or have taken any action that could hinder or delay h[im] in collecting on a judgment."  *Conry v. Baker*, No. 14-CV-02672-CMA-KLM, 2015 WL 4538720, at *4 (D. Colo. July 28, 2015) (denying motion for prejudgment attachment).  The fact that MAB resides internationally is insufficient cause to show he will transfer his interests abroad to hinder or delay collection of a monetary award should Plaintiff prevail on his claims.  MAB has voluntary appeared in this action, and Plaintiff has made clear that he has knowledge of Defendants' assets should he need to pursue any judgment against them.