**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff David E. Brody, by his undersigned counsel, pursuant to Fed. R. Civ. P. 12(c) or, alternatively, 56(c), moves for partial judgment on the pleadings or summary judgment with respect to Count III of the Amended Complaint for breach of contract.

### INTRODUCTION

This is a simple case. Pursuant to a written agreement (the "Agreement"), Plaintiff David Brody sold and delivered to Defendant Marc A. Bruner ("Bruner") a valuable bankruptcy claim to Bruner, and Bruner never paid any portion of the consideration required under the Agreement. Plaintiff sued Defendant and co-conspirators. Bruner's Answer admits that he received the bankruptcy claim from Plaintiff and transferred it into his own name and admits he never paid any portion of the consideration. Therefore, Plaintiff is entitled to judgment on his breach of contract claim as a matter of law.

# LEGAL STANDARDS

## I.    Judgment on the Pleadings

"A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under a similar standard as a motion brought pursuant to Rule 12(b)(6)." *Landmark Amer. Ins. Co. v. CO Remarketing Corp.*, No-13-cv-1386-WJM-KMT, 2014 WL 2673593, at *2 (D. Colo. June 13, 2014). Therefore, the Court "look[s] to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include enough facts to state a claim for relief that is plausible on its face." *Id.* (citing *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). (internal quotation omitted)). "The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in his favor [and] [u]ncontested allegations to which the other party had an opportunity to respond are taken as true." *Id.* (citations omitted).

"Judgment on the pleadings should not be granted unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (citing *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *Qwest*, 208 F.R.D. at 291 (holding that judgment on the pleadings is appropriate where the Answer fails to raise issues of fact or affirmative defenses "which, if proved, would defeat plaintiff's recovery")). In reaching this determination, "the Court may consider the Complaint, any material that is attached to the Complaint, and the Answer." *Id.*

## II.   Summary Judgment

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 447 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Its purpose is to "dispose of

factually unsupported claims or defenses," and may be entered where the party bearing the burden of proof at trial establishes the elements of its claim through "pleadings, depositions, answers to interrogatories, and admissions on file…with or without supporting affidavits." *Id.* at 323-24, 106 S.Ct. at 2553.

To defeat summary judgment, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553 (internal quotations omitted). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed2d 202 (1986). A factual dispute is "genuine" if a reasonable jury "could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. Facts are "material" if they might affect the outcome of the lawsuit under applicable substantive law. *Id.* It is the nonmoving party's burden to provide "significantly probative evidence" to avoid summary judgment. *Live Face On Web, LLC v. Integrity Solutions Gr., Inc.*, No. 16-cv-01627-CMA-STV, 2018 WL 3126103, at * 1 (D. Colo. June 26, 2018) (citing *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012)).

Furthermore, a moving party is not required to negate the nonmoving party's affirmative defenses. Rather, once the moving party has established its right to relief, the nonmoving party bears the burden of establishing any affirmative defenses. *E.g.*, *Wagner v. Feld*, Nos. CV-12-817 WJ/SMV, CV-12-220 WJ/SMV, 2013 WL 12328820, at *4 (D.N.M. Dec. 23, 2013) (collecting cases, including *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)). *See also Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292-KGS, 2012 WL 2366681, at *2 (D. Kan. June 21, 2012) (holding that once a plaintiff has stated the elements of a breach of contract claim, the defendant

3

having a defense "should have raised the issue in response to [the plaintiff's] motion for summary judgment").

## ARGUMENT

### I. Defendant Marc A. Bruner breached the Agreement with Plaintiff and is liable for Plaintiff's damages, attorney's fees, and interest.

A claim for breach of contract requires proof of (1) the existence of a contract, (2) the non-breaching party's performance, (3) the breaching party's failure to perform, and (4) damages. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Here, Bruner admits that he and Plaintiff entered into the Agreement, pursuant to which Plaintiff agreed to sell a claim against the bankruptcy estate of PetroHunter Energy Corporation ("PetroHunter") to Bruner in exchange for 150,000 freely-tradable shares in Fortem Resources, Inc. (the Fortem Shares") and $25,000 in cash. Statement of Undisputed Facts ("SOF") 1. The Fortem Shares were to be delivered within 10 days after the date of the Agreement, and the Agreement further provided that Plaintiff would return 25,000 of the Fortem Shares *if* the cash payments were timely made in two installments, 30 and 60 days after the date of the Agreement. SOF 2. In the event of a breach, the non-breaching party was entitled to recover its attorney's fees from the breaching party. SOF 8.

Plaintiff delivered his bankruptcy claim to Bruner, and Bruner transferred it into his name with the bankruptcy court, SOF 9. However, Bruner did not deliver the Fortem Shares within 10 days (and has not delivered any Fortem Shares at all), and Bruner has not paid any portion of the $25,000 either. SOF 10.

This is a breach of the plain terms of the Agreement, and Bruner admits all the facts necessary for the Court to so find.

4

**II.     Plaintiff's actual damages are the value of the Fortem Shares.**

The value of the Fortem Shares on the first date Plaintiff could have sold them was $402,000. SOF 11. The shares increased in value to a high of $592,500. SOF 12. Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares immediately, and therefore Plaintiff's damages are not less than $402,000 (not including attorney's fees and interest). SOF 13.

## CONCLUSION

For the foregoing reasons, Plaintiff David E. Brody respectfully requests an order granting his partial motion for judgment on the pleadings or for summary judgment, and entering judgment against Bruner, for:

A. Actual damages of not less than $427,000, which includes the value of the Fortem Shares on the first day Plaintiff could have begun to sell them plus $25,000.

B. Statutory interest thereupon running from the date of each breach, which (1) for the failure to deliver the Fortem Shares, is August 26, 2017; (2) for the failure to make the first payment of $12,500 is September 15, 2017; and (3) for the failure to make the second payment of $12,500 is October 15, 2017. *See* SOF 3, 6, 7.

C. Attorney's fees and costs to be determined post-judgment. *See* SOF 8.

Respectfully submitted this 14th day of May, 2021.

> By:   */s/ Michael A. Rollin*
> Michael. A. Rollin, Esq.
> Mallory A. Revel, Esq.
> Lindsey Idelberg, Esq.
> FOSTER GRAHAM MILSTEIN & CALISHER LLP
> 360 South Garfield Street,
> Sixth Floor
> Denver, Colorado 80209
> mrollin@fostergraham.com

mrevel@fostergraham.com
lidelberg@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2021, I served the foregoing **PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** via CM/ECF to the following:

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com

and

Lance Henry
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com

                                              By:    */s/ Michael A. Rollin*
                                                        Michael. A. Rollin, Esq.