# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIALS FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT

Plaintiff David E. Brody, by his undersigned counsel, pursuant to this Court's Practice Standard IV.C.2.c.2, hereby submits his Statement of Undisputed Material Facts in Support of His Motion for Partial Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment with respect to Count III of the Amended Complaint for breach of contract.

### MOVANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

|   | Moving Party's Statement of Undisputed Materials Facts and Supporting Evidence | Opposing Party's Response and Additional Facts and Supporting Evidence | Moving Party's Reply and Supporting Evidence |
|---|---|---|---|
| 1 | On August 16, 2017, Plaintiff and Defendant Marc A. Bruner ("Bruner") entered into an agreement (the "Agreement") pursuant to which Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation | | |

|   |   |   |   |
|---|---|---|---|
|   | ("PetroHunter") to Bruner in exchange for 150,000 unrestricted, freely-tradable shares in Fortem Resources, Inc. (the Fortem Shares") and $25,000 in cash. EX A (Declaration of David E. Brody ¶ 1 (attaching Agreement ¶¶ 1(a), 1(c)); Doc. No. 68 ¶¶ 12, 17 (admitting the allegation and acknowledging that the Agreement speaks for itself). |   |   |
| 2 | The Fortem Shares were to be delivered within 10 days of the Agreement and Plaintiff would return 25,000 of the 150,000 Fortem Shares *if* the cash payments were timely made. EX A ¶ 2 (*see* Agreement ¶¶ 1(a),1(b)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required delivery date of the Fortem Shares). |   |   |
| 3 | The date 10 days after the Agreement was Saturday, August 26, 2017. EX A ¶ 3. |   |   |
| 4 | The first trading day after August 26, 2017 was Monday, August 28, 2017. EX A ¶ 4. |   |   |
| 5 | The cash payments were to be paid in two equal installments of $12,500, 30 and 60 days after the Agreement. EX A ¶ 5 (*see* Agreement ¶ 1(a)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required payment dates). |   |   |

2

| | | | |
|---|---|---|---|
| 6 | The date 30 days after the Agreement was Friday, September 15, 2017. EX A ¶ 6. | | |
| 7 | The date 60 days after the Agreement was Sunday, October 15, 2017. EX A ¶ 7 | | |
| 8 | In the event of a breach, the non-breaching party is entitled to recover its costs and attorney's fees from the breaching party. EX A ¶ 8 (*see* Agreement ¶ 3(f)). | | |
| 9 | Plaintiff delivered his bankruptcy claim to Bruner and Bruner transferred it into his name with the bankruptcy court. *See* EX A ¶ 9 (attaching claim transfer documentation filed in bankruptcy court); Doc. No. 68 ¶ 16 (admitting the allegation). | | |
| 10 | Bruner did not deliver any of the 150,000 Fortem Shares within 10 days (and has not delivered any of them at all), and Bruner has not paid the $25,000 or any portion thereof either. EX A ¶ 10; Doc. No. 68 ¶¶ 18, 19 (admitting the allegations). | | |
| 11 | The closing price for the Fortem Shares on the first date Plaintiff could have begun to sell them was $2.68 each or $402,000 in the aggregate. EX A ¶ 11 (attaching market report for Monday, August 28, 2017). | | |
| 12 | The shares increased in value to a high of $3.95 per share or $592,500. EX A ¶ 12 (attaching market report | | |

| | | | |
|---|---|---|---|
| | for Wednesday, September 26, 2018). | | |
| 13 | Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares on the first available trading day, which was Monday, August 28, 2017. EX A ¶ 13. | | |

Respectfully submitted this 14th day of May, 2021.

By: /s/ Michael A. Rollin
Michael. A. Rollin, Esq.
Mallory A. Revel, Esq.
Lindsey Idelberg, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street,
Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I served the foregoing **PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIALS FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** via CM/ECF to the following:

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com

and

Lance Henry
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com

By:   */s/ Michael A. Rollin*
      Michael. A. Rollin, Esq.

5