**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## THE BFT PARTIES' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIALS FACTS

The Bruner Family Trust (the "BFT") and Marc E. Bruner, as trustee for the BFT (together, the "BFT Parties"), through counsel, pursuant to this Court's Practice Standard IV.C.2.c.2, hereby submits their Response to Plaintiff's Statement of Undisputed Material Facts as follows.

|   | **Moving Party's Statement of Undisputed Materials Facts and Supporting Evidence ("MSUMF")** | **Opposing Party's Response and Additional Facts and Supporting Evidence ("OSUMF")** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|---|
| 1 | On August 16, 2017, Plaintiff and Defendant Marc A. Bruner ("Bruner") entered into an agreement (the "Agreement") pursuant to which Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation ("PetroHunter") to Bruner in exchange for 150,000 unrestricted, freely-tradable shares in Fortem Resources, Inc. | The BFT Parties do not presently dispute that Plaintiff and MAB signed the Agreement. Additional facts and evidence, however, render the Agreement void as a matter of public policy. Plaintiff and MAB were in an attorney-client relationship when they signed the Agreement, | |

1

|   | | | |
|---|---|---|---|
|   | (the Fortem Shares") and $25,000 in cash. EX A (Declaration of David E. Brody ¶ 1 (attaching Agreement ¶¶ 1(a), 1(c)); Doc. No. 68 ¶¶ 12, 17 (admitting the allegation and acknowledging that the Agreement speaks for itself). | which constitutes a business transaction. Consequently, Plaintiff was required to provide written notices and obtain written waivers under Rule of Professional Conduct 1.8.  Plaintiff did not provide such notice or receive such waivers. Consequently, the Agreement is void. Evidence supporting these facts include two declarations Plaintiff submitted in this action at Doc. Nos. 29-3 (attached as Exhibit 1) and 48-1 (attached as Exhibit 2) | |
| 2 | The Fortem Shares were to be delivered within 10 days of the Agreement and Plaintiff would return 25,000 of the 150,000 Fortem Shares if the cash payments were timely made. EX A ¶ 2 (see Agreement ¶¶ 1 (a),1(b)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required delivery date of the Fortem Shares). | Undisputed. | |
| 3 | The date 10 days after the Agreement was Saturday, August 26, 2017. EX A ¶ 3 | Undisputed. | |
| 4 | The first trading day after August 26, 2017 was Monday, August 28, 2017. EX A ¶ 4. | Undisputed. | |
| 5 | The cash payments were to be paid in two equal installments of $12,500, 30 and 60 days after the Agreement. EX A ¶ 5 (see Agreement ¶ 1(a)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required payment dates). | Undisputed. | |

| | | | |
|---|---|---|---|
| 6 | The date 30 days after the Agreement was Friday, September 15, 2017. EX A ¶ 6. | Undisputed. | |
| 7 | The date 60 days after the Agreement was Sunday, October 15, 2017. EX A ¶ 7. | Undisputed. | |
| 8 | In the event of a breach, the non-breaching party is entitled to recover its costs and attorney's fees from the breaching party. EX A ¶ 8 (see Agreement ¶ 3(f)). | Undisputed. | |
| 9 | Plaintiff delivered his bankruptcy claim to Bruner and Bruner transferred it into his name with the bankruptcy court. See EX A ¶ 9 (attaching claim transfer documentation filed in bankruptcy court); Doc. No. 68 ¶ 16 (admitting the allegation). | Undisputed. | |
| 10 | Bruner did not deliver any of the 150,000 Fortem Shares within 10 days (and has not delivered any of them at all), and Bruner has not paid the $25,000 or any portion thereof either. EX A ¶ 10; Doc. No. 68 ¶¶ 18, 19 (admitting the allegations). | Undisputed. | |
| 11 | The closing price for the Fortem Shares on the first date Plaintiff could have begun to sell them was $2.68 each or $402,000 in the aggregate. EX A ¶ 11 (attaching market report for Monday, August 28, 2017). | Disputed.  Fortem's closing price on August 28, 2017 was $2.50.  *See* Exhibit 3, attached E-Trade Financial Market Report.  (F.R.E. 803(17)) | |
| 12 | The shares increased in value to a high of $3.95 per share or $592,500. EX A ¶ 12 (attaching market report for Wednesday, September 26, 2018). | Disputed. | |
| 13 | Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares on the first available trading day, which was Monday, August 28, 2017. EX A ¶ 13. | Disputed.  Plaintiff admitted repeatedly that he offered to accept alternative consideration. Evidence supporting these facts include two declarations Plaintiff | |

| | | |
|---|---|---|
| | | submitted in this action at Ex. 1 and Ex. 2. |
| 14 | | As of April 2019, the shares decreased in value to below $2.00 and never went above $2.00 again. *See* Exhibit 4, attached E-Trade Financial Market Report. (F.R.E. 803(17)) |
| 15 | | Plaintiff was a partner at Patton Boggs from 1999 through 2012. (Ex. 1, ¶5) |
| 16 | | Patton Boggs formed PetroHunter for MAB in 2005. (Ex. 2, ¶2) |
| 17 | | Patton Boggs represented MAB in the formation of the BFT. (Ex. 2, ¶5). |
| 18 | | Plaintiff "played an important role for [MAB's] companies as his primary legal advisor from 2004 through 2009…." (Doc. Ex. 2, ¶2). |
| 19 | | From July 2004 through March 2018, Plaintiff "represented several of MAB's oil and gas companies…." (Ex. 1, ¶¶5 & 37(a)) |
| 20 | | From 2005 through 2009, Plaintiff was "available 24/7 to respond to [MAB's] legal and business issues that arose daily…." (Ex. 2, ¶3). |
| 21 | | Plaintiff had a "large and talented team of attorneys available to [MAB] at Patton Boggs to address the various aspects of his companies' businesses." (Ex. 2, ¶3). |
| 22 | | Plaintiff has been senior counsel at Hogan Lovells US LLP since January 2013. (Ex. 1, ¶5). |

4

| | | |
|---|---|---|
| 23 | | In July 2017, Hogan Lovells resumed representation of two of MAB's companies. (Ex. 2, ¶10). |
| 24 | | Plaintiff recognized an apparent conflict of interest between him and the BFT as a competing creditors in the PetroHunter Bankruptcy. (Ex. 2, ¶10). |
| 25 | | Plaintiff disclosed to Hogan Lovells that he entered into the Agreement with MAB. (Ex. 2, ¶11). |
| 26 | | Plaintiff has known MAB since 2004, and had over a 16-year relationship with MAB and his business enterprises. (Ex. 1, ¶¶1 & 6). |
| 27 | | From 2004 to 2011 Plaintiff "represented Marc A. Bruner's companies…." and "traveled with [MAB] on numerous occasions for business meetings at his residences in Vancouver and Zurich…." (Ex. 1, ¶37(a)). |
| 28 | | Based on his purported business dealings with MAB, Brody signed an affidavit attesting to MAB's personal bank accounts, and his personal ownership in several companies. (Ex. 1, ¶37(c)) |
| 29 | | Plaintiff represented himself to third parties as being MAB's lawyer. Exhibit 4 (Brody0069). |
| 30 | | There were numerous secured and unsecured claims in the PetroHunter Bankruptcy that MAB could have purchased if he |

|    |    |    |    |
|----|----|----|----|
|    |    | was interested in getting standing to participate in that bankruptcy.  Exhibit 5. |    |
| 31 |    | Plaintiff offered to accept other consideration in lieu of the Fortem Shares.  (Ex. 1, ¶23, Ex. 2, p. 11, and Ex. 3, ¶20 (Doc. No. 16) |    |
| 32 |    | Plaintiff was Fortem's lawyer. (Ex. 2, ¶10) |    |
| 33 |    | Plaintiff negotiated and drafted the Agreement and did not advise MAB to seek independent counsel before having him sign it. Instead, Plaintiff referred MAB to counsel who would assist MAB with pursuing the bankruptcy claim *after* the Agreement was signed.  (Exhibit 6) |    |

Respectfully submitted this 18th day of June, 2021.

POLSINELLI PC

*/s/ William R. Meyer*
William R. Meyer, #34012
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: 303-572-9300
Email: wmeyer@polsinelli.com

*Attorneys for Defendants The Bruner Family Trust and Marc. E. Bruner, as Trustee for the Bruner Family Trust*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of June, 2021, a true and correct copy of the foregoing document was served on all parties using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                              By:    */s/ William R. Meyer*