**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**DEFENDANTS' JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)**

Defendants Marc A. Bruner ("MAB"), Marc E. Bruner ("MEB"), and the Bruner Family Trust ("BFT") (collectively, "Defendants"), by and through counsel, hereby submit the following Joint Motion for Additional Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d):

<u>Certificate of Conferral:</u> Counsel for Defendants certify that they attempted to confer with counsel for Plaintiff both by telephone (having left a voice message) and email. As of the filing of this Motion, Plaintiff's counsel has not responded. Undersigned counsel will work with Plaintiff's counsel if this Motion is unopposed to minimize time or expense for any parties or the Court.

**INTRODUCTION**

Plaintiff David Brody ("Plaintiff") filed a Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment. *See* [Doc. #90]. Plaintiff's Motion relates to a contract between MAB and Plaintiff, dated August 16, 2017 (the "Agreement"), pursuant to which Plaintiff agreed to transfer his claim in the PetroHunter bankruptcy case to MAB. In exchange, MAB would pay Plaintiff $25,000 and issue 150,000 of shares in Fortem, Inc. to Plaintiff. Plaintiff contends a

MEYEW\78538317.1

breach of this Agreement. Plaintiff's Motion was filed in the early stages at this case. As explained in Defendants' respective Responses, Plaintiff fails to meet the standard for either judgment on the pleadings or summary judgment. However, if this Court is inclined to grant the Motion, Defendants lack the discovery necessary to submit additional disputed facts. Accordingly, if the Court does not deny Plaintiff's Motion, Defendants must be permitted to conduct discovery pursuant to Fed. R. Civ. P. 56(d).

## ARGUMENT

Fed. R. Civ. P. 56(d) provides that, in opposing a summary judgment motion:

> if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court, may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

As stated, the Court should deny Plaintiff's Motion. To the extent the Court is inclined to grant it, Defendants request that, instead, the Court either deny the Motion or defer ruling on it in order to allow them time to take appropriate discovery into, *inter alia*, (1) whether MAB or Plaintiff subjectively believed they were in an attorney-client relationship, (2) whether Plaintiff provided any written notices as required by RPC 1.8(a), and (3) whether and to what extent Plaintiff and MAB waived or modified the requirements in the Agreement.

Contemporaneously with this Motion, Defendants submit a Declaration of Marc A. Bruner, detailing his dealings with Plaintiff and Plaintiff's ongoing legal representation of him in personal and business matters. *See* Exhibit 1, Bruner Declaration. Defendants expect to further probe this relationship through discovery, and it is anticipated that Plaintiff will also have extensive discovery on this subject. As a result, it is extremely premature for entry of summary judgment. For example, no written discovery has been answered and no depositions have been taken. Further

supporting this, the BFT Parties, as non-parties to the Agreement, have not had access to documents and information that are exclusively in Plaintiff's and/or MAB's possession and such evidence is likely to bear on the BFT Parties' response to Plaintiff's Motion. *See* <u>Exhibit 2</u>, Affidavit of William Meyer. Without access to such information, Defendants will be unduly prejudiced in defending Plaintiff's claims, including defending a breach of contract that Plaintiff alleged the BFT Parties conspired to breach.

WHEREFORE, Defendants respectfully request that, if the Court is inclined to grant Plaintiff's Motion for Summary Judgment, it instead defers ruling, grant this Joint Motion for Additional Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d), allow Defendants the opportunity to conduct discovery, including but not limited into the attorney-client relationship between MAB and Plaintiff, the formation of the Agreement, and Plaintiff's waiver of that Agreement, and for such other and further relief as the Court deems appropriate.

DATED this 18th day of June, 2021.

**MOYE WHITE LLP**

By: /s/ *Tanya A. Sevy*
    William F. Jones
    Timothy M. Swanson
    Tanya A. Sevy
*Attorneys for Defendant Marc A. Bruner*

**POLSINELLI P.C.**

By: /s/ *William Meyer*
    William Meyer
*Attorneys for the BFT Parties*

MEYEW\78538317.1

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of June, 2021, I electronically filed the foregoing **DEFENDANTS' JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
POLSINELLI PC

*Attorneys for Defendants Bruner*
*Family Trust and Marc E. Bruner*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC

*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

                                                          */s/ William Meyer*