# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## DECLARATION OF DEFENDANT MARC A. BRUNER

Defendant Marc A. Bruner ("MAB"), under oath, states as follows:

1. My name is Marc A. Bruner. I am over the age of 18, and I am competent to make this declaration.

2. I have known David Brody personally for more than twenty years.

3. For that entire 20-year period, Brody has acted as my friend, confidant, and trusted attorney.

4. Over this time period, Brody has worked as an attorney at multiple law firms, including Patton Boggs and Hogan Lovells.

5. Over these years, at various times and for various issues, Brody and his law firms have provided legal services, legal advice and legal counsel to me personally and to numerous business entities that I have owned and controlled.

6. I was the chairman of the board of Ultra Petroleum. I hired and relied upon Brody and his firm as the primary legal counsel for Ultra Petroleum.

7. I was the president, chief executive officer and chairman of the board of Falcon Oil & Gas. I hired Brody as the chief legal counsel for Falcon Oil & Gas.

4852-6985-2399.1

8.  I was the majority shareholder of PetroHunter. I introduced Brody and his law firm to PetroHunter, and Brody and his firm represented PetroHunter.

9.  I am the sole owner of a company called MAB Resources. I hired Brody to draft for me and MAB several agreements by and between MAB and PetroHunter. Brody represented me and MAB in negotiating, drafting and executing several agreements between MAB and PetroHunter. (collectively, the "Consulting and Overriding Royalty Agreements"). Brody represented me and MAB in several amendments to the Consulting and Overriding Royalty Agreements. These agreements included cash and stock consideration that was personal compensation to me.

10.  PetroHunter is the company which filed the underlying bankruptcy at issue in this case. Prior to the bankruptcy filing, Brody and his firm represented PetroHunter and provided legal services to PetroHunter.

11.  I am the chief executive officer for Fortem, Inc.

12.  In fact, Brody's law firm, Hogan Lovells, is presently pursuing claims against Fortem, Inc., and Brody has supplied multiple sworn declarations on behalf of Hogan Lovells as part of that proceeding, seeking a significant monetary judgment against Fortem, Inc.

13.  Brody has also performed legal work for me personally over the years. He has drafted legal documents and provided legal advice to me on personal matters and personal trust matters.

14.  As an example, while at Patton Boggs, Brody represented me personally in a multi-million dollar loan financing transaction using my shares in Ultra Petroleum.

15.  Brody and other lawyers in his law firm drafted the original trust documents for the Bruner Family Trust, the other defendant in this lawsuit.

16.  Furthermore, Brody is the lawyer I trusted and who I could consult with frequently to discuss both business and personal matters. In the course of multiple conversations on multiple topics over multiple years, Brody provided legal guidance and counsel to me personally, and I acted in reliance upon his legal guidance and counsel in my personal affairs.

17.  When I have used other lawyers for personal matters, Brody has consulted with those other lawyers and with me about my personal legal matters as a part of my legal team. Both me and my other lawyers have relied upon Brody's counsel, advice and assistance in these personal matters. This specifically included Brody consulting with my and my other lawyers regarding a lawsuit to enforce the Consulting and Overriding Royalty Agreements that Brody had drafted against PetroHunter.

18.  Until this lawsuit being filed against me by my lawyer, I considered Brody to be my lawyer for both personal and business matters.

4852-6985-2399.1

19. My lawyer Brody was the one who originally approached me to sell his claim in the PetroHunter bankruptcy to me. My lawyer Brody contacted me, explained his idea to sell this claim to me, and advised me that the business arrangement would be good for me and to my personal benefit by allowing my direct participation in the bankruptcy.

20. Brody drafted the agreement which I ultimately signed.

21. This agreement was a business transaction that I was entering into with my lawyer, David Brody.

22. Although I received the written contract from Brody, I did not discuss the terms of the agreement with any other lawyer other than Brody. I trusted Brody to look out for my interests as my attorney.

23. I don't recall being advised in writing by Brody about seeking the advice of independent legal counsel in this transaction.

24. I don't recall that I was ever asked to sign nor do I recall signing any document providing informed consent to Brody's role in the transaction, including whether Brody was or was not representing me in the transaction.

25. I don't recall signing or being asked to sign any waivers by Brody.

26. I assumed and understood that my lawyer Brody was representing me in this transaction with him.

27. I discussed with Brody prior to signing the agreement that I was not presently able to transfer shares of Fortem, Inc., and Brody understood this this.

28. After the transaction, I spoke directly with Brody on two instances about the agreement and the potential to transfer Fortem stock. On both occasions, I told Brody that I continued to work to transfer the Fortem stock. Brody responded that I should continue to work to transfer the Fortem stock. I understood that to mean that Brody was OK with the delay in the transfer of Fortem stock.

DATED: June 17, 2021

_____
Marc A. Bruner

4852-6985-2399.1

STATE OF COLORADO

                        ss:

DENVER COUNTY

       SUBSCRIBED AND SWORN to before me, a notary public in and for the State of Colorado, by the said Marc A. Bruner, on this 17 day of June, 2021.

                                                           Notary Public

My commission expires: August 17, 2024

> CHRISTOPHER THOMAS COX
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20204027787
> MY COMMISSION EXPIRES AUGUST 12, 2024

4852-6985-2399.1