IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF ADDITIONAL DISPUTED FACTS**

Defendant Marc A. Bruner ("MAB") hereby submits his Response to Plaintiff's Statement of Undisputed Material Facts in Support of His Motion for Partial Judgment on the Pleading or, Alternatively, for Partial Summary Judgment, as follows.

| | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|---|
| 1. | On August 16, 2017, Plaintiff and Defendant Marc A. Bruner ("Bruner") entered into an agreement (the "Agreement") pursuant to which Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation ("PetroHunter") to Bruner, in exchange for 150,000 unrestricted, | Disputed. Although Plaintiff and MAB executed the Agreement, it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended | |

4811-6696-4463.1

|   |   |   |   |
|---|---|---|---|
|   | freely-tradeable shares in Fortem Resources, Inc. (the "Fortem Shares") and $25,000 in cash.  Ex. A (Declaration of David E. Brody ¶ 1 (attaching Agreement ¶¶ 1(a), 1(c); Doc. No. 88 ¶¶ 12, 17 (admitting and the allegation and acknowledging that the Agreement speaks for itself). | Answer [Doc. #96-1] ¶ 13; Ex. 1, Declaration of Marc A. Bruner ¶¶ 2-10, 13-28. |   |
| 2. | The Fortem Shares were to be delivered within 10 days of the Agreement and Plaintiff would return 25,000 of the 150,000 Fortem Shares *if* the cash payments were timely made.  Ex. A ¶ 2 (*see* Agreement ¶¶ 1(a), 1(b))); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required delivery date of the Fortem Shares). | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. |   |
| 3. | The date 10 days after the Agreement was Saturday, August 26, 2017.  Ex. A ¶ 3. | Undisputed. |   |
| 4. | The first trading day after August 26, 2017 was Monday, August 28, 2017.  Ex. A ¶ 4. | Undisputed. |   |
| 5. | The cash payments were to be paid in two equal installments of $12,500, 30 and 60 days after the Agreement.  Ex. A ¶ 5 (*see* Agreement ¶ 1(a)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required payment dates). | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. |   |
| 6. | The date 30 days after the Agreement was Friday, September 15, 2017.  Ex. A. ¶ 6. | Undisputed. |   |

4811-6696-4463.1

| | | | |
|---|---|---|---|
| 7. | The date 60 days after the Agreement was Sunday, October 15, 2017.  Ex. A ¶ 7. | Undisputed. | |
| 8. | In the event of a breach, the non-breaching party is entitled to recover its costs and attorney's fees from the breaching party.  Ex. A ¶ 8 (*see* Agreement ¶ 3(f)). | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 9. | Plaintiff delivered his bankruptcy claim to Bruner and Bruner transferred it into his name with the bankruptcy court.  *See* Ex. A ¶ 9 (attaching claim transfer documentation filed in bankruptcy court); Doc. No. 68 ¶ 16 (admitting the allegation). | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 10. | Bruner did not deliver any of the 150,000 Fortem Shares within 10 days (and has not delivered any of them at all), and Bruner has not paid the $25,000 or any portion thereor either.  Ex. A ¶ 10, Doc. No. 68 ¶¶ 18, 19 (admitting the allegations). | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 11. | The closing price for the Fortem Shares on the first date Plaintiff could have begun to sell them was $2.68 each or $403,000 in the aggregate.  Ex. A ¶ 11 (attaching | Disputed.  Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy.  *See* | |

4811-6696-4463.1

| | | | |
|---|---|---|---|
| | market report for Monday, August 28, 2017). | Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 12. | The shares increased in value to a high of $3.95 per share of $592,500. Ex. A ¶ 12 (attaching market report for Wednesday, September 26, 2018). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 13. | Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares on the first available trading day, which was Monday, August 28, 2017. Ex. A ¶ 13. | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | |
| 14. | | Plaintiff has known MAB for over 20 years. Ex. 1 ¶ 2. | |
| 15. | | Plaintiff has acted as MAB's friend, confidant, and attorney for that entire 20-year period. *Id.* ¶ 3. | |
| 16, | | Plaintiff has acted as MAB's attorney on both personal and professional matters. *Id.* ¶¶ 4-10. | |
| 17, | | MAB has served as an officer and director of | |

4811-6696-4463.1

|     |     |     |     |
| --- | --- | --- | --- |
|     |     | Ultra Petroleum, Falcon Oil & Gas, and PetroHunter. *Id.* ¶¶6-8, 10. |     |
| 18. |     | Plaintiff has acted as legal counsel for Ultra Petroleum, Falcon Oil & Gas, and PetroHunter. *Id.* |     |
| 19. |     | Plaintiff has also represented MAB in negotiating, drafting, and executing agreements between MAB and PetroHunter, including an agreement for payment of personal compensation to MAB. *Id.* ¶ 9. |     |
| 20. |     | Plaintiff has represented MAB personally in numerous matters, including: (1) drafting legal documents and providing legal advice; (2) representing MAB personally in a multi-million dollar transaction involving Ultra Petroleum; and (3) drafting the original trust documents for the Bruner Family Trust. *Id.* ¶¶ 13-16. |     |
| 21. |     | Plaintiff has also consulted with other attorneys on MAB's personal matters. *Id.* ¶ 17. |     |
| 22. |     | MAB and his entire legal team have relied upon Plaintiff's counsel, advice, and assistance in these personal matters. *Id.* |     |
| 23. |     | Until this lawsuit was filed, MAB believed Plaintiff was still acting as his current attorney on |     |

4811-6696-4463.1

|  |  |  |  |
|---|---|---|---|
|  |  | personal and business affairs. *Id.* ¶ 18. |  |
| 24. |  | Plaintiff first approached MAB to discuss selling his claim in the PetroHunter bankruptcy. *Id.* ¶ 19. |  |
| 25. |  | Plaintiff explained his idea to sell the bankruptcy claim to MAB and stated it would be "good for [MAB]" and would personally benefit him by allowing him to directly participate in the bankruptcy proceeding. *Id.* |  |
| 26. |  | Plaintiff drafted the Agreement. *Id.* ¶ 20. |  |
| 27. |  | The Agreement was between MAB and his attorney, Plaintiff. *Id.* ¶ 21. |  |
| 28. |  | MAB did not discuss the terms of the Agreement with any attorney other than Plaintiff. *Id.* ¶ 22. |  |
| 29. |  | MAB trusted Plaintiff, as his attorney, to protect his interests related to the Agreement. *Id.* ¶ 22. |  |
| 30. |  | MAB does not recall Plaintiff advising him in writing about seeking independent legal counsel for the Agreement. *Id.* ¶ 23. |  |
| 31. |  | Plaintiff does not remember signing or being asked to sign any document related to informed consent concerning Plaintiff's role in the transaction, including whether Plaintiff |  |

4811-6696-4463.1

|     |     |                                                                                                                                                                 |     |
| --- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------- | --- |
|     |     | was or was not representing him in the Agreement.  *Id.* ¶ 24.                                                                                                   |     |
| 32. |     | MAB does not recall signing or being asked to sign any waivers by Plaintiff.  *Id.* ¶ 25.                                                                        |     |
| 33. |     | MAB assumed, believed, and understood that Plaintiff was representing him in the Agreement and the related transaction.  *Id.* ¶ 26.                             |     |
| 34. |     | MAB informed Plaintiff before they signed the Agreement that he could not presently transfer the shares of Fortem, Inc.  *Id.* ¶ 27.                             |     |
| 35. |     | Plaintiff understood at the time the Agreement was signed that MAB could not transfer the Fortem shares.  *Id.*                                                  |     |
| 36. |     | After the Agreement's execution, MAB spoke with Plaintiff on two separate occasions about the Agreement and the transfer of the shares in Fortem.  *Id.* ¶ 28.  |     |
| 37. |     | On both occasions, MAB informed Plaintiff that he was still working to transfer the Fortem shares.  *Id.*                                                        |     |
| 38. |     | Plaintiff responded that MAB should continue to work on transferring the Fortem shares.  *Id.*                                                                   |     |
| 39. |     | MAB understood Plaintiff's statement to mean that he did not object                                                                                              |     |

| | | | |
|---|---|---|---|
| | | to the delay in the transfer. *Id.* | |
| 40. | | On August 22, 2017, Plaintiff filed his Transfer of Claim Other Than for Security in the PetroHunter bankruptcy. Ex. 2, Transfer. | |
| 41. | | The Transfer names MAB as "Transferee" and Plaintiff as "Transferor" of the PetroHunter claim. *Id.* | |
| 42. | | On August 25, 2017, the Bankruptcy Court issued a Notice regarding the proposed transfer. Ex. 3, Notice Regarding Transfer. | |
| 43. | | The Notice of Transfer states, "The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the Court." *Id.* | |
| 44. | | The deadline to object was 21 days from August 25, 2017 is September 19, 2017. *See id.*[1] | |

---

[1] The Court may take judicial notice of these dates, as they are adjudicative facts. *See* F.R.E. 201(b)(2) (court may take judicial notice of any fact which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

4811-6696-4463.1

DATED this 18th day of June, 2021.

        **MOYE WHITE LLP**

By: /s/ *Tanya A. Sevy*
William F. Jones
Timothy M. Swanson
Tanya A. Sevy
1400 16th Street, 6th Floor
Denver, Colorado 80202
Phone: (303) 292-2900
Email: billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc A. Bruner*

4811-6696-4463.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2021, I electronically filed the foregoing **DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF ADDITIONAL DISPUTED FACTS** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants Bruner*
*Family Trust and Marc E. Bruner*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC

*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

/s/ Tanya A. Sevy

4811-6696-4463.1