IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT THE BRUNER FAMILY TRUST (THE "BFT") AND DEFENDANT MARC E. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL FACTS**

Plaintiff hereby submits his Reply to the BFT and Marc E. Bruner's Response to Plaintiff's Statement of Undisputed Material Facts in Support of His Motion for Partial Judgment on the Pleading or, Alternatively, for Partial Summary Judgment.

| | **Moving Party's Statement of Undisputed Materials Facts and Supporting Evidence ("MSUMF")** | **Opposing Party's Response and Additional Facts and Supporting Evidence ("OSUMF")** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|---|
| 1 | On August 16, 2017, Plaintiff and Defendant Marc A. Bruner("Bruner") entered into an agreement (the "Agreement") pursuant to which Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation("PetroHunter") to Bruner in exchange for 150,000 unrestricted, freely-tradable shares in Fortem Resources, Inc. (the "Fortem | The BFT Parties do not presently dispute that Plaintiff and MAB signed the Agreement. Additional facts and evidence, however, render the Agreement void as a matter of public policy. Plaintiff and MAB were in an attorney-client relationship when they signed the Agreement, which constitutes a business transaction. Consequently, Plaintiff was required to provide written | There is no factual dispute. The BFT Parties do not dispute that the facts or the contract provision is accurately stated and cited. The BFT Parties' response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |

| | | | |
|---|---|---|---|
| | Shares") and $25,000 in cash. EX A (Declaration of David E. Brody ¶ 1 (attaching Agreement ¶¶ 1(a), 1(c)); Doc. No. 68 ¶¶ 12, 17 (admitting the allegation and acknowledging that the Agreement speaks for itself). | notices and obtain written waivers under Rule of Professional Conduct 1.8. Plaintiff did not provide such notice or receive such waivers. Consequently, the Agreement is void. Evidence supporting these facts include two declarations Plaintiff submitted in this action at Doc. Nos. 29-3 (attached as Exhibit 1) and 48-1 (attached as Exhibit 2) | |
| 2 | The Fortem Shares were to be delivered within 10 days of the Agreement and Plaintiff would return 25,000 of the 150,000 Fortem Shares if the cash payments were timely made. EX A ¶ 2 (see Agreement ¶¶ 1 (a),1(b)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required delivery date of the Fortem Shares). | Undisputed. | |
| 3 | The date 10 days after the Agreement was Saturday, August 26, 2017. EX A ¶ 3 | Undisputed. | |
| 4 | The first trading day after August 26, 2017 was Monday, August 28, 2017. EX A ¶ 4. | Undisputed. | |
| 5 | The cash payments were to be paid in two equal installments of $12,500, 30 and 60 days after the Agreement. EX A ¶ 5 (see Agreement ¶ 1(a)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required payment dates). | Undisputed. | |
| 6 | The date 30 days after the Agreement was Friday, September 15, 2017. EX A ¶ 6. | Undisputed. | |
| 7 | The date 60 days after the Agreement was Sunday, October 15, 2017. EX A ¶ 7. | Undisputed. | |
| 8 | In the event of a breach, the non-breaching party is entitled to recover its costs and attorney's fees from the breaching party. EX A ¶ 8 (see Agreement ¶ 3(f)). | Undisputed. | |

2

| | | | |
|---|---|---|---|
| 9 | Plaintiff delivered his bankruptcy claim to Bruner and Bruner transferred it into his name with the bankruptcy court. See EX A ¶ 9 (attaching claim transfer documentation filed in bankruptcy court); Doc. No. 68 ¶ 16 (admitting the allegation). | Undisputed. | |
| 10 | Bruner did not deliver any of the 150,000 Fortem Shares within 10 days (and has not delivered any of them at all), and Bruner has not paid the $25,000 or any portion thereof either. EX A ¶ 10; Doc. No. 68 ¶¶ 18, 19 (admitting the allegations). | Undisputed. | |
| 11 | The closing price for the Fortem Shares on the first date Plaintiff could have begun to sell them was $2.68 each or $402,000 in the aggregate. EX A ¶ 11 (attaching market report for Monday, August 28, 2017). | Disputed. Fortem's closing price on August 28, 2017 was $2.50. See Exhibit 3, attached E-Trade Financial Market Report. (F.R.E. 803(17)) | Disputed. See Plaintiff's statement. |
| 12 | The shares increased in value to a high of $3.95 per share or $592,500. EX A ¶ 12 (attaching market report for Wednesday, September 26, 2018). | Disputed. | No basis for the dispute is stated. Plaintiff objects for lack of foundation. |
| 13 | Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares on the first available trading day, which was Monday, August 28, 2017. EX A ¶ 13. | Disputed. Plaintiff admitted repeatedly that he offered to accept alternative consideration. Evidence supporting these facts include two declarations Plaintiff submitted in this action at Ex. 1 and Ex. 2. | Plaintiff objects to the assertion for lack of foundation about Plaintiff's subjective intentions. Plaintiff further objects on grounds that the assertion is irrelevant because efforts to negotiate resolution and mitigate damages do not constitute waiver as a matter of law. See Plaintiff's Reply, § III. |
| 14 | | As of April 2019, the shares decreased in value to below $2.00 and never went above $2.00 again. See Exhibit 4, attached E-Trade Financial Market Report. (F.R.E. 803(17)) | Undisputed. |
| 15 | | Plaintiff was a partner at | Undisputed but objected to as |

3

| | | | |
|---|---|---|---|
| | | Patton Boggs from 1999 through 2012. (Ex. 1, ¶5) | irrelevant under RPC 1.8(a) because the rule does not apply by imputation. See Plaintiff's Reply, § II(A). |
| 16 | | Patton Boggs formed PetroHunter for MAB in 2005. (Ex. 2, ¶2) | Undisputed but objected to as irrelevant under RPC 1.8(a) because the rule does not apply by imputation. See Plaintiff's Reply, § II(A). |
| 17 | | Patton Boggs represented MAB in the formation of the BFT. (Ex. 2, ¶5). | Undisputed but objected to as irrelevant under RPC 1.8(a) because the rule does not apply by imputation. See Plaintiff's Reply, § II(A). |
| 18 | | Plaintiff "played an important role for [MAB's] companies as his primary legal advisor from 2004 through 2009…." (Doc. Ex. 2, ¶2). | Disputed to the extent the word "his" suggests that Plaintiff was MAB's personal attorney. Exhibit A – Brody Declaration, ¶ 2. Plaintiff objects that the BFT Parties lack foundation to assert facts concerning the relationship between Plaintiff and any client or purported client other than to the extent the BFT Parties make assertions about the representation of the BFT. |
| 19 | | From July 2004 through March 2018, Plaintiff "represented several of MAB's oil and gas companies…." (Ex. 1, ¶¶5 & 37(a)) | Plaintiff objects to the statement because it is vague as to what is meant by "MAB's oil and gas companies, especially where ownership of any client company was diffuse whether by public trading or otherwise. Plaintiff further objects to the statement as irrelevant because RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. Plaintiff further objects that the BFT Parties lack foundation to assert facts concerning the relationship between Plaintiff and any oil and gas company. Plaintiff finally objects under the hearsay and best evidence rules. |

4

| | | | |
|---|---|---|---|
| 20 | | From 2005 through 2009, Plaintiff was "available 24/7 to respond to [MAB's] legal and business issues that arose daily…." (Ex. 2, ¶3). | Disputed to the extent the word "MAB's" suggests that Plaintiff was MAB's personal attorney. Exhibit A – Brody Declaration, ¶ 2. Plaintiff also objects that the BFT Parties lack foundation to assert facts concerning the relationship between Plaintiff and any client or purported client other than to the extent the BFT Parties make assertions about the representation of the BFT. Plaintiff further objects under the hearsay rule. |
| 21 | | Plaintiff had a "large and talented team of attorneys available to [MAB] at Patton Boggs to address the various aspects of his companies' businesses." (Ex. 2, ¶3). | Undisputed but objected to as irrelevant. Rule 1.8(a) does not apply to Plaintiff either by his allegedly direct representation or by imputation. See Plaintiff's Reply, § II. |
| 22 | | Plaintiff has been senior counsel at Hogan Lovells US LLP since January 2013. (Ex. 1, ¶5). | Undisputed but objected to as irrelevant. Rule 1.8(a) does not apply to Plaintiff either by his allegedly direct representation or by imputation. See Plaintiff's Reply, § II. |
| 23 | | In July 2017, Hogan Lovells resumed representation of two of MAB's companies. (Ex. 2, ¶10). | Undisputed but objected to as irrelevant. Rule 1.8(a) does not apply to Plaintiff either by his allegedly direct representation or by imputation. See Plaintiff's Reply, § II(A). |
| 24 | | Plaintiff recognized an apparent conflict of interest between him and the BFT as a competing creditors in the PetroHunter Bankruptcy. (Ex. 2, ¶10). | Disputed but objected to as irrelevant. First, it is not evidence of a conflict that Plaintiff sought to avoid any *appearance* of impropriety and penalizing it would violate public policy. Second, Rule 1.8(a) does not apply to Plaintiff either by his allegedly direct representation or by imputation. See Plaintiff's Reply, § II. |
| 25 | | Plaintiff disclosed to Hogan Lovells that he entered into | Undisputed but objected to as irrelevant. First, it is not |

5

| | | | |
|---|---|---|---|
| | | the Agreement with MAB. (Ex. 2, ¶11). | evidence of a conflict that Plaintiff sought to avoid any appearance of impropriety and penalizing it would violate public policy. Second, Rule 1.8(a) does not apply to Plaintiff either by his allegedly direct representation or by imputation. See Plaintiff's Reply, § II. |
| 26 | | Plaintiff has known MAB since 2004, and had over a 16-year relationship with MAB and his business enterprises. (Ex. 1, ¶¶1 & 6). | Undisputed. |
| 27 | | From 2004 to 2011 Plaintiff "represented Marc A. Bruner's companies…." and "traveled with [MAB] on numerous occasions for business meetings at his residences in Vancouver and Zurich…." (Ex. 1, ¶37(a)). | Undisputed. |
| 28 | | Based on his purported business dealings with MAB, Brody signed an affidavit attesting to MAB's personal bank accounts, and his personal ownership in several companies. (Ex. 1, ¶37(c)) | Disputed is so far as the statement is limited to "business dealings" and to the extent it is predicated on an incorrect assumption that Plaintiff disclosed confidential information of a client. Plaintiff and MAB had a personal relationship and MAB was never Plaintiff's client. Exhibit A – Brody Declaration, ¶ 2. |
| 29 | | Plaintiff represented himself to third parties as being MAB's lawyer. Exhibit 4 (Brody0069). | Disputed. This assertion misreads the document. Plaintiff further objects to the assertion on grounds that the BFT Parties lack foundation to give evidence about the document or the matters reflected therein. Plaintiff further objects under the best evidence rule. |
| 30 | | There were numerous secured and unsecured claims in the PetroHunter Bankruptcy that MAB could have purchased if | Disputed and objectionable. The BFT and MEB lack foundation to testify about |

6

|  |  |  |  |
|---|---|---|---|
|  |  | he was interested in getting standing to participate in that bankruptcy. Exhibit 5. | what other claims were available for purchase or for how much. |
| 31 |  | Plaintiff offered to accept other consideration in lieu of the Fortem Shares. (Ex. 1, ¶23, Ex. 2, p. 11, and Ex. 3, ¶20 (Doc. No. 16) | Undisputed but irrelevant. See Plaintiff's Reply, § III. |
| 32 |  | Plaintiff was Fortem's lawyer. (Ex. 2, ¶10) | Undisputed but irrelevant. See Plaintiff's Reply, § II. |
| 33 |  | Plaintiff negotiated and drafted the Agreement and did not advise MAB to seek independent counsel before having him sign it. Instead, Plaintiff referred MAB to counsel who would assist MAB with pursuing the bankruptcy claim after the Agreement was signed. (Exhibit 6) | Disputed and contrary to record evidence. The referenced exhibit shows that Plaintiff advised MAB to speak with counsel and to be comfortable with the contract before signing it. Plaintiff therefore objects under the best evidence rule. |

Respectfully submitted this 7th day of July, 2021.

By:     /s/ Michael A. Rollin
        Michael. A. Rollin, Esq.
        Mallory A. Revel, Esq.
        Lindsey Idelberg, Esq.
        FOSTER GRAHAM MILSTEIN & CALISHER LLP
        360 South Garfield Street,
        Sixth Floor
        Denver, Colorado 80209
        mrollin@fostergraham.com
        mrevel@fostergraham.com
        lidelberg@fostergraham.com
        Tel: (303) 333-9810
        Fax: (303) 333-9786
        *Attorneys for Plaintiff*

4840-2349-0801, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, I served the foregoing **PLAINTIFF'S REPLY TO DEFENDANT THE BRUNER FAMILY TRUST (THE "BFT") AND DEFENDANT MARC E. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL FACTS** via CM/ECF to the following:

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com

and

Lance Henry
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com

By:  */s/ Michael A. Rollin*
     Michael. A. Rollin, Esq.

8

4840-2349-0801, v. 1