IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL FACTS**

Plaintiff hereby submits his Reply to MAB's Response to Plaintiff's Statement of Undisputed Material Facts in Support of His Motion for Partial Judgment on the Pleading or, Alternatively, for Partial Summary Judgment.

|   | **Moving Party's Statement of Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Additional Facts and Supporting Evidence** | **Moving Party's Reply and Supporting Evidence** |
|---|---|---|---|
| 1. | On August 16, 2017, Plaintiff and Defendant Marc A. Bruner ("Bruner") entered into an agreement (the "Agreement") pursuant to which Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy | Disputed. Although Plaintiff and MAB executed the Agreement, it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; | There is no factual dispute. MAB does not dispute the facts and that the contract provision is accurately stated and cited. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1.[1] Plaintiff's response to legal |

---

[1] In addition to being impermissible under the Court's Practice Standards, MAB's inclusion of legal argument throughout the statement of facts needlessly multiplies the proceedings and the burden on Plaintiff and the Court.

| | | | |
|---|---|---|---|
| | Corporation ("PetroHunter") to Bruner, in exchange for 150,000 unrestricted, freely-tradeable shares in Fortem Resources, Inc. (the "Fortem Shares") and $25,000 in cash. Ex.A (Declaration of David E. Brody ¶ 1 (attaching Agreement ¶¶ 1(a),1(c); Doc. No. 88 ¶¶ 12, 17 (admitting and the allegation and acknowledging that the Agreementspeaks for itself). | Ex. 1, Declaration of Marc A. Bruner ¶¶ 2-10, 13-28. | argument is in its briefing and accompanying exhibits. |
| 2. | The Fortem Shares were to be delivered within 10 days of the Agreement and Plaintiff would return 25,000 of the 150,000 Fortem Shares *if* the cash payments were timely made. Ex.A ¶ 2 (*see* Agreement ¶¶ 1(a), 1(b))); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required delivery date of the Fortem Shares). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute that the contract provision is accurately stated and cited. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 3. | The date 10 days after the Agreement was Saturday, August 26, 2017. Ex. A ¶ 3. | Undisputed. | |
| 4. | The first trading day after August 26, 2017 was Monday, August 28, 2017. Ex. A ¶ 4. | Undisputed. | |
| 5. | The cash payments were to be paid in two equal installments of $12,500, 30 and 60 days after the Agreement. Ex. A ¶ 5 (see Agreement ¶ 1(a)); Doc. No. 68 ¶ 17 (admitting the terms of the Agreement and the required payment dates). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute that the contract provision is accurately stated and cited. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |

2

| | | | |
|---|---|---|---|
| 6. | The date 30 days after the Agreement was Friday, September 15, 2017. Ex. A. ¶ 6. | Undisputed. | |
| 7. | The date 60 days after the Agreement was Sunday, October 15, 2017. Ex. A ¶ 7. | Undisputed. | |
| 8. | In the event of a breach, the non- breaching party is entitled to recover its costs and attorney's fees from the breaching party. Ex. A ¶ 8 (see Agreement ¶ 3(f)). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute that the contract provision is accurately stated and cited. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 9. | Plaintiff delivered his bankruptcy claim to Bruner and Bruner transferred it into his name with the bankruptcy court. See Ex. A ¶ 9 (attaching claim transfer documentation filed in bankruptcy court); Doc. No. 68 ¶ 16 (admitting the allegation). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute Plaintiff's statement. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 10. | Bruner did not deliver any of the 150,000 Fortem Shares within 10 days (and has not delivered any of them at all), and Bruner has not paid the $25,000 or any portion thereof either. Ex. A ¶ 10, Doc. No. 68 ¶¶ 18, 19 (admitting the allegations). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute Plaintiff's statement. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 11. | The closing price for the Fortem Shares on the first date Plaintiff could have begun to sell them was $2.68 each or $403,000 in the aggregate. Ex. A ¶ 11 | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] | There is no factual dispute. MAB does not dispute Plaintiff's statement. MAB's response is impermissible legal argument and should be stricken. Civ. Practice |

3

|    |    |    |    |
|----|----|----|----|
|    | (attaching market report for Monday, August 28, 2017). | at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 12. | The shares increased in value to a high of $3.95 per share of $592,500. Ex. A ¶ 12 (attaching market report for Wednesday, September 26, 2018). | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute Plaintiff's statement. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 13. | Had they been transferred to him as agreed, Plaintiff intended to and would have begun to sell the Fortem Shares on the first available trading day, which was Monday, August 28, 2017. Ex. A ¶ 13. | Disputed. Plaintiff has waived any rights in the Agreement and it is unenforceable and void as against public policy. *See* Defendant Marc A. Bruner's Answer [Doc. #68] at pp. 8-9 ¶¶ 1, 7, 11; Defendant Marc A Bruner's First Amended Answer [Doc. #96-1] ¶ 13; Ex. 1 ¶¶ 2-10, 13-28. | There is no factual dispute. MAB does not dispute Plaintiff's statement. MAB's response is impermissible legal argument and should be stricken. Civ. Practice Standard IV.C.2.g.1. Plaintiff's response to legal argument is in its briefing and accompanying exhibits. |
| 14. |    | Plaintiff has known MAB for over 20 years. Ex. 1 ¶ 2. | Undisputed. |
| 15. |    | Plaintiff has acted as MAB's friend, confidant, and attorney for that entire 20-year period. *Id.* ¶ 3. | Disputed only insofar as it asserts Plaintiff was MAB's personal attorney. Exhibit A – Brody Declaration ¶ 2. Plaintiff also objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 16. |    | Plaintiff has acted as MAB's attorney on both personal and professional matters. *Id.* ¶¶ 4-10. | Disputed. Exhibit A – Brody Declaration ¶¶ 2-3. Plaintiff also objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's |

4

| | | | |
|---|---|---|---|
| | | | Reply, § II., for vagueness due to lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 17. | | MAB has served as an officer and director of Ultra Petroleum, Falcon Oil & Gas, and PetroHunter. *Id.* ¶¶6-8, 10. | Undisputed. |
| 18. | | Plaintiff has acted as legal counsel for Ultra Petroleum, Falcon Oil & Gas, and PetroHunter. *Id.* | Disputed only as to Ultra. Exhibit A – Brody Declaration ¶ 3. Plaintiff also objects to MAB's statement as irrelevant because RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. Plaintiff also objects for vagueness, as it lacks specificity as to dates. |
| 19. | | Plaintiff has also represented MAB in negotiating, drafting, and executing agreements between MAB and PetroHunter, including an agreement for payment of personal compensation to MAB. *Id.* ¶ 9. | Disputed. Exhibit A – Brody Declaration ¶ 2. Plaintiff also objects to the statement as vague for lack of specificity and objects under the rule against hearsay and under the best evidence rule. |
| 20. | | Plaintiff has represented MAB personally in numerous matters, including: (1) drafting legal documents and providing legal advice; (2) representing MAB personally in a multi- million dollar transaction involving Ultra Petroleum; and (3) drafting the original trust documents for the Bruner Family Trust. *Id.* ¶¶ 13-16. | Disputed. Exhibit A – Brody Declaration ¶¶ 2-3. Plaintiff also objects to the statement as irrelevant because RPC 1.8(a) does not apply and because RPC 1.8(a) may not be imputed. See Plaintiff's Reply, § II. Plaintiff further objects for vagueness due to lack of specificity as to dates, for lack of foundation as to whether Plaintiff represented MAB personally, under the rule against hearsay, and under the best evidence rule. |
| 21. | | Plaintiff has also consulted with other attorneys on MAB's personal matters. *Id.* ¶ 17. | Disputed to the extent the statement asserts or implies that Plaintiff served as MAB's personal attorney. Exhibit A – |

5

| # | | | |
|---|---|---|---|
| | | | Brody Declaration ¶ 2. Plaintiff objects on grounds that RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. Plaintiff further objects for vague as to the word "consulted" and under the rule against hearsay. |
| 22. | | MAB and his entire legal team have relied upon Plaintiff's counsel, advice, and assistance in these personal matters. *Id.* | Disputed to the extent the statement asserts or implies that Plaintiff served as MAB's personal attorney. Exhibit A – Brody Declaration ¶ 2. Plaintiff objects on grounds that RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. Plaintiff further objects for vague as to the word "relied" and under the rule against hearsay. |
| 23. | | Until this lawsuit was filed, MAB believed Plaintiff was still acting as his current attorney on personal and business affairs. *Id.* ¶ 18. | Disputed. Exhibit A – Brody Declaration ¶¶ 2, 7. Plaintiff objects on grounds that RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. |
| 24. | | Plaintiff first approached MAB to discuss selling his claim in the PetroHunter bankruptcy. *Id.* ¶ 19. | Disputed. Brody Declaration ¶ 6. Plaintiff also objects to the assertion as irrelevant. |
| 25. | | Plaintiff explained his idea to sell the bankruptcy claim to MAB and stated it would be "good for [MAB]" and would personally benefit him by allowing him to directly participate in the bankruptcy proceeding. *Id.* | Disputed. Brody Declaration ¶ 6. Plaintiff also objects to the assertion as irrelevant. |
| 26. | | Plaintiff drafted the Agreement. *Id.* ¶ 20. | Undisputed. Plaintiff also objects to the assertion as irrelevant, including because MAB concedes the contract is unambiguous. See Plaintiff's Reply, § II. |
| 27. | | The Agreement was between MAB and his attorney, Plaintiff. *Id.* ¶ 21. | Disputed. Brody Declaration ¶ 2. Plaintiff also objects to the assertion as irrelevant because RPC 1.8(a) does not |

6

| | | | |
|---|---|---|---|
| | | | apply, see Plaintiff's Reply, § II, for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 28. | | MAB did not discuss the terms of the Agreement with any attorney other than Plaintiff. *Id.* ¶ 22. | Disputed but objectionable as irrelevant because RPC 1.8(a) does not apply. See Plaintiff's Reply, § II. |
| 29. | | MAB trusted Plaintiff, as his attorney, to protect his interests related to the Agreement. *Id.* ¶ 22. | Disputed. Brody Reply Declaration ¶ 2. Plaintiff also objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II., for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 30. | | MAB does not recall Plaintiff advising him in writing about seeking independent legal counsel for the Agreement. *Id.* ¶ 23. | Undisputed. Plaintiff objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II, for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 31. | | Plaintiff does not remember signing or being asked to sign any document related to informed consent concerning Plaintiff's role in the transaction, including whether Plaintiff was or was not representing him in the Agreement. *Id.* ¶ 24. | Undisputed. Plaintiff objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II, for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 32. | | MAB does not recall signing or being asked to sign any waivers by Plaintiff. *Id.* ¶ 25. | Undisputed. Plaintiff objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II, for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his |

4810-6277-0673, v. 1

| | | | |
|---|---|---|---|
| | | | personal attorney. |
| 33. | | MAB assumed, believed, and understood that Plaintiff was representing him in the Agreement and the related transaction. *Id.* ¶ 26. | Disputed. Brody Declaration ¶ 7. Plaintiff also objects to the assertion as irrelevant because RPC 1.8(a) does not apply, see Plaintiff's Reply, § II, for vagueness for lack of specificity, and because MAB lacks foundation to claim that Plaintiff served as his personal attorney. |
| 34. | | MAB informed Plaintiff before they signed the Agreement that he could not presently transfer the shares of Fortem, Inc. *Id.* ¶ 27. | Disputed. Brody Reply Declaration ¶ 9. This statement is irrelevant because it is improper parol evidence and hearsay. |
| 35. | | Plaintiff understood at the time the Agreement was signed that MAB could not transfer the Fortem shares. *Id.* | Disputed. Brody Declaration ¶ 9. This statement is irrelevant because it is improper parol evidence and hearsay. |
| 36. | | After the Agreement's execution, MAB spoke with Plaintiff on two separate occasions about the Agreement and the transfer of the shares in Fortem. *Id.* ¶ 28. | Undisputed. |
| 37. | | On both occasions, MAB informed Plaintiff that he was still working to transfer the Fortem shares. *Id.* | Undisputed. |
| 38. | | Plaintiff responded that MAB should continue to work on transferring the Fortem shares. *Id.* | Undisputed. |
| 39. | | MAB understood Plaintiff's statement to mean that he did not object to the delay in the transfer. *Id.* | Undisputed. Plaintiff objects to the statement as irrelevant. See Plaintiff's Reply, § III. |
| 40. | | On August 22, 2017, Plaintiff filed his Transfer of Claim Other Than for Security in the PetroHunter bankruptcy. | Undisputed. |

8

|     |     |                                                                                                                                                                                                                                                                                                                        |            |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | ---------- |
|     |     | Ex. 2, Transfer.                                                                                                                                                                                                                                                                                                       |            |
| 41. |     | The Transfer names MAB as "Transferee" and Plaintiff as "Transferor" of the PetroHunter claim. *Id.*                                                                                                                                                                                                                   | Undisputed. |
| 42. |     | On August 25, 2017, the Bankruptcy Court issued a Notice regarding the proposed transfer. Ex. 3, Notice Regarding Transfer.                                                                                                                                                                                            | Undisputed. |
| 43. |     | The Notice of Transfer states, "The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the Court." *Id.* | Undisputed. |
| 44. |     | The deadline to object was 21 days from August 25, 2017 is September 19, 2017. See *id*2.                                                                                                                                                                                                                              | Undisputed. |

Respectfully submitted this 7th day of July, 2021.

> By:   */s/ Michael A. Rollin*
>       Michael. A. Rollin, Esq.
>       Mallory A. Revel, Esq.
>       Lindsey Idelberg, Esq.
>       FOSTER GRAHAM MILSTEIN & CALISHER LLP
>       360 South Garfield Street,
>       Sixth Floor
>       Denver, Colorado 80209
>       mrollin@fostergraham.com
>       mrevel@fostergraham.com
>       lidelberg@fostergraham.com
>       Tel: (303) 333-9810

---

[2] The Court may take judicial notice of these dates, as they are adjudicative facts. *See* F.R.E. 201(b)(2) (court may take judicial notice of any fact which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

Fax: (303) 333-9786
*Attorneys for Plaintiff*

10

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2021, I served the foregoing **PLAINTIFF'S REPLY TO DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL FACTS** via CM/ECF to the following:

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com

and

Lance Henry
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com

By:  */s/ Michael A. Rollin*
  Michael. A. Rollin, Esq.

11

4810-6277-0673, v. 1