## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

## THE BFT PARTIES' REPLY IN SUPPORT OF JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)

### Defendants' Conferral

Plaintiff complains the Joint Motion should be denied because Defendants failed to properly confer. It should not. Counsel for the BFT Parties telephoned and emailed Plaintiff's counsel in an attempt to confer prior to filing the Joint Motion and Defendants' certificate of conferral acknowledged they were not able to connect with Plaintiff's counsel before filing. Not knowing if or when Plaintiff's counsel might respond, and in order to preserve their request for more time before responding to Plaintiff's dispositive motion, Defendants directed the filing of the Joint Motion and certified their willingness to work with Plaintiff if it turned out the Joint Motion was unopposed. At the time that direction was given, the certificate was accurate.

Although the Joint Motion was filed while the parties were conferring by email about the relief requested, there was nothing nefarious about this timing. The Joint Motion was completed

MEYEW\78742681.1

and directed to be filed at approximately 2:15 p.m.[1]  This was *after* counsel for the BFT Parties

called and emailed Plaintiff's counsel and *before* Plaintiff's counsel responded by email.

Thereafter, Plaintiff responded to Defendants by email and the parties exchanged several emails

conferring.  Later still, the parties spoke by telephone to continue their conferral.  Had the conferral

resolved this dispute, Defendants offered to withdraw the Joint Motion.  Plaintiff now complains

about conferral efforts, yet also filed a twenty-page opposition brief in response to the two-page

Joint Motion.  Plaintiff's manufactured outrage should be taken as nothing more.

<u>**Argument**</u>

Plaintiff tries to stop the *BFT Parties* from responding to his dispositive motion by arguing

he only seeks judgment against *MAB* on the breach of contract claim.  Plaintiff's position, however,

ignores his conspiracy claim against the BFT Parties.  An element of conspiracy is "one or more

unlawful overt acts."[2]  Here, the unlawful overt act on which Plaintiff relies is MAB's alleged

breach of contract.  (*see e.g.* Plaintiff's Response to Motion to Dismiss, Doc. No. 74, at p 10).  If

MAB did not breach the Agreement, because the Agreement is void as a matter of public policy,

then there was no "unlawful overt act" and, by extension, no civil conspiracy to breach the

Agreement.  Because Plaintiff intends to use the potential granting of his dispositive motion to

satisfy an element of his claim against the BFT Parties, the BFT Parties absolutely have an interest

in the resolution of Plaintiff's dispositive motion and a right to respond.  And, Plaintiff's claim

that the BFT Parties do not "challenge the elements of civil conspiracy" is false.

---

[1] If necessary, counsel can provide an affidavit to this effect.

[2] Response, p. 7 (*citing Walker v. Van Laningham*, 148 P.3d 391 (Colo. App. 2006).

Defendants' request for Plaintiff's dispositive motion to be denied, or for Defendants to be given time to engage in discovery, is reasonable and should be granted. As noted in the Joint Motion, this case is in its early stages. The parties have exchanged disclosures but no other discovery is complete. Although Plaintiff claims to have "made significant document disclosures,"[3] the truth is he disclosed a scant 75 pages of documents (over 50 pages of which are pleadings from the PetroHunter bankruptcy and an SEC filing).

The BFT Parties were not party to the Agreement Plaintiff claims was breached, nor were they participants in Plaintiff's attorney-client relationship with MAB. With no direct exposure to, or involvement with, the seminal transactions in this dispute, it would be extraordinarily prejudicial to preclude them from discovery of facts and evidence that could provide a complete defense. As noted in Exhibit A to Plaintiff's Response, the BFT Parties explained this to Plaintiff's counsel yet rather than agree to let the BFT Parties investigate possible defenses, Plaintiff is trying to score an early win before the BFT Parties can obtain discovery they need to defend themselves.

Plaintiff complains that the Joint Motion and accompanying affidavits fail to satisfy F.R.C.P. 56(d). His complaint is that (1) he challenges the factual accuracy of the Joint Motion and affidavits, and (2) the Joint Motion does not identify what facts are not available, why those facts cannot be presented currently, what steps have been taken to obtain the facts, and how additional time will enable the Defendants to obtain those facts.

Plaintiff's challenge to the factual accuracy of the Joint Motion is that he claims he "made significant document disclosures" and submitted multiple declarations explaining "the facts of the case." As noted above, about 60 pages of Plaintiff's 75-page document production consists of

---

[3] Response, p. 10.

pleadings, SEC filings, the Agreement, and a demand letter from Plaintiff's counsel.  Plaintiff

produced only a single email between him and MAB; and only six emails total.  Notwithstanding

having traveled the world with MAB, and visited MAB's homes in other countries[4], and claiming

to know about MAB's personal bank accounts and finances, Plaintiff produced almost no

communications (texts, emails, engagement agreements, letters, faxes, etc.) between him and

MAB, MAB's purported companies, Tony Lotito (an alleged conspirator), or anyone else he

claims to have communicated with about MAB and the Agreement.  Thus, there is nothing

factually inaccurate about the Joint Motion.

Equally unpersuasive is Plaintiff's complaint that the BFT Parties failed to identify what

facts are not available, why those facts cannot be presented currently, what steps have been taken

to obtain the facts, or how additional time will enable the Defendants to obtain those facts.

Undersigned counsel's affidavit addressed each of these issues head-on. (*see* Doc. No. 99-2,

"WRM's Affidavit").  WRM's Affidavit explained the BFT Parties were not party to the alleged

contract or relationship between MAB and Plaintiff. (Doc. No. 99-2, ¶5).  Therefore, the BFT

Parties needed discovery into that relationship. (*Id.*)  And such discovery could establish even that

*Plaintiff* subjectively believed he was MAB's attorney.  (*Id.*)  WRM's Affidavit further explained

the BFT parties cannot present essential facts pertaining to Plaintiff's potential waiver without

such discovery.

WRM's Affidavit addressed steps the BFT Parties had taken to obtain those facts by

explaining that the same day Defendants filed the Joint Motion, the BFT Parties served Plaintiff

---

[4] Doc. No. 48-1, ¶4.

MEYEW\78742681.1

with written discovery to try and obtain the facts (*Id*. at ¶6).[5]  Plaintiff's responses are due by July

19.  WRM's Affidavit further advised that the BFT Parties intend to take Plaintiff's deposition

once he has timely and properly responded to written discovery (*Id*.).  Of course, there is a

possibility Plaintiff's responses will result in the need to propound additional written discovery.

This is typical of litigation, and not unusual this early in a lawsuit.[6]  The requested time, obviously,

will allow the BFT Parties to receive and evaluate Plaintiff's responses, determine whether any

responses are objectionable, whether additional discovery is warranted, and then time to schedule

Plaintiff's deposition.

Plaintiff's reliance on *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd*. 616 F.3d

1086 (10th Cir. 2010) is misplaced.  *Valley Forge* involved insurers seeking to recover defense

costs after the court determined the insurers had no defense obligation.  In opposing the insurer's

dispositive motion, the insureds submitted an affidavit from an expert stating a need to review,

among other things, the insurance defense counsel's billings.  The court, however, questioned why

the insured's did not already have that documentation from their own lawyers.  *Id.* at 1096.  It then

determined the affidavit was insufficient because it did not explain (1) what efforts the defendants

had taken to obtain this information or (2) why they did not already have the information in their

possession.  *Id*. The present situation bears no resemblance to *Valley Forge*.  Here, the supporting

affidavits confirmed (1) the BFT Parties were not a party to any of the relevant transactions and

---

[5] A copy of the BFT Parties' written discovery to Plaintiff is attached as <u>Exhibit 1</u>.

[6] To be clear, this case has been pending for a very long time.  Plaintiff, however, caused significant delay in this case being "at issue," which is why procedurally it is still very early.  Plaintiff filed his complaint on April 12, 2019, but he did not serve it at that time.  Over a year later, having not served his complaint, on June 5, 2020, Plaintiff filed his amended complaint (Doc. No. 16).  Then on June 8, 2020, this Court entered an Order to Show Cause (Doc. No. 18) why the case should not be dismissed.  Over a month later, on July 13, 2020, Plaintiff asked the BFT Parties to accept service, which they did (Doc. No. 26).  Plaintiff then took more time to serve MAB.

therefore have no access to the relevant information, (2) the BFT Parties served written discovery

seeking information about the relevant transactions, and (3) the BFT Parties require time to receive

and review discovery responses and take the relevant parties' depositions in order to be able to

defend Plaintiff's dispositive motion.

Additional examples of needed discovery include, but are not limited to:

- Plaintiff claims he disclosed entering into the agreement with his own law firm, Hogan Lovells, yet Plaintiff did not produce a copy of that disclosure.

- Plaintiff's Supplemental Declaration (Doc. No. 48-1, p. 10) relies on a text exchange he had with Michael Caetano on February 9, 2018, but Plaintiff did not produce any text messages with Mr. Caetano.

- Plaintiff's Supplemental Declaration (Doc. No. 48-1, p. 11) claims a "highly respected senior partner in a prominent Denver-based law firm" advised him that MAB planned to contribute his Fortem shares to someone other than Plaintiff but Plaintiff did not identify this person or produce any relevant communications with him.

- Plaintiff's Supplemental Declaration (Doc. No. 48-1, p. 12) claims Plaintiff had an email exchange with Glenn Merrick (through counsel) about trading and selling the Fortem Stock but Plaintiff has not produced this email exchange.

These are just a few glaring examples of documents on which Plaintiff has relied (and therefore

was required to produce with his initial disclosures) but not produced in this action and examples

of facts and evidence on which the BFT Parties seek discovery.  Those documents have a strong

probability of establishing facts that would support the BFT Parties' defenses in this action.

Plaintiff cites to F.R.C.P. 1.  That rule actually supports granting the Joint Motion because

it provides for the "*just*….determination of every action…." (emphasis added), and it would not

be just to grant Plaintiff's motion without giving the BFT Parties a just and fair opportunity to

defend his claims.

The second half of Plaintiff's Response teeters between claiming Defendants have sufficient facts to respond to Plaintiff's dispositive motion and simply arguing why Plaintiff should prevail on his dispositive motion. The Joint Motion was clear, Defendants only seek additional time to the extent the Court is inclined to grant Plaintiff's dispositive motion. The BFT Parties agree they—and MAB— presented sufficient facts in response to the dispositive motion such that the Court should deny it. While the parties may not agree on the ultimate disposition of this dispute, there plainly is a dispute over material facts that precludes entry of summary judgment in Plaintiff's favor. For example, both MAB (Doc. No. 99-1, ¶¶5 & 18) and Plaintiff (Doc. No. 105-2, ¶2) submitted declarations attesting the exact opposite about whether Plaintiff was MAB's personal attorney. That alone should preclude entry of summary judgment because if MAB subjectively believed Plaintiff was his lawyer, then the Agreement is void unless Plaintiff satisfied RPC 1.8(a).

Plaintiff's reply to the BFT Parties' statement of undisputed facts (Doc. No. 109) further highlights why the BFT Parties should be granted time to pursue discovery. Plaintiff repeatedly challenges the BFT Parties' statement of facts by arguing the BFT Parties lack foundation (*see e.g.* Doc. No. 109 at ¶¶13,18, 19, 20, etc.). If Plaintiff's objections are meritorious, which the BFT Parties dispute, then the BFT Parties, who were not party to the Agreement or relevant attorney-client relationship, should be permitted to develop the foundational evidence to support their defense to an element of Plaintiff's civil conspiracy claim.

Plaintiff argues *MAB* has sufficient evidence between Plaintiff's declarations and his own personal knowledge to defend Plaintiff's dispositive motion. That argument ignores the BFT Parties' lack of access or visibility to this same information. It also precludes all defendants from

MEYEW\78742681.1

examining potentially relevant records from Plaintiff and exploring these issues on the record with

Plaintiff when he could be impeached or challenged in his assumptions and beliefs.

Finally, Plaintiff zeros in on a bankruptcy filing in which MAB stated, "Brody has

effectively and legally transferred his claim to MAB…" (Response, ¶II(B)). Plaintiff claims this

to be an admission that the Agreement was not void. This raises the prospect of additional

discovery sought by the BFT Parties. The BFT Parties are entitled to discovery about what MAB

meant when taking this position. For example, it could be a reference only to the legally filed

Transfer of Claim Other Than for Security. (Bankruptcy Doc. No. 126). Or, as Plaintiff contends,

it could be a reference to the legality of the Agreement. In short, however, at this point neither the

BFT Parties nor this Court can make that determination.

All of the foregoing arguments apply equally to the BFT Parties' waiver defense.

WHEREFORE, the BFT Parties renew their request that, if the Court is inclined to grant

Plaintiff's Motion for Summary Judgment, it instead defer ruling, grant this Joint Motion for

Additional Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d), allow Defendants the

opportunity to conduct discovery, including but not limited into the attorney-client relationship

between MAB and Plaintiff, the formation of the Agreement, and Plaintiff's waiver of that

Agreement, and for such other and further relief as the Court deems appropriate.

DATED this 9th day of July, 2021.

**POLSINELLI P.C.**


By: */s/ William R. Meyer*
    William Meyer
    *Attorneys for the BFT Parties*


MEYEW\78742681.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2021, I electronically filed the foregoing **THE BFT PARTIES' REPLY IN SUPPORT OF JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP
*Attorneys for Plaintiff David E. Brody*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
*Attorneys for Defendant Marc A. Bruner*

*/s/ William Meyer*

MEYEW\78742681.1