# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

       Plaintiff,

  v.

MARC A. BRUNER, et al.,

       Defendants.

---

**DEFENDANTS THE BRUNER FAMILY TRUST AND MARC E. BRUNER, AS
TRUSTEE OF THE BRUNER FAMILY TRUST'S
WRITTEN DISCOVERY REQUESTS TO DAVID E. BRODY**

---

      Defendants The Bruner Family Trust ("BFT") and Marc E. Bruner ("MEB"), as Trustee of the BFT (together, the "BFT Parties"), through counsel propound the following requests for production of documents on Plaintiff David E. Brody.

**DEFINITIONS AND INSTRUCTIONS**

    1.    These discovery requests are served in accordance with the Federal Rules of Civil Procedure.

    2.    "Brody" and "Plaintiff" means David E. Brody and anyone else acting on his behalf.

    3.    "MAB" means defendant Marc A. Bruner.

    4.    "PetroHunter Bankruptcy" means In the Matter of PetroHunter Energy Corporation, United States Bankruptcy Court for the District of Colorado, Case No. 16-20197-KHT.

    5.    "Agreement" means the Agreement, dated August 16, 2017, between Brody and MAB for the sale and assignment of a $335,374.18 claim (the "Disputed Claim") in the PetroHunter Bankruptcy.

1

77892279.1

6. "Documents" shall have the same definition as "documents or electronically stored information" pursuant to F.R.C.P. 34(a). A draft or non-identical copy is a separate Document within the meaning of this term.

7. "Identify" when used with regard to a document or writing means to give the type of document or writing (e.g. agreement, letter, memorandum, telegram, telefax, chart, report, handwritten note, etc.); and the date; file and/or identifying symbol; author of such writing; name or names of all recipients of such writing, if any; and, the name and address of any person who has possession, custody, or control of each writing. In lieu of providing the foregoing information, a copy of the writing may be submitted with your Responses to these Interrogatories, Requests for Production of Documents, and Requests for Admission.

8. The word "person" means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

9. An inquiry into the existence of, or request for the location of, documents constitutes a request to state the present address at which such documents are kept, if known, and if not known, the last address known and information as to the disposition thereof.

10. A request for the identity of any person constitutes a request for his or her name, phone number, his or her present residential and business address, if known, and, if not known, his or her last known business and residential addresses.

11. The pronoun "you" or "your" refers to the party or parties to whom these discovery requests are addressed and to your agent(s), representative(s), and attorney(s) herein.

12. When identification of a corporation, partnership, or other legal entity is required to properly answer any Interrogatory, Request for Production of Documents, or Request for Admission, give the name, present or last known address, and a brief description of the primary business in which the entity is engaged. With respect to any particular entity, the information other than the name need be given only once.

## INTERROGATORIES

1. Is your response to each request for admission served upon you by any party an unqualified admission? If not, for each response that is not an unqualified admission:
    a.    state the number of the request;

    b.    state all facts upon which you base your response;

    c.    state the names, address, and telephone numbers of all persons who have knowledge of those facts;

2. If you believe anyone has in some manner, by statement or conduct, admitted any wrongdoing, responsibility or fault connected with MAB's alleged failure to deliver

2

77892279.1

consideration due under the Agreement, including related to any alleged conspiracy, recount what statements were allegedly made, to whom they were made, by whom they were made, the date of each statement, and whether you have any record purportedly containing, reporting or summarizing the contents of any such statements.

3. In your declaration (Doc. No. 48-1, ¶10) you state that one of your considerations for accepting MAB's offer to purchase the Disputed Claim was that you "did not want to create an appearance of any conflict between me and the Bruner Family Trust claims as competing creditors in the PetroHunter Bankruptcy Case while [you were] representing his companies." Explain why you believed there would be the appearance of a conflict between you and the BFT as competing creditors in the PetroHunter Bankruptcy if you did not transfer the Disputed Claim to MAB.

4. Without disclosing privileged information, describe the scope of all legal representation you, or a firm with which you were employed at the time, have provided to MAB and/or companies he has controlled since 2000, including the dates of such representation.

5. Michael A. Rollin's letter to MAB, dated April 2, 2019, describes you as having a "positive business relationship" with MAB going back to 2004. Identify all business relationships (including any such relationships that included you providing him or his companies with legal advice) you have had with MAB since 2004.

6. Identify (including providing the name, address, and telephone number) the "Co-Counsel" you referred to on page 11 of your Supplemental Declaration of David E. Brody (Doc. No. 48-1).

## REQUESTS FOR PRODUCTION

1. Produce all documents you provided to or received from Hogan Lovells referencing, forming, or pertaining in any way to your disclosure to Hogan Lovells that you and MAB entered into the August 2017 Agreement, as referenced in the Supplemental Declaration of David E. Brody (Doc. No. 48-1, ¶11).

2. Produce all emails in which MAB promised to perform under the Agreement.

3. Produce all notes that reference MAB promising to perform under the Agreement.

4. Produce all documents in which you fully disclosed and transmitted in writing to MAB the transaction and/or terms giving rise to the Agreement.

5. Produce all writings from MAB that you contend evidence MAB providing you with informed consent to the essential terms of the Agreement and your role in the transaction giving rise to the Agreement.

6. Produce all documents in which you advised MAB to seek the advice of

3

independent legal counsel about the Agreement.

7. Produce all documents and communications exchanged between you and any party to this lawsuit in any way related to the parties, allegations, and/or defenses in this lawsuit.

8. Produce all documents and communications exchanged between you and any non-party to this lawsuit (including, *but not limited to*, Carmen J. ("Tony") Lotito, Glenn Merrick, Cam McTavish, Michael Caetano, Barry Meinster, Alan Talesnick, Paul Manson, and the "highly respected senior partner in a prominent Denver-based law firm" who advised you MAB intended to contribute Fortem stock to Beetaloo Basin Partners[1]) in any way related to the parties, allegations, and/or defenses in this lawsuit.

9. Produce all documents and communications relating to, analyzing, referencing, or evidencing loans from the BFT to PetroHunter Energy Corporation.

10. Produce all documents and communications that support or refute the allegation in paragraph 61 of the Amended Complaint [Doc. #16] that "Bruner, BFT, and one Carmen J. (Tony) Lotito….have conducted and treated the business activities of BFT, Bruner's companies, and the BFT Trustee's companies as intertwined and interrelated entities, including with respect to the claims alleged herein."

11. Produce all documents and communications that support or refute the allegation in paragraph 62 of the Amended Complaint [Doc. #16] that "Defendants agreed and worked cooperatively to defraud Plaintiff of and steal the Brody Claim, use the Brody Claim, and/or retain the benefit of the Brody Claim, or, in the alternative, to breach Bruner's contractual obligation to pay consideration and act in good faith under the Agreement, and/or retain the benefit of Bruner's breach, in order to enrich themselves at the expense of Plaintiff."

## REQUESTS FOR ADMISSIONS

1. Admit that you drafted the Agreement.

2. Admit you never had any direct communications with MEB about the Agreement.

3. Admit that since 2004 you, or the law firm with whom you were employed at the time, provided legal representation to one or more of the BFT Parties.

4. Admit that since 2004 you, or one of the law firms with which you were employed at the time, provided legal representation to MAB.

5. Admit that in August 2019 you provided legal advice and/or counseling to MAB.

Respectfully submitted this 18th day of June, 2021.

---

[1] *See* Doc. No. 48-1, p. 11.

4

77892279.1

POLSINELLI PC

*/s/      William R. Meyer*
William R. Meyer, #34012
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: 303-572-9300
Email: wmeyer@polsinelli.com

*Attorneys for Defendants The Bruner Family Trust and Marc. E. Bruner, as Trustee for the Bruner Family Trust*

5

77892279.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2021, a true and correct copy of the foregoing document was served on all attorneys of record via U.S. Mail.

/s/ William R. Meyer

6

77892279.1