IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,

THE BRUNER FAMILY TRUST, and

MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

**DEFENDANT MARC A. BRUNER'S REPLY IN SUPPORT OF JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)**

---

Defendant Marc A. Bruner ("MAB"), through counsel, hereby submits his Reply in Support of Joint Motion for Additional Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d), as follows:

**STATEMENT REGARDING CONFERRAL**

MAB joins in the statement set forth in Co-Defendants Mare E. Bruner and the Bruner Family Trust (the "BFT Parties")'s Reply. Defendants attempted conferral regarding the substance of the Rule 56(d) motion. At 1:17 pm, counsel for the BFT Parties contacted Plaintiff's counsel explaining the intent to file the Rule 56(d) motion. Counsel for Plaintiff responded only, "What discovery do you want?" Ex. A, E-mail chain. The parties continued to discuss the possible scope of discovery and the availability of Defendants for their depositions. *See id.* Given the deadline

1

for the Response to Plaintiff's Motion for Judgment on the Pleadings and the close relationship to the Rule 56(d) motion, Defendants proceeded with filing, while continuing their conferral efforts. The certificate of conferral on the Joint Rule 56(d) Motion [Doc. #99] notes that Defendants' counsel "will work with Plaintiff's counsel if this Motion is unopposed to minimize time or expense for any parties or the Court." *Id.* at p. 1. Indeed, conferral continued into the next week. *See* Ex. A, E-mail chain. To date, no agreement regarding the scope of discovery has been reached, and instead of acknowledging Defendants' offer to minimize these issues, Plaintiff proceeded to file a twenty-page response. In other words, conferral continued for several days, to no avail. This is more than sufficient, and it is not grounds to strike the Joint Rule 56(d) Motion [Doc. #99].

## INTRODUCTION

MAB jointly filed a Motion for Additional Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d) (the "Joint Rule 56(d) Motion") [Doc. #99], with co-defendants Marc E. Bruner and the Bruner Family Trust (the "BFT Parties"). In so doing, Bruner submitted his own affidavit along with an affidavit of the BFT Parties' counsel. These documents, jointly submitted on behalf of all defendants, set forth the basis for additional discovery necessary to respond to Plaintiff's Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment.

Instead of focusing on the relatively limited scope of the to the Joint Rule 56(d) Motion, Plaintiff spends the bulk of his Response [Doc. #105] arguing his position on summary judgment. He either ignores or attempts to minimize the requirements of 56(d), the additional discovery requested, and the necessity of that discovery. Plaintiff is so desperate to rush to summary judgment that he disregards the catch-22 he has put MAB in. For example, Plaintiff brushes MAB's sworn affidavit off as "bald-faced" and "self-serving," but simultaneously demands MAB

2

rely on Plaintiff's own self-serving, conclusory, and contradictory affidavit. These are the very reasons discovery is necessary. MAB believes that there is a sufficient dispute of fact to deny Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. #90]. However, if the Court is inclined to grant it, Plaintiff's Response to the Joint Rule 56(d) Motion highlights numerous factual issues which merit discovery, as Defendants have requested.

## ARGUMENT

It is clear from the face of the Joint Rule 56(d) Motion that it seeks alternative relief. It expressly states, "the Court should deny Plaintiff's Motion [Doc. #90]. To the extent the Court is inclined to grant it, Defendants request that, instead, the Court either deny the Motion or defer ruling on it in order to allow them to take appropriate discovery." Joint Rule 56(d) Motion [Doc. #99] at p. 2. Plaintiff's Response [Doc. #105] goes to great lengths in attempting to characterize Defendants' requested evidence as disingenuous and inconsistent with their Responses [Docs. #97-98 and 100-101]. In taking this position, Plaintiff ignores Defendants' express representations that this relief is sought only if the Court is inclined to grant Plaintiff's Motion for Partial Judgment on the Pleadings [Doc. #90] outright.

Moreover, the Joint Rule 56(d) Motion complies with Fed. R. Civ. P. 56(d). That rule allows a court to defer ruling on a motion for summary judgment and permit time for discovery, including but not limited to affidavits, written discovery, or depositions. *See id.* (allowing time to obtain affidavits, take discovery, or issue any other appropriate order). A motion under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the nonmoving party] to obtain those facts and rebut the motion for summary judgment."

3

*Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)). As Plaintiff argues, this requires an affidavit to explain the reasons additional discovery is needed. *See Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010).

Contrary to Plaintiff's assertion, MAB and the BFT Parties jointly submitted the Joint Rule 56(d) Motion (as indicated by its name). The affidavit provided by the BFT Parties' counsel sets forth all four requirements. *See* Affidavit of William Meyer [Doc. #99-2] at ¶ 5 (discussing facts related to Rule 1.8 defense that are not available to MAB or the BFT Parties); ¶ 4 (facts are not available because discovery is in its early stages and the parties only recently exchanged disclosures); ¶¶ 4-6 (describing measures taken to obtain these facts to date and anticipated future discovery, including the status of disclosures, written discovery, and the need for Plaintiff's deposition); ¶¶ 5-6 (explaining how additional time will benefit all Defendants in obtaining this discovery and allowing them to justify their opposition to summary judgment). As explained, the Motion was submitted jointly, and the Affidavit applies with equal force to MAB as to the BFT Parties. This is not, as Plaintiff contends, the BFT Parties trying to protect MAB's rights. The Motion and its exhibits were jointly submitted on behalf of all Defendants, and it suffices to preserve all of their rights to take discovery – including MAB's. Any separate affidavit from MAB specifically would merely duplicate that submitted by the BFT Parties' counsel.[1]

Moreover, the Joint Rule 56(d) Motion elaborates on the relationship between MAB and Plaintiff and explains that discovery is necessary to probe this relationship, including whether the parties believed an attorney-client relationship existed and, if so, whether the required documents

---

[1] Should the Court require this affidavit for MAB specifically, counsel can certainly provide one.

4

and disclosures were provided under Rule of Professional Conduct 1.8.  Notably, this fact is also implicated by MAB's own affidavit, the affidavit submitted by the BFT Parties' counsel, and Plaintiff's own Response.  For example, MAB has represented that he believed Plaintiff represented him in a personal capacity.  *See generally* MAB's Response to Motion for Summary Judgment [Doc. #100].  Plaintiff disputes this and further purports that he advised MAB in writing to obtain separate counsel.  *See generally* Reply in Support of Motion for Summary Judgment [Doc. #108]; Response to Joint Rule 56(d) Motion [Doc. #99] at p. 12.  No defendant believes that the simple e-mail to which Plaintiff refers satisfies the requirements of Rule 1.8.  *See* BFT Parties' Response to Statement of Facts [Doc. #97] ¶ 33; Ex. 6 [Doc. #97-6]; Affidavit of MAB [Doc. #99-1] ¶¶ 2-26.  The instant dispute (1) is a reason to deny summary judgment, and (2) demonstrates the very reasons discovery is necessary.

Plaintiff makes numerous other accusations against the conduct of MAB, while ignoring several of Plaintiff's own inconsistent statements.  For example, Plaintiff purports to have made extensive disclosures, but these are only 75 pages of documents, none of which address the issues above.  As Defendants have noted, the case is in its early stages, and only minimal discovery has taken place.  It is telling that Plaintiff has represented on several occasions that he intends to serve discovery shortly, but to date, has not done so.  Indeed, Plaintiff represented as much to the Court in the Scheduling Conference of April 23, 2021 – over two months ago.

Moreover, Plaintiff repeatedly argues he "has demonstrably been trying to enforce his rights, and MAB has made Plaintiff chase him through a maze of delays and excuses for years." Response [Doc. #105] at p. 20.  He relies on this as a reason to deny discovery.  Plaintiff's statement is hypocritical in the extreme.  Plaintiff filed this action on April 12, 2019.  *See*

5

Complaint [Doc. #1]. He did not take any action for almost a year after filing, from the issuance of a Summons in August 2019 until he filed his First Amended Complaint in June 2020. *See* Summons Request dated August 13, 2019 [Doc. #14]; Summons Issued August 14, 2019 [Doc. #15]; First Amended Complaint, filed June 5, 2020 [Doc. #16]. This case was almost dismissed for Plaintiff's own failure to prosecute. *See* Discharged Order to Show Cause [Doc. #18]. For Plaintiff to now argue that a delay is prejudicial, after he took no action for nearly a year, cannot be countenanced. This is further emphasized by the fact that Plaintiff alleges MAB was in breach of the contract in September 2017, but still delayed in filing suit for nearly two years. Plaintiff's assertions of delay are the result of his own actions, not any action of MAB. Plaintiff filed this action, and MAB should have the opportunity to defend it by taking the identified discovery.

In the same vein, Plaintiff asserts that MAB's (and the other defendants') defense based on Rule 1.8 is a hollow threat to end this litigation. If that is the case, then Plaintiff should have no problem with the requested discovery. Moreover, when MAB conferred about amending his Answer to include a defense based on Rule 1.8, Plaintiff did not oppose the amendment. Only now, when faced with the possibility of discovery into his attorney-client relationship with MAB, does Plaintiff raise the issue. If Plaintiff truly believed that MAB's defense based on Rule 1.8 is not asserted in good faith, Plaintiff could have further conferred with MAB's counsel, opposed the amendment, or raised concerns with Rule 11. Instead, Plaintiff consented to the amendment and the assertion of the Rule 1.8 defense, only to now contend that it is unwarranted and does not merit discovery.

Instead of acknowledging that, in fact, discovery is necessary, Plaintiff argues his own affidavit is genuine and honest while disputing the genuine nature of MAB's. Again, this is a

6

quintessential fact dispute and indicates the reasons summary judgment should be denied. However, it also supports MAB's need for discovery. By making such assertions, Plaintiff essentially requests the Court and MAB to rely on his statements only. A critical element of discovery is to explore the facts underlying a party's claim or defenses, as well as to probe their credibility. Plaintiff and MAB have submitted contradicting affidavits. Under these circumstances, MAB is entitled to explore Plaintiff's position, and presumably Plaintiff would want to understand MAB's as well. However, instead of acknowledging the problem with this dispute, Plaintiff argues that the Court should ignore MAB's affidavit, trust Plaintiff's word that no attorney-client relationship existed, and grant judgment in his favor.

## CONCLUSION

MAB submitted a Joint Rule 56(d) Motion with the BFT Parties. With that filing, he submitted his own affidavit and the affidavit of the BFT Parties' counsel. The Motion and its exhibits explain the reasons that discovery is necessary into several subjects, including: (1) the relationship between MAB and Plaintiff; (2) whether Plaintiff complied with Rule 1.8 in the transaction; and (3) whether Plaintiff waived his rights in the contract. Discovery is necessary to explore these issues, to develop the factual basis for MAB's defenses, and to evaluate the credibility of all parties – including Plaintiff. This is especially true given the dueling nature of the affidavits submitted by Plaintiff and MAB. Therefore, MAB must be entitled to discovery into these subjects before the Court grants Plaintiff's Motion for Judgment on the Pleadings.

DATED this 9th day of July, 2021.

**MOYE WHITE LLP**

By: /s/ *Tanya A. Sevy*
William F. Jones
Timothy M. Swanson
Tanya A. Sevy
1400 16th Street, 6th Floor
Denver, Colorado 80202
Phone: (303) 292-2900
Email: billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc A. Bruner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2021, I electronically filed the foregoing **DEFENDANT MARC A. BRUNER'S REPLY IN SUPPORT OF JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants Bruner
Family Trust and Marc E. Bruner*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC

*Attorneys for Interpleader Plaintiff
Jeffrey L. Hill, Chapter 7 Trustee of
PetroHunter Energy Corporation*

                                          */s/ Tanya A. Sevy*