IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

---

## ORDER ON
## DEFENDANTS' JOINT MOTION FOR ADDITIONAL TIME TO TAKE DISCOVERY PURSUANT TO FED. R. CIV. PRO. 56(d) (Dkt. #99)

---

### N. REID NEUREITER
### United States Magistrate Judge

This matter came before the Court on Defendants' Joint Motion for Additional time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d) (Dkt. #99), referred by Judge Moore on June 18, 2021. (Dkt. #102.)

Plaintiff opposed the Motion. (*See* Dkt. #105.) Defendants Marc E. Bruner and the Bruner Family Trust filed a reply. (Dkt. #111.) Defendant Marc A. Bruner also filed a reply.( Dkt. #112.) I held a telephonic hearing on the Motion of July 13, 2021. Having considered the arguments of the Parties, the Motion will be **DENIED**.

This case arises out of an alleged agreement by Plaintiff David Brody to assign and transfer to Defendant Marc A. Bruner a bankruptcy claim against PetroHunter Energy Corp. The consideration for the transfer of the bankruptcy claim was to have

been $25,000 in cash and 150,000 freely tradable shares of Fortem Resources, Inc., which shares are alleged to have been valued in excess of $300,000. (*See* Amended Compl., Dkt. #16 ¶ 1.) Marc A. Bruner is alleged to have never paid the cash or the shares in consideration for the bankruptcy claim. Defendants the Bruner Family Trust and Marc E. Bruner (as Trustee) are alleged to have conspired with Marc A. Bruner to defraud Plaintiff Brody by making a promise that was never intended to be fulfilled. (*Id.*)

On May 14, 2021, Plaintiff filed a Motion for Partial Judgment on the Pleadings, or, Alternatively, for Partial Summary Judgment (Dkt. #90), arguing that the Marc A. Bruner's Answer contains all the admissions necessary to grant judgment on the breach of contract claim to Brody. In short, Brody's argument is that Marc A. Bruner admits that he received a valuable bankruptcy claim from Brody, transferred it into his own name, and never paid any portion of the consideration—neither the shares nor the $25,000 in cash. Brody's argument is that he is, therefore, entitled to judgment on the breach of contract claim as a matter of law. (Dkt. #90 at 1.) The Motion is simple and concise, consisting of only five pages.

Defendants Marc E. Bruner and the Bruner Family Trust filed a Response to the Partial Motion for Judgment on the Pleadings. (Dkt. #98.) Defendant Marc A. Bruner filed his own, separate Response (Dkt. #100) with his own Statement of Additional Disputed Facts. (Dkt. #101.)

Defendants have two substantive arguments and one procedural argument against entry of judgment on the contract claim. First, Defendants argue that because Brody was Marc A. Bruner's lawyer, the contract between Brody (lawyer) and Marc A. Bruner (client) was presumptively void against public policy unless Brody can show that

he complied with Rule 1.8 of the Colorado rules of Professional Conduct—which he allegedly cannot do. Second, Defendants claim that Brody waived his rights under the agreement by affirmatively telling Marc A. Bruner that he was content to wait for the transfer of the shares. Third, Defendants argue that, as a procedural matter, judgment cannot enter based on the pleadings because pleadings are not technically closed. They also argue that Brody has failed to present adequate and non-speculative evidence of his claimed damages. (*See* Dkt. #100 at 1–2.)

The same day that Defendants filed their Responses to the Summary Judgment Motion (June 18, 2021), they simultaneously filed the instant Joint Motion for Extension of Time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d). (Dkt. #99.) Oddly, the Motion essentially serves as a backstop, insisting that the Court could deny Plaintiff's summary judgment motion based on the responses already submitted. The Motion continues, "However, if this Court is inclined to grant the Motion, Defendants lack the discovery necessary to submit additional disputed facts. Accordingly, if the Court does not deny Plaintiff's Motion, Defendants must be permitted to conduct discovery pursuant to Fed. R. Civ. P. 56(d)." In other words, Defendants effectively argue: we are going to win the summary judgment motion based on the information we have already submitted, but if the Court thinks we might not have submitted enough evidence of disputed facts to preclude the grant of summary judgment, then we should be allowed discovery to generate more disputed facts and, presumably, be entitled to submit supplemental briefing that would include the additional information that is missing from our current responses.

That is not how the summary judgment briefing process usually works. A party does not get a preliminary advisory opinion on its response to summary judgment and the opportunity supplement the record if the Court is not inclined to rule his way. "[W]hen a movant has met the initial burden required for the granting of summary judgment, the opposing party *either* must establish a genuine issue for trial under Rule 56(c) *or* explain why it cannot yet do so under Rule 56(d)." 10B Wright, Miller and Kane, *Federal Practice and Procedure* § 2740 at 364 (2016) (emphasis added). Here, Defendants have used the belt and suspenders approach—doing both. But this increases the cost and uncertainty of the process, requiring Plaintiff both to respond to the Defendants' oppositions to the summary judgment motion and to the motion under Rule 56(d).

A further difficulty with the way Defendants presented their Rule 56(d) motion is that Judge Moore has referred the Rule 56(d) motion to me but retained the summary judgment motion for his own decision. I, as a magistrate judge, cannot presume to predict what Judge Moore is likely to do on the motion for summary judgment. I will therefore address the Rule 56(d) standards and make my decision on that basis, without considering whether Judge Moore is "inclined" to grant the summary judgment motion.

Rule 56(d) provides that, in opposing a summary judgment motion:

if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court, may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"[A] party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit explaining why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations omitted and applying Rule 56(d)'s substantially identical predecessor). Such explanation "includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.* (internal quotations omitted).

"Rule 56(d) requires . . . specificity; vague or conclusory statements are insufficient." *McLaughlin v. Experian Info. Sols., Inc.,* No. 16-cv-01337-RM-KHR, 2017 WL 8294271, at *2 (D. Colo. Dec. 28, 2017) (citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015); *Trask v. Franco*, 446 F.3d 1036, 1041–42 (10th Cir. 2006)). "Rule 56(d) . . . is not a license for a 'fishing expedition,'" *id.* (citing *JL v. New Mexico Dep't of Health*, 131 F.Supp.3d 1248, 1251 (D.N.M. 2015) (quoting *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990)), and mere "[s]peculation cannot support a Rule 56(d) motion," *id.* (quoting *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013)). Rather, the requested discovery must concern facts "essential" to rebutting summary judgment. *McLaughlin*, 2017 WL 8294271, at *6.

This said, the purpose of subdivision (d) "is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . ." 10B Wright, Miller and Kane, *Federal Practice and Procedure* § 2740 at 366–67 (2016). For that

5

reason, courts have stated that the provision "should be applied with a spirit of liberality." *Id.* at 368.

Defendants have submitted the affidavit of William Meyer, attorney for the "BFT Parties" (Marc E. Bruner (Trustee) and Bruner Family Trust), but nothing from counsel for Marc A. Bruner. (*See* Dkt. #99-2.) The Meyer Affidavit generally complains that no formal written discovery has happened in the case and no depositions have been taken. Meyer says that his clients, the BFT Parties, were not parties to the alleged contract or the relationship between Plaintiff Brody and Marc A. Bruner. Because one defense to the breach of contract claim is that the contract is void under Rule of Professional Conduct 1.8, Mr. Meyer asserts "The BFT Parties, therefore, require discovery into that relationship to present a potentially viable defense." (Dkt. #99-2 at ¶ 5.) Meyer also argues that Marc A. Bruner "likely would benefit from such discovery from Plaintiff [Brody] to establish that Plaintiff subjectively believed he was [Marc A. Bruner's] lawyer as well." (*Id.*) Meyer also says that "Defendant also cannot present essential facts pertaining to whether Plaintiff waived his claims or right to recover all of some portion of damages." (*Id.*)

But Marc A. Bruner, Marc E. Bruner, and the Bruner Family Trust are aligned in this litigation. Information about Marc A. Bruner's attorney-client relationship with Mr. Brody, and any waiver by Mr. Brody, is clearly in the possession of Mr. Marc A. Bruner. When asked at oral argument, counsel for the BFT Parties could not give a satisfactory explanation for why information or e-mails needed to respond to the summary judgment could not be obtained (or had not been obtained) by interviewing their co-defendant, Marc A. Bruner (or his agents).

Of course, Marc A. Bruner did provide an affidavit (identical copies filed as Dkt. #99-1 and Dkt. #101-1) that was attached both to the Rule 56(d) motion and the substantive response to the summary judgment motion. That affidavit lays out why Mr. Marc A. Bruner believes that Brody was his lawyer, (Dkt. #101-1 at ¶¶ 3, 18); that he was entering into a contract with his own lawyer (*id.* at ¶ 21); that he could not recall having been advised in writing about seeking the advice of independent legal counsel in the transaction (*id.* at ¶ 23); and provides the basis for the waiver argument (*id.* at ¶ 28).

In light of the essential information needed to respond to the summary judgment motion being available from Marc A. Bruner, the Meyer Affidavit does not comport with the requirements of Rule 56(d) as interpreted by the Tenth Circuit. It does not explain why certain facts cannot be presented currently or what steps have been taken to obtain the missing facts. Most specifically, Defendants have not explained what more or additional facts they would hope to discover through written discovery or a deposition that they would need to respond to the summary judgment motion, beyond what is already in the Marc A. Bruner affidavit.

There is one other reason for denying this motion—the procedural impropriety of Defendants both filing responses to the summary judgment motion and simultaneously filing the Rule 56(d) motion. This imposes double expenses on the Plaintiff. Plaintiff had to reply in support of the motion for summary judgment and also oppose the Rule 56(d) motion. If the Rule 56(d) motion were granted, then Defendants would likely file supplemental materials in opposition to the summary judgment motion, to which the Plaintiff would have to respond. Granting a Rule 56(d) motion after full briefing on summary judgment has been completed is not contemplated by the Rules and is

7

inconsistent with Rule 1, which states that the Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

For the foregoing reasons, Defendants' Joint Motion for Additional time to Take Discovery Pursuant to Fed. R. Civ. P. 56(d) (Dkt. #99) is **DENIED**. I will also note that, while it is not a basis for my decision, Defendants did not adequately confer prior to filing their motion for extension of time, which is a shame. Based on the e-mails being exchanged, had Defendants bothered to complete in good faith the conferral process required not only by local rule but the judicial officers' practice standards, some accommodation might have been reached between counsel without the need for a motion at all. Future failures meaningfully to confer in good faith will likely result in outright denial of motions and the imposition of sanctions.

Dated: July 15, 2021
      Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge