IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-CV-01091-RM-NRN

DAVID E. BRODY,

        Plaintiff,

v.

MARC A. BRUNER, et al.,

        Defendants.

**STIPULATED MOTION FOR ENTRY OF PROTECTIVE AND CONFIDENTIALITY ORDER**

The parties, through their respective counsel, stipulate and request the Court enter this Stipulated Motion for Entry of Protective and Confidentiality Order to protect discovery and dissemination of confidential information or information which may contain proprietary, or trade secret information that may be subject to discovery in this action:

Upon a finding of good cause, IT IS ORDERED THAT:

1.    This Protective and Confidentiality Order ("Order") governs the production, use, and disclosure of all documents, materials, and data in any form or format, including without limitation responses to interrogatories, requests for admission, deposition transcripts (including exhibits thereto), and any other information, objects, or things which have been or will be produced or received by any party or non-party during the pendency of this action, as well as any and all copies, digests, summaries, and by-products thereof, which shall herein be collectively referred to as "Materials".

1

2. This action involves the production of Materials by parties and non-parties. Parties and/or non-parties may assert that some of the Materials that are produced or disclosed in this litigation are confidential, proprietary, and/or privileged within the meaning of Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The term "person" as used herein includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

3. Pursuant to Fed. R. Civ. P 26(c)(1)(G), if, during the course of this litigation any party or non-party undertakes to produce or is caused to disclose what it in good faith believes embodies a trade secret or confidential, proprietary, and/or privileged Materials, the procedures set forth in this Order shall be employed and disclosure shall be subject to this Order.

4. For purposes of this Order, the term CONFIDENTIAL shall mean any Materials, including the contents thereof, (including copies, transcripts, videos, sound recordings, and electronically stored information) that: (a) is a trade secret; (b) contains confidential and/or proprietary research, development, customer, commercial or financial information; or (c) is other information subject to a legally protected right of privacy under Fed. R. Civ. P 26(c)(1)(G).

5. Counsel for any party or non-party to this litigation shall designate documents or information as CONFIDENTIAL prior to actual production of the documents or information, or upon the provision of photocopies of documents that have been produced, by placing the notation "CONFIDENTIAL" on every page of each document so designated, or in the case of CONFIDENTIAL information disclosed in a non-paper medium (e.g. video tape, audio tape, computer disks, tapes, or other storage media), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container. An inadvertent failure to mark each individual page

of a CONFIDENTIAL document does not constitute a waiver of the protection afforded by this Order, so long as the first page or cover page of the document is designated as CONFIDENTIAL.

6. With respect to transcribed testimony or evidence, counsel for any party or non-party shall designate such portions of the transcript as CONFIDENTIAL either on the record or no later than seven (7) calendar days after receipt of the transcribed testimony or evidence.

7. If CONFIDENTIAL information is inadvertently disclosed before it has been designated as "CONFIDENTIAL," the party supplying such CONFIDENTIAL information may, promptly after discovering the inadvertent disclosure, designate the information as CONFIDENTIAL as the case may be and, subject to the provisions of this Order, any such Materials shall thereafter be treated as confidential information.

8. Any receiving party or non-party may request that the designating party or non-party cancel the CONFIDENTIAL designation with respect to any documents, objects, or information. Such request shall be written, served on counsel for the designating party or non-party, and identify the designated CONFIDENTIAL information that the receiving party contends is not CONFIDENTIAL and the reasons supporting its contentions. If the designating party or non-party does not agree that the documents or information should no longer be considered CONFIDENTIAL information under this Order, then the designating and requesting parties or non-parties shall make reasonable efforts to meet and confer in a good faith effort to resolve their dispute. If, after timely notice and conference, the parties or non-parties fail to resolve their dispute, the party or non-party contending for non-confidentiality may seek to resolve such dispute in accordance with the Court's practice standards and/or the Scheduling

Order.  The moving party or non-party shall not make any disclosure while the matter is pending before the Court, nor while any appeal or request for review or reconsideration pertaining to the Court's ruling is pending.

9.  Counsel for any party shall have the right to exclude from oral depositions, other than the deponent, the deponent's counsel and any named party in this action, any person who is not authorized by this Order to receive documents or information designated as CONFIDENTIAL information.  Such right of exclusion pursuant to this Order shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising CONFIDENTIAL information.  If during the course of any deposition, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties that the deposition transcript, any portion thereof, or any exhibit to the deposition is subject to designation as CONFIDENTIAL information, such transcript or portion thereof and/or exhibit shall be treated as provided by this Order for documents designated as CONFIDENTIAL information.  A party that objects to the designation shall have the rights and obligations as set forth in Paragraph 8.  Notwithstanding the foregoing, no non-party or counsel of a non-party shall be permitted to make such a designation of CONFIDENTIAL information until such non-party has complied with the requirements of Paragraph 23 hereof.

10.  When depositions or portions of depositions are designated as CONFIDENTIAL information, counsel shall use such information only as provided for in this Order.  All persons present at the taking of such depositions when such information is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

4

11. When documents or information are designated as CONFIDENTIAL information, copies thereof and the information contained therein may be disclosed only to the following persons:

(a) Each party, including employees, provided that such employee is assisting in this litigation, or actively engaged in connection with, or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities;

(b) Counsel for the parties, including such counsel's paralegal, secretarial, and clerical personnel who are working on this litigation;

(c) Authors and persons who were the original addressees and recipients of the confidential document or information;

(d) A witness at a deposition or at trial, if there is good faith reason to believe that the witness (or the employer of such witness if upon Rule 30(b)(6) deposition) (1) has previously seen the document; or (2) is familiar with the subject matter of the document, and likely has knowledge of relevant information regarding the document or information designated as CONFIDENTIAL;

(e) Consultants and experts and their staff ("experts") who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action in accordance with Fed. R. Civ. P. 26(a)(2), to the extent that such disclosure is necessary for the preparation of this case for trial or appeal;

(f) Court reporters, including stenographers and video technicians transcribing proceedings in this action;

5

(g) Any mediator agreed upon by parties, and such mediator's employees and staff;

(h) Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or data base services to the Parties' counsel; and

(i) The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court.

12. Disclosure of documents containing CONFIDENTIAL information to an expert or consultant under Paragraph 11(e) shall not constitute a designation of the person as an expert whose opinions may or must be presented at trial.

13. If testimony concerning CONFIDENTIAL information is elicited at a hearing or at trial, counsel for any party may request that the Court designate a portion of the transcript to be sealed and treated as CONFIDENTIAL information.

14. Nothing in this Order shall be deemed a waiver of any party's right to object on grounds that information which has been produced or will be produced in this action is not authentic, admissible, or discoverable.

15. CONFIDENTIAL information subject to this Order includes all copies, extracts, descriptions and summaries thereof, and all documents containing information taken therefrom.

16. Should the parties desire to attach to or include in a motion or other filing or offer of evidence to the Court CONFIDENTIAL information, or portions of documents or information designated as CONFIDENTIAL, any and all documents and/or information containing such information, or portions thereof, shall be filed with the Court in accordance with procedures available through the CM/ECF system for filing documents as protected. Alternatively, if

possible, the portions of documents containing CONFIDENTIAL information and that are not relevant to the issue before the Court shall be redacted.  Before using any such protected material in connection with an in-court presentation, counsel will make reasonable efforts to meet and confer in good faith with the party producing the protected material to discuss whether the use of the protected material can be avoided.  Any disputes will be resolved by the Court.

17. All documents and information designated as CONFIDENTIAL shall be used by the party or person receiving them solely for the purpose of trial in this action, or preparation for trial and appeal of this action, or for any alternative dispute resolution proceeding mutually agreed upon by the parties to resolve this action, or generally in connection only with this action, and for no other purpose whatsoever.  Material designated as CONFIDENTIAL shall not be disclosed to any person or entity except as expressly provided herein.

18. Nothing contained in this Protective Order shall preclude any party from using its own CONFIDENTIAL information in any manner it sees fit.

19. The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, attorney/client privilege or work product; or (b) to raise or assert any defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence.

20. Nothing in this Order shall be construed to create rights in any person not a party to this litigation except as expressly set forth in Paragraph 23 below.

21. If information designated CONFIDENTIAL in this action is requested in a subpoena or other process by someone who is not a party in this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that

7

has designated the information as CONFIDENTIAL, and shall not produce the documents until no earlier than fourteen (14) days after providing notice or the return date of the subpoena or other process.

22. The Court retains jurisdiction during and after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

23. Any person not a party to this action from whom discovery is sought, may obtain the benefits of this Order by acknowledging in writing that such non-party has read this Order, has elected to accept its benefits and agreed to be bound by it, and has irrevocably submitted itself, himself, or herself to the jurisdiction of this Court for the limited purpose of resolving all issues regarding such non-party's CONFIDENTIAL information in accordance with this Order. Any documents, deposition testimony, and other information produced upon discovery by such non-party and designated as CONFIDENTIAL by such non-party shall be treated accordingly.

24. Upon final termination of this action (including all appeals), the receiving party or person shall, within fourteen (14) days of such termination, return to the designating party or destroy all Materials designated as CONFIDENTIAL, together with all copies, extracts, descriptions and summaries thereof and all documents containing information taken therefrom. The receiving party or person shall promptly certify in writing to the producing party the return or destruction of all such Materials. Counsel for each party may retain a copy of such Materials pursuant to their respective law firm's document/file retention policy.

108478\662682\77994533.1

25. Any party or person who violates this Order or who makes or assists in making an unauthorized disclosure of Materials designated CONFIDENTIAL pursuant to this Order, shall be subject to an award of damages, injunction, and all costs for bringing any action against that person, including reasonable attorney fees and other relief as the Court deems appropriate.

26. Inadvertent production of any document(s), including, but not limited to, hardcopy and electronic documents/e-mails, produced in response to discovery requests, or in initial or supplemental disclosures pursuant to Fed. R. Civ. P. 26(a)(1), in this action by any party or non-party that the producing party or non-party later claims should have been withheld on grounds of privilege, including the work product doctrine, will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document(s) that it inadvertently produced by identifying the document(s) inadvertently produced and by stating the basis for withholding the inadvertently produced document(s), in which case the procedures of Fed. R. Civ. P. 26 (b)(5)(B) shall apply.

27. If a party or non-party requests the return of an inadvertently produced document(s) which is then in the custody of one or more parties, the possessing parties shall, within seven (7) days of the request, return or destroy the specified document(s) and all copies thereof and shall expunge from any other document or material information solely derived from the inadvertently produced privileged document(s); and shall provide a certification to the party requesting the return of an inadvertently produced document(s), that such document has been returned or destroyed. If the parties dispute whether a document must be returned or destroyed pursuant to this Paragraph, then the procedures of Paragraph 8 shall apply.

108478\662682\77994533.1

28.     If a party receives a document(s) that obviously is subject to a claim of privilege by the producing party or non-party, the receiving party immediately must notify the party or non-party that produced such document(s); shall, within seven (7) days, either destroy the document(s) or return it to the producing party or non-party; and shall provide a certification to the producing party, that such document has been returned or destroyed.

29.     Nothing in this Order shall be deemed to preclude the parties from seeking modification of this Order by the Court upon good cause shown.

30.     This Order shall be construed in accordance with the Federal Rules of Civil Procedure and the laws of the State of Colorado.

Entered this ____ day of _____2021.

BY THE COURT:

_____

N. Reid Neureiter,
United States Magistrate Judge

10

108478\662682\77994533.1

**APPROVED:**

*/s/ Michael A. Rollin*
Michael A. Rollin
Foster Graham Milstein & Calisher LLP
360 South Garfield Street, Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
Tel:    (303) 333-9810
Facsimile: (303) 333-9786
*Attorneys for Plaintiff David E. Brody*


*/s/ Tanya A. Sevy*
William F. Jones
Tanya A. Sevy
Moye White LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com
Tel: (303) 292-2900
*Attorneys for Defendant Marc A. Bruner*


/s/ *William R. Meyer*
William R. Meyer
Polsinelli PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com
Tel: (303) 572-9300
Fax: (303) 572-7883
*Attorneys for Defendants The Bruner Family Trust, and Marc E. Bruner, as Trustee of the Bruner Family Trust*

108478\662682\77994533.1