IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

    Defendants.

## ORDER

This matter is before the Court on Defendants the Bruner Family Trust ("BFT") and Marc E. Bruner, as Trustee of the BFT's (collectively, "BFT Defendants") motion to dismiss (ECF No. 67) and Marc A. Bruner's ("MAB") motion for partial joinder (ECF No. 69). Plaintiff David Brody ("Brody") has filed a response to the motion to dismiss (ECF No. 74) and the BFT Defendants have filed a reply (ECF No. 76). Upon consideration of the motion and related briefing, the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

**I.     BACKGROUND**

This case stems from a contract dispute where Brody agreed to transfer his bankruptcy claim ("Claim 7") against PetroHunter Energy Corporation to MAB in exchange for stocks and cash. (ECF No. 16 at ¶ 12.) The consideration for Claim 7 was to be (1) two equal instalments of $12,500 paid within 30 and 60 days of the agreement and (2) 150,000 shares of stock in

Fortem Resources, Inc. transferred within 10 days of the agreement. (*Id.* at ¶ 17.)

On August 22, 2017, Brody transferred Claim 7 to MAB, but MAB failed to pay Brody as outlined in the agreement. (*Id.* at ¶¶ 16, 18-19.) As a result, Brody sued MAB. Brody later amended his complaint to add the BFT Defendants. (*Id.* at ¶¶ 6-9.) In his amended complaint, Brody alleges seven causes of action arising under state law based on the contract dispute: (1) fraud; (2) civil theft; (3) breach of contract; (4) breach of implied duty of good faith and fair dealing; (5) promissory estoppel; (6) civil conspiracy; and (7) declaratory judgment. (*Id.* at ¶¶ 31-69.)

As relevant to the instant motion to dismiss, Brody asserted a single claim for civil conspiracy (Count VI) against the BFT Defendants. (*Id.* at ¶¶ 60-65.) The amended complaint alleges that the BFT Defendants and Carmen Lotito "agreed and worked cooperatively to defraud [Brody] of and steal [Claim 7] . . . or, in the alternative, to breach [MAB's] contractual obligation." (*Id.* at ¶ 62.) In furtherance of their scheme, Mr. Lotito "repeatedly misled [Brody] into believing that [MAB] would fulfill his obligations under the agreement."[1] (*Id.* at ¶ 64.)

Before answering the complaint, the BFT Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 67.) The BFT Defendants also seek costs and fees associated with defending against this suit. (*Id.*) MAB then filed a motion for partial joinder to the BFT Defendants' motion with respect to Brody's civil conspiracy claim and request for treble damages. (ECF No. 69.)

## II.    LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most

---

[1] The Court notes Mr. Lotito is not a party to this lawsuit.

2

favorable to the non-movant, and draw all reasonable inferences in that party's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

In determining whether a claim has been plausibly alleged, courts "do not require plaintiffs to establish a prima facie case. Instead, [courts] consider whether [plaintiffs] have set forth a plausible claim in light of the elements of their claim." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020). When a party asserts complex claims against multiple defendants, "it is particularly important to make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Bristow Endeavor Healthcare, LLC v. Blue Cross & Blue Shield Ass'n,* 691 F. App'x 515, 519 (10th Cir. 2017) (quotation marks and citation omitted). Further, "[t]he *Twombly* Court was particularly critical of complaints that mentioned no specific time, place, or person involved in . . . alleged conspiracies." *Id.* (quotation marks and citation omitted).

### III. DISCUSSION

The BFT Defendants argue that (1) Brody failed to pled facts supporting his civil conspiracy claim (Count VI) and (2) his claim for civil theft (Count II) and request for treble damages is barred by the statute of limitations. (ECF No. 67 at 5, 10.) Brody disagrees, arguing

that (1) he pled with sufficient particularity his claim for civil conspiracy and (2) his claim for civil theft is timely as it did not accrue until he knew of the breach, or, in the alternative, it survives under equitable tolling and estoppel doctrines. (ECF No. 74 at 3, 11.)

As an initial matter, the Court has reviewed MAB's motion to join the BFT Defendants' motion to dismiss with respect to the civil conspiracy claim and civil theft claim insofar as it seeks treble damages. The Court grants the motion for partial joinder with regard to the arguments raised in the BFT Defendants' motion which apply to MAB.

### A. Civil Conspiracy Claim

To state a claim for civil conspiracy in Colorado, a plaintiff must allege: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (citation omitted). "Conclusory allegations of conspiracy" generally reciting the elements of the claim are insufficient to survive a motion to dismiss. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (affirming district court's dismissal of conspiracy claim). Instead, Brody "must allege *specific facts* showing agreement and concerted action among the defendants." *Wagner v. CHER, LLC*, No. 18-CV-01007-STV, 2018 WL 6046432, at *5 (D. Colo. Nov. 19, 2018) (citation and quotation omitted) (emphasis in original).

Here, Brody fails to allege with any particularity facts which state a plausible claim for relief in light of the elements of his claim. More precisely, the complaint lacks facts to support at least two elements of this claim: (1) a meeting of the minds and (2) an unlawful overt act.[2]

---

[2] The BFT Defendants also argue that the claim for civil conspiracy should be dismissed because Brody failed to allege facts showing a conspiracy by two or more people. (ECF No. 67 at 6.) This argument is based on the principle that "[a] corporation and its employees do not constitute the 'two or more persons' required for a civil conspiracy, at least if the employees are acting on behalf of the corporation and not as individuals for their individual advantage." *Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1390 (Colo. App. 1986) (citation omitted). The parties concede, however, that they are unable to find any caselaw extending this tenet of corporate law to a trust, and the Court declines to do so here.

### 1. Meeting of the minds

As discussed previously, the only allegation in the complaint regarding MAB and the BFT Defendants meeting on the purported agreement is that they "agreed and worked cooperatively to defraud" Brody for their own benefit. (ECF No. 16 ¶ 62.) Even though the complaint alleges that, as part of the plan, Mr. Lotito misled Brody into believing that he would eventually be paid for Claim 7, that allegation does not concern any Defendants to this suit. The bare assertion that MAB and the BFT Defendants agreed and worked cooperatively to defraud Brody without any factual support about the substance of this illicit plan, when it was discussed, or why the parties conspired to defraud Brody is insufficient to state a claim for relief. The Court will not infer the necessary agreement; rather, the complaint must allege facts showing such agreement. *F.D.I.C. v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1473 (D. Colo. 1996).

Brody argues that the complaint contains some indicia of an agreement which is sufficient to survive a motion to dismiss. Essentially, Brody asks the Court to infer an agreement from the context of the complaint.[3] *See id.* (explaining that "the requisite agreement may be found by viewing the circumstances"). Drawing the inferences in Brody's favor, as the Court must do at this stage, the complaint lacks factual support to indicate the BFT Defendants approved, or even were aware of, MAB's alleged plan. The complaint fails to allege when the BFT Defendants conspired with MAB, details of their discussion, why they conspired with MAB to breach the agreement, or on what they had a meeting of the minds. Thus, Brody has not established an indicium of an agreement. While it may be reasonable to infer that the BFT

---

[3] Brody also asks the Court to take judicial notice of ECF No. 29 (Motion for Constructive Trust) and construe the facts therein as allegations stating a claim for civil conspiracy. (ECF No. 74 at 7.) The Court declines to consider evidence outside the pleadings on a Rule 12(b)(6) motion. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

Defendants had an interest in MAB obtaining Claim 7 to bolster the BFT's position in the PetroHunter bankruptcy proceeding, there is no indication that the parties conspired to do so through illegal means. Without more, the complaint fails to plausibly allege that MAB and the BFT Defendants mutually agreed to defraud Brody.

2. Unlawful overt act

The Court also finds that Brody fails to allege the BFT Defendants participated in an unlawful overt act. "The purpose of the conspiracy must either be unlawful or lawful and accomplished by unlawful means." *Powell Prod., Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D. Colo. 1996). For a civil conspiracy claim to survive a motion to dismiss, Brody "must allege facts that show that each defendant agreed to do something in furtherance of the conspiracy, knowing of its improper purpose." *Sieverding v. Colorado Bar Ass'n*, No. CIV.A.02-M-1950 (OES), 2003 WL 22400218, at *18 (D. Colo. Oct. 14, 2003) (dismissing conspiracy claim where the plaintiff failed to "allege any facts that show either unlawful acts or unlawful goals by the defendants").

Here, Brody has not pled facts demonstrating the BFT Defendants interfered with the agreement to sell Claim 7 or that they encouraged MAB to withhold consideration. The only allegation of an unlawful act in the complaint is MAB's failure to tender consideration, and there is no indication that the BFT Defendants were aware of his wrongdoings. While the goal of the alleged conspiracy may have been to strengthen the BFT's position in the PetroHunter bankruptcy, there are no facts supporting that this was to be accomplished by unlawful means. To the extent that Brody asserts collective allegations against MAB, the BFT Defendants, and Mr. Lotito, they are insufficiently clear to show exactly what the BFT Defendants did wrong. Thus, Brody does not plausibly allege any unlawful overt acts taken by the BFT Defendants in

furtherance of the conspiracy.  Accordingly, the claim must be dismissed.

Because Claim VI is the only claim alleged against the BFT Defendants, and it fails to allege a plausible right to relief, there are no remaining claims against the BFT defendants.[4]

**B.     Civil Theft Claim**

The BFT Defendants argue that Brody's claim for civil theft and request for treble damages is barred by the statute of limitations.  The parties agree that, under Colorado law, the statute of limitations for civil theft is two years and the statute of limitations for its treble damages provision is one year.  *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019).  The parties dispute, however, when the civil theft claim accrued.

The BFT Defendants argue that the claim accrued when MAB failed to tender consideration in September 2017, thirty days after executing the agreement.  (ECF No. 67 at 10.)  Consequently, when Brody filed suit in April 2019, the one-year statute of limitations had expired.  Further, the BFT Defendants argue that the civil theft claim was first asserted in June 2020, more than two years after the claim accrued.  (*Id*. at 11.)  Brody argues his claim is timely because it did not accrue when the theft occurred, but rather when he knew or should have known MAB would not deliver consideration in May 2020.  (ECF No. 74 at 12.)  Brody also argues that the equitable doctrines of estoppel and tolling bar application of the statute of limitations, or, in the least, require more factual development.  (*Id.*)

The Court finds that dismissal of the civil theft claim based on the statute of limitations is not appropriate and is better left to some factual development.  The statute of limitations is an affirmative defense and is more aptly raised in the "defendant's answer than through a motion to

---

[4] The Court recognizes that Count VII for declaratory judgment is against all Defendants, but as the BFT Defendants argue, the only relief sought pertains to Claim 7, in which they have no interest and the proceeds from which have been deposited into the Court's registry pending final disposition of this matter.  Accordingly, the Court finds there still are no remaining claims against the BFT Defendants.

dismiss." *Kerby v. Commodity Res. Inc.*, 395 F. Supp. 786, 791 (D. Colo. 1975); *see also* Fed. R. Civ. P. 8(c)(1).

Based on the limited record before the Court and the nature of the claim asserted, it is difficult to discern precisely when the statute of limitations began to run. The complaint contains allegations which, taken as true, show Mr. Lotito misled Brody into believing he was going to be paid until April 2019, almost two years after the alleged breach. Whether that is sufficient to meet the requirements for equitable tolling or estoppel is a question for another day, but at this juncture, the allegations plausibly support Brody's position. *See Animal Care Sys., Inc. v. Hydropac/Lab Prod., Inc.*, No. 13-CV-00143-MSK-BNB, 2015 WL 1469513, at *12 (D. Colo. Mar. 26, 2015) (declining to resolve a statute of limitations defense on a motion to dismiss). Thus, the complaint plausibly alleges a claim for civil theft.

One final matter, the BFT Defendants request the Court award them all fees and costs incurred defending Brody's claims, but provide no development, statute, court rule, or private contract warranting such award. The general rule in Colorado is that each party in a lawsuit is required to bear its own legal expenses. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). Consequently, the BFT Defendants' request for fees and costs is denied, without prejudice.

## IV. CONCLUSION

Based on the forgoing, it is therefore **ORDERED** that:

1. MAB's Motion for Partial Joinder (ECF No. 69) is GRANTED;

2. The BFT Defendants' Motion to Dismiss (ECF No. 67) is GRANTED IN PART and DENIED IN PART;

3. Brody's civil conspiracy claim (Count VI) against MAB and the BFT Defendants is

DISMISSED WITH PREJUDICE and there are no remaining claims against the BFT Defendants;

4. Brody's civil theft claim (Count II) and all remaining claims against MAB are allowed to proceed; and

5. The BFT Defendants' request for fees and costs is DENIED WITHOUT PREJUDICE.

DATED this 20th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

9