IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## DEFENDANT MARC A. BRUNER'S SECOND AMENDED ANSWER

Defendant Marc A. Bruner ("MAB") hereby submits his Second Amended Answer to Plaintiff's First Amended Complaint, as follows.[1]

### Answer to Nature of the Claims

1. MAB denies the allegations contained in Paragraph 1 of the First Amended Complaint.

2. MAB denies the allegations contained in Paragraph 2 of the First Amended Complaint.

3. MAB denies the allegations contained in Paragraph 3 of the First Amended Complaint.

---

[1] Although entitled "Second Amended Answer," the only revisions are to add MAB's Answer to the civil conspiracy claim.

1

4842-7918-6165.1

## Answer to The Parties

4. Upon information and belief, MAB admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5. MAB admits he resides outside of Colorado, primarily in Switzerland, and denies the remaining allegations contained in the first sentence of Paragraph 5 of the First Amended Complaint. MAB admits the allegations contained in the second sentence of Paragraph 5 of the First Amended Complaint.

6. MAB admits the allegations contained in Paragraph 6 of the First Amended Complaint.

7. MAB admits the allegations contained in Paragraph 7 of the First Amended Complaint.

## Answer to Jurisdiction and Venue

8. The allegations contained in Paragraph 8 of the First Amended Complaint assert legal conclusions for which no response is required. To the extent any response is required, MAB contests this Court's jurisdiction and incorporates the arguments set forth in his August 19, 2020 Response to Plaintiff's Motion for Constructive Trust [Doc. #38] and September 14, 2020 Reply to Plaintiff's Response to Order to Show Cause [Doc. #55].

9. The allegations contained in Paragraph 9, including Subparagraphs (a)-(g), assert legal conclusions for which no response is required. To the extent any further response is required, MAB denies the allegations contained in Paragraph 9 of the First Amended Complaint.

10. The allegations contained in Paragraph 10, including Subparagraphs (a)-(c) assert legal conclusions for which no response is required.

11.     The allegations contained in Paragraph 11 assert legal conclusions for which no response is required.  To the extent any further response is required, MAB denies the allegations contained in Paragraph 11 of the First Amended Complaint.

## Answer to Allegations

12.     MAB admits that on or about August 16, 2017, he and Plaintiff entered into an Agreement.  With regard to the remaining allegations contained in Paragraph 12, the terms of the Agreement speaks for itself and MAB denies any allegation inconsistent therewith.

13.     MAB denies the allegations contained in Paragraph 13 of the First Amended Complaint.

14.     MAB denies the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     MAB admits that he and Plaintiff discussed consideration for the Agreement, and denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16.     With regard to the allegations contained in Paragraph 16, MAB admits Brody transferred the bankruptcy claim and all applicable notices were given.  MAB further states the transfer documents in the bankruptcy action speaks for themselves.  MAB denies the remaining the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     With regard to the remaining allegations contained in Paragraph 17, the terms of the Agreement speak for themselves and MAB denies any allegation inconsistent therewith.

18.     MAB admits that the $25,000 referred to in the Agreement has not yet been paid, and denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.

4842-7918-6165.1

19. MAB admits the 150,000 Fortem Shares have not yet been transferred and denies the remaining allegations contained in Paragraph 19 of the First Amended Complaint.

20. MAB denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21. MAB denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. MAB denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23. MAB denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. MAB denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. MAB denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26. MAB denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. With regard to the allegations contained in Paragraph 27, MAB admits the May 20, 2020 Notice speaks for itself and denies any allegation inconsistent therewith.

28. The allegations contained in Paragraph 28 of the First Amended Complaint assert legal conclusions for which no response is required.

29. MAB denies the allegations contained in Paragraph 29 of the First Amended Complaint.

4842-7918-6165.1

30. With regard to the allegations contained in Paragraph 30 of the First Amended Complaint, MAB admits the Agreement speaks for itself and denies any allegation inconsistent therewith.

## Answer to Causes of Action
### Answer to Count I
### Fraud

31. MAB incorporates his responses previously set forth herein.

32. MAB denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33. MAB denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34. MAB denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35. MAB denies the allegations contained in Paragraph 35 of the First Amended Complaint.

### Answer to Count II
### Civil Theft

36. MAB incorporates his previous responses as if fully set forth herein.

37. MAB denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38. MAB denies the allegations contained in Paragraph 38 of the First Amended Complaint.

39. The allegations contained in Paragraph 39 assert legal conclusions for which no response is required. To the extent any further response is required, MAB denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40. MAB denies the allegations contained in Paragraph 40 of the First Amended Complaint.

## Answer to Count III
## Breach of Contract

41. MAB incorporates his previous responses as if fully set forth herein.

42. MAB denies the allegations contained in Paragraph 42 of the First Amended Complaint.

43. MAB denies the allegations contained in Paragraph 43 of the First Amended Complaint.

44. MAB denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45. MAB denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46. MAB denies the allegations contained in Paragraph 46 of the First Amended Complaint.

## Answer to Count IV
## Breach of the Duty of Good Faith and Fair Dealing

47. MAB incorporates his previous responses as if fully set forth herein.

4842-7918-6165.1

48. The allegations contained in Paragraph 48 assert legal conclusions for which no response is required. To the extent any further response is required, MAB denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49. The allegations contained in Paragraph 49 assert legal conclusions for which no response is required. To the extent any further response is required, MAB denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50. MAB denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51. MAB denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52. MAB denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53. MAB denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54. MAB denies the allegations contained in Paragraph 54 of the First Amended Complaint.

### Answer to Count V
### Promissory Estoppel

55. MAB incorporates his previous responses as if fully set forth herein.

56. MAB admits pre-Agreement discussions were incorporated into the Agreement, and further, that the Agreement speaks for itself. MAB denies the remaining allegations contained in Paragraph 56 of the First Amended Complaint.

57. With regard to the allegations contained in Paragraph 57, MAB admits the Agreement speaks for itself and denies any allegation inconsistent therewith.

58. MAB denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59. MAB denies the allegations contained in Paragraph 59 of the First Amended Complaint.

### Answer to Count VI
### Civil Conspiracy

60. MAB incorporates his previous responses as if fully set forth herein.

61-65. This Court dismissed Count VI, Civil Conspiracy, against MAB in its Order dated September 20, 2021. Accordingly, no response is required for the allegations contained in Paragraphs 61-65. To the extent any further response is required, MAB denies the allegations contained in Paragraphs 61-65 of the First Amended Complaint.

### Answer to Count VII
### Declaratory Judgment

66. MAB incorporates his previous responses as if fully set forth herein.

67. The allegations contained in Paragraph 67 assert legal conclusions for which no response is required. To the extent any response is required, MAB denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68. MAB denies the allegations contained in Paragraph 68 of the First Amended Complaint.

69. MAB denies the allegations contained in Paragraph 69 of the First Amended Complaint.

### Answer to Request for Relief

MAB denies any allegation in the paragraph following the heading "Request for Relief" on page 13 of the First Amended Complaint, and specifically denies Plaintiff is entitled to any of the requested relief.

### GENERAL DENIAL

MAB denies any allegation not expressly admitted herein.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4. Plaintiff's claims against MAB are barred by the doctrine of estoppel.

5. Plaintiff's equitable claims are barred by the doctrine of unclean hands.

6. Plaintiff's equitable claims are barred by the doctrine of laches.

7. Plaintiff's claims are barred by the doctrine of waiver.

8. Plaintiff fails to plead his allegations of fraud with particularity.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

10. Plaintiff's claims are barred, in whole or in part, by subsequent modifications to the Agreement made by the parties.

11. MAB has substantially complied with the duties imposed by law or any agreement between the parties.

12. Plaintiff and MAB are excused from performance by a mutual mistake.

13.     Plaintiff's claims are barred because the Contract between Plaintiff and MAB is void against public policy, as it failed to comply with Rule of Professional Conduct 1.8.

14.     MAB reserves the right to add, amend, and supplement his defenses and affirmative defenses to the Second Amended Complaint.

**MAB DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 4th day of October, 2021.

                          **MOYE WHITE LLP**

                          By:  /s/ *Tanya A. Sevy*
                                William F. Jones
                                Timothy M. Swanson
                                Tanya A. Sevy
                                1400 16th Street, 6th Floor
                                Denver, Colorado  80202
                                Phone: (303) 292-2900
                                Email: billy.jones@moyewhite.com
                                tim.swanson@moyewhite.com
                                tanya.sevy@moyewhite.com

                                *Attorneys for Defendant Marc A. Bruner*

4842-7918-6165.1

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of October, 2021, I electronically filed the foregoing **DEFENDANT MARC A. BRUNER'S SECOND AMENDED ANSWER** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants Bruner*
*Family Trust and Marc E. Bruner*

Lance Henry
Patrick D. Vellione
ALLEN VELLONE WOLF HELFRICH & FACTOR PC

*Attorneys for Interpleader Plaintiff Jeffrey L. Hill,*
*Chapter 7 Trustee of PetroHunter Energy Corporation*

                                                             */s/ Elisabeth Mason*

4842-7918-6165.1