1

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

In re:                                Case No. 16-20197 KHT

PETROHUNTER ENERGY CORPORATION            Chapter 7

        Debtor.

Preliminary Hearing                   Courtroom D
                                  U.S. Bankruptcy Court
                                  721-19th Street
                                  Denver, Colorado, 80202

                                  August 6, 2020
                                  1:56 p.m.

BEFORE THE HONORABLE KIMBERLEY TYSON

APPEARANCES:

  For the Trustee:                    Lance Henry, Esq.
                                  Allen Vellone Wolf Helfrich
                                  & Factor, P.C.
                                  1600 Stout Street
                                  Suite 1900
                                  Denver, Colorado 80202

  For the Creditor:                   Chad S. Caby, Esq.
                                  Lewis Roca Rothgerber
                                  Christie, LLP
                                  1200 17th Street
                                  Suite 3000
                                  Denver, Colorado 80202

```
For the Creditor:            David Miller, Esq.
                             Spencer Fane, LLP
                             1700 Lincoln Street
                             Suite 2000
                             Denver, Colorado 80203

For the Creditor:            Timothy M. Swanson, Esq.
                             Moye White, LLP
                             1400 16th Street
                             6th Floor
                             Denver, Colorado 80202


For the Creditor:            William Meyer, Esq.
                             Ghislaine Torres Bruner
                             Polsinelli, P.C.
                             1401 Lawrence Street
                             Suite 2300
                             Denver, Colorado 80202
```

Proceedings recorded by electronic sound recording; transcript produced by Aapex Legal Services, LLC.

Transcript requested by: William Meyer, Esq.
Date Ordered:  August 12, 2020
Date Delivered:  August 17, 2020
Timeframe Requested: 7 day
Cost per page: $4.25
Total Cost: $237.50

```
 1   comes down to conflicting claims, and I understand why the
 2   trustee wants to stipulate and not be a part of this.  And so
 3   for that purpose, you know, I want to make sure that the Court
 4   understands that we are withdrawing our limited objection
 5   based on the stipulation with the trustee.  I don't believe --
 6   because we sued the trustee on an interpleader claim, the fact
 7   that the trustee is stipulating that claim away, that doesn't
 8   give somebody else the opportunity to object or review the
 9   stipulation.  The stipulation will --
10             THE COURT:  But --
11             MR. CABY:  -- simply be that it's being interplead
12   into the court's registry.  Nothing more.  But the idea that -
13   -
14             THE COURT:  But isn't this an end -- if I'm
15   understanding correctly, and I looked at the complaint that's
16   filed in this case briefly -- my understanding is that they're
17   virtually identical claims to those that are being brought in
18   the district court.
19             MR. CABY:  They're very similar.  Yes.  They are.
20             THE COURT:  And you've asked the district court for
21   prejudgment attachment.  What is the status of that?
22             MR. CABY:  The prejudgment attachment, I believe
23   there is a response due to that on August 11th, so it has not
24   been -- there has not been a response filed by Mr. Meyer and
25   his client.
```

```
 1              THE COURT:  But isn't this just an end run around
 2   not getting a prejudgment attachment by doing what you've done
 3   in this Court?  Bringing essentially the same claims in this
 4   Court that you've brought in district court, and frankly, the
 5   breach of court and the like claims aren't claims that I'd
 6   have jurisdiction over.
 7              MR. CABY:  Well, Your Honor, you certainly have
 8   jurisdiction over the transfer -- fraudulent transfer of a
 9   claim, post-petition, so I believe that you do have
10   jurisdiction to determine some of those issues.
11              But in the end, like I said, it's not an end run at
12   all.  We believe that we're the owner of these funds, and
13   appropriately, I feel, we have sought to have those funds
14   interplead so they're there for purposes of paying our client.
15              THE COURT:  Mr. Miller?
16              MR. CABY:  Thank you, Your Honor.  Just as one of
17   the creditors who may be affected by this, I've heard the
18   arguments of the parties as well as your comments, Your Honor,
19   and I agree you that it seems like the vast majority, if not
20   all of this is a non-core matter, parties fighting about who's
21   entitled to a pot of money that the trustee has and wants to
22   distribute.  And if for some reason approving the distribution
23   motion in full is not appealing to you, it seems that perhaps
24   another -- you know, this money isn't going anywhere.  It's
25   not like these parties are in jeopardy if the status quo is
```

```
 1   the Court to look at a couple of cases identified in there:
 2   in particular, the Viking case and the Northwest Airlines
 3   case.  3001 is not meant to abridge Mr. Brody's claims that he
 4   might have against my client or potentially the other Bruner
 5   folks.  And so his remedies are in district court.  And
 6   finally, the motion appears to have now shifted a little bit.
 7   Now there's a stipulation that affects it and it's a material
 8   amendment in my mind, but I guess we'll have to see whatever
 9   the stipulation says because I understand the predicament Your
10   Honor is in with respect to if an objections been withdrawn
11   subject to a stipulation.  We just don't know what we're
12   dealing with here, and so --
13              THE COURT:  All right.
14              MR. SWANSON:  I think we need to see the
15   stipulation.
16              THE COURT:  And I also think that perhaps the
17   parties and the Court need to look at what's going on in the
18   adversary proceeding which was recently filed.
19              You know, as I said, I'm not sure I have
20   jurisdiction over the dispute.  But I have not looked at it.
21   But I'm not willing to hold up the distribution to everybody
22   else.  I understand the frustration of the Bruner Family
23   Trust.  I understand the frustration of Mark A. Bruner.  And I
24   understand certainly there is a bit of a perception that this
25   is an end run around the district court.  It may be something
```

```
 1   that make sense to just simply transfer this entire action
 2   over to the district court and then sort things out at the
 3   district court since it already has an action pending which
 4   really doesn't involve the estate at all or the trustee.
 5             I understand the trustee's position, not wanting to
 6   get in the middle of this catfight.  And I'm not trying to
 7   denigrate the dispute.  It's just from a trustee standpoint,
 8   it's not their fight.  It's not his fight.  But I -- given
 9   that at this point, the matter before me today is the
10   preliminary hearing on the motion for authority to pay interim
11   distribution and with the two objections now having been
12   withdrawn, I have no objection -- I mean, there's no objection
13   not to allow the interim distribution to be made --
14             MR. MEYER:  Your Honor -- I'm sorry to interrupt
15   you, but just to be clear, we did object when I was making my
16   initial statement to payment -- to the trustee's motion as
17   resubmitted with the revised Exhibit A.  We do object to that
18   with that stipulation language.
19             MR. CABY:  And Your Honor, not to --
20             THE COURT:  We didn't have a revised motion.  I have
21   the motion that I have in front of me.  He's revised Exhibit
22   A.  Perhaps the trustee needs to put that out on notice,
23   although it doesn't seem to change the distribution, the
24   amounts, but maybe you see it differently?
25             MR. MEYER:  Your Honor, I think that we don't
```

```
 1              THE COURT:  You know what?  I'm going to continue
 2   this for a week and see if the parties can figure out a
 3   solution.  But absent that, I will be granting the motion and
 4   allowing the trustee to make the interim distribution.  You
 5   all need to sort this out.
 6              Mr. Henry, it doesn't help to do this at the last
 7   minute.  And you filed your motion in May.  And why you --
 8              -- and Mr. Caby, it doesn't help to do some of the
 9   stuff you've been doing last minute.
10              Y'all have had a whole lot of time to sort this out.
11   So I'm going to continue.
12              MR. HENRY:  It --
13              THE COURT:  Yes?
14              MR. HENRY:  Understood, Your -- understood, Your --
15   this is Lance Henry.  Understood, Your Honor.  You know, the
16   only exception I would make on, you know, on trustee as
17   trustee counsel is you know, the adversary was filed on
18   Monday, and you know, the trustee is, you know -- wanted to
19   sort of respond to that as fast as possible to --
20              THE COURT:  I understand, and Mr. Caby --
21              MR. CABY:  Yes.
22              THE COURT:  -- this issue has -- your dispute --
23   your client's dispute with the Bruners and various other
24   related entities has been going on for quite some period of
25   time.  My understanding is that they haven't paid you for two
```

```
 1   years and this could have been brought up a whole lot earlier
 2   than waiting till now and frankly, given that there's a -- the
 3   district court action and now you've filed the adversary
 4   seeking much the same relief, it's problematic to me.
 5             MR. CABY:  Understood, Your Honor.
 6             THE COURT:  I'm going to continue this to August
 7   13th at 1:30.  And there will be other matters ahead of it.
 8   Hopefully, you all can sort some of this out.  But --
 9             MR. CABY:  Your Honor, just -- I'm sorry.  I'm going
10   to be out of town on the 13th.  I don't know if it's --
11   there's a possibility -- I would be able to call in, but I'm
12   going to be in a remote area that I won't likely have cell
13   phone coverage for.  I'm wondering if we could push it out
14   another week maybe to the 20th, if that might work for you and
15   everybody else?
16             THE COURT:  I really hate to keep these creditors
17   and the trustee from getting his interim distribution.  Let me
18   hear from the others.
19             MR. MILLER:  Your Honor, this is David Miller.  I'm
20   not available on the 13th either, but I'm not sure I
21   necessarily need to be on the next hearing, because from what
22   I understood, you say you're either going to be granting --
23   you're going to be granting the motion unless the Brody and
24   Bruner --
25             THE COURT:  I will be looking very, very close -- I
```