IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO THE BFT PARTIES' WRITTEN DISCOVERY

---

Plaintiff David E. Brody, by his undersigned counsel, responds to the Bruner Family Trust and Marc E. Bruner (collectively, "the BFT Parties') Written Discovery.

### GENERAL OBJECTIONS

1. Plaintiff asserts his general objections to each of the discovery requests and these objections are incorporated into each response.

2. Plaintiff objects to the discovery requests to the extent that they seek information and/or the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, immunity, or doctrine.

3. Plaintiff objects to the discovery requests to the extent that they seek to impose discovery obligations upon him that are broader than, or inconsistent with, or exceed or differ from those imposed by, the Federal Rules of Civil Procedure.

4. Without disclosing privileged information, describe the scope of all legal representation you, or a firm with which you were employed at the time, have provided to MAB and/or companies he has controlled since 2000, including the dates of such representation.

RESPONSE:

| Years | Client | Brody Role |
|---|---|---|
| 2005-9 | Falcon Oil & Gas, Ltd. | General Counsel |
| 2005-10 | PetroHunter Energy Corp | SVP and General Counsel |
| 2017 | Paltar Petroleum Ltd. | Outside Counsel |
| 2015-18 | Nation Energy, Inc. | Outside Counsel |
| 2017-18 | Fortem Resources, Inc. | Outside Counsel |
| 2004-12 | Bruner Family Trust | Lawyers at Patton Boggs other than Plaintiff served as outside counsel |
| 2004-12 | MAB Resources, LLC | Outside Counsel (at times) |

5. Michael A. Rollin's letter to MAB, dated April 2, 2019, describes you as having a "positive business relationship" with MAB going back to 2004. Identify all business relationships (including any such relationships that included you providing him or his companies with legal advice) you have had with MAB since 2004.

RESPONSE: See response to Interrogatory No. 4.

6. Identify (including providing the name, address, and telephone number) the "Co-Counsel" you referred to on page 11 of your Supplemental Declaration of David E. Brody (Doc. No. 48-1).

RESPONSE: Anthony J. Shaheen, Holland & Hart, LLP, 555 17th Street, Suite 3200, Denver, CO 80202. Tel: (303) 295-8054.

Fed.R.Civ.P. 33(b)(5) signatures:

Responding Party _____[signature: Brody]_____

Objecting Counsel _____[signature]_____

5

RESPONSE: Plaintiff objects to Request for Admission No. 1 as vague and ambiguous because one could interpret the word "drafted" to mean that Plaintiff alone contributed to the contents of the Agreement, which is not the case. Both Plaintiff and MAB contributed to the contents of the Agreement. During the negotiations related to the Agreement, MAB advised Plaintiff that MAB required (and specifically described) several material provisions of the Agreement as conditions of the transaction, including but not limited to the following:

(a) The basic concept of entering into an agreement under which Plaintiff would exchange his claim for stock owned by MAB;

(b) The terms in Section 1(a) of the Agreement that included delivery of Fortem stock in consideration for Plaintiff's claim;

(c) The terms in Section 1(a) specifying Fortem stock held by Squin Switzerland because, as MAB stated to Plaintiff at the time, MAB controlled those shares and that would be the fastest way to deliver them to Plaintiff; and

(d) Section 1(b) in its entirety, which created the "option" and includes this sentence: "If one or both [$12,500] cash payments are not made, Brody waives the right to make a claim against Bruner for breach of this Agreement." Indeed, MAB requested the entire concept in Section 1(b) which gave him the choice at his discretion to either: (a) pay $25,000 and receive back from Plaintiff 25,000 of the 150,000 Fortem shares (that MAB was supposed to deliver to Plaintiff 10 days after the date of the Agreement); or (b) not pay $25,000, in which case Plaintiff would "retain" all 150,000 shares.

2. Admit you never had any direct communications with MEB about the Agreement.

RESPONSE: Admitted.

3. Admit that since 2004 you, or the law firm with whom you were employed at the time, provided legal representation to one or more of the BFT Parties.

9

RESPONSE: Admitted. However, although in 2004 Patton Boggs LLP (where Plaintiff was employed at the time) did provide legal services to BFT, Plaintiff did not personally or directly provide any legal services to BFT at any time or with any law firm.

4. Admit that since 2004 you, or one of the law firms with which you were employed at the time, provided legal representation to MAB.

RESPONSE: Denied. Neither in 2004 or anytime thereafter did Plaintiff or any one of the law firms where Plaintiff was employed provide legal services to MAB in his individual capacity (see response to Interrogatory No. 4).

5. Admit that in August 2019 you provided legal advice and/or counseling to MAB.

RESPONSE: Denied.

Respectfully submitted this 19th day of July, 2021.

By: /s/ Michael A. Rollin
Michael A. Rollin, Esq.
Mallory A. Revel, Esq.
Lindsey Idelberg, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street,
Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

10