IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

## MOTION TO STRIKE THE BFT PARTIES' MOTION FOR AWARD OF MANDATORY FEES AND COSTS

Plaintiff David E. Brody hereby moves to strike the BFT Parties' Motion for Award of Mandatory Fees and Costs (the "Fee Motion") as unripe, and as grounds therefor states as follows:

### Certificate of Conferral

Counsel for Plaintiff certifies that he has conferred with counsel for Defendants. Defendants the BFT Parties oppose the relief requested herein. Defendant Marc A. Bruner ("MAB") takes no position.

### Legal Standard

"[T]he Court has 'inherent power ... to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Amaya v. Bregman*, No. 14-cv-0599 WJ/SMV, 2015 WL 13638632, at *1 (D.N.M. Dec. 16, 2015) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 411, 115 S.Ct. 1537, 1552, 131 L.Ed.2d 465 (1995)). Accordingly, where filings do not comply with the Rules of Civil Procedure or Local Rules, it is "well within the discretion of the district court to strike them." *U.S. v. High Plains Livestock*, No. 15-CV-680 MCA/WPL, 2017 WL 3052269, at *7

(D.N.M. July 10, 2017) (citing *In Re Hopkins,* No. 98–1186, 1998 WL 704710, at *3 n. 6 (10th Cir.1998) (unpublished table decision)). It is appropriate to strike a motion for fees before judgment has issued on ripeness grounds. *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007) (holding motion for fees was unripe while underlying liability was being reconsidered); *National Union Fire Ins. Co. of Pittsburg, Pa. v. Donaldson Co., Inc.*, Civil No. 10–4948 (JRT/TNL), 2016 WL 4186930, at 4 (D. Minn. Aug. 8, 2016) (similar).

**Discussion**

The Court should strike the BFT Parties' fee motion because it is unripe. The facts and supporting this request are straightforward.

The BFT Parties moved to dismiss Plaintiff's conspiracy claim, and the Court granted their motion. The BFT Defendants have moved for an award of attorney's fees, ECF No. 130. However, a party seeking an award of fees may only do so after judgment, Fed. R. Civ. P. 54(d)(2), and the Court has not entered judgment. There is no judgment in an action until all claims and against all parties are resolved and the Court enters a separate order certifying final judgment. Fed. R. Civ. P. 54(b); 58(a).

Furthermore, because there is pending a motion for reconsideration, ECF No. 135, the dismissal order may yet change. *Cf. Graham*, 501 F.3d at 1162 (10th Cir. 2007). This would be true even without the pending motion for reconsideration because

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Therefore, the BFT Parties' motion for fees and costs is unripe, and the Court should strike it. *See National Union Fire Ins. Co. of Pittsburg, Pa.*, 2016 WL 4186930, at 4 (denying fee motion without prejudice). The BFT Parties will suffer no prejudice because their right to seek fees and costs after judgment—if the dismissal order remains and the parties do not otherwise resolve the case—will still

be available and will be timely if filed within 14 days of final judgment. *Id.* (citing Fed. R. Civ. P. 54(d)(2)); *see also Graham*, 501 F.3d at 1162 ("Hartford will make a new determination of Graham's eligibility for benefits, and if eligibility is denied again, Graham will have the opportunity to re-argue before the district court that Hartford's new decision violates ERISA. The issues presented in Graham's motion for attorney's fees are not "fit" for judicial decision at this time.").

Striking the motion will also conserve party and Court resources until such time as the motion becomes ripe, if ever. C.R.C.P. 1. This is the rationale underlying the ripeness doctrine. *Graham*, 501 F.3d at 1161-62.

WHEREFORE, Plaintiff respectfully requests that the Court strike the BFT Parties' Motion for Award of Mandatory Fees and Costs.

Respectfully submitted this 15th day of October, 2021.

*/s/ Michael A. Rollin*
Michael. A. Rollin, Esq.
Mallory A. Revel, Esq.
Lindsey Idelberg, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street, Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I served the foregoing **MOTION TO STRIKE THE BFT PARTIES' MOTION FOR AWARD OF MANDATORY FEES AND COSTS** via CM/ECF to all counsel of record.

By: _/s/ Michael A. Rollin_
Michael. A. Rollin, Esq.

4823-8247-4495, v. 1