IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## MOTION TO SUPPLEMENT RECORD IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Civ. Practice Standard IV.E.3, Plaintiff David E. Brody respectfully requests leave to supplement the briefing on his Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment, ECF No. 90, and as grounds therefor states as follows:

### Certificate of Conferral

Counsel for Plaintiff certifies that he has conferred with counsel for Defendants and that Defendants oppose the relief requested herein.

### Legal Standard

"[Th]e district court clearly has discretion to permit supplemental affidavits it finds useful for summary judgment determination." *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1227 (10th Cir. 2000). The Court should allow supplementation when the information is "relevant and admissible as evidence." *Id. See also Hamer v. City of Trinidad*, 441 F.Supp.3d 1155, 1159 n.1 (D. Colo. 2020) ("Because I find the

supplemental materials at least relevant to the issues before the court, I grant the Parties' Motions to Supplement without further discussion.").

## Discussion

Plaintiff moved under Rules 12(c) and/or 56(c) for judgment on his breach of contract claim. Defendants opposed, in part on grounds that the contract was void under Rule 1.8(e) of the Colorado Rules of Professional Conduct. Plaintiff replied, in relevant part, that Defendant Marc A. Bruner ("MAB") asserted in bankruptcy court that the agreement was valid and that he had taken an inconsistent position in this Court to avoid the obligations of that agreement while asserting a right to its benefits. *See* ECF No. 108 at 9-10. Therefore, even if Plaintiff had been MAB's attorney at some point, Rule 1.8(e) was not triggered or had effectively been waived.

While the motion was pending, MAB responded to discovery requests that confirm the accuracy of Plaintiff's position. Specifically, Plaintiff propounded requests for admissions ("RFAs"). RFA nos. 1-3 and their responses confirm the basic facts that there was an agreement pursuant to which MAB took possession of the Disputed Claim and asserted ownership of it:

> 1. Admit that MAB signed the Agreement.
>
> **RESPONSE**: Admit.
>
> 2. Admit that MAB took possession of the Disputed Claim.
>
> **RESPONSE**: Admit.
>
> 3. Admit that MAB identified himself in the PetroHunter Bankruptcy as the owner and/or transferee of the Disputed Claim.
>
> **RESPONSE**: Admit.

**Exhibit 1**.

Moreover, RFA no. 8 and its response show that MAB still *currently* asserts that the agreement is valid:

> 8. Admit that MAB paid no consideration to Plaintiff under the Agreement.
>
> **RESPONSE:** MAB admits he has not paid the consideration at this time, but further states intends to pay once the Fortem shares become tradable.

*Id.*

This confirms that notwithstanding the Rule 1.8(e) argument, MAB continues to assert that the agreement is valid and indeed enforceable. If he had a 1.8(e) argument, he is no longer asserting it or has waived it. It also confirms the breach of contract, itself.

WHEREFORE, Plaintiff respectfully requests that the Court accept Exhibit 1 into evidence and further argument supporting his Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment, ECF No. 90, or, in the alternative, grant Plaintiff leave to supplement the motion by further brief.

Respectfully submitted this 15th day of October, 2021.

/s/ *Michael A. Rollin*
Michael. A. Rollin, Esq.
Mallory A. Revel, Esq.
Lindsey Idelberg, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street, Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
mrevel@fostergraham.com
lidelberg@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, I served the foregoing **MOTION TO SUPPLEMENT RECORD IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** via CM/ECF to all counsel of record.

By:   */s/ Michael A. Rollin*
      Michael. A. Rollin, Esq.

4811-5950-6943, v. 1