**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.
MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

**THE BFT PARTIES' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER OR, ALTERNATIVELY, FOR LEAVE TO AMEND**

---

Defendants The Bruner Family Trust and Marc E. Bruner, As Trustee of the Bruner Family Trust ("BFT Parties") through counsel, responds to Plaintiff's Motion to Reconsider or in the Alternative, for Leave to Amend [Doc. #135] (the "Motion to Reconsider") as follows.

1. **INTRODUCTION**

The Court should reject Plaintiff's request for reconsideration and to amend. The Court was correct in dismissing Plaintiff's claims against the BFT Parties. The Court applied the correct pleading standard and Plaintiff failed to satisfy it. The Court should also deny Plaintiff's general request to amend because he failed to comply with applicable rules on amendment and he did not cite an applicable standard or basis for leave to amend. Consequently, Plaintiff's Motion to Reconsider should be denied in total.

1

2. **Reconsideration Standard**

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. Accordingly, absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration." *Romero v. Franklin D. Azar & Associates, P.C.*, 2021 WL 1723774, *1 (D. Colo. 2021) (internal citations and quotes omitted). "Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare." *Seabron v. American Family Mutual Ins. Co.*, 2012 WL 3028224, *1 (D. Colo. 2012).

F.R.C.P. 60(b), relied upon by Plaintiff, permits a court in certain circumstances to revisit and alter a prior ruling. Generally, the Tenth Circuit recognizes three basic grounds for reconsideration: (a) an intervening change in controlling law; (b) new evidence previously unavailable; and (c) the need to correct clear error or prevent manifest injustice. Plaintiff does not seek reconsideration because of an intervening change in the law or new previously unavailable evidence. Plaintiff seeks to alter the order of dismissal [Doc. #123] (the "Order") under F.R.C.P. 60(b)'s catchall section (6) ("any other reason that justifies relief") to correct what he claims is clear error or manifest injustice.

Plaintiff argues the Court's Order "for the first time"[1] raised and improperly held him to a heightened pleading standard, and he asks the Court to apply a more relaxed standard that he thinks he can satisfy. Plaintiff also asks the Court to consider evidence and argument that he did not include in his original briefing. Plaintiff's Motion to Reconsider should be denied because the

---

[1] *Motion to Reconsider*, p.2.

2

MEYEW\80358063.4

Court applied the correct pleading standard and Plaintiff did not satisfy it. And, undermining his claim that the Court's Order "for the first time" raised the heightened pleading standard, Plaintiff's counsel's declaration [Doc. #139, ¶12(l)-(q)] argues the BFT Parties' motion to dismiss ("Motion to Dismiss") [Doc. #67] "asserted a heightened pleading standard that was contrary to law…" Based on that declaration, Plaintiff cannot truthfully argue he did not have a chance to address the purported heightened pleading standard in his response or that it first came up in the Order.[2] It is well settled that motions for reconsideration are not appropriate to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Motto Franchising, LLC v. McCabe*, 2020 WL 1550807, *2 (D. Colo. 2020). Here, that is all Plaintiff is trying to do.

3. **The Court applied the correct pleading standard when dismissing Plaintiff's claims against the BFT Parties.**

The crux of Plaintiff's argument is that, in granting the BFT Parties' Motion to Dismiss, the Court stated that Plaintiff failed to allege "specific facts" showing an agreement and concerted effort. Plaintiff believes this means he was held to a heightened pleading standard under 42 U.S.C. §§1983 or 1985, instead of the "ordinary, liberal pleading standard that applies to state-law civil conspiracy." *Motion*, p. 2. Plaintiff is wrong. The Court held him to the normal pleading standard as articulated in *Twombly*, *Iqbal*, and numerous other cases. Under all case law, Plaintiff was required to allege facts (not conclusory allegations) showing a plausible claim for relief.[3]

---

[2] The BFT Parties deny seeking a heightened pleading standard at all. Regardless, Plaintiff is taking inconsistent positions depending on what he hopes to accomplish.

[3] Plaintiff concedes he is properly held to a heightened pleading standard with respect to his fraud claims. *See Response in Opposition to Motion to Dismiss* [Doc. #74], p. 4. F.R.C.P. 9(b) dictates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) discussed the pleading standard a plaintiff must meet. There, plaintiff (Twombly) represented a class of subscribers of local telephone services against ILECs[4] for claimed violations of the Sherman Act. Twombly alleged the ILECs "entered into a contract, combination or conspiracy to prevent competitive entry in their respective [markets]…." *Id.* at 551. Twombly supported his claim with examples of parallel conduct that suggested an agreement. *Id.* at 552. The district court dismissed under Rule 12(b)(6), and the appellate court reversed. The Supreme Court reversed again, finding Twombly had not satisfied the applicable pleading standard. *Twombly* explained:

> ….a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. **Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true….** *Id.* at 555 (internal citations omitted) (bold added).
>
> **[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.** Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. *Id.* at 556 (bold added).
>
> **Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.** *Id.* at 547 (bold added).

*Twombly* held that the plaintiff came up short on his parallel conduct conspiracy claim because parallel conduct did not rise to the level of an actual agreement. The Court noted, "[a]lthough in form a few stray statements speak directly of agreement, on fair reading these are merely legal conclusions resting on the prior allegations." That is exactly what Plaintiff has done here. While

---

[4] Incumbent Local Exchange Carriers.

4

he included a "few stray statements" in his Amended Complaint about an alleged agreement, based on a fair reading of those allegations they are merely legal conclusions and not supported by any facts at all.

*Twombly* further set forth the "ordinary" pleading standard as follows:

> [A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. *Id*. at 557.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Id*. at 557.
>
> We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. [Plaintiffs must] nudge[] their claims across the line from conceivable to plausible [or] their complaint must be dismissed. *Id*. at 570.

With respect to the alleged conspiracy in *Twombly*, there—like here—the plaintiff failed to provide enough facts to suggest an agreement was made and the court, therefore, determined that "although in form a few stray statements [in the complaint] speak directly of agreement, on fair reading these are merely legal conclusions…" *Id*. at 564.

Plaintiff cherry-picks two cases cited in the Order (*Durre v. Dempsey* and *Wagner v. CHER, LLC*) that he argues are evidence that the Court applied the wrong standard. Plaintiff then dedicated two pages of his motion to *Durre* and *Wagner* even though this Court cited each just a single time in its nine-page order. Plaintiff not only claims this Court erred in relying on these two cases, he also argues the cases themselves (and some earlier cases too) were wrongly decided[5].

---

[5] It should be noted that none of the cases that Plaintiff claims were wrongly decided have actually been overturned.

*Durre v. Dempsey*, 869 F.2d 543 (10th Cir. 1989) is a Section 1983 case that states the plaintiff's claim was properly dismissed because he failed to allege specific facts showing a conspiratorial agreement. *Id*. at 545. Plaintiff argues that *Durre*, therefore, is not authority for the proposition that Plaintiff's allegations were insufficient. The Court should not be swayed. Although it was a Section 1983 case, the standard applied in *Durre* is consistent with *Twombly* ("[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true"). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Tellingly, Plaintiff does not provide any cases that support his contrary position that conclusory allegations (of conspiracy or anything else) are sufficient to survive a motion to dismiss.[6]

Likewise, this Court cited *Wagner v. CHER, LLC*, 2018 WL 6046432 (D. Colo. 2018) just a single time for the proposition that Plaintiff was required to allege specific facts showing an agreement among the defendants. This too is a correct statement of law and consistent with *Iqbal* and *Twombly*. *See also McDaniel v. Denver Lending Group, Inc*., 2009 WL 1873581, *12 (D. Colo. 2009) (dismissing plaintiff's conspiracy claim because it was conclusory and lacked factual averments). Although Plaintiff claims otherwise, *Wagner* is not a Section 1983 case and nothing in it suggests it was decided based on a Section 1983 pleading standard. Its "Legal Standard" section expressly relied on *Iqbal* and *Twombly*, similar to this Court's Order. *Wagner* dismissed

---

[6] Plaintiff also challenged *Durre* by analyzing cases it cited: *Sooner Products* and *Shaffer*. Because this Court did not directly rely on those cases, this brief will not provide additional analysis of those cases other than to note they do not support reconsideration.

6

a state-law conspiracy claim by finding it lacked adequate factual support because plaintiff, like here, failed to allege specific facts in support of two elements of civil conspiracy.

Recognizing *Wagner* is fatal to his case, Plaintiff claims not only that this Court's reliance on *Wagner* was in error but also that *Wagner* was decided in error too. Plaintiff claims *Wagner* improperly relied on *Durre* and another case, *Sieverding v. Colo. Bar. Ass'n*, 2003 WL 22400218 (D. Colo. 2003). *Sieverding* addressed the pleading standard for both state law conspiracy and Section 1985 conspiracy claims. In addressing the state-law claim, it held than "in order to successfully plead a civil conspiracy, plaintiff **must allege facts** that show that each defendant agreed to do something in furtherance of the conspiracy, knowing of its improper purpose. *Id.* at *18 (bold added). In sum, every applicable authority supports the standard this Court applied to the BFT Parties' Motion to Dismiss, which is the same standard on which Plaintiff and the BFT Parties relied in briefing the Motion to Dismiss.

While there are limited circumstances in which courts apply a heightened pleading standard under §§1983 and 1985 cases, this Court did not apply those standards. The Court plainly applied *Twombly*. The heightened standard cases Plaintiff cites are ones in which government officials have been alleged to have engaged in a conspiracy to deprive an individual of a constitutional right. In that limited situation, courts have employed a heightened pleading standard.[7] But this Court did not apply that standard, nor does it cite cases for that standard.

---

[7] Plaintiff also cites *Contra Koenig v. Thurmston*, 2015 WL 2208181 (D. Colo. 2015) alluding that it details heightened pleading standards for §1985 conspiracies. In fact, it only notes that conspiracies to deprive equal protection have an additional requirement that it be motivated by class-based discrimination.

7

This Court also properly relied on *F.D.I.C. v. First Interstate Bank of Denver, N.A.*, 937 F.Supp 1461, 1473 (D. Colo. 1996) for the proposition that the Court "will not infer an agreement among Defendants." Not surprisingly, Plaintiff claims the *F.D.I.C.* court misapplied this aspect of the law. To reach that conclusion, Plaintiff reviewed a case *F.D.I.C.* cited, *Nelson v. Elway*, and when that was not enough he reviewed a case it cited, *More v. Johnson*. Digging three cases down, Plaintiff concluded, apparently, the Court should infer an agreement among Defendants without factual support—but Plaintiff cited no cases that actually support that proposition.

A major flaw in Plaintiff's analysis is that it ignores the evolution of jurisprudence. Regardless of whether *More* was (or was not) on direct point with this Court's Order, it was relied on by *Nelson v. Elway*, which in turn was relied on by *F.D.I.C.*, which was in turn relied on by this Court. Such development of case law does not render a more recent decision manifestly unjust or improper or wrongly decided. That simply is how all cases are decided.

Turning back to *F.D.I.C.*, it was not a Section 1983 or 1985 case. It addressed dismissal of a civil conspiracy alleged under Colorado law. *Id*. at 1473. Consistent with *Twombly*, it stated, "[a] court will not infer the necessary agreement. **Facts showing such an agreement must be alleged by the plaintiff**." *Id*. (bold added). Here, Plaintiff did not allege any such facts. Instead, Plaintiff gloms on to *F.D.I.C.'s* statement that an "express" agreement is not necessary and that a "tacit" agreement may suffice to support a conspiracy. *Id*. Plaintiff misconstrues "tacit." As used in *F.D.I.C.*, a tacit agreement one that is implicit or understood <u>between the parties</u>, without being express. *See Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049, 1057 (Colo. 1995) (explaining a tacit understanding can satisfy the agreement requirement and likening a tacit understanding to two automobile drivers who suddenly decide to race). "Tacit" does not mean a court can infer the

8

agreement based on conclusory statements and labels. A "tacit" agreement may be an agreement, but it still must be supported by facts.

Plaintiff's blunderbuss claim that "none of the cases cited in the Court's Order—or the cases on which those cases are dependent—should be taken to establish or describe the pleading requirements for Plaintiff's state-law civil conspiracy claim" is absurd. Plaintiff seemingly challenges this Circuit's entire jurisprudence pertaining to pleading a civil conspiracy claim. This Court relied on numerous cases, including *Iqbal* and *Twombly*. Most of those cases disposed of state-law conspiracy claims and they are part of the fabric that defines the standard the Court properly applied here.

Plaintiff tries to sway the Court by citing this Court's holding in *Hanks v. Aminokit Labs., Inc.*, 2018 WL 11025410 (D. Colo. 2018). That case is distinguishable. In *Hanks*, plaintiffs alleged a conspiracy by Aminokit, HCA, and MOB. Aminokit was an unlicensed inpatient drug rehabilitation facility, that plaintiffs claimed was engaged in various improper business practices. *Id*. at *2. Plaintiffs claimed HCA conspired with Aminokit in engaging in improper practices. HCA moved to dismiss claiming plaintiffs failed to plead any agreement among defendants to commit the predicate acts. *Id*. at *8. The court denied HCA's motion because it was able to infer an agreement <u>based on specific facts pled by the plaintiffs</u>. *Id*. at 8 (referring to its analysis at *7). Those facts included: (a) HCA knew Aminokit was not licensed; (b) HCA negotiated a lease to allow a non-physician presence in a medical office building; (c) HCA distributed marketing materials portraying Aminokit as licensed; (d) HCA gave Aminokit access to its medical staff and referral sources; and (e) HCA entered into a co-marketing agreement with Aminokit. *Id*. at *7. Based on all of that, this Court still found plaintiffs' allegations "hang by a tenuous thread" but

9

there was "enough (just) to raise" an expectation that discovery would reveal evidence of prohibited conduct. *Id*. Compare that to Plaintiff's Amended Complaint and the difference is stark. Here, Plaintiff pled not a single fact from which an agreement could be inferred.

This is consistent with *Twombly*, which stated, "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." This is the standard this Court applied in *Hanks* and here. In *Hanks*, the Court found this standard was satisfied, here it did not. While Plaintiff may disagree with the Court's determination, that is not a sufficient basis to reconsider the Order.

This Court dismissed Plaintiff's claims against the BFT Parties consistent with *Twombly*. The Order specifically cited *Twombly* and many other cases that relied on *Twombly* when discussing pleading standards. In doing so, the Court did not cite a heightened pleading standard, nor did it hold Plaintiff to a heightened standard. Because the Court applied the correct pleading standard in dismissing Plaintiff's claims against the BFT Parties, there is no basis for this Court to revisit its analysis in the Order. In fact, it would be improper to reconsider the Order because it was not based on a misapplication of the law.

      a. **Meeting of the Minds**

Plaintiff rehashes his meeting of the mind arguments hoping the Court will reverse itself. The Court should not because it properly determined the only allegation in the Amended Complaint of an agreement was that the Defendants "agreed and worked cooperatively to defraud"

10

Plaintiff. This "bare assertion," without any factual support about the substance of the illicit plan, was not sufficient to either infer an agreement or to state a claim for relief.

Plaintiff suggests the Court should not view his conspiracy claim in isolation and, instead, should consider the parties' efforts "to acquire valuable energy rights through the PetroHunter bankruptcy…" *Motion*, p. 9.[8] The problem with this argument is that the Court already considered and rejected it stating, "[while] it may be reasonable to infer that the BFT Defendants had an interest in MAB obtaining Claim 7 to bolster the BFT's position in the PetroHunter bankruptcy, **there is no indication that the parties conspired to do so through illegal means**." *Order*, p. 5-6 (bold added). The Court's decision is totally consistent with *Twombly*, which dismissed a similarly pleaded claim because "although in form a few stray statements [in the complaint] speak directly of agreement, on fair reading these are merely legal conclusions." *Twombly, supra*, at 564. Although Plaintiff's Amended Complaint has a single statement generally claiming there was an agreement, it is not supported by any facts, and a fair reading shows that to be merely a legal conclusion.

It is "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Id*. at 555. This "requires more than labels and conclusions…." *Id*. Just alleging there was an agreement does not suffice under any pleading standard. *Id*. at 557 ("a naked assertion of conspiracy …gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief'"). A threshold requirement of Rule 8 is allegations plausibly suggesting an agreement with enough heft to show

---

[8] Of course that has nothing to do with the conspiracy "to improperly obtain property owned by Plaintiff." *Motion for Reconsideration*, p.1.

11

that the pleader is entitled to relief. *Id*. Plaintiff did not meet this standard with his single conclusory claim that Defendants "agreed and worked cooperatively" without any actual facts to nudge the claim from conceivable to plausible.

Plaintiff's argument on meeting of the minds just rehashes arguments that were, or could have been, asserted in the original briefing on dismissal. For that reason, and based on a substantive analysis of his arguments, Plaintiff's Motion to Reconsider must be denied.

### b. **Unlawful Overt Act**

Plaintiff's claim that he sufficiently pled an unlawful overt act is even more tenuous. The Court correctly determined the only allegation of an unlawful act was MAB's failure to tender consideration. *Order*, p. 6. The Court also properly determined the allegations in the Amended Complaint gave no indication that the BFT Parties were aware of MAB's alleged wrongdoings or that there was an agreement to accomplish anything by unlawful means. *Id*. Plaintiff cannot get around this because the BFT Parties were not aware that MAB purchased the claim let alone that he allegedly failed to tender consideration related to the purchase.

This is similar to *Nelson v. Elway*, 908 P.2d 102 (Colo. 1995). There, Nelson sold his automobile dealerships to Elway. *Id*. at 105. Part of the original deal included Elway and Nelson entering into a post-closing service agreement. *Id.* At closing, a finance company would not agree to the terms of the sale if the post-closing service agreement was in place. *Id.* As a result, they closed without it. After closing, however, Nelson demanded that Elway honor the service agreement, but Elway did not. *Id*. Nelson sued claiming Elway and the financing company conspired. Nelson alleged the unlawful act was his broker's breach of fiduciary duty. *Id*. at 106.

12

In granting summary judgment against Nelson on his civil conspiracy claim, the court found Nelson failed to allege an overt unlawful act:

> Without an allegation that the respondents committed, or participated in the commission of, an unlawful overt act, conspiracy liability may not be imposed against them. The record indicates that the respondents negotiated, at arm's length, the best deal they could for the purchase of the dealerships. We decline to impose liability upon the respondents for doing in a proper manner that which they had the lawful right to do: attempt to obtain the most advantageous position for themselves in purchasing the dealerships.

*Id.* at 106-7. That is similar to the defect in Plaintiff's conspiracy claim against the BFT Parties. There is no allegation the BFT Parties committed or participated in the commission of an unlawful act. At most, like Elway, they pursued claims along with many other PetroHunter creditors. They pursued those claims in a proper manner, which they had a lawful right to do. The BFT Parties are not responsible for the acts of any other PetroHunter creditor simply because their interests may have been aligned in wanting the bankruptcy converted from a Chapter 7 to a Chapter 11.

Plaintiff claims either (1) he was not required to plead facts showing the BFT Parties knew they were participating in an unlawful act or (2) such awareness is properly inferred. Both simply rehash arguments already briefed in the underlying motion and neither is persuasive. *See, e.g.* Response to Motion to Dismiss [Doc. #74] at p. 10 (arguing an overt act could be inferred).

Admitting his Amended Complaint failed to properly plead an unlawful overt act, Plaintiff continues to ask the Court to consider matters outside of the Amended Complaint unrelated to MAB's alleged breach of contract. Plaintiff made this request in the original briefing but the Court declined. Now Plaintiff asks the Court to consider that MAB and the BFT Parties were, for a limited time, represented by the same lawyer in the PetroHunter Bankruptcy in an effort to convert the bankruptcy from a Chapter 7 to a Chapter 11. This should be disregarded because (1) it is a

13

matter outside of the pleadings, and (2) it could have been raised in the original briefing since that representation was a matter of public record. *See Seabron v. American Family Mut. Ins. Co.*, 2012 WL 3028224 at *1 ("arguments that could have been raised in the original briefing….may not be made in a motion for reconsideration").  Even if the Court considers this purported evidence, joint representation is legal and not indicative of an unlawful overt act.[9]

Plaintiff also asks the Court to accept as true unproven allegations contained in a response brief filed by the PetroHunter Bankruptcy trustee in which the trustee opposed MAB's and the BFT Parties' attempt to convert the bankruptcy from Chapter 7 to 11[10].  This too is a rehashing of Plaintiff's prior arguments, *see, e.g. Plaintiff's Motion for Constructive Trust*, pp. 7 & 10 [Doc. #29], and ignores this Court already declined to consider evidence outside of the pleadings. *Order*, fn. 3. Other than an attempt to smear the BFT Parties with unproven allegations from a response brief filed in the bankruptcy (ignoring the hearsay and other evidentiary defects attendant to such allegations), the trustee's objection has no bearing on Plaintiff's allegations of conspiracy or his failure to allege facts plausibly showing an unlawful overt act.  The trustee was opposing a statutorily (i.e. lawfully) recognized effort by creditors in a bankruptcy to convert it from a Chapter 7 to a Chapter 11, and the bankruptcy court did not make findings that the trustee's allegations were true.

Plaintiff offers two final claims about the BFT Parties being aware they were participating in an unlawful overt act.  He claims (1) that Carmen Lotito, "on behalf of Defendants…repeatedly

---

[9] It is unclear whether Plaintiff is now trying to implicate the joint counsel in the conspiracy as well.

[10] The trustee's objection acknowledges MAB purchased and took assignment of Plaintiff's claim but does not discuss any details of the transaction.

14

misled Plaintiff into believing that [MAB] would fulfill his obligations under the Agreement….." and (2) that MAB used the BFT to shield his assets from creditors. Plaintiff made both arguments in his response to the Motion to Dismiss. *See Response in Opposition to Motion to Dismiss*, p. 10 [Doc. #74]. and the Court rejected them finding them to be "insufficiently clear to show exactly what the BFT Defendants did wrong." *Order*, p. 6. The Court correctly held this because neither is evidence of either an unlawful act or the BFT Parties' knowledge of an unlawful act.

A third party (Mr. Lotito) telling Plaintiff that MAB said he would fulfill his obligations is not unlawful or evidence of the BFT Parties knowing MAB had allegedly breached an agreement.[11] And although Mr. Lotito is a beneficiary of the trust, he was not a representative of the trust for purposes of conveying messages between Plaintiff and MAB (and there is no evidence or allegation to the contrary).

Even if MAB was using a trust to shield assets, which he was not, it has no bearing on the claims in this case or the dismissal of the BFT Parties. Plaintiff's alleged conspiracy was to "improperly obtain property owned by Plaintiff." *Motion to Reconsider*, p.1. That has nothing to do with shielding assets.

4. **Plaintiff should not be granted leave to amend.**

Plaintiff failed to properly seek leave to amend his amended complaint. F.R.C.P. 15(a)[12] provides that a party has a right to amend the pleading <u>one time</u> without seeking leave of the court either (A) 21 days after serving the complaint, or (B) 21 days after service of motion under Rule 12(b). The reason for allowing a plaintiff to amend within 21 days after a motion to dismiss has

---

[11] At the time Mr. Lotito apparently made these statements the agreement had purportedly already been breached. The BFT Parties cannot have conspired to breach a contract after it already had been breached.

[12] Plaintiff's Motion to Reconsider cites F.R.C.P. 15(b). That rule applies to amendments during and after trial. Rule 15(a) is applicable to amendments before trial.

15

been filed is plainly to allow the correction of defects in a complaint. After that, under F.R.C.P. 15(a)(2), a party must obtain consent or seek leave of the court to amend.

D.C.COLO.LCivR 15.1 contains additional requirements for a party seeking to amend. It requires a party seeking to amend to file a copy of the amended pleading which strikes through deleted text and underlines added text. Plaintiff failed to comply with either Rule 15 or Local Rule 15.1. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282 (10th Cir. 2021) (affirming the district court's denial of plaintiff's one-sentence request for leave to amend for, among other reasons, failing to comply with a local rule requiring the proposed amended pleading to be attached to a motion for leave to amend).

Plaintiff cites *Carillo v. Hickenlooper* and *Hall v. Bellmon* for the proposition that dismissal should not be granted until he has an opportunity to cure the deficiencies. Both cases are distinguishable in that they involve *pro se* plaintiffs and courts recognizing that *pro se* plaintiff's pleadings are to be construed liberally. *Carillo* at *8. Here, not only is Plaintiff represented by counsel, Plaintiff is a lawyer with almost 50 years of experience.

The applicable standard on allowing a plaintiff to amend a pleading is that:

> a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Heath v. Root9b*, 2019 WL 1045668, *7 (D. Colo. 2019) (*quoting Nietzke v. Williams*, 490 U.S. 19, 329-330 (1989)). Thus, the notice and opportunity to amend is based on a motion to dismiss being filed, not on it being granted. Here, consistent with *Heath*, Plaintiff had an opportunity to seek to amend his Amended Complaint after the BFT Parties filed their Motion to Dismiss on

16

January 4, 2021, and before the Court ruled on it over eight months later, on September 20, 2021. Yet Plaintiff chose, after being alerted to the legal theories in the BFT Parties' Motion to Dismiss, to oppose it rather than seek leave to amend.  Said another way, and as set forth in more detail below, Plaintiff has had ample opportunity to seek to amend but decided not to. He should not be permitted to now.

Plaintiff filed his original complaint on April 12, 2019 [Doc. #1], against only Defendant MAB.  Before serving MAB with process, Plaintiff exercised his one right to amend his complaint on June 5, 2020 [Doc. #16].  The Amended Complaint included claims against the BFT Parties. The BFT Parties filed their Motion to Dismiss [Doc. #67] on January 4, 2021. Assuming arguendo that Plaintiff had not already exercised his right to amend "once as a matter of course," under F.R.C.P. 15(a)(1)(B), Plaintiff would have been permitted to amend his complaint within 21 days after the BFT Parties filed their Motion to Dismiss.  Yet Plaintiff, after seeing the BFT Parties' Motion to Dismiss, chose not to seek to amend.

Later still, on April 23, 2021, after counsel for the parties had conferred by phone about the scheduling order, the parties participated in a scheduling conference with Magistrate Judge Neureiter.  At the scheduling conference, the parties discussed the pending motion to dismiss and the Scheduling Order [Doc. #89] referenced it (*see e.g*. §3(b)).  The Scheduling Order also set a June 18, 2021 deadline to amend pleadings (*see* §9(a)).  Again, Plaintiff chose not to seek to amend his Amended Complaint prior to the deadline to amend pleadings.

The Scheduling Order directed that it could only be altered a "showing of good cause" (*see* §13).  Plaintiff's Motion for Reconsideration has not offered or demonstrated good cause for amending the Scheduling Order or allowing him leave to amend. *See Brooks v. Mentor Worldwide*

17

*LLC*, 985 F.3d at 1283 (10th Cir. 2021) ("Plaintiffs made the strategic choice to stand by their primary position and took none of the available avenues to amend their Complaint. We will not protect them from their own inaction. The district court did not abuse its discretion in denying Plaintiffs' request") (internal quotes and citations omitted).

The Tenth Circuit has "long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court." *Brooks v. Mentor Worldwide LLC*, 985 F.3d at 1283 (collecting cases that rejected single-sentence requests for leave to amend); *see also Max Oil Co. Inc. v. Range Production Company LLC*, 681 Fed.Appx. 710, 716 (10th Cir. 2017) (finding single sentence requests to amend "offered as cover for not being specific, is simply inadequate"). In *Brooks*, the plaintiffs included in their response to the motion to dismiss a one-sentence request that any dismissal be entered without prejudice to allow them an opportunity to amend. In rejecting that request, the court stated, "any request for a court order, such as a request for leave to amend, must state with particularity the grounds for the order." *Id*. at 1282. The court did not find a "single sentence as a cognizable motion [so] the district court did not abuse its discretion in denying that request." *Id*. at 1283.

Although Plaintiff captioned the Motion to Reconsider as one alternatively seeking leave to amend, like his allegations of conspiracy, Plaintiff included only a bare request for leave to amend and such a request is not cognizable.[13] Plaintiff's Motion to Reconsider fails to: (a) set forth a legal standard permitting Plaintiff to amend; (b) demonstrate good cause why Plaintiff should be permitted to amend; or (c) address deadlines set forth in the Rules of Civil Procedure or the Scheduling Order. Procedurally, Plaintiff cannot now seek leave because his claims were

---

[13] Plaintiff did not include a request to amend in his response to the motion to dismiss. [Doc. #74]

18

MEYEW\80358063.4

dismissed with prejudice. Also, Plaintiff failed to comply with Local Rule 15.1 because he did not attach a copy of his proposed amended pleading to a motion to amend. Consequently, the Court should reject Plaintiff's unsupported bare request for leave to amend.

WHEREFORE, the Bruner Family Trust and Marc E. Bruner, as trustee of the Bruner Family Trust, respectfully request that the Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted this 5th day of November, 2021.

**POLSINELLI PC**

By: *s/ William R. Meyer*
William Meyer
*Attorneys for the Bruner Family Trust and Marc e. Bruner, as trustee for the Bruner Family Trust*

19

## CERTIFICATE OF SERVICE

       I hereby certify that on the 5th day of November, 2021, I electronically filed the foregoing **RESPONSE TO MOTION FOR RECONSIDERATION OR LEAVE TO AMEND** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP
*Attorneys for Plaintiff David E. Brody*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
*Attorneys for Defendant Marc A. Bruner*

                                                      *s/ Karen Porter*