**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

**THE BFT PARTIES' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE BFT PARTIES' MOTION FOR AWARD OF MANDATORY FEES AND COSTS**

---

Defendants The Bruner Family Trust and Marc E. Bruner as Trustee of the Bruner Family Trust ("BFT Parties"), through counsel, file this its response to Plaintiff's Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs as states as follows.

### I. Introduction

The Court should deny Plaintiff's motion to strike [Doc. #136] (the "Motion to Strike"). Plaintiff claims the BFT Parties' Motion for an Award of Mandatory Fees and Costs [Doc. #130] (the "Motion for Fees") is not ripe because (1) no final judgment has issued and (2) he filed a motion to reconsider the order dismissing Plaintiff's claims against the BFT Parties. Both arguments are misplaced. The BFT Parties are entitled to their fees and costs pursuant to Colorado statute governing motions to dismiss. Under that law, an award of fees and costs is triggered by a Rule 12(b)(6) dismissal—not entry of final judgment. Additionally, this Court's order of dismissal [Doc. #123] (the "Order") was with prejudice and disposed of all claims against the BFT Parties.

1

It is in essence a final judgment with respect to the BFT Parties. Plaintiff's Motion to Reconsider [Doc. #135] is just an attempt to delay having to pay the BFT Parties' fees and costs. It too should be denied and not used to improperly delay resolution of the BFT Parties' Motion for Fees.

## II. Argument

1. **Colorado Statute does not require a final judgment for fees to be assessed.**

The BFT Parties seek an award of their fees and costs pursuant to C.R.S. §13-17-201 ("Section 201"). Section 201 is not triggered by entry of a judgment. It is triggered only by dismissal of tort claims pursuant to Rule 12(b). It states:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, **where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b)** of the Colorado rules of civil procedure, **such defendant shall have judgment for his reasonable attorney fees in defending the action**. This section shall not apply if a motion under rule 12 (b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure. (bold added)

Section 201 requires only dismissal on a Rule 12(b) motion prior to trial. That is exactly what happened here. Consequently, the BFT Parties' Motion for Fees is timely and ripe, and should not be stricken.

Plaintiff did not address Section 201 directly in his Motion to Strike because he has no argument to get around it. Instead, Plaintiff focuses on Rule 54(b). Plaintiff claims the BFT Parties' request for fees is not yet ripe because judgment has not yet entered. Plaintiff cites Rule 54(d)(2) to support his claim that "a party seeking an award of fees many only do so after judgment…." *Motion* at p.2. Plaintiff's citation and claim is wrong. Rule 54(d)(2)(B) states in relevant part:

2

> (B) *Timing and Contents of the Motion*: Unless a statute or a court order provides otherwise, the motion must: (i) **be filed no later than 14 days after the entry of judgment**. (Italics in original, bold added)

A plain reading of Rule 54(d)(2)(B)(i) demonstrates that it does not create a ripeness requirement. It defines an outside deadline (i.e. a statute of limitations deadline) for filing a claim. This section requires only that a party seeking fees do so by motion and that the motion be filed no later than 14 days after the entry of judgment.[1] *See TBM Land Conservancy, Inc. v. Nextel West Corp*., 2017 WL 772303, *1 (D. Colo. 2017).

*TBM Land Conservancy* addressed a situation like this case. There, TBM sued Nextel on a lease that contained a prevailing party attorney fee provision. *Id*. Nextel moved for dismissal on all of TBM's claims, except for a claim for injunctive relief, and prevailed. Nextel then moved for attorney's fees as the prevailing party. TBM, like Plaintiff here, moved to strike the motion for fees (calling it a motion to dismiss the motion for fees) relying on Rule 54(d)(2)(B)(i), arguing a motion for fees was premature because there was no judgment to trigger the 14-day timeframe contemplated in the rule. *Id*. Judge Brimmer rejected that arguments stating, "[t]he plain language of the rule provides a deadline by which a motion for attorney's fees must be filed, but says nothing about when a motion for attorney's fees would be considered premature." *Id*. He also concluded, "[c]ourts have found that Rule 54 does not require parties to wait for entry of judgment to file a motion for attorney's fees." *Id*. (collecting cases). Judge Brimmer, instead focused on the real issue: was Nextel the prevailing party and would resolution of the remaining claim change that. *Id*. He determined Nextel was the prevailing party, resolution of the remining claim would not

---

[1] Nobody can reasonably believe Plaintiff would not argue the BFT Parties missed this deadline had they filed their motion for fees more than 14 days from the Court's Order of Dismissal.

3

change that, and he denied TBM's motion to strike Nextel's motion for fees "despite the lack of a final judgment." *Id*. The same analysis and outcome is appropriate here. Like Nextel, the BFT Parties are the prevailing party. And like Nextel, they are entitled to recover their fees— albeit pursuant to statute rather than contract. There is no reason to strike the BFT Parties Motion for Fees despite any dispute over whether final judgment has entered.

Plaintiff's Motion cites various cases that are distinguishable. Plaintiff relies on *Graham v. Hartford Life and Accident Ins. Co*. for the proposition that it is appropriate to strike a motion for fees before judgment has issued on ripeness grounds. *Motion*, p. 2. There, Graham sued Hartford after being denied long-term disability benefits. The district court ruled that Hartford's denial was arbitrary and remanded it back to Harford for a redetermination. Graham appealed, among other things, seeking an award of attorney's fees. The court did not award Graham her fees because the court determined the claim was not ripe. This determination, unlike what is presently before the Court, was because until Hartford made its redetermination—and depending on whether that led to a subsequent claim by Graham—it was not clear whether Graham was entitled to benefits nor whether she prevailed in the lawsuit. That is starkly different than here, where the Court substantively dismissed with prejudice all of Plaintiff's claims against the BFT Parties.

*National Union Fire Ins. v. Donaldson Co., Inc*. also is distinguishable. It did not address Rule 54(d)(2)(B)(i)'s timing requirement. Although it dealt with Rule 54(d)(2)(B)(ii) and whether a judgment had entered, factually it bears no resemblance to this case. Donaldson sought to recover its fees pursuant to an insurance contract and based on having been awarded partial summary judgment. The court did not award Donaldson its fees because the case was still being litigated among all parties with dispositive motions being briefed and trial scheduled for the following

4

spring. *Id*. at *1. The court stated it was not inclined to award fees "part of the way through" the case. *Id*. at *5. Said another way, Donaldson's claim for fees was not ripe because Donaldson was not done litigating or incurring fees against any other party. The first two paragraphs of this opinion also make clear that the court was frustrated with the parties' litigation tactics and had no intention of awarding fees before the case concluded. *Donaldson* is totally distinguishable from the BFT Parties. Unlike *Donaldson*, the BFT Parties were fully dismissed with prejudice. Plaintiff and the BFT Parties are not continuing to litigate any claims or defenses against each other. Awarding the BFT Parties their fees is not allowing them to recover fees "part of the way through" the case.

    2.    **The Court's Order of Dismissal.**

Federal law "treats a dismissal with prejudice under Rule 12(b)(6) as a judgment on the merits, with the same preclusive effects as any other valid final judgment." *Kirby v. O'Dens*, 2015 WL 12915669, *1 (N. Dist. Okla. 2015). Here, although the Court's Order does not use the words "final judgment," a fair reading of it can be just that with respect to the BFT Parties. The Order expressly stated that all of Plaintiff's claims against the BFT Parties are dismissed with prejudice and "there are no remaining claims against the BFT Defendants." The Court's order was clear, concise, and express; it granted (in part) the BFT Parties' Motion to Dismiss; it dismissed the BFT Parties with prejudice; and it confirmed there are no remaining claims against the BFT Parties. Like *TBM Land Conservancy*, there is no reason to delay awarding fees to the BFT Parties based on this order.

    3.    **The Motion to Reconsider should not be used to delay resolution of the Motion for Fees**

Plaintiff's Motion to Reconsider does not warrant striking the BFT Parties' Motion for Fees. Unlike *Graham*, on which Plaintiff relies, here the Court has not remanded anything for

5

further determination. This Court took decisive action and dismissed all claims Plaintiff asserted against the BFT Parties with prejudice. And F.R.C.P 60(c)(2) dictates that a motion filed under Rule 60[2] "does not affect the judgment's finality or suspend its operation." This means that the Order remains fully enforceable and the BFT Parties' pursuit of their fees should not be impacted by Plaintiff's Motion to Reconsider.

Plaintiff also cited Rule 1, suggesting that striking the Motion for Fees will conserve resources. It will not. ***Plaintiff already responded to the BFT Parties' Motion for Fees*** [Doc. #138]. Striking the Motion for Fees and requiring the parties to refile now, after Plaintiff has already responded, will force the parties to incur duplicative fees, encourage Plaintiff to continue to engage in unending motions practice, and will be, extremely prejudicial, time-consuming, and unnecessarily expensive. Consequently, it makes sense to complete the briefing and expeditiously resolve the last pending issue involving the BFT Parties.

**WHEREFORE**, the Bruner Family Trust and Marc E. Bruner, as trustee of the Bruner Family Trust, respectfully request that the Court deny Plaintiff's Motion to Strike.

Respectfully submitted this 5th day of November, 2021.

**POLSINELLI PC**

By: *s/ William R. Meyer*
William Meyer
*Attorneys for the Bruner Family Trust and Marc e. Bruner, as trustee for the Bruner Family Trust*

---

[2] Plaintiff's Motion to Reconsider was filed under Rule 60.

MEYEW\80440617.3

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2021, I electronically filed the foregoing **RESPONSE TO MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP
*Attorneys for Plaintiff David E. Brody*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
*Attorneys for Defendant Marc A. Bruner*

*s/ Karen Porter*

7

MEYEW\80440617.3