IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT**

Defendant Marc A. Bruner ("MAB") hereby submits his Response to Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment, as follows.

## INTRODUCTION

Plaintiff seeks to supplement the record on his Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment with MAB's discovery responses. However, Plaintiff misstates the applicable standard for supplementing the record, and he also mischaracterizes MAB's discovery responses and their relationship with MAB's defense related to Rule of Professional Conduct 1.8. For those reasons, supplementation is inappropriate and the Motion to Supplement must be denied. Alternatively, if Plaintiff is permitted to supplement, then

4887-5277-3122.1

MAB must also be allowed to supplement his Response with relevant information obtained in discovery.

## ARGUMENT

The discretion to allow a moving party to supplement the record on summary judgment is not unlimited. Rather, Fed. R. Civ. P. 56 "implicitly requires the district court to allow the nonmoving party an opportunity to respond before summary judgment is entered against it." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163; *see also* Fed. R. Civ. P. 56(c). Thus, Rule 56(c) requires the nonmoving party to receive notice of the grounds for summary judgment, as well as "a reasonable opportunity to respond." *Beaird*, 145 F.3d at 1164. As a result, when a movant submits additional evidence after the non-movant's response has been filed, the district court may either disregard the additional evidence or allow the non-movant to respond or supplement. *Id.* at 1163-65; *see also Black-Polsen v. Blansett*, 2005 U.S. Dist. LEXIS 61273, at *27 (D.N.M. 2005) (citing same and denying motion to supplement), attached as Exhibit A.

Plaintiff seeks to supplement the record with MAB's discovery responses and makes a twisted argument that, because MAB acknowledges the existence of an agreement, the constraints of Rule 1.8 no longer apply. This is wholly inaccurate. First, Plaintiff relies on Requests for Admission 1-3, which relate solely to the execution of the parties' August 16, 2017 Agreement and the transfer of the Petrohunter Bankruptcy claim. There is no need to supplement the record with this information. It is already the basis for Plaintiff's First Amended Complaint and the Motion for Judgment on the Pleadings. This information was readily available to Plaintiff. There is no need to supplement because Plaintiff could have included it in his original Motion for Judgment on the Pleadings.

4887-5277-3122.1

Plaintiff also mischaracterizes MAB's response to Request for Admission 8, contending that it shows MAB still considers the Agreement valid. This is inaccurate and discounts the entirety of MAB's discovery responses, which heavily discuss Plaintiff's representation of MAB and therefore bear on Rule 1.8. *See, e.g.,* <u>Exhibit B</u>, MAB Discovery Responses, Response to Interrogatories No. 2-4. Moreover, there is no mention whatsoever of the Agreement, its validity, or whether MAB believes it is valid. MAB's intent to pay the consideration may be motivated by other considerations – such as resolving this dispute. Plaintiff's overstatement of Request for Admission No. 8 is therefore insufficient to allow supplementation.

Finally, if Plaintiff is permitted to supplement, MAB must also be permitted to respond to Plaintiff's supplementation or provide his own supplement, as provided for under the Federal Rules of Civil Procedure and controlling Tenth Circuit precedent.

WHEREFORE Defendant Marc A. Bruner respectfully requests the Court deny Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment, and for such other and further relief as the Court deems appropriate. Alternatively, if this Court grants Plaintiff's Motion to Supplement, MAB must also be permitted to respond or provide his own supplementation.

DATED this 5th day of November, 2021.

**MOYE WHITE LLP**

By: <u>/s/ *Tanya A. Sevy*</u>
    William F. Jones
    Timothy M. Swanson
    Tanya A. Sevy
    1400 16th Street, 6th Floor

4887-5277-3122.1

Denver, Colorado 80202
Phone: (303) 292-2900
Email: billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc A. Bruner*

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of November, 2021, I electronically filed the foregoing **DEFENDANT MARC A. BRUNER'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which was electronically served to the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP

*Attorneys for Plaintiff David E. Brody*

William R. Meyer
Ghislaine Bruner
POLSINELLI PC

*Attorneys for Defendants Bruner*
*Family Trust and Marc E. Bruner*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC

*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Roxie Leff*

4887-5277-3122.1