IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

---

**DEFENDANT MARC A. BRUNER'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS TO DEFENDANTS MARC A. BRUNER AND THE BRUNER FAMILY TRUST**

---

Pursuant to Federal Rule of Civil Procedure 33, 34, and 36, Defendant Marc A Bruner ("MAB") hereby submits his First Supplemental Responses to Plaintiff's Written Discovery Requests to Defendants Marc A. Bruner and the Bruner Family Trust, as follows:

## GENERAL OBJECTIONS

MAB objects to these Discovery Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection. MAB does not waive any such privileges and protections and intends to fully preserve them. MAB will supplement his responses with a privilege log as required.

In responding, MAB does not waive or intend to waive, but rather intends to fully preserve and hereby does preserve: (1) all objections as to competency, relevancy, admissibility, materiality, etc., as to each and every Discovery Request and response provided thereto; (2) all rights to object on any grounds to the use of any of the responses provided herein in any proceeding, motion, hearing, or trial; (3) all rights to object to additional discovery pertaining to the requests and the subject matter of the requests herein.

MAB responds to these Discovery Requests based on information currently known and available to it. Investigation for additional information is ongoing. Consequently, MAB reserves

the right to amend, supplement, or even withdraw the answers and responses provided herein as additional information becomes known and available.

## RESPONSES TO INTERROGATORIES

1. Is Your response to each Request for Admission served upon you by any party an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) identify all persons who have knowledge of those facts.

**RESPONSE:** Please see response to each Request for Admission.

**SUPPLEMENTAL RESPONSE: With regard to each Request for Admission that MAB denied, in whole or in part:**

**MAB denies Request for Admission No. 5 because MAB does not recall requesting a distribution on the Disputed Claim in the PetroHunter Bankruptcy. MAB is not aware of anyone, other than himself, who has knowledge regarding these facts.**

**MAB denies Request for Admission No. 6 because, at this time, he does not recall any negotiations with the Bankruptcy Trustee related to the Disputed Claim.**

**MAB denies Request for Admission No. 7 because if he and Plaintiff had not entered into the Agreement to transfer the Disputed Claim, MAB could have sought the purchase or exchange of another claim in the PetroHunter Bankruptcy. MAB, Marc E. Bruner, and Carmen "Tony" Lotito have knowledge and information regarding the facts related to this Request for Admission.**

**Requests for Admission 9-12 are denied because, since MAB has not had sufficient assets to pay the consideration stated under the Agreement or an equivalent value. Further, MAB informed Plaintiff that he did not have any stock, other than Fortem, that would provide the consideration under the Agreement. MAB and Plaintiff have knowledge and information related to these requests for admission.**

**MAB denies Requests for Admission 14 and 15 because he intended to pay Plaintiff the consideration stated in the Agreement. MAB, Marc E. Bruner, Carmen "Tony" Lotito, and Plaintiff have knowledge and information related to these facts.**

DATED this 8th day of November, 2021.

                                        **MOYE WHITE LLP**

                                        By: /s/ *Tanya A. Sevy*

4880-5758-1058.1

EXHIBIT 4

William F. Jones
Timothy M. Swanson
Tanya A. Sevy
1400 16th Street, 6th Floor
Denver, Colorado 80202
Phone: (303) 292-2900
Email: billy.jones@moyewhite.com
tim.swanson@moyewhite.com
tanya.sevy@moyewhite.com

*Attorneys for Defendant Marc A. Bruner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2021, I electronically served the foregoing **Defendant Marc A Bruner's First Supplemental Responses to Plaintiff's Written Discovery Requests to Defendants Marc A. Bruner and the Bruner Family Trust** on the following:

Michael A. Rollin
Mallory Revel
Lindsey Idelberg
Foster Graham Milstein & Calisher LLP
mrollin@fostergraham.com, amcclurg@fostergraham.com, mkragness@fostergraham.com

*Attorneys for Plaintiff David E. Brody*

/s/ Tanya A. Sevy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## DEFENDANT MARC A. BRUNER'S RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS TO DEFENDANTS MARC A. BRUNER AND THE BRUNER FAMILY TRUST

Pursuant to Federal Rule of Civil Procedure 33, 34, and 36, Defendant Marc A Bruner ("MAB") hereby submits his Responses to Plaintiff's Written Discovery Requests to Defendants Marc A. Bruner and the Bruner Family Trust, as follows:

### GENERAL OBJECTIONS

MAB objects to these Discovery Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection. MAB does not waive any such privileges and protections and intends to fully preserve them. MAB will supplement his responses with a privilege log as required.

In responding, MAB does not waive or intend to waive, but rather intends to fully preserve and hereby does preserve: (1) all objections as to competency, relevancy, admissibility, materiality, etc., as to each and every Discovery Request and response provided thereto; (2) all rights to object on any grounds to the use of any of the responses provided herein in any proceeding, motion, hearing, or trial; (3) all rights to object to additional discovery pertaining to the requests and the subject matter of the requests herein.

MAB responds to these Discovery Requests based on information currently known and available to it. Investigation for additional information is ongoing. Consequently, MAB reserves

4810-3868-2618.1

**EXHIBIT 4**

the right to amend, supplement, or even withdraw the answers and responses provided herein as additional information becomes known and available.

## RESPONSES TO INTERROGATORIES

1. Is Your response to each Request for Admission served upon you by any party an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) identify all persons who have knowledge of those facts.

**RESPONSE:** Please see response to each Request for Admission.

2. State all bases on which You assert that MAB is not liable to Plaintiff as set forth in the operative Complaint as well as the source of all information which support or provide such bases and/or such position, including the specific time, manner, and participants of and to any and all communications related to the bases and position.

**RESPONSE:** MAB objects to this response as vague and overbroad. It is an impermissible "blockbuster" interrogatory. Further, MAB objects to the extent this Interrogatory seeks a legal conclusion. MAB also objects to this Interrogatory as premature, as discovery is ongoing. Subject to and without waiver of any objection, MAB responds as follows:

MAB considered Plaintiff to be his personal attorney at the time of the August 16, 2017 Agreement. Despite Plaintiff's representation of MAB, Plaintiff failed to comply with the requirements of Colorado Rule of Professional Conduct 1.8 in various ways, including but not limited to: (1) Plaintiff did not advise MAB to seek independent legal counsel regarding the proposed transaction, in writing or otherwise; (2) Plaintiff did not obtain informed consent from MAB regarding the essential terms in the transaction, Plaintiff's role in the transaction, and whether Plaintiff was representing MAB's interests in the transaction. Because of Plaintiff's failures to comply with Rule 1.8, the Agreement is void.

Plaintiff also waived certain provisions of the Agreement by representing to MAB that any delay in payment was acceptable, and that MAB could pay him the $25,000 consideration and transfer the Fortem share as he was able. Plaintiff fully understood at the time of the Agreement that the Fortem shares were not tradeable. Plaintiff also waived his rights in the Agreement when he failed to object to the transfer in the PetroHunter Bankruptcy proceeding, as required by the Bankruptcy Court's orders. Finally, Plaintiff waived the right to bring this action under the express terms of the Agreement, which provide, "If one or both cash payments are not made, Brody waives the right to make a claim against Bruner for breach of this Agreement." MAB reserves the right to supplement this response as additional information becomes available.

3. Identify all legal advice given by Plaintiff to MAB in MAB's personal capacity.

**RESPONSE:** MAB objects to this Interrogatory as overbroad and unduly burdensome. MAB and Plaintiff have known each other for over twenty years and have had a professional attorney-client relationship for the vast majority of that time. This Interrogatory requires MAB to recall all legal advice over a substantial length of time. MAB also objects to this Interrogatory to the extent it seeks information subject to the attorney-client or work product privileges. Subject to and without waiving these objections, MAB responds as follows:

MAB retained Plaintiff and Cynthia Gausvik to prepare the trust documents for the Bruner Family Trust.

Plaintiff formed two entities, Mako and Falcon Oil & Gas, on behalf of MAB. In this capacity, MAB recalls that Plaintiff prepared various documents, including but not limited to articles of incorporation and operating agreements, to establish these companies. At the time of formation, Plaintiff worked for MAB's interest rather than as legal counsel for either company. MAB believes that Plaintiff may have done the work regarding assignments of property between these two entities on his behalf.

Plaintiff formed an entity called MAB Resources, LLC on behalf of MAB. MAB also hired Plaintiff represented MAB and MAB Resources in negotiating, drafting, and executing several agreements between MAB and PetroHunter (collectively, the "Consulting and Overriding Royalty Agreements"). Plaintiff also represented MAB and MAB Resources in regard to several amendments to the Consulting and Overriding Royalty Agreements, which included cash and stock consideration that was personal consideration to MAB.

Plaintiff also prepared a document (the "MAB Resources Agreement") regarding a "farmout" of oil and gas interests between PetroHunter and Paltar, two companies in which MAB held interests. MAB believes the MAB Resources Agreement was prepared for him individually.

MAB further states that he considered Plaintiff to be his personal lawyer for over 20 years. The above response indicates the matters where MAB specifically called Plaintiff representing him in a personal capacity, but there may be additional matters. MAB further incorporates the statements set forth in his Declaration filed in response to Plaintiff's Motion for Partial Judgment on the Pleadings. MAB will supplement this response accordingly.

    4.    Identify all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity.

**RESPONSE:** MAB objects to this Interrogatory as overbroad and unduly burdensome. MAB and Plaintiff have known each other for over twenty years and have had a professional attorney-client relationship for the vast majority of that time. This Interrogatory requires MAB to recall all legal advice and related documents over a substantial length of time. MAB further objects because this Interrogatory seeks information outside MAB's possession, custody, or control. Finally, MAB objects to this Interrogatory to the extent it seeks information subject to the

attorney-client or work product privileges. Subject to and without waiving these objections, MAB responds as follows:

At a minimum, the MAB Resources Agreement, the Trust Agreement, the Consulting and Overriding Royalty Agreements, and the various operating agreements and other documents prepared for Mako, Falcon, MAB Resources, PetroHutner, and Palter evidence an attorney-client relationship. Upon information and belief, other responsive documents may be in the possession, custody, or control of third parties, not affiliated with this lawsuit. MAB will supplement this response if it becomes aware of additional documents.

5. Identify each and every Person who ever had the right to control any and all assets held by the BFT and the time period(s) of each such Person's right of control.

**RESPONSE:** MAB objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass MAB. The BFT was formed in March 2005. The Agreement on which this action is based was not signed until August 2017—over twelve years later. There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed, let alone one year before. And this information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Moreover, MAB is not a trustee, and therefore, this Interrogatory seeks information outside his possession, custody, and control.

Subject to the foregoing objections, Marc E. Bruner and Cynthia Gausvik were original trustees of the BFT and Marc E. Bruner has been the sole trustee for the BFT since approximately 2011.

6. Identify each and every transaction involving assets owned and/or held by the BFT, including, without limitation, all investments made by the BFT in third party entities, all loans made by the BFT to third parties, and deposits and withdrawals of any and all such assets, together with the Identity of the Person or Persons who authorized and/or facilitated each of the transactions.

**RESPONSE:** MAB objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass MAB and conduct improper discovery regarding assets before any judgment enters. The BFT was formed in March 2005. The Agreement on which this action is based was not signed until August 2017—over twelve years later. There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since. This information has no possibility of proving or disproving any elements of any pending causes of

4810-3868-2618.1

**EXHIBIT 4**

action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Moreover, MAB is not a trustee of the BFT or otherwise involved with the BFT's management or accounting, and this Interrogatory therefore seeks information outside his possession, custody, and control.

Subject to the foregoing objections, MAB is aware of the following transactions regarding the BFT: (1) it received two distributions from the PetroHunter Bankruptcy trustee, which are a matter of public record; (2) it disbursed approximately $350,000 of the distributions it received to beneficiaries of the BFT; and (3) it paid approximately $15,000 to MAB in 2021 pursuant to trust requirements.  Any other transactions and the amount of the BFT's assets are in the possession of MEB as the BFT's trustee.

   7. Identify the assets of all tangible and intangible forms and types held by the BFT at all times since the formation of the BFT.

**RESPONSE:** MAB objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action.  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass MAB.  The BFT was formed in March 2005.  The Agreement on which this action is based was not signed until August 2017—over twelve years later.  There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since.  The BFT's assets has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment), and it essentially amounts to improper discovery into Defendants' assets before any judgment enters.  Moreover, MAB is not associated with the management or accounting of the BFT, and this Interrogatory therefore seeks information outside his possession, custody, and control.

Subject to the foregoing objections, the only assets of the BFT of which MAB is aware at the time of the Agreement's execution were its claims in the PetroHunter Bankruptcy, which is a matter of public record.  MAB is further aware of the transactions and distributions set forth in his Response to Interrogatory No. 6, set forth above, and incorporates that response herein.

   8. Identify the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times since the formation of the BFT.

**RESPONSE:**

Settlor: Marc. A. Bruner.

Trustees: Marc E. Bruner and Cynthia Gausvik.  Ms. Gausvik ceased serving as trustee in or around 2011.

4810-3868-2618.1

**EXHIBIT 4**

Beneficiaries: Marc E. Bruner, Alan Shane Bruner, Emilie Bruner, Laura Koza, Zachary Bruner, Karissa Kindy, Pat Johnson, Steve Bruner, David Bruner, Gayle Dietz, Darrel Hawkins, Carmen Lotito, Deane Bruner, Stephanie Fitzgerald, Kelley Johnson, Jennifer Johnson White, Ashley Farnsworth, Nickolas Bruner, Megan Anderson, Abigail Bruner, Brittany Bruner, Denise Bruner (now deceased).

9. Identify all communications with any Person regarding the Disputed Claim, including, without limitation, (a) its proposed and/or actual acquisition; (b) ownership and/or possession by MAB; and/or (c) its proposed and/or actual use in connection with the PetroHunter Bankruptcy.

**RESPONSE**: MAB objects to this Interrogatory as overbroad and unduly burdensome. The term "all communications" requires all verbal, telephone, e-mail, text, or other form of communication from at least 2017 to the present, and MAB cannot possibly recall "all" such communications. MAB further objects to the extent this Interrogatory seeks information subject to the attorney-client or work product privileges. Subject to and without waiving these objections, MAB responds as follows:

MAB recalls discussing the Disputed Claim with Brody, and in particular that Brody induced him to entering into the Agreement for the transfer of the Disputed Claim. MAB and Brody had further conversations regarding the transfer of the $25,000 and the Fortem shares.

MAB further had conversations with Carmen "Tony" Lotito regarding the transfer of the Disputed Claim and the existence of the August 1, 2017 Agreement.

MAB believes he had conversations with a transfer agent/company in Florida and the Canadian Trading Commission regarding the status and tradability of the Fortem shares.

10. Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy trustee, including any attorney or other representative thereof, on the other hand.

**RESPONSE**: MAB objects to this request to the extent it asks him to identity communications between the BFT and/or MEB and the PetroHunter Bankruptcy trustee. Those communications are outside MAB's possession, custody, or control. Subject to and without waiving any objection, MAB does not recall having any direct communications with the PetroHunter Bankruptcy trustee. Any such communications would have been handled by his attorney in the PetroHunter bankruptcy.

11. Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.

**RESPONSE:** MAB objects to this request to the extent it asks him to identity communications between the BFT and/or MEB and the PetroHunter Bankruptcy trustee.  Those communications are outside MAB's possession, custody, or control.  Subject to and without waiving any objection, MAB does not recall having any direct communications with the PetroHunter Bankruptcy debtor.  Any such communications would have been handled by his attorney in the PetroHunter bankruptcy.

      12.    Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.

**RESPONSE:** MAB objects to this request to the extent it asks him to identity communications between the BFT and/or MEB and the PetroHunter Bankruptcy trustee.  Those communications are outside MAB's possession, custody, or control.  Subject to and without waiving any objection, MAB responds as follows:
does not recall having any direct communications with the PetroHunter Bankruptcy trustee.  Any such communications would have been handled by his attorney in the PetroHunter bankruptcy.

MAB recalls having conversations with Plaintiff and Tony Lotito, as set forth in his Response to Interrogatory No. 9.  MAB further recalls discussions with Marc E. Bruner regarding the conversion of the PetroHunter bankruptcy from a Chapter 7 to a Chapter 11.

      13.    Identify each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any Person.

**RESPONSE:** MAB objects to this request to the extent it asks him to identity financial and other documents of other parties since it may not have such documents. Subject to the foregoing objection, MAB is not aware of any documents other than those filed in the PetroHunter Bankruptcy or this proceeding.  Any such document is publicly filed and equally available to Plaintiff, and the burden of obtaining, ascertaining, or reviewing any such document will be substantially the same for either party.

      14.    Identify the assets of all tangible and intangible forms and types owned or held by MAB at all times since the date of the Agreement.

**RESPONSE:** MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case.  This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass.  The request also is extremely overly broad in that it would literally include anything and everything owned by MAB for the last four years.  MAB also objects to this Interrogatory because it seeks discovery into MAB's assets before

4810-3868-2618.1

**EXHIBIT 4**

obtaining a judgment against MAB. It is further ambiguous because MAB does not know what Plaintiff means by assets "held by" MAB.

15. Identify the legal and beneficial owner(s) of each and every asset of all tangible and intangible forms and types owned or held by the BFT at all times since the formation of the BFT.

**RESPONSE**: MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass. The request also is extremely overly broad in that it would literally include anything and everything owned by the BFT for over 15 years. MAB also objects to this Interrogatory because it seeks discovery into the BFT's assets before obtaining a judgment against MAB, and it asks him to speculate about any such assets. It is further ambiguous because MAB does not know what Plaintiff means by assets "held by" the BFT. It also seeks information outside MAB's possession, custody, and control. Subject to and without waiver of any objection, MAB responds that he is not aware of the assets held by the BFT.

## RESPONSES TO REQUESTS FOR PRODUCTION

1. Produce each and every Document consulted to obtain and/or containing information responsive to the Interrogatories.

**RESPONSE**: All responsive documents have been or will be produced.

2. Produce records of all transactions of BFT since the date of the Agreement through the date of Your responses.

**RESPONSE**: MAB does not have any documents responsive to this request.

3. Produce all iterations of the BFT trust agreement since its inception, including all modifications and addenda.

**RESPONSE**: All responsive documents have been or will be produced.

4. Produce all communications between MAB and any other Person regarding assets of all tangible and intangible forms and types owned or held by the BFT, including, without, limitation, all directions, instructions, authorizations, approvals, declinations, loans, pledges, and/or negotiations concerning any and all assets of the BFT.

4810-3868-2618.1

**EXHIBIT 4**

**RESPONSE**: MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass. The request also is extremely overly broad in that it would literally include any transactions related to the BFT since its formation in 2005. MAB also objects to this Request because it seeks discovery into assets before obtaining a judgment against MAB or the BFT. It is further ambiguous because MAB does not know what Plaintiff means by assets "held by" the BFT. Subject to and without waiver of any objection, MAB does not possess any documents responsive to this request.

5. Produce all Documents evidencing all legal advice given by Plaintiff to MAB in MAB's personal capacity.

**RESPONSE**: All responsive documents have been or will be produced.

6. Produce all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity.

**RESPONSE**: All responsive documents have been or will be produced.

7. Produce all Documents showing the Identity and scope of authority of each and every Person who ever had the right to control any and all assets of all tangible and intangible forms and types owned or held by the BFT and the time period(s) of each such Person's right of control.

**RESPONSE**: MAB objects to this request as overbroad and irrelevant because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. It is further ambiguous because the term "all tangible and intangible forms and types owned or held by the BFT" is vague, ambiguous, and subject to multiple definitions. Additionally, MAB objects to the extent this Request seeks information outside his possession, custody, and control. Subject to and without waiver of any objection, MAB responds as follows: All responsive documents have been or will be produced, to the extent they are in MAB's possession.

8. Produce all Documents showing each and every transaction involving assets of all tangible and intangible forms and types owned or held by the BFT, including, without limitation, all deposits, withdrawals, and/or loans of any and all such assets, together with the Identify of the Person or Persons who authorized and facilitated all such transactions.

**RESPONSE**: MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil

theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass.  The request also is extremely overly broad in that it would literally include any and every transaction related to the BFT since its creation in 2005.  MAB also objects to this Request because it seeks discovery into the BFT's assets before obtaining a judgment.  It is further ambiguous because MAB does not know what Plaintiff means by "assets of all tangible and intangible forms and types held by" the BFT.  Finally, MAB objects to this Request to the extent it seeks information outside his possession, custody, and control.  Subject to and without waiver of any objection, MAB responds as follows: MAB does not have any documents responsive to this request.

9. Produce all Documents identifying the assets of all tangible and intangible forms and types owned or held by the BFT at all times.

**RESPONSE**: MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case.  This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass.  The request also is extremely overly broad in that it would literally include any and every transaction related to the BFT since its creation in 2005.  MAB also objects to this Request because it seeks discovery into the BFT's assets before obtaining a judgment.  It is further ambiguous because MAB does not know what Plaintiff means by "assets of all tangible and intangible forms and types held by" the BFT.  Finally, MAB objects to this Request to the extent it seeks information outside his possession, custody, and control.  Subject to and without waiver of any objection, MAB responds as follows: MAB does not have any documents responsive to this request.

10. Produce all Documents identifying the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times.

**RESPONSE**: All responsive documents have been or will be produced.

11. Produce all Documents showing and/or referring to all communications with any Person regarding the Disputed Claim, including, without limitation, its proposed and/or acquisition; ownership and/or possession by MAB; and/or its proposed and/or use in connection with the PetroHutner bankruptcy.

**RESPONSE**: All responsive documents have been or will be produced.

12. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy Trustee, including and attorney or other representative thereof, on the other hand.

4810-3868-2618.1

**EXHIBIT 4**

**RESPONSE:** All responsive documents have been or will be produced.

13. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.

**RESPONSE:** All responsive documents have been or will be produced.

14. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.

**RESPONSE:** All responsive documents have been or will be produced.

15. Produce each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any person.

**RESPONSE:** MAB objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass. The request also is extremely overly broad in that it would literally include virtually any reference to the Disputed Claim. Further, such information is equally available to Plaintiff in the filings from the PetroHunter Bankruptcy.

## RESPONSES TO REQUESTS FOR ADMISSION

1. Admit that MAB signed the Agreement.

**RESPONSE:** Admit.

2. Admit that MAB took possession of the Disputed Claim.

**RESPONSE:** Admit.

3. Admit that MAB identified himself in the PetroHunter Bankruptcy as the owner and/or transferee of the Disputed Claim.

**RESPONSE:** Admit.

4. Admit that as of the date of Your responses to these Requests for Admissions, MAB still asserts that he is the owner and/or transferee of the Disputed Claim.

**RESPONSE:** Admit.

5. Admit that MAB sought payment of distributions on the Disputed Claim to himself in the PetroHunter Bankruptcy.

**RESPONSE:** Denied.

6. Admit that one or more of Defendants used the Disputed Claim in negotiations with the PetroHunter Bankruptcy trustee.

**RESPONSE:** MAB objects to this Request because it asks him to admit to actions of other parties, which are outside his knowledge. Subject to and without waiver of any objection, MAB responds as follows: Denied.

7. Admit that without the Disputed Claim, MAB would not be a creditor in the PetroHunter Bankruptcy.

**RESPONSE:** Denied.

8. Admit that MAB paid no consideration to Plaintiff under the Agreement.

**RESPONSE:** MAB admits he has not paid the consideration at this time, but further states intends to pay once the Fortem shares become tradable.

9. Admit that at any time since ten (10) days after the date of the Agreement, MAB has had the ability to cause the consideration under the Agreement to be delivered to Plaintiff.

**RESPONSE:** Denied.

10. Admit that at any time since sixty (60) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff $25,000 in cash.

**RESPONSE:** Denied.

11. Admit that at any time since ten (10) days after the date of the Agreement, MAB has owned various assets valued over $300,000.

**RESPONSE:** Denied.

12. Admit that at any time since ten (10) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff an equivalent value of the Fortem Shares identified as consideration under the Agreement, either in cash or in different stock.

**RESPONSE:** Denied.

      13.    Admit that the BFT holds assets sufficient to pay the consideration under the Agreement.

**RESPONSE:** MAB cannot either admit or deny this Request because he has no personal knowledge about the assets held by the BFT.

      14.    Admit that MAB never intended to pay all of the consideration under the Agreement.

**RESPONSE:** Denied.

      15.    Admit that MAB never intended to pay any of the consideration under the Agreement.

**RESPONSE:** Denied.

DATED this 15th day of September, 2021.

                                      **MOYE WHITE LLP**

                            By:  /s/ *Tanya A. Sevy*
                                   William F. Jones
                                   Timothy M. Swanson
                                   Tanya A. Sevy
                                   1400 16th Street, 6th Floor
                                   Denver, Colorado  80202
                                   Phone: (303) 292-2900
                                   Email: billy.jones@moyewhite.com
                                   tim.swanson@moyewhite.com
                                   tanya.sevy@moyewhite.com

                                   *Attorneys for Defendant Marc A. Bruner*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2021, I electronically served the foregoing **Defendant Marc A Bruner's Responses to Plaintiff's Written Discovery Requests to Defendants Marc A. Bruner and the Bruner Family Trust** on the following:

Michael A. Rollin
Mallory Revel
Lindsey Idelberg
Foster Graham Milstein & Calisher LLP
mrollin@fostergraham.com, amcclurg@fostergraham.com, mkragness@fostergraham.com

*Attorneys for Plaintiff David E. Brody*


William R. Meyer
Ghislaine Bruner
POLSINELLI PC
Wmeyer@polsinelli.com, denverdocketing@polsinelli.com, dgladney@polsinelli.com, egaskins@polsinelli.com, jditullio@polsinelli.com, mwashington@polsinelli.com

*Attorneys for Defendants Bruner*
*Family Trust and Marc E. Bruner*


                                                        */s/ Elisabeth Mason*

4810-3868-2618.1

**EXHIBIT 4**