IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE BFT PARTIES' MOTION FOR AWARD OF MANDATORY FEES AND COSTS**

Plaintiff hereby replies in support of his Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs, ECF No. 136 (the "Motion"), and as grounds therefor states as follows:

**ARGUMENT**

**I.     The BFT Parties' fee motion is unripe.**

"A motion for attorneys' fees cannot be filed until after entry of judgment, including a partial final judgment, unless a statute or court order provides otherwise." *In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2015 WL 867651, at *8 (W.D. Pa. Feb. 27, 2015); *see also National Union Fire Ins. Co. of Pittsburg, Pa. v. Donaldson Co., Inc.*, No. 10–4948 (JRT/TNL), 2016 WL 4186930, at 4 (D. Minn. Aug. 8, 2016) ("Rule 54(d)(2)(B)(ii) explicitly requires that a party requesting an award of attorney's fees 'specify' not only the 'statute, rule, or other grounds' authorizing the award, but also 'the judgment.' Donaldson has not specified the judgment—because judgment has not yet been entered."); *Bytska v. Swiss Int'l Air Line, Ltd.*, No. 15-CV-483, 2016 WL 6948375, at *4 (N.D. Ill. Nov. 28, 2016) ("Among

1

other things, a Rule 54(d)(2) motion must 'specify the judgment and the statute, rule, or other grounds entitling the movant to the award.' Fed. R. Civ. P. 54(d)(2)(B)(ii). Judgment has not been entered in this case, and no party has asked the court to direct entry of judgment as to fewer than all of the claims or parties, see Fed. R. Civ. P. 54(b).").

Not all courts agree, and several have held that judgment is not required before filing a motion for fees. *See, e.g.*, *FAS Tech., Ltd v. Dainippon Screene Mfg., Co., Ltd.*, No. C 00–01879–CRB, 2001 WL 1159776, at *6 (N.D. Cal. Sept. 21, 2001*); Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F.Supp.2d 773, 739-40 (D. Md. 2002); *Keister v. PPL Corp.*, 318 F.R.D. 247, 257-58 (M.D. Pa. 2015).

None of the cases going either way is binding on this Court, but the former cases are truer to the language of Rule 54(d)(2)(B)(ii) because a motion for fees must "specify the judgment," and the Court's dismissal is not a judgment until it is entered in accordance with Rule 58. Fed. R. Civ. P. 58(a), (c). Notably, the BFT Parties' response does not mention Rule 58 at all.

This is also the natural reading of Rule 54(d). Had the rules committee wanted something short of judgment to trigger the ability to file a motion for fees, it knew how to say so just as it did in Rule 60(b), under which a motion is triggered by "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). This also comports with Rule 54(a), which defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). No appeal lies from the Court's Order.

This also makes sense both logically and from the perspective of judicial economy because the Court is still free to alter its Order. Fed. R. Civ. P. 54(b). So long as that remains a possibility, seeking fees may be an exercise in futility, and that is not how the Federal Rules are to be construed. *See* Fed. R. Civ. P. 1.

Indeed, this understanding undergirds the Tenth Circuit's decision in *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). The BFT Parties try to distinguish *Graham*

2

on its particular facts, ECF No. 143 at 4, but the Circuit was concerned with whether a motion for fees was ripe when legal determinations were still to be made. *Graham*, 501 F.3d at 1162 (citing *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004)) for its discussion of the prudential reasons for the ripeness doctrine). The *Graham* Court said the fee motion was unripe. This, if not binding, should be highly persuasive. Importantly, this would be true even absent the motion for reconsideration because the Court can still change its Order under Rule 54(b), but the reconsideration motion certainly amplifies the jurisprudential wisdom of the Tenth Circuit's reasoning in *Graham*.

## II.  Section 13-17-201, C.R.S., cannot and does not override the Federal Rules of Civil Procedure.

The opening section of the BFT Parties' response argues that Section 201 must become available upon the Court's dismissal of the conspiracy claim because the statute does not require that a final judgment precede such a motion. If that's true, then it conflicts with the Federal Rules of Civil Procedure as described above and would be preempted, just as C.R.S. § 13-17-102 is. *Dowling v. General Motors LLC*, 333 F.R.D. 534, 538 (D. Colo. 2019).

Regardless, though, the BFT Parties' textual analysis of Section 201 does not support that a motion may be filed before judgment. What the statute says is that a party "shall have judgment for his reasonable attorney's fees in defending the action." C.R.S. § 13-17-201. But that judgment is a different judgment from judgment on the merits: "an award of attorney fees is distinct and separately appealable from the judgment on the merits." *Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo. App. 2003). The reference to "judgment" in Section 201 does mean that a motion for fees can be filed before judgment on the merits even under state law, much less under Federal Rule 54(d)(2)(B)(ii), which requires a judgment in hand that is "specif[ied]" in the fee motion.

This hole is not plugged by *TBM Land Conservancy, Inc. v. Nextel West Corp.*, No. 15-cv-00134-PAB-KLM, 2017 WL 772303, at *1 (D. Colo. Feb. 28, 2017), either, and the BFT Parties' heavy reliance on it is misplaced. Judge Brimmer pointed out that Rule 54(d)(2)(B)(i) did not set a trigger

3

date, but he did not consider the effect of Rules 54(d)(2)(B)(ii), 54(a), or 58(a). The reason for this is that he was not applying the Federal Rules of Civil Procedure. Instead, he was applying the prevailing party provision in the lease: "[t]he real issue is whether Nextel qualifies as a 'prevailing party' under the lease despite the lack of a final judgment." *TBM*, 2017 WL 772303, at *1.

The lease provided that the prevailing party would be entitled to its fees and that the lease was governed by Colorado law. *Id.* However, the plaintiff in that case dropped the ball by failing to provide any "argument as to why Nextel would not be the prevailing party in this litigation even if plaintiff's second claim seeking injunctive relief were decided adversely to Nextel." *Id.* at 2. That's the end of *TBM* court's analysis.

This case should not be decided based on another party's failure to make an argument, and that's doubly true here because the question of whether and when the BFT Parties become a "prevailing party" under Colorado law is not before *this* Court in *this* case. Indeed, under state law, a prevailing party is "one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation." *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). Thus, fee shifting for a prevailing party (at least in state court) is triggered by prevailing on a substantial issue, not necessarily accompanied by a judgment. Judge Brimmer can still be 100% correct in that case without it having any bearing on this one.

Consequently, the BFT Parties' response brief offers no authority that Section 201 applies before judgment, as that term is defined by either the state or the Federal Rules. And, as explained at the outset, while there are Federal cases going both ways, the only reading that adheres to the plain language of Rules 54(d)(2)(B)(ii), 54(a), 54(b), and 58, and which the Tenth Circuit at least implicitly endorsed in its jurisprudential ripeness consideration in *Graham*, is that a motion for attorneys' fees cannot be filed until after entry of judgment.

For these reasons, the Court should strike the BFT Parties' motion. The parties can refile all their briefing on the issue later if warranted without any extra work.

Respectfully submitted this 11th day of November, 2021.

>By: /s/ *Michael A. Rollin*
> Michael. A. Rollin, Esq.
> Mallory A. Revel, Esq.
> Lindsey Idelberg, Esq.
> FOSTER GRAHAM MILSTEIN & CALISHER LLP
> 360 South Garfield Street,
> Sixth Floor
> Denver, Colorado 80209
> mrollin@fostergraham.com
> mrevel@fostergraham.com
> lidelberg@fostergraham.com
> Tel: (303) 333-9810
> Fax: (303) 333-9786
> *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2021, I served the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE BFT PARTIES' MOTION FOR AWARD OF MANDATORY FEES AND COSTS** via CM/ECF to all counsel of record.

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com
*Counsel for the Bruner Family Trust*
*and Marc e. Bruner, as trustee for the Bruner Family Trust*

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com
*Counsel for Defendant Marc A. Bruner*

and

Lance Henry
Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com
*Counsel for Attorneys for Interpleader Plaintiff Jeffrey L. Hill,*
*Chapter 7 Trustee of PetroHunter Energy Corporation*

            By: */s/ Michael A. Rollin*
               Michael. A. Rollin, Esq.