IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge N. Reid Neureiter

It is hereby **ORDERED** that Plaintiff's Unopposed Amended Motion for Leave to Restrict (Dkt. #153) is **DENIED WITHOUT PREJUDICE**. As the Court stated in its November 9, 2021 Minute Order (Dkt. #149), all motions to restrict **must** comply with the requirements of D.C.COLO.LCivR 7.2(c) and

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (**stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction**);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c) (emphasis added).

The subject motion states summarily that "Plaintiff has no alternative to the restrict," but does not explain why, and Plaintiff relies only on the fact that the material to be restricted was labeled "CONFIDENTIAL" pursuant to the parties' Protective Order (Dkt. #121). This is plainly insufficient under the local rules. As Magistrate Judge Nina Y. Wang explained,

> A party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it "believes" certain materials are competitively sensitive (without evidentiary support) in an attempt to secure wholesale sealing of entire legal briefs and accompanying exhibits. Whether a party has designated a document "confidential" or even "attorney's eyes only" is not dispositive, and may not even be helpful, to the court's analysis.

*Meeker v. Life Care Centers of Am., Inc.*, No. 14-cv-02101-WYD-NYW, 2015 WL 7882695, at *4 (D. Colo. Dec. 4, 2015), *aff'd*, 2016 WL 11693704 (D. Colo. Feb. 1, 2016). Instead, the showing required by D.C.COLO.LCivR 7.2(c) "must be articulated in a specific manner; generalities about injury and the lack of alternatives will not suffice." *Id.*

Plaintiff is given leave to refile a motion that complies with D.C.COLO.LCivR 7.2(c) on or before November 24, 2021. **The motion must, in a specific manner, satisfy the multi-part showing set forth D.C.COLO.LCivR 7.2(c) and explain in detail why all 56 pages of the declaration at issue should be restricted from the public**. Dkt. #139 shall remain under Level 1 restriction until said motion is filed.

Date: November 19, 2021