IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

## PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS (LEVEL 1) UNDER D.C.COLO.LCivR 7.2

Plaintiff David E. Brody, by and through his undersigned counsel, respectfully submits the following Second Amended Motion For Leave to Restrict Public Access at Level 1 of Exhibit C to the Declaration of Michael A. Rollin, and references thereto in the Rollin Declaration, filed in support of his Response in Opposition to the BFT Parties' Motion for Award of Mandatory Fees and Costs, and states as follows:

### Certificate of Conferral

Plaintiff previously conferred with counsel for Defendants regarding the relief requested herein. Defendants did not oppose.

### Argument

1.  On October 4, 2021, The BFT parties filed a motion for an award of mandatory fees and costs ("Motion").

2.  On October 25, 2021, Plaintiff filed his Response in Opposition to the BFT Parties' Motion for Award of Mandatory Fees and Costs ("Response"). In support of his Response, Plaintiff

submitted the Declaration of Michael A. Rollin (ECF No. 139) which quotes, refers to and attaches Exhibit C, thereto.

    3.   Pursuant to Local Rule 7.2(c), Plaintiff states as follows:

> **(1) Identify the document or the proceeding for which restriction is sought.**

The documents for which restriction is sought are (a) Exhibit C, which is a bank statement belonging to the Bruner Family Trust ("BFT") and which was produced as "confidential" under the protective order issued in this case, and (b) paragraph 7 of ECF No. 139, which refers to information contained in Exhibit C.

> **(2) Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction).**

Plaintiff does not know the interest to be protected because the confidentiality designation was applied by a different party. However, because it is a bank statement, Plaintiff presumes that the BFT sees it as confidential information, the disclosure of which could compromise its interests or the interests of its beneficiaries. Plaintiff takes no position on this. Plaintiff invites the BFT to state its rationale for the designation.

Separately, Plaintiff has an interest in ensuring that he does not violate the Court's protective order by publicly filing a document another party designated as confidential. There is a public interest in adhering to court orders, which Plaintiff asserts is sufficient basis <u>for Plaintiff</u> to seek leave to restrict another party's designated document.

> **(3) Identify a clearly defined and serious injury that would result if access is not restricted.**

2

Plaintiff takes no position and has no basis on which to assert how the BFT will be harmed absent the restriction. Plaintiff invites the BFT to respond to this inquiry. Plaintiff, however, will be injured if it files the document without at least moving to restrict because Plaintiff does not want to violate, and be subject to sanctions for violating, the Court's protective order.

**(4) Explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits).**

Plaintiff takes no position and has no basis on which to assert how the BFT will be harmed absent the restriction. Plaintiff invites the BFT to respond to this inquiry. Plaintiff, however, will be injured if it files the document without at least moving to restrict because Plaintiff does not want to violate, and be subject to sanction for violating, the Court's protective order.

**(5) Identify the level of restriction sought.**

Level 1.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and maintain **Level 1 restriction** as to Exhibit C of ECF No. 139 and paragraph 7 of ECF No. 139.

Respectfully submitted this 23rd day of November, 2021.

        */s/ Michael A. Rollin*
        Michael. A. Rollin, Esq.
        Mallory A. Revel, Esq.
        Lindsey Idelberg, Esq.
        FOSTER GRAHAM MILSTEIN & CALISHER LLP
        360 South Garfield Street, Sixth Floor
        Denver, Colorado 80209
        mrollin@fostergraham.com
        mrevel@fostergraham.com
        lidelberg@fostergraham.com

Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, I served the foregoing **PLAINTIFF'S SECOND AMENDED MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS (LEVEL 1) UNDER D.C.COLO.LCivR 7.2** via CM/ECF to all counsel of record.

By: _/s/ Michael A. Rollin_
Michael. A. Rollin, Esq.

4894-5690-5988, v. 1