IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST

Defendants.

## THE BFT PARTIES' RESPONSE IN SUPPORT OF PLAINTIFF'S MOTIONS FOR LEAVE TO RESTRICT

The Bruner Family Trust and Marc E. Bruner as Trustee of the Bruner Family Trust ("BFT Parties"), through counsel, file this response in support of Plaintiff's motions for leave to restrict, and states as follows.

### I. Introduction

Plaintiff has now filed three motions to restrict (seeking slightly different relief) yet has disregarded his obligation to comply with applicable rules, the protective order entered in this case, or the Court's direction to explain why the Declaration of Michael Rollins (the "Declaration", Doc. #139), or Exhibit C attached to the Declaration, should be subject to Level 1 restriction. Plaintiff's first motion (Doc. #140) requested the entire Declaration be restricted because it quoted portions of the BFT Parties' motion for fees that had been restricted. The Court denied the first motion without prejudice (Doc. #149) because Plaintiff did not address D.C.COLO.LCivR 7.2. The Court directed Plaintiff to comply with D.C.COLO.LCivR 7.2(c). Plaintiff's second motion (Doc. #153)

1

sought Level 1 restriction of the Declaration but only because it quoted, referred to, and attached Exhibit C—a BFT bank statement. The second motion did not seek to restrict because of quotes from the BFT Parties' previously filed restricted document. Plaintiff's second motion also did not address D.C.COLO.LCivR 7.2, so the Court again denied without prejudice and directed Plaintiff to comply with that rule. Now Plaintiff's third motion (Doc. #156) seeks Level 1 restriction limited only to Exhibit C to the Declaration and paragraph 7 of Doc. #139. And while Plaintiff finally addresses D.C.COLO.LCivR 7.2, for several of the factors he punts to the BFT Parties by "invit[ing] the BFT to respond to this inquiry."

Although the BFT Parties believe Plaintiff's motions are properly granted, the BFT Parties also believe Plaintiff's failure to cite a rule or explain why any level of restriction is necessary is improper. The Parties are subject to a protective order, Doc. #121, that requires a party (here Plaintiff) to file a confidential document "in accordance with procedures available" for filing the document as protected. Doc. #121, ¶16. Plaintiff has not complied with this requirement by failing and refusing to cite applicable rules for seeking restriction and failing to apply those rules to the facts at issue. The BFT Parties, however, should not be punished for Plaintiff's failure to comply with the protective order or the Court's direction to explain why Level 1 restriction is proper. As set forth below, the BFT Parties respectfully request that Level 1 restriction be granted for—at least—Exhibit C to the Declaration and paragraph 7 of the Declaration.

## II. Argument

Under D.C.COLO.LCivR 7.2, a party may file a document with restricted access by order of the Court. The motion must (1) identify the document for which restriction is sought, (2) address the interest to be protected and why such interest outweighs the presumption of

2

MEYEW\80893917.1

public access, (3) identify a clearly defined and serious injury that would result if access is not restricted, (4) explain why no alternatives to restriction is practicable, and (5) identify the level of restriction sought.

Good cause exists for Level 1 protection of Exhibit C and paragraph 7 to the Declaration because both contain and quote confidential and proprietary information about the BFT's banking activities. The proprietary information includes an unredacted BFT bank statement showing its account holder, account number, account balance, and several transactions. This is typically confidential information that no one expects to be made public and everyone has a significant interest in maintaining as confidential. Conversely, there is no public interest in making such information public, particularly because Plaintiff cites only a single transaction from the bank statement. But for that single line item, none of the information on the statement is relevant to this action or the dispute presently before the Court. Thus, the BFT Parties' interest in maintaining confidentiality outweighs any public interest in access to information contained in the bank statement. Thus, the bank statement either should be redacted in whole, except for the single July 19 line item, or the entire document should be restricted. Other than restricting or significantly redacting the document, there is no alternative to protect the sensitive information contained therein. The BFT Parties do not object to redaction, but believe it is more efficient to simply restrict the document. The BFT Parties will suffer a clear and serious injury should this information be disclosed to the public, as it would publicly disclose sensitive financial information about the BFT such as account numbers, account balances, and unrelated financial transactions, and such disclosure significantly increases the risk of financial harm including, but not limited to, a heightened risk of identity theft and other forms of financial

3

fraud. The BFT Parties support Plaintiff's request for Level 1 protections for Exhibit C to the Declaration and to paragraph 7 of Doc. #139.

WHEREFORE, the Bruner Family Trust and Marc E. Bruner, as trustee of the Bruner Family Trust, respectfully request that the Court grant Plaintiff's motion to restrict.

Respectfully submitted this 24th day of November, 2021.

**POLSINELLI PC**

By: *s/ William R. Meyer*
William Meyer
*Attorneys for the Bruner Family Trust and Marc E. Bruner, as trustee for the Bruner Family Trust*

4

# CERTIFICATE OF SERVICE

   I hereby certify that on the 24th day of November, 2021, I electronically filed the foregoing **RESPONSE TO MOTION TO RESTRICT** with the Clerk of Court using the CM/ECF system, which has electronically served the following:

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP
*Attorneys for Plaintiff David E. Brody*

Patrick D. Vellone
Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
*Attorneys for Interpleader Plaintiff*
*Jeffrey L. Hill, Chapter 7 Trustee of*
*PetroHunter Energy Corporation*

William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
*Attorneys for Defendant Marc A. Bruner*

                     s/ Dionne Gladney

MEYEW\80893917.1