# G.W. MERRICK & ASSOCIATES, LLC

Attorneys and Counselors

6300 S. Syracuse Way, Suite 220
Centennial, Colorado 80111
Telephone     303-831-9400
Facsimile      303-771-5803

www.gwmerrick.com                                  gwm@gwmerrick.com

October 2, 2017

*VIA E-MAIL (jweinman@weinmanpc.com) AND U.S. POST*

Jeffrey A. Weinman, Esq.
Weinman & Associates, P.C.
730 Seventeenth Street, Suite 240
Denver, Colorado 80202

    Re: *PetroHunter Energy Corporation, Case No. 16-20197 HRT, United States Bankruptcy Court, District of Colorado*

Dear Mr. Weinman:

This firm represents Paltar Petroleum Limited ("Paltar"), together with Hogan Lovells US LLP, in respect of the above-referenced chapter 7 liquidation proceedings pending before the Bankruptcy Court in Denver. We understand that you represent Jeffrey L. Hill, the duly appointed and acting chapter 7 trustee (the "Trustee") for PetroHunter Energy Corporation ("PetroHunter"). The purpose of this communication is to convey a bid (in the form of this non-binding letter of intent) to acquire from the PetroHunter chapter 7 estate, free and clear of liens and interests, all of the equity of Sweetpea Petroleum Pty Ltd (ACN 074 750 879) ("Sweetpea") owned by PetroHunter.

It should be underscored that this purchase bid has very substantial benefits both for PetroHunter's chapter 7 estate and for Sweetpea. For example, if this bid is accepted, and if the purchase and sale of Sweetpea equity contemplated by this bid is approved by the Bankruptcy Court, the Purchaser and Paltar will cause very substantial amounts owed by Sweetpea to be cancelled. Pursuant to the Joint Venture Operating Agreement between Sweetpea and Paltar ("JVOA"):

1. An outstanding Called Sum is owed by Sweetpea in the amount of US$43,783,950 (i.e., 50% of US$87,567,900);
2. An outstanding Called Sum for prior incurred expenses is owed by Sweetpea in the amount of US$90,367.81 (plus interest), as set forth in Annexure E (Prior Expenditures) to the JVOA;
3. An amount for pending work program commitments is owed by Sweetpea in respect of the application for EP(A) 197 in the approximate amount of AUD$11,500,000; and

**EXHIBIT 8**

Jeffrey A. Weinman, Esq.
October 2, 2017
Page 2

4. Cross Charges against Sweetpea have been (or are in the process of being) recorded in the public records of the Northern Territory in respect of EP 136 and 143, in the approximate amount of AUD$10,185,000, pursuant to Article 13 of the JVOA and Article 6 of the Joint Venture Cross Charge.

The proposed sale contemplated by this bid would also: (i) result in Sweetpea's status as a "Defaulting Participant" under the terms of the JVOA to be cured, and (ii) enable the Paltar and Sweetpea interests in the "checkerboard" to be merged, thereby improving efficiency of exploration and development of the acreage, and resulting in the JVOA being terminated with no residual liability for Sweetpea. None of these benefits will be realized if there is a sale of the Sweetpea equity, which is the subject of this Letter of Intent, to any other purchaser. Indeed, if any other purchaser were to acquire the Sweetpea equity from the PetroHunter estate, such purchaser would acquire the equity subject to all of the above conditions and obligations that burden Sweetpea.

### Letter of Intent Terms

A. **Purchaser.** A to-be-formed affiliate of Paltar (the "Purchaser").

B. **Assets to be Acquired.** All right, title and interest in Sweetpea equity owned by PetroHunter, with the acquisition to be accomplished free and clear of competing interests, liens and burdens under 11 U.S.C. §363(f).

C. **Bid Incentive.** In the event that the Purchaser is not the successful purchaser of the Sweetpea equity, the Purchaser shall be entitled to a break-up fee of $200,000, payable in cash or the stock of Falcon Oil & Gas Ltd. ("Falcon") based on the average closing share price of the Falcon stock over the ten trading days prior to the closing of the transaction between the third party purchaser and the trustee, provided that at least $75,000 shall be in cash. The PetroHunter trustee shall file a motion with the Bankruptcy Court seeking approval of the break-up fee within five (5) days of acceptance of this Non-Binding Letter of Intent. The trustee shall diligently seek approval of the break-up fee and it shall be approved by the Bankruptcy Court no later than October 31, 2017.

D. **Definitive Purchase and Sale Agreement.** A definitive purchase and sale agreement (the "Agreement") shall be prepared by the Purchaser's counsel. The PetroHunter trustee shall promptly file a motion seeking Bankruptcy Court approval of the Agreement and shall diligently seek Bankruptcy Court approval of the Agreement. The Bankruptcy Court's Order approving the Agreement shall enter no later than November 30, 2017.

E. **Due Diligence.** To facilitate the Purchaser's due diligence, PetroHunter and its chapter 7 Trustee shall, promptly after execution of the Agreement, provide to the Purchaser all files, books and records and documents relating or pertaining to Sweetpea and its assets, liabilities, financial statements or other financial information, and to its properties.

F. **Representations and Warranties.** The PetroHunter estate shall provide standard warranties respecting: (i) sole ownership of all authorized and issued Sweetpea stock, (ii)

2

**EXHIBIT 8**

Jeffrey A. Weinman, Esq.
October 2, 2017
Page 3

Bankruptcy Court approval of the purchase and sale, (iii) no further approvals or consents are required to be obtained in connection with the purchase and sale, (iv) the Sweetpea equity will be purchased and conveyed free and clear of competing interests, liens and burdens under 11 U.S.C. §363(f), (v) prior to Closing, Sweetpea shall be managed and operated in the ordinary course consistent with its historical practices, (vi) from now until the Closing, Sweetpea shall not use, sell, lease or otherwise dispose of any assets or properties outside the ordinary course of business, (vii) at Closing, Sweetpea shall own all of its currently owned Falcon stock, cash and a joint venture interest described in the Joint Venture Operating Agreement between Sweetpea and Paltar, and (viii) to the best of the trustee's knowledge, after due inquiry, all material assets and liabilities of Sweetpea shall be scheduled.

   G. <u>Purchase Consideration</u>.  As consideration for the purchase of the Sweetpea equity, the PetroHunter chapter 7 estate shall be paid and receive: (i) all right, title and interest in Falcon stock owned at Closing by Sweetpea, (ii) all cash held at Closing by Sweetpea, (iii) an additional US$500,000 to be paid at Closing, and (iv) a 2% overriding royalty interest in both Paltar's and Sweetpea's interest in hydrocarbons produced from EP 136, 143 and EP(A) 197.

   H. <u>Conditions to Closing</u>.  As conditions to Closing, all of the following shall have been satisfied: (i) an Order of the Bankruptcy Court shall have entered approving the sale and finding that the Purchaser is a "good faith purchaser" within the meaning of 11 U.S.C. §363(m), (ii) the Bankruptcy Court Order approving the sale of the Sweetpea equity shall expressly eliminate the 10-day stay as provided in Fed.R.Bankr.P. 6004(g), and (iii) the Bankruptcy Court order approving the sale shall not have been stayed.

   I. <u>Closing on Purchase and Sale</u>.   Provided that all conditions to Closing shall have been satisfied, the Closing on the purchase of the Sweetpea stock shall occur in Denver, Colorado at such time and place as Purchaser shall designate.  Purchaser and the PetroHunter chapter 7 estate shall each bear their respective legal, accounting, professional and other fees and costs associated with this purchase transaction.

**EXHIBIT 8**

Jeffrey A. Weinman, Esq.
October 2, 2017
Page 4

Please have the Trustee indicate his consent and approval to the terms of the purchase and sale set forth in this Letter of Intent by countersigning this document below and return it to the undersigned.

                                          Very truly yours,

                                          Glenn W. Merrick

GWM/sl
David Brody, Esq.
Paul Hilton, Esq.


**READ, APPROVED AND AGREED:**

_____
Jeffrey L. Hill
Chapter 7 Trustee of PetroHunter Energy Corporation

**EXHIBIT 8**