| | |
|---|---|
| **From:** | Glenn Merrick <IMCEAEX-_o=OEXCH122_ou=Exchange+20Administrative+20Group+20+28FYDIBOHF23SPDLT+29_cn=Recipients_cn=2b024b28fa094effae7f6dd8345b0aa8-gwm+40BC-686398@namprd14.prod.outlook.com> |
| **To:** | 'marc68bruner@gmail.com'; 'marc@marcbruner.com'; 'Tony Lotito'; 'Barry Meinster (bmeinster@meinster.com)' |
| **CC:** | 'Brody, David E.'; 'Paul Hilton (paul.hilton@hoganlovells.com)'; 'cak@gwmerrick.com' |
| **Sent:** | 4/30/2018 12:04:14 PM |
| **Subject:** | In re PetroHunter Energy Corporation, Cae No. 16-20197 KHT, United States Bankruptcy Court, District of Colorado |

Marc and Tony:

This will follow up on some of the discussions that Marc and I had last week regarding potential courses of conduct in connection with the subject chapter 7 bankruptcy case. The potential courses of action described are not mutually exclusive; they can be pursued simultaneously.

Adversary Proceeding: One potential avenue is to file an adversary proceeding against PetroHunter in the Bankruptcy Court in Denver seeking declaratory and other relief that MAB Resources, LLC is entitled to rescind its agreement with PetroHunter for the shares of Sweetpea Petroleum Pty Ltd. Presumably the rescission remedy would lie as a result of one or more material breaches of agreement by PetroHunter. This course is essentially a "do over" of the action that Barry brought in state court and which resulted in summary judgment being entered against MAB Resources by Hon. Michael Vallejos. My belief is that Judge Vallejos' summary judgment is not res judicata against MAB Resources because the summary judgment never became a "final judgment." But his ruling would have material impact on the thinking of the Bankruptcy Judge (Hon. Kim Tyson) to whom the adversary proceeding would be assigned.

It is noteworthy that Judge Vallejos essentially ruled in PetroHunter's favor on all of its arguments in support of PetroHunter's summary judgment motion. More particularly, Judge Vallejos first determined that MAB Resources claims are barred by a 3-year statute of limitations for breaches of contract. Second, Judge Vallejos ruled that even if the limitations period had not expired MAB Resources is not entitled to a share of the Sweetpea equity because it was not a subsidiary of PetroHunter "formed in the future." Third, Judge Vallejos ruled that with respect to the ORRI, EP 136 and EP 143 did not exist a the time of the execution of the parties' agreement and therefore were not "properties" subject to the ORRI. And, fourth, Judge Vallejos determined that subsequent amendments terminated PetroHunter's right to the 5% ORRI.

Before filing any adversary proceeding we must understand and be able to articulate cogently why Judge Vallejos was incorrect in respect of his summary judgment rulings. At a minimum we must be able to point to one or more genuine issues of fact which should have prevented entry of summary judgment against MAB Resources. In addition, we must be prepared to litigate in the Bankruptcy Court any counterclaims that may be alleged against MAB Resources.

One question that occurs to me is whether MAB Resources timely filed a proof of claim in the PetroHunter chapter 7 proceedings (I hope so). If MAB Resources has filed a proof of claim it may be necessary to amend it to include an equitable claim for rescission.

Conversion of the Chapter 7 (liquidation) case to Chapter 11 (Reorganization): If Jeff Weinman is correct in his most recent correspondence to me that the lifting of the fracking operations in the Northern Territories has made the Sweetpea equity substantially more valuable perhaps conversion of the case to chapter 11 should be considered. 11 U.S.C. §706(b) provides that "on request of a party in interest and after notice and a hearing the court may convert a case [under chapter 7 liquidation] to a case under [chapter 11 reorganization] at any time." In the event that a case is converted, the chapter 7 trustee is immediately divested of authority to act as the legal representative of PetroHunter and PetroHunter would then be managed and controlled by its last board of directors and officers who had not been replaced or

**EXHIBIT 9**

resigned. One imagines that a meeting of the PetroHunter shareholders would immediately be convened to elect a new board and to appoint new officers.

A chapter 7 trustee has a statutory duty under 11 U.S.C. §704(a)(1) to "collect and reduce to money the property of the estate … and close [the chapter 7] estate as expeditiously as is compatible with the best interests of the parties in interest." The argument for conversion is that chapter 11 is a better alternative because: (i) the new PetroHunter management can use the PetroHunter assets in ways other than liquidation for cash (the obligation of a chapter 7 trustee) to maximize value to PetroHunter, and (ii) even if the PetroHunter assets are to be liquidated an experienced management team can realize better liquidation value for the PetroHunter assets than can a chapter 7 trustee who must rely on consultants and contractors as part of the liquidation process..

Of course, conversion to chapter 11 reorganization would be attractive only if we are confident that the PetroHunter shareholders will elect a board (and that board will appoint officers) that are aligned – or at least sympathetic – to steering the company in the direction that want. I don't have any way to evaluate whether we can get the ear of a controlling portion of the PetroHunter equity interest holders.

With kind regards,

Glenn

Glenn W. Merrick

G.W. MERRICK & ASSOCIATES, LLC

Attorneys and Counselors

6300 S. Syracuse Way, Suite 220

Centennial, Colorado 80111
Telephone: (303) 831-9400
Facsimile: (303) 771-5803

Cell: (720) 839-7553
E-mail: gwm@gwmerrick.com <mailto:gwm@gwmerrick.com>
Web: www.gwmerrick.com <http://www.gwmerrick.com/>

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that: Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify G.W. MERRICK & ASSOCIATES, LLC at 303-831-9400 and purge the communication immediately without making any copy or distribution.

**EXHIBIT 9**