| | |
|---|---|
| From: | Glenn Merrick <IMCEAEX-_O=OEXCH122_OU=EXCHANGE+20ADMINISTRATIVE+20GROUP+20+28FYDIBOHF23SPDLT+29_CN=RECIPIENTS_CN=2B024B28FA094EFFAE7F6DD8345B0AA8-GWM+40BC-686398@namprd14.prod.outlook.com> |
| To: | 'marc68bruner@gmail.com'; marc@marcbruner.com; 'Tony Lotito' |
| CC: | 'Brody, David E.'; Paul Hilton (paul.hilton@hoganlovells.com); 'cak@gwmerrick.com' |
| Sent: | 4/25/2018 10:29:08 PM |
| Subject: | PetroHunter Energy Corporation, Case No. 16-20197 KHT, United States Bankruptcy Court, District of Colorado |
| Attachments: | SCAN5938_000.pdf |

Marc and Tony:

FYI

With kind regards,

Glenn

Glenn W. Merrick

G.W. MERRICK & ASSOCIATES, LLC

Attorneys and Counselors

6300 S. Syracuse Way, Suite 220

Centennial, Colorado 80111
Telephone: (303) 831-9400
Facsimile: (303) 771-5803

Cell: (720) 839-7553
E-mail: gwm@gwmerrick.com <mailto:gwm@gwmerrick.com>
Web: www.gwmerrick.com <http://www.gwmerrick.com/>

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that: Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify G.W. MERRICK & ASSOCIATES, LLC at 303-831-9400 and purge the communication immediately without making any copy or distribution.

Deposition Exhibit

**21**

1:19-cv-01091-RM-NRN

# G.W. MERRICK & ASSOCIATES, LLC
Attorneys and Counselors

6300 S. Syracuse Way, Suite 220
Centennial, Colorado 80111
Telephone    303-831-9400
Facsimile    303-771-5803
www.gwmerrick.com    gwm@gwmerrick.com

April 25, 2018

VIA E-MAIL (jweinman@weinmanpc.com) AND U.S. POST

Jeffrey A. Weinman, Esq.
Weinman & Associates, P.C.
730 Seventeenth Street, Suite 240
Denver, Colorado  80202

    Re:    *PetroHunter Energy Corporation, Case No. 16-20197 KHT, United States Bankruptcy Court, District of Colorado*

Dear Jeff:

    I write on behalf of Paltar Petroleum Limited ("Paltar") to re-advance a proposal to have Paltar acquire from the chapter 7 bankruptcy estate of PetroHunter Energy Corporation ("PetroHunter"), free and clear of any competing liens and claims pursuant to 11 U.S.C. §363(f), all right, title and interest held by the PetroHunter chapter 7 estate in the equity of Sweetpea Petroleum Pty Ltd. ("Sweetpea").  As you are aware, the earlier acquisition offer to which I refer was communicated to you in my correspondence dated October 2, 2017 (the "Original Offer"). You responded to the Original Offer in your correspondence to me dated October 4, 2017 (the "Trustee's Response").  It is necessary to re-advance the acquisition offer because the Original Offer required an Order of the Bankruptcy Court approving the proposed acquisition enter by November 30, 2017.

    Please note that the Trustee's Response may misapprehend the Original Offer because the Trustee's Response states that the Original Offer proposes an "LOI between Paltar and Sweetpea." That is not the case. The Original Offer proposes an LOI between the chapter 7 estate of PetroHunter (as seller) and Paltar (as purchaser).

    The Trustee's Response affirms that the Trustee "would otherwise have had an interest in further discussing [the Original Offer]." But the Trustee's Response expresses concern that the *Hislop, et al. v. Paltar Petroleum Limited, et a*l. litigation filed in the federal district court in Denver "places in jeopardy any agreement that Trustee Hill might enter into with either of the factions competing over control of Paltar and Nation." Please note that there is no dispute or litigation relating to the control of Paltar. And the Original Offer is not impacted in any way by any dispute over control of Nation Energy, Inc.

Jeffrey A. Weinman, Esq.
April 25, 2018
Page 2

       The Trustee's Response further states that "engaging in any contractual arrangement with either party may draw the Bankruptcy Estate into lengthy litigation, or create the risk that any agreement reached between the Estate and the non-prevailing party might subsequently be nullified by a court at the request of the prevailing party." Please note that the Original Offer requires that the Trustee promptly to seek Bankruptcy Court approval of the purchase and sale agreement for the Sweetpea equity. We expect that the Trustee would serve notice of the proposed purchase and sale upon the Plaintiffs in the *Hislop* litigation. Those Plaintiffs would then have an opportunity to object. Any such objection would either be sustained or overruled, and this is the type of sale litigation that is routinely part of a chapter 7 Trustee's duties. If (as we believe) any objection by the *Hislop* Plaintiffs is overruled the Trustee would be protected from subsequent "nullification" of the purchase agreement.

       Accordingly, on behalf of Paltar we re-advance the proposal for a purchase LOI set forth in the Original Offer. As time has lapsed since the Original Offer was delivered to you, the deadline for securing Bankruptcy Court approval of the purchase and sale agreement (set forth in Paragraph D on page 2 of the Original Offer) is extended to July 15, 2018. Further, Paltar is willing to proceed with this acquisition offer without bid incentives; thus, there is no longer a need to obtain Bankruptcy Court approval of any such incentives. The balance of the terms and conditions set forth in the Original Offer remain the same.

       This acquisition offer shall remain open and available for acceptance in writing through Monday, April 30, 2018 (after which it shall expire without further notice). Please have the Trustee indicate his consent and approval to the terms and conditions of the purchase and sale set forth in the Original Offer (as updated and modified by this letter) by countersigning this document below and return it to the undersigned.

       Very truly yours,

       Glenn W. Merrick

GWM/ck
David Brody, Esq.
Paul Hilton, Esq.

**READ, APPROVED AND AGREED:**

_____
Jeffrey L. Hill
Chapter 7 Trustee of PetroHunter Energy Corporation