| | |
|---|---|
| From: | Glenn Merrick <IMCEAEX-_o=OEXCH122_ou=Exchange+20Administrative+20Group+20+28FYDIBOHF23SPDLT+29_cn=Recipients_cn=2b024b28fa094effae7f6dd8345b0aa8-gwm+40BC-686398@namprd14.prod.outlook.com> |
| To: | 'marc@marcbruner.com'; 'Marc A. Bruner (marc68bruner@gmail.com)'; 'Tony Lotito' |
| CC: | 'Brody, David E.' |
| Sent: | 7/9/2018 5:05:27 PM |
| Subject: | PetroHunter Energy, |
| Attachments: | Motion to Convert Case to Chapter 11.doc; Notice of Motion to Convert Case to Chapter 11.doc; Order Converting Case to Chapter 11.doc |

Marc and Tony:

Attached are updated drafts of the filings for Bankruptcy Court for the proposed conversion motion. This version incorporates many of Tony's prior comments. Please note that it does not contemplate an attached term sheet, LOI or plan of reorganization (all of which would substantially strengthen the motion to convert) because I understand that we do not have any of those at this point.

Have we settled on who the movants will be? Ideally, we should have both creditors and equity interest holders in PetroHunter be part of the Movants.

Please let me have your thoughts and comments.

With kind regards,

Glenn

Glenn W. Merrick

G.W. MERRICK & ASSOCIATES, LLC

Attorneys and Counselors

6300 S. Syracuse Way, Suite 220

Centennial, Colorado 80111
Telephone: (303) 831-9400
Facsimile: (303) 771-5803

Cell: (720) 839-7553
E-mail: gwm@gwmerrick.com <mailto:gwm@gwmerrick.com>
Web: www.gwmerrick.com <http://www.gwmerrick.com/>

Deposition Exhibit 28
1:19-cv-01091-RM-NRN

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that: Any U.S. tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing or recommending to another party of any transaction or matter addressed herein.

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the

above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify G.W. MERRICK & ASSOCIATES, LLC at 303-831-9400 and purge the communication immediately without making any copy or distribution.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-20197 KHT |
| PETROHUNTER ENGERGY CORP., | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO CONVERT CASE TO CHAPTER 11**

Pursuant to 11 U.S.C. §706(b), MAB Resources, LLC and **[insert identity of other moving parties here]** (collectively, "Movants") respectfully moves this Court for an Order converting the case to one administered under the provisions of chapter 11 of title 11, U.S.C. As grounds for this Motion, Movants advise the Court as follows:

### I.   Background of the Debtor

1. PetroHunter Energy Corporation (the "Debtor") was founded in 2005 as a Maryland corporation. It maintained its headquarters in Denver, Colorado and its stock was publicly traded over the counter.

2. The Debtor was engaged in oil and gas exploration and development. It owns interests in oil and gas leaseholds in Western Colorado and in the Northern Territory, Australia.

3. In addition, the Debtor claims ownership in all of the equity in Sweetpea Petroleum Pty Ltd. ("Sweetpea"), an Australian corporation. Sweetpea, in turn, owns: (i) approximately twenty five percent (25%) of Falcon Oil & Gas Australia Pty Ltd, a publicly traded company ("Falcon Australia"), an Australian subsidiary of Falcon Oil & Gas Ltd., and (ii) a 50% Participant Interest in an Australian Joint Venture Operating Agreement dated Sept. 16,

1

2011. Paltar Petroeleum Ltd. ("Paltar") is the other 50% joint venture interest holder and Paltar is the Operator of the joint venture mineral properties in the Beetaloo Sub-basin (EP 136 and EP 143) in the Northern Territory of Australia. Sweatpea holds a non-operating working interest.

## II. The Chapter 7 Case

4. The Debtor filed a voluntary cause under chapter 7 of title 11, U.S.C. on October 17, 2016. Jeffrey L. Hill was appointed as interim chapter 7 Trustee by the United States Trustee's Office.

5. The Debtor filed its initial schedules and Statement of Financial Affairs on November 10, 2016. Movants believe that the value of the Debtor's assets -- particularly the Debtor's interest in Sweetpea -- was materially omitted from the Debtor's schedules of assets. The value of the Debtor's interest in Sweetpea was listed by the Debtor as $0.

6. A meeting of creditors pursuant to 11 U.S.C. §341(a) was conducted on December 1, 2016 in Denver, Colorado. Jeffrey L. Hill was continued as the permanent chapter 7 trustee (the "Trustee").

7. On October 2, 2017, Paltar made a substantial written offer (in the form of a Letter of Intent) to the Trustee to acquire under 11 U.S.C. §363(f) all of the chapter 7 estate's interest in Sweetpea. That Paltar offer was rejected by the Trustee by correspondence from the Trustee's counsel dated October 4, 2018.

8. On April 25, 2018, Paltar re-advanced its written offer to the Trustee to acquire under 11 U.S.C. §363(f) the chapter 7 estate's interest in Sweetpea. The re-advanced offer was on terms materially more favorable to the chapter 7 estate than the original LOI offer advanced by Paltar to the Trustee on October 2, 2017.

2

9. On April 27, 2018, the Trustee's counsel responded in an e-mail indicating that the Trustee would not accept Paltar's re-advanced offer. The Trustee's counsel states in that e-mail:

> At this time, the Trustee is reviewing his options and investigating the value of the Estate's assets, including the Paltar JV interest, in light of the NT's decision to lift the fracking moratorium. A number of parties have expressed an interest in acquiring Estate assets as a consequence of these new developments and Mr. Hill has sought professional input in order to make a more informed determination as to what the value is of the Estate's holdings. Accordingly, the Trustee cannot accept your client's proposal at this time.

A copy of the e-mail is attached as *Exhibit A*.

### III.      Recent Developments Involving "Fracking"

10. On April 14, 2018, Australia's Northern Territory lifted a two-year moratorium on hydraulic fracturing, commonly known as fracking, to extract natural gas. This unlocks vast onshore reserves in the resource rich region. For example it reopens shall gas reserves in the Beetaloo Basin (where the Debtor and Falcon Australia own mineral interests) for development.

11. The lifting of the moratorium immediately and substantially elevated the value of shares in oil and gas exploration companies in the vicinity. Fracking and drilling operations are expected to commence in the Northern Territory by the end of the first quarter of 2019.

12. Even before the recent decision on fracking in the Northern Territory, the Debtor's assets had a value substantially in excess of the value reported in the Debtor's schedules. This is evident from the initial offer for the Sweetpea equity owned by the Debtor that was advanced by Paltar on October 2, 2017. With the decision on fracking in the Northern Territory, the Debtor's asset value has swelled dramatically.

3

13. If the Debtor's case to be converted to a chapter 11 reorganization, the Debtor's management would be empowered to investigate and pursue the use of the Debtor's assets -- particularly those involving oil and gas development in the Northern Territory -- in connection with valuable business opportunities. These opportunities are likely to produce significant value for the Debtor's creditors and other parties in interest.

14. The fracking decision has dramatically changed the prevailing economics. For example, with the fracking decision the Beetaloo Sub-basin has the potential to deliver 500 trillion cubic feet of natural gas reserves to the Asia-Pacific liquefied natural gas market. CK Infrastructure, an operating unit of CK Asset Holdings, Ltd. out of Hong Kong, has already advanced a $13 billion opening bid for APA Group, the largest natural gas pipeline company in Australia.

15. Movants have conferred with Houlihan Lokey, a NYSE-traded investment bank and restructuring firm ("HL"). HL has indicated that one attractive reorganization option/plan for the Debtor involves combining the undivided 50% joint venture interests in EP 136 and EP 143 held by the Debtor and Paltar (with Paltar serving as Operator) into a single exploration block.[1]

16. Collectively, Paltar and Sweetpea own a 74% net revenue interest in 1,504,000 acres -- in a checkerboard acreage pattern -- in EP 136 and EP 143. The strategy would be to combine this acreage for common ownership and development. This presents a vastly more attractive acquisition target for an acquiring party.[2] The combination will result in a higher acquisition price being paid to both venture partners.

---

[1]  The combined acreage of the joint venture partners in EP 136 and EP 143 is 1,504,000 acres.

[2]  Potential acquirers will want Paltar's operating interest. Moreover, by acquiring the interests of both Paltar and the Debtor the acquirer can reduce exploration risks and infrastructure costs in EP 136 and EP 143.

4

17. By way of contrast, the Trustee is confined by statute to an expeditious liquidation of the Debtor's assets for cash. 11 U.S.C. §704(1). And even if the Debtor's assets are ultimately liquidated, the liquidation is more probable to produce more net value for distribution to parties in interest if accomplished by an experienced and capable management team with substantial knowledge of the conditions and developments in the Northern Territory than by the Trustee.

### IV.  Conversion to Chapter 11 Under 11 U.S.C. §706(b)

18. 11 U.S.C. §706(b) provides that "on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time." *See In re Smith,* 544 Bankr. 126, 131 (Bankr. W.D. Tex. 2016)(there are no statutory standards for conversion of a chapter 7 liquidation case to a chapter 11 reorganization case).

19. The bankruptcy court has broad discretion in exercising this power based on a determination of what "will most inure to the benefit of all parties in interest." *Pickens v. Lockheed Corp. (In re Texas Extrusion Corp.),* 844 F.2d 1142, 1161 (5th Cir. 1988)(citing H.R. Rep. No. 595, 95th Cong., 1st Sess. at 380 (1977)). "Section 706(b) does not provide guidance regarding the factors a court should consider. Since there are no specific grounds for conversion, a court should consider anything relevant that would further the goals of the Bankruptcy Code." *In re Schlehuber,* 489 B.R. 570, 573 (B.A.P. 8th Cir. 2013).

20. The Fifth Circuit's directive in *Pickens* "to examine the 'benefit to all parties in interest' suggests not an inquiry solely into the best interests of the creditors, or even the best interests of the estate, but rather a broader inquiry into what will collectively benefit the

5

debtor, the creditors, and any other parties with a stake in the case. Thus, the decision should not be made based on the interests of any one party or class of parties." *Smith,* 544 Bankr. at 131.

21.	In this case, the creditors and other parties in interest (including third parties who would be afforded the opportunity to join with the Debtor in jointly exploiting business opportunities and investments in contexts other than a forced liquidation of the Debtor's assets) will best be served by a conversion of the case to chapter 11. The Debtor's equity interest holders would then be afforded an opportunity to select a board of directors and management team that could best take advantage of the developments in the Northern Territory and the advantages that it brings.

WHEREFORE, Movants respectfully move this Court under 11 U.S.C. §706(b) for an Order converting the captioned case to one being administered under the provisions of chapter 11 of title 11 U.S.C. Movants further pray that this Court award them such other and further relief to which they may be entitled under the prevailing circumstances.

Dated: July ____, 2018.

G.W. MERRICK & ASSOCIATES, LLC

By: */s/ Glenn W. Merrick*
Glenn W. Merrick
6300 S. Syracuse Way, Ste. 220
Centennial, Colorado 80111
Telephone: (303) 831-9400
Facsimile: (303) 771-5803
E-mail: gwm@gwmerrick.com

ATTORNEYS FOR MOVANTS

6

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on July___, 2018, the foregoing "Motion to Convert Case to Chapter 11" was served by prepaid first class mail, upon the following parties in interest:

| | |
|---|---|
| Office of the United States Trustee<br>1961 Stout Street, Suite 12-200<br>Denver, Colorado 80294-1961 | Jeffrey Weinman, Esq.<br>Weinman & Associates, P.C.<br>730 Seventeenth Street, Suite 240<br>Denver, Colorado 80202 |

               /s/ Katy L. Brailsford
               Katy L. Brailsford

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                              )
                                    )    Case No. 16-20197 KHT
PETROHUNTER ENGERGY CORP.,          )         (Chapter 7)
                                    )
    Debtor.                         )
                                    )

### NOTICE OF "MOTION TO CONVERT CASE TO CHAPTER 11"

**OBJECTION DEADLINE: _____ 2018**

NOTICE IS HEREBY GIVEN THAT _____ ("Movants") have filed a motion (the "Motion") with the Court seeking entry of an Order converting the captioned case to one being administered under the provisions of chapter 11 of title 11, U.S.C.

If you oppose the Motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline state above, and served on the Movants at the address below, and must state clearly all objections and any legal basis for the objections. The Court will not consider general objections.

In the absence of a timely and substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: July ____, 2018.                G.W. MERRICK & ASSOCIATES, LLC


                                       By: */s/ Glenn W. Merrick*
                                           Glenn W. Merrick
                                           6300 S. Syracuse Way, Ste. 220
                                           Centennial, Colorado 80111
                                           Telephone: (303) 831-9400
                                           Facsimile: (303) 771-5803
                                           E-mail: gwm@gwmerrick.com

                                       ATTORNEY FOR MOVANTS

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-20197 KHT |
| PETROHUNTER ENGERGY CORP., ) | (Chapter 7) |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER CONVERTING CASE TO CHAPTER 11"**

THIS MATTER, having come before the Court upon the "Motion to Convert Case to Chapter 11" filed by several parties on July ___, 2018 (the "Motion to Convert"); and

THE COURT, having determined that appropriate notice of the Motion to Convert has been given to all parties entitled thereto according to the Certificates of Service filed in respect of the Motion to Convert; and

THE COURT, having reviewed the Motion to Convert and the case file, and having considered all timely objections and requests for hearing that were timely filed, and having conducted a hearing on the Motion to Convert on _____, 2018 at which the Court considered all testimony and exhibits admitted into evidence and the arguments of counsel; and

THE COURT, having determined that the Motion to Convert is meritorious and that the relief therein requested should be granted;

NOW, THEREFORE, pursuant to 11 U.S.C. §706(b), the captioned case is hereby converted to one to be administered under the provisions of chapter 11 of title 11, U.S.C.

Dated this _____ day of _____, 2018.

BY THE COURT:

_____
United States Bankruptcy Judge

1