< Results for **David E Brody**

## FW: Transfer of Claim in Bankruptcy Proceeding

**From:** Brody, David E. <david.brody@hoganlovells.com>
**To:** mbruner@fortemresources.com <mbruner@fortemresources.com>
**Cc:** Tony Lotito <ctlotito@aol.com>
**Date:** Sat, Aug 12, 2017 10:14 am

📎 BRODYbrunerAUG2017.d... (24 KB)   BRODYbrunerCLAIM.pdf (20 KB)   David Brody Proof of...pdf (3.4 MB)

Marc – Please give me any comments you have on this. Your deadline for responding to the PetroHunter Trustee on the Bruner Family Trust claim (and other rejected claims) is Friday, August 25, and Ted will need time to meet with you and prepare that response.

Dave

**David Brody**
Of Counsel

Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202

Tel:     +1 303 899 7300
Direct:  +1 303 454 2467
Cell:    +1 303 503 5660
Email:   david.brody@hoganlovells.com
         www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

---

**From:** Brody, David E.
**Sent:** Wednesday, August 09, 2017 10:46 AM
**To:** mbruner@fortemresources.com
**Cc:** Tony Lotito
**Subject:** Transfer of Claim in Bankruptcy Proceeding

Marc – Ted has agreed to represent you as soon as you and I reach agreement on the terms of the claim transfer. I'm attaching the following:

1. Proposed agreement between you and me.
2. Form of Transfer of Claim that Ted will file on your behalf in the bankruptcy court after we sign the above agreement.
3. The documents validating my Proof of Claim for $335,374.

As you can see, my claim is an additional $35,000 (or over 10%) more than I thought. Because of this and because it's important that I receive at least some cash when we sign the agreement (I'm still paying off the substantial fees I paid to Sherman & Howard to sue PetroHunter in 2015 and obtain the judgment), I'm proposing $12,500 at closing and the balance of $12,500 sixty days out (plus 125,000 Fortem shares, as we agreed).

Please let me know if you have any comments. If it's acceptable as is, I'll send you a signed copy of the agreement and Transfer of Claim.

Dave

**David Brody**
Of Counsel

Hogan Lovells US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202

Tel:     +1 303 899 7300
Direct:  +1 303 454 2467
Cell:    +1 303 503 5660
Email:   david.brody@hoganlovells.com
         www.hoganlovells.com

*Please consider the environment before printing this e-mail.*

---

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

Deposition Exhibit
**150**
1:19-cv-01091-RM-NRN

## AGREEMENT

THIS AGREEMENT ("Agreement") is entered into this ___ day of August by and between David E. Brody ("Brody") and Marc. A. Bruner ("Bruner"). Brody and Bruner may sometimes be referred to as a "Party" or collectively as the "Parties". This Agreement is based on the following premises:

### RECITALS

A. Brody has filed a claim *In the Matter of PetroHunter Energy Corporation* in the United States Bankruptcy Court for the District of Colorado, Case No. 16-20197-KHT (the "PetroHunter Bankruptcy"), in the amount of $335,374.18 (the "Claim");

B. Bruner and his affiliates have filed one or more claims in the PetroHunter Bankruptcy;

C. Brody desires to sell and assign, and Bruner desires to accept, the Claim in accordance with the terms set forth in this Agreement.

NOW, THEREFORE, based on the above premises, and the mutual covenants set forth herein, the Parties agree as follows:

1. CONSIDERATION:

    (a) Bruner shall pay and deliver to Brody: (i) $12,500 in cash (the "First Payment"), to be paid and delivered to Brody in the form of a cashier's check simultaneously with signing this Agreement; (ii) $12,500 in cash (the "Second Payment") no later than sixty days from the date of this Agreement, and (iii) 125,000 shares of common stock of Fortem Resources Inc. (FRTM:US OTC) (the "Shares") owned by Bruner, free and clear of any liens or encumbrances, to be delivered to Brody in one share certificate within ten days from the date of this Agreement, which Shares shall be freely tradable on either the OTC market or on NASDAQ, with any and all restrictive legends or other restrictions removed or not applicable to the Shares by the end of the six-month holding period applicable under Rule 144, or such sooner time as the Shares can be freely traded under U.S. federal securities law.

    (b) In consideration for the First Payment, the Second Payment and delivery of the Shares, Brody hereby assigns and transfers the Claim to Bruner in accordance with the Transfer of Claim, attached hereto, effective on the date of this Agreement, together with all rights to pursue the Claim in the PetroHunter Bankruptcy, in Bruner's sole discretion.

2. SHARES: The number of Shares shall be adjusted in an appropriate manner in the event of any stock split, stock dividend or other recapitalization of Fortem Resources Inc. prior to issuance of the Shares to Brody, and to take account of any share issuance for less than fair market value by Fortem Resources Inc. prior to the time the Shares become freely tradable and the legends or other restrictions removed from the certificates representing the Shares.

1

3. <u>MISCELLANEOUS</u>:

   (a) <u>Modification</u>.  This Agreement will not be amended, modified, revoked, supplemented, waived or otherwise changed except by a written instrument duly executed by the Parties and designated as such a change.

   (b) <u>Entire Agreement</u>.  This Agreement constitutes and incorporates the entire agreement of the Parties concerning the subject matter of this Agreement and supersedes any prior agreements concerning the subject matter hereof.

   (c) <u>Severability</u>.  If any provision of this Agreement is held invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions of this Agreement will not be impaired thereby, nor will the validity, legality or enforceability of any such defective provisions be in any way affected or impaired in any other jurisdiction.

   (d) <u>Successors and Assigns</u>.  This Agreement shall not be transferred or assigned to any third party without the non-assigning Party's prior written approval.  If such approval is given, the terms, conditions, rights, benefits and obligations set forth in this Agreement will bind and inure to the benefit of each Party and their respective successors and permitted assigns.

   (e) <u>Governing Law and Venue</u>.  This Agreement will be governed by and construed in accordance with the laws of the State of Colorado and venue for any legal action brought under this Agreement will be state or federal court in Denver, Colorado.

   (f) <u>Attorneys' Fees</u>.  If any Party commences any action or proceeding against the other in order to enforce the provisions of this Agreement, the prevailing Party in any such action will be entitled to recover, in addition to any amounts or relief otherwise awarded, all reasonable costs incurred in connection therewith, including all reasonable attorneys' fees and costs.

IN WITNESSS WHEREOF, the Parties have entered into this Agreement on the day and year first written above.

_____            _____
David E. Brody                                    Marc A. Bruner

2

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re  PetroHunter Energy Corp                ,          Case No.  16-20197-HRT

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Marc A. Bruner                                           David E. Brody
Name of Transferee                                  Name of Transferor

Name and Address where notices to transferee should be sent:
 1555 Blake St., Suite 1002
 Denver, Colorado 80202

Court Claim # (if known): _____
Amount of Claim:  $335,374.18
Date Claim Filed:  03/01/2017

Phone:  (604) 562-6101
Last Four Digits of Acct #: _____

Phone:  (303) 503-5660
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____          Date:_____
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Colorado

In re PetroHunter Energy Corp ,    Case No. 16-20197-HRT

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Marc A. Bruner
Name of Transferee

David E. Brody
Name of Transferor

Name and Address where notices to transferee should be sent:
1555 Blake St., Suite 1002
Denver, Colorado 80202

Court Claim # (if known): _____
Amount of Claim: $335,374.18
Date Claim Filed: 03/01/2017

Phone: (604) 562-6101
Last Four Digits of Acct #: _____

Phone: (303) 503-5660
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____    Date:_____
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.