# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,
Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST
Defendants.

## WRITTEN DISCOVERY REQUESTS TO DEFENDANTS MARC A. BRUNER AND THE BRUNER FAMILY TRUST

PLEASE TAKE NOTICE that, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff David E. Brody hereby propounds the following written discovery requests to Defendants Marc A. Bruner and The Bruner Family Trust.

## INSTRUCTIONS

1.  These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answer are no longer correct or complete.

2.  Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa.

3.  The conjunctions "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

**EXHIBIT 13**

4. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business or organized and labeled to correspond with the categories in the requests to which they respond.

5. Should a Defendant have no information or documents responsive to a particular Request, such Defendant should so state in writing.

6. All documents should be segregated for production by request number.

## DEFINITIONS

1. "Brody" and "Plaintiff" means David E. Brody and anyone else acting on his behalf.

2. "MAB" means defendant Marc A. Bruner and anyone else acting on his behalf.

3. "BFT" means the Bruner Family Trust and anyone else acting on its behalf.

4. "MEB" means Marc E. Bruner and anyone else acting on his behalf.

5. "PetroHunter Bankruptcy" means In the Matter of PetroHunter Energy Corporation, United States Bankruptcy Court for the District of Colorado, Case No. 16-20197- KHT.

6. "Agreement" means the Agreement, dated August 16, 2017, between Brody and MAB for the sale and assignment of a $335,374.18 claim (the "Disputed Claim") in the PetroHunter Bankruptcy.

7. "Documents" shall have the same definition as "documents or electronically stored information" pursuant to F.R.C.P. 34(a). A draft or non-identical copy is a separate Document within the meaning of this term.

8. "Identify" when used with regard to a document or writing means to give the type of document or writing (e.g., agreement, letter, memorandum, telegram, telefax, chart, report, handwritten note, etc.); and the date; file and/or identifying symbol; author of such writing; name or names of all recipients of such writing, if any; and, the name and address of any person who has

possession, custody, or control of each writing. In lieu of providing the foregoing information, a copy of the writing may be submitted with your Responses to these Interrogatories, Requests for Production of Documents, and Requests for Admission.

9. The word "Person" means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

10. An inquiry into the existence of, or request for the location of, documents constitutes a request to state the present address at which such documents are kept, if known, and if not known, the last address known and information as to the disposition thereof.

11. A request for the Identity of any person constitutes a request for his or her name, phone number, his or her present residential and business address, if known, and, if not known, his or her last known business and residential addresses.

12. The pronoun "You" or "Your" refers to the party to whom these discovery requests are addressed and to Your agent(s), representative(s), and attorney(s) herein.

13. When identification of a corporation, partnership, or other legal entity is required to properly answer any Interrogatory, Request for Production of Documents, or Request for Admission, give the name, present or last known address, and a brief description of the primary business in which the entity is engaged. With respect to any particular entity, the information other than the name need be given only once.

## **PRIVILEGE**

Should any Document requested be withheld from production on the ground of an assertion of privilege, You shall Identify the author of the Document and all recipients of said Document or of copies of said Document, the date on which the Document was generated, and You shall provide a brief description of the subject matter thereof. You also shall state the grounds for the privilege

3

claimed, including but not limited to furnishing the complete name of the attorney and the complete name of the client. **THIS IS A REQUEST FOR A PRIVILEGE LOG**.

## INTERROGATORIES

1. Is Your response to each Request for Admission served upon you by any party an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) Identify all Persons who have knowledge of those facts.

2. State all bases on which You assert that MAB is not liable to Plaintiff as set forth in the operative Complaint as well as the source of all information which support or provide such bases and/or such position, including the specific time, manner, and participants of and to any and all communications related to the bases and position.

3. Identify all legal advice given by Plaintiff to MAB in MAB's personal capacity.

4. Identify all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity.

5. Identify each and every Person who ever had the right to control any and all assets held by the BFT and the time period(s) of each such Person's right of control.

6. Identify each and every transaction involving assets owned and/or held by the BFT, including, without limitation, all investments made by the BFT in third party entities, all loans made by the BFT to third parties, and deposits and withdrawals of any and all such assets, together with the Identity of the Person or Persons who authorized and/or facilitated each of the transactions.

7. Identify the assets of all tangible and intangible forms and types held by the BFT at all times since the formation of the BFT.

8. Identify the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times since the formation of the BFT.

4

**EXHIBIT 13**

9. Identify all communications with any Person regarding the Disputed Claim, including, without limitation, (a) its proposed and/or actual acquisition; (b) ownership and/or possession by MAB; and/or (c) its proposed and/or actual use in connection with the PetroHunter Bankruptcy.

10. Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy trustee, including any attorney or other representative thereof, on the other hand.

11. Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.

12. Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.

13. Identify each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any Person.

14. Identify the assets of all tangible and intangible forms and types owned or held by MAB at all times since the date of the Agreement.

15. Identify the legal and beneficial owner(s) of each and every asset of all tangible and intangible forms and types owned or held by the BFT at all times since the formation of the BFT.

## REQUESTS FOR PRODUCTION

1. Produce each and every Document consulted to obtain and/or containing information responsive to the Interrogatories.

2. Produce records of all transactions of BFT since the date of the Agreement through the date of Your responses.

3. Produce all iterations of the BFT trust agreement since its inception, including all modifications and addenda.

4. Produce all communications between MAB and any other Person regarding assets of all tangible and intangible forms and types owned or held by the BFT, including, without limitation, all directions, instructions, authorizations, approvals, declinations, loans, pledges, and/or negotiations concerning any and all assets of the BFT.

5. Produce all Documents evidencing all legal advice given by Plaintiff to MAB in MAB's personal capacity.

6. Produce all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity.

7. Produce all Documents showing the Identity and scope of authority of each and every Person who ever had the right to control any and all assets of all tangible and intangible forms and types owned or held by the BFT and the time period(s) of each such Person's right of control.

8. Produce all Documents showing each and every transaction involving assets of all tangible and intangible forms and types owned or held by the BFT, including, without limitation, all deposits, withdrawals, and/or loans of any and all such assets, together with the Identity of the Person or Persons who authorized and facilitated all such transactions.

9. Produce all Documents identifying the assets of all tangible and intangible forms and types owned or held by the BFT at all times.

10. Produce all Documents identifying the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times.

11. Produce all Documents showing and/or referring to all communications with any Person regarding the Disputed Claim, including, without limitation, its proposed and/or actual

acquisition; ownership and/or possession by MAB; and/or its proposed and/or use in connection with the PetroHunter bankruptcy.

12. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy trustee, including any attorney or other representative thereof, on the other hand.

13. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.

14. Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.

15. Produce each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any Person.

## REQUESTS FOR ADMISSIONS

1. Admit that MAB signed the Agreement.

2. Admit that MAB took possession of the Disputed Claim.

3. Admit that MAB identified himself in the PetroHunter Bankruptcy as the owner and/or transferee of the Disputed Claim.

4. Admit that as of the date of Your responses to these Requests for Admissions, MAB still asserts that he is the owner and/or transferee of the Disputed Claim.

5. Admit that MAB sought payment of distributions on the Disputed Claim to himself in the PetroHunter Bankuptcy.

**EXHIBIT 13**

6. Admit that one or more of Defendants used the Disputed Claim in negotiations with the PetroHunter Bankruptcy trustee.

7. Admit that without the Disputed Claim, MAB would not be a creditor in the PetroHunter Bankruptcy.

8. Admit that MAB paid no consideration to Plaintiff under the Agreement.

9. Admit that at any time since ten (10) days after the date of the Agreement, MAB has had the ability to cause the consideration under the Agreement to be delivered to Plaintiff.

10. Admit that at any time since sixty (60) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff $25,000 in cash.

11. Admit that at any time since ten (10) days after the date of the Agreement, MAB has owned various assets valued over $300,000.

12. Admit that at any time since (10) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff an equivalent of the value of the Fortem Shares identified as consideration under the Agreement, either in cash or in different stock.

13. Admit that the BFT holds assets sufficient to pay the consideration under the Agreement.

14. Admit that MAB never intended to pay all of the consideration under the Agreement.

15. Admit that MAB never intended to pay any of the consideration under the Agreement.

DATED this 9th day of August 2021.

                                               Respectfully submitted,

                                               **FOSTER GRAHAM MILSTEIN**
                                               **& CALISHER, LLP**

*/s/ Michael A. Rollin*
Michael A. Rollin
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Tel: (303) 333-9810
Fax: (303) 333-9786
mrollin@fostergraham.com
*Attorneys for Plaintiffs*

9

**EXHIBIT 13**

4841-9070-1557, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, a true and correct copy of the foregoing **WRITTEN DISCOVERY REQUESTS TO DEFENDANTS MARC A. BRUNER AND THE BRUNER FAMILY TRUST** was served via email to each Defendant as follows:

William R. Meyer, Esq.
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com
*Attorneys for Defendants Bruner Family Trust and Marc E. Bruner*

and

Timothy M. Swanson
William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com
*Attorneys for Defendant Marc A. Bruner*

and

Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com
*Attorneys for Interpleader Plaintiff Jeffrey L. Hill, Chapter 7 Trustee of PetroHunter Energy Corporation*

*/s/ Angelica McClurg*
Angelica McClurg, Paralegal

10

**EXHIBIT 13**

4841-9070-1557, v. 1