## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,
Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST
Defendants.

## THE BFT PARTIES' RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS

The BFT responds to Plaintiff's written discovery requests in accordance with the Federal Rules of Civil Procedure and objects to any instruction or definition that seeks to expand or modify applicable Federal Rules of Civil Procedure.

## INTERROGATORIES

**1.      Is Your response to each Request for Admission served upon you by any party an unqualified admission? If not, for each response that is not an unqualified admission: a) state the number of the request; b) state all facts upon which you base your response; c) Identify all Persons who have knowledge of those facts.**

**RESPONSE**: See response to each request for admission.

**2.      State all bases on which You assert that MAB is not liable to Plaintiff as set forth in the operative Complaint as well as the source of all information which support or provide such bases and/or such position, including the specific time, manner, and participants of and to any and all communications related to the bases and position.**

**RESPONSE**: The BFT objects to this request because it is premature in that discovery is ongoing and this request seeks information not in the BFT's possession. Subject to this objection, the BFT believes the Agreement is void because Plaintiff and MAB were in an attorney-client relationship and Plaintiff failed to comply with Colorado Rules of Professional Conduct for entering into an agreement with his own client. Documents supporting this include MAB's affidavit produced in response to Plaintiff's motion for summary judgment and Brody00061-2, 0199-200, 0221-2. Other

**EXHIBIT 14**

documents may support this as well.  The BFT believes Plaintiff's claims for fraud and civil theft are barred by the economic loss rule and applicable statues of limitations.  Plaintiff's claim for breach of the duty of good faith and fair dealing is barred because MAB lacked discretion, which is a requirement of this claim.  The BFT believes Plaintiff's claim for promissory estoppel is barred because equitable claims are not available when there is an applicable contract addressing the same claims.  Plaintiff's claim for civil conspiracy is barred as set forth in previous briefing.  The BFT incorporates its arguments as set forth in its motion to dismiss and its response to Plaintiff's motion for summary judgment.  The BFT may also rely on any response from MAB as to why he is not liable to Plaintiff, including any affirmative defenses on which MAB relies.

   **3.     Identify all legal advice given by Plaintiff to MAB in MAB's personal capacity.**

   **RESPONSE**: The BFT objects to this request because it is premature in that discovery is ongoing and this request seeks information not in the BFT's possession.  Subject to this objection, the BFT relies on statements contained in MAB's affidavit, filed in response to Plaintiff's motion for summary judgment, about receiving legal advice from Plaintiff in a personal capacity. The BFT may also rely on any response from MAB.

   **4.     Identify all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity.**

   **RESPONSE**: The BFT objects to this request because it is premature in that discovery is ongoing and this request seeks information not in the BFT's possession.  Subject to this objection, the BFT identifies MAB's affidavit produced in response to Plaintiff's motion for summary judgment and Brody00061-2, 0199-200, 0221-2. The BFT may also rely on any response from MAB.

   **5.     Identify each and every Person who ever had the right to control any and all assets held by the BFT and the time period(s) of each such Person's right of control.**

   **RESPONSE**: The BFT objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action.  Consequently, the request is

**EXHIBIT 14**

overly broad, unduly burdensome and likely propounded solely to harass the BFT.  The BFT was formed in March 2005.  The Agreement on which this action is based was not signed until August 2017—over twelve years later.  There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since.  And this information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Subject to the foregoing objections, Marc E. Bruner and Cynthia Gausvik were original trustees of the BFT and Marc E. Bruner has been the sole trustee for the BFT since approximately 2011.

**6.      Identify each and every transaction involving assets owned and/or held by the BFT, including, without limitation, all investments made by the BFT in third party entities, all loans made by the BFT to third parties, and deposits and withdrawals of any and all such assets, together with the Identity of the Person or Persons who authorized and/or facilitated each of the transactions.**

    **RESPONSE**: The BFT objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action.  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass the BFT.  The BFT was formed in March 2005.  The Agreement on which this action is based was not signed until August 2017—over twelve years later.  There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since.  This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Without waiving and subject to the foregoing objections, since 2017, the BFT's transactions are as follows: (1) it received two distributions from the PetroHunter Bankruptcy trustee, which are a matter of public record; (2) it disbursed approximately $350,000 of the distributions it received to beneficiaries of the BFT; (3) it paid a $5,000 management fee to MEB in

79298954.1
**EXHIBIT 14**

2020 and in 2021; (4) it paid approximately $15,000 to MAB in 2021 pursuant to trust requirements; and (5) it paid attorney's fees. Currently, the BFT has approximately $127,000 remaining with no other assets other than its claims in the PetroHunter Bankruptcy. MEB, in his capacity as trustee for the BFT, authorized the foregoing payments from the BFT.

     **7.**     **Identify the assets of all tangible and intangible forms and types held by the BFT at all times since the formation of the BFT.**

     **RESPONSE**: The BFT objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass the BFT. The BFT was formed in March 2005. The Agreement on which this action is based was not signed until August 2017—over twelve years later. There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since. The BFT's assets have no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Subject to and without waiving the foregoing objections, the BFT's only assets at or around the time the Agreement was executed were its claims in the PetroHunter Bankruptcy, which is a matter of public record. The BFT also had under $200 in an account from approximately 2011 until the PetroHunter Bankruptcy trustee made two recent distributions to the BFT.

     **8.**     **Identify the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times since the formation of the BFT.**

**RESPONSE**: Settlor: Marc. A. Bruner. Trustees: Marc E. Bruner and Cynthia Gausvik. Ms. Gausvik ceased serving as trustee in or around 2011. Beneficiaries: Marc E. Bruner, Alan Shane Bruner, Emilie Bruner, Laura Koza, Zachary Bruner, Karissa Kindy, Pat Johnson, Steve Bruner, David Bruner, Gayle Dietz, Darrel Hawkins, Carmen Lotito, Deane Bruner, Stephanie Fitzgerald, Kelley Johnson, Jennifer

**EXHIBIT 14**

Johnson White, Ashley Farnsworth, Nickolas Bruner, Megan Anderson, Abigail Bruner, Brittany

Bruner, Denise Bruner (now deceased).

        9.    **Identify all communications with any Person regarding the Disputed Claim, including, without limitation, (a) its proposed and/or actual acquisition; (b) ownership and/or possession by MAB; and/or (c) its proposed and/or actual use in connection with the PetroHunter Bankruptcy.**

        **RESPONSE**: The BFT objects to this request because it is over broad in its use of

"regarding." *See Am. Friends Servs. Cmte. V. City and Cty. Of Denver*, 2004 WL 7334020, at *4 (D. Colo.

Feb. 19, 2004)(relied on by Plaintiff in his response to written discovery).  As written, this request could

seek documents that expressly discuss the acquisition, ownership, or possession of Disputed Claim or

it could be intended to include any communication pertaining to MAB's involvement in the

PetroHunter Bankruptcy since his standing apparently was based on the Disputed Claim, which would

be overly broad and unduly burdensome.  Subject to this objection, the BFT states that prior to

approximately October 2018, the BFT had no communications with anyone about MAB's acquisition

(proposed or actual), ownership, or possession of the Disputed Claim.  In or around October 2018,

Plaintiff contacted Ghislaine Bruner to discuss the Disputed Claim.  See emails disclosed in Brody0070-

4.  It is the BFT's understanding that she was not aware of the Disputed Claim prior to Plaintiff's

contact.  Ms. Bruner conveyed information about her discussion with Plaintiff to MEB, the BFT's

trustee, which may be subject to an applicable claim of privilege.  Prior to that, the BFT had no

communications with anyone about the Disputed Claim.  At some time after August 17, 2017, MAB,

directly or indirectly, asked the BFT if the BFT was interested in participating in an effort to convert

the PetroHunter Bankruptcy from a Chapter 7 to a Chapter 11.  Those communications were not

specific about the Disputed Claim.  Thereafter, attorney Glenn Merrick filed various pleadings on

behalf of several parties seeking to convert the bankruptcy, which could have mentioned the Disputed

Claim.  As noted already, the BFT is not aware of any of these communications being specifically about

the Disputed Claim.

**EXHIBIT 14**

10.    **Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy trustee, including any attorney or other representative thereof, on the other hand.**

**RESPONSE**: The BFT objects to this request to the extent it asks the BFT to identity communications between MAB and/or MEB and the PetroHunter Bankruptcy trustee since it may not have been a party to all such communications.  Subject to that objection, the BFT is producing all responsive documents in its possession.

11.    **Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.**

**RESPONSE**: The BFT is not aware of it having any communications with the PetroHunter Bankruptcy debtor that did not occur through the PetroHunter Bankruptcy trustee.  Consequently, see response to Interrogatory No. 10.

12.    **Identify all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.**

**RESPONSE**: The BFT objects to this request to the extent it asks the BFT to identity communications of other parties since it may not be in possession of such information.  The BFT objects to this request because it is overly broad and not relevant to any claim or defense in this action and is not proportional to the needs of the case.  There were dozens and dozens of listed creditors in the PetroHunter Bankruptcy.  The BFT is not aware of whether there were any additional creditor who filed proofs of claims.  Whether the BFT had communications with any creditor has no possibility of proving or disproving any claims or defenses at issue in this action.  The BFT objects to this request because it is not limited in time, which makes it overly broad and unduly burdensome as well.  The BFT objects to this request to the extent it seeks communications with MAB or Carmen Lotito because they shared a common interest and/or joint defense protection of communications in the PetroHunter Bankruptcy.  Subject to and without waiving the foregoing objections, the BFT will produce or identify on a privilege log responsive documents in its possession.

**EXHIBIT 14**

13.     Identify each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any Person.

RESPONSE: The BFT objects to this request to the extent it asks the BFT to identity financial and other documents of other parties since it may not have such documents. Subject to the foregoing objection, other than possible discussion of the Disputed Claim in a publicly filed document in the PetroHunter Bankruptcy or this proceeding, the burden of obtaining/deriving/ascertaining/ reviewing of which will be substantially the same for either party, the BFT is not aware of any responsive documents.

14.     Identify the assets of all tangible and intangible forms and types owned or held by MAB at all times since the date of the Agreement.

RESPONSE: The BFT objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case.  This information has no possibility of proving or disproving any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment).  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass.  The request also is extremely overly broad in that it would literally include anything and everything owned by MAB for the last four years including the shoes on his feet, to lottery scratch off tickets or printer paper he might have purchased, to any real property he might own.  Answering this request as written would be impossible.  The BFT also objects: (i) to the extent this request seeks asset discovery before obtaining a judgment against the MAB; (ii) because it asks the BFT to speculate as to what assets another party owns or "holds" and (iii) because this request is ambiguous because the BFT does not know what Plaintiff means by assets "held by" MAB.  Subject to each of these objections, the BFT lacks sufficient information about MAB's assets to respond to this request.

15.     Identify the legal and beneficial owner(s) of each and every asset of all tangible and intangible forms and types owned or held by the BFT at all times since the formation of the BFT.

EXHIBIT 14

**RESPONSE**: The BFT objects to this request because it is ambiguous because Plaintiff does not define and the BFT does not know what Plaintiff means by "beneficial owner" or assets "held by" the BFT. The BFT further objects to this request because it is circular and indecipherable because it seems to ask the BFT to identify the owner of assets it owns. To the extent that is the information sought, the BFT is the answer. If Plaintiff is seeking the identity of the BFT's beneficiaries, see response to Interrogatory No. 8. The BFT further objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. The information sought is not relevant to prove or disprove any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Further, there is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since.

Fed.R.Civ.P. 33(b)(5) signatures:

_____

Responding Party: Marc E. Bruner, as Trustee for the Bruner Family Trust

*/s/ William R. Meyer*
Objecting Counsel: William R. Meyer

## REQUESTS FOR PRODUCTION

1.    **Produce each and every Document consulted to obtain and/or containing information responsive to the Interrogatories**.

**RESPONSE**: Responsive documents are being produced.

2.    **Produce records of all transactions of BFT since the date of the Agreement through the date of Your responses.**

**RESPONSE**: The BFT is producing bank records that show all transactions of the BFT since the date of the Agreement.

79298954.1

**EXHIBIT 14**

3.     **Produce all iterations of the BFT trust agreement since its inception, including all modifications and addenda.**

**RESPONSE**: Responsive documents are being produced.

4.     **Produce all communications between MAB and any other Person regarding assets of all tangible and intangible forms and types owned or held by the BFT, including, without limitation, all directions, instructions, authorizations, approvals, declinations, loans, pledges, and/or negotiations concerning any and all assets of the BFT.**

**RESPONSE**: The BFT objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass the BFT. The BFT was formed in March 2005. The Agreement on which this action is based was not signed until August 2017—over twelve years later. There is no basis for Plaintiff to seek information requested over a decade before the operative agreement was signed or since. The BFT also objects because this request is ambiguous because the BFT does not know what Plaintiff means by assets "held by" the BFT. Subject to the foregoing objections, the BFT is not aware of any responsive documents since the date of the Agreement.

5.     **Produce all Documents evidencing all legal advice given by Plaintiff to MAB in MAB's personal capacity.**

**RESPONSE**: Documents evidencing legal advice given by plaintiff to MAB include MAB's affidavit produced in response to Plaintiff's motion for summary judgment and Brody00061-2, 0199-200, 0221-2. The BFT is not in possession of any other responsive documents but reserves the right to rely on any documents produced or filed by Plaintiff or MAB.

6.     **Produce all Documents evidencing an attorney-client relationship between Plaintiff and MAB in his personal capacity**.

**RESPONSE**: See response to Request for Production No. 5.

7.     **Produce all Documents showing the Identity and scope of authority of each and every Person who ever had the right to control any and all assets of all tangible and intangible forms and types owned or held by the BFT and the time period(s) of each such Person's right of control.**

**EXHIBIT 14**

**RESPONSE**: The BFT objects because this request is ambiguous because the BFT does not know what Plaintiff means by assets "held by" the BFT. Subject to this objection, see response to Request for Production No. 3.

8.    **Produce all Documents showing each and every transaction involving assets of all tangible and intangible forms and types owned or held by the BFT, including, without limitation, all deposits, withdrawals, and/or loans of any and all such assets, together with the Identity of the Person or Persons who authorized and facilitated all such transactions.**

**RESPONSE**: The BFT objects to this request because (1) it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case and (2) it is not limited to any time period relevant to any claim or defense in this action. This information is not relevant to prove or disprove any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass the BFT. The BFT was formed in March 2005. The Agreement on which this action is based was not signed until August 2017—over twelve years later. There is no basis for Plaintiff to seek information requested by this interrogatory over a decade before the operative agreement was signed or since. The BFT also objects because this request is ambiguous because the BFT does not know what Plaintiff means by assets "held by" the BFT. Subject to and without waiving the foregoing objections, see response to Request for Production No. 2.

9.    **Produce all Documents identifying the assets of all tangible and intangible forms and types owned or held by the BFT at all times.**

**RESPONSE**: The BFT objects to this request because it seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. The information sought is not relevant to prove or disprove any elements of any pending causes of action (fraud, civil theft, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, civil conspiracy, or declaratory judgment). Assets owned or held by the BFT do not establish or disprove any claim in this action. Further, the BFT was formed in March 2005. The Agreement on which this

**EXHIBIT 14**

action is based was not signed until August 2017—over twelve years later.  There is no basis for Plaintiff to seek the information requested for over a decade before the operative agreement was signed or since.  Consequently, the request is overly broad, unduly burdensome and likely propounded solely to harass.  The request also is extremely overly broad in that it would literally include anything and everything owned by the BFT for the last sixteen years.  The BFT objects: (i) to the extent this request seeks asset discovery before obtaining a judgment against the BFT; and (ii) because this request is ambiguous because the BFT does not know what Plaintiff means by assets "held by" the BFT.  Subject to and without waiving the foregoing objections, see response to Request for Production No. 2.

**10.    Produce all Documents identifying the settlor(s), trustee(s), and beneficiary(ies) of the BFT at all times.**

**RESPONSE**: See response to Request for Production No. 3.

**11.    Produce all Documents showing and/or referring to all communications with any Person regarding the Disputed Claim, including, without limitation, its proposed and/or actual acquisition; ownership and/or possession by MAB; and/or its proposed and/or use in connection with the PetroHunter bankruptcy.**

**RESPONSE**: The BFT objects to this request because it is over broad in its use of "regarding."  *See Am. Friends Servs. Cmte. V. City and Cty. Of Denver*, 2004 WL 7334020, at *4 (D. Colo. Feb. 19, 2004)(relied on by Plaintiff in its responses to written discovery).  As written, this request could seek documents that expressly discuss the Disputed Claim or it could be intended to include any communications having to do with, for example, MAB's involvement in the PetroHunter Bankruptcy since his standing apparently was based on the Disputed Claim.  Subject to this objection, the BFT incorporates its response to Interrogatory No. 9.  The BFT refers Plaintiff to all publicly filed documents in the PetroHunter Bankruptcy which may have mentioned the Disputed Claim, the burden of obtaining/deriving/ascertaining/reviewing of which will be substantially the same for Plaintiff as the BFT.

**12.    Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy trustee, including any attorney or other representative thereof, on the other hand.**

**EXHIBIT 14**

**RESPONSE**: See response to Interrogatory No. 10.

13.    **Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and the PetroHunter Bankruptcy debtor, including any attorney or other representative thereof, on the other hand.**

**RESPONSE**: See response to Interrogatory No. 11.

14.    **Produce all Documents showing and/or referring to all communications between MAB, MEB, and/or the BFT, on the one hand, and each and every PetroHunter Bankruptcy creditor, including any attorney or other representative thereof, on the other hand.**

**RESPONSE**: See response to Interrogatory No. 12.

15.    **Produce each and every Document, including, without limitation, financial statements, loan applications, balance sheets, and/or other record in which each and every of MAB, MEB, and/or the BFT identified the Disputed Claim as an asset of any Person.**

**RESPONSE**: See response to Interrogatory No. 13.

## REQUESTS FOR ADMISSIONS

1.    **Admit that MAB signed the Agreement.**

**RESPONSE**: The BFT Parties are not able to admit or deny this request because they were not parties to the Agreement and were not present when it was purportedly being signed. Notwithstanding this, the BFT Parties have no current reason to dispute that MAB signed the Agreement and note MAB's answer admits he "entered" the Agreement (*see* Doc. #68, ¶12).

2.    **Admit that MAB took possession of the Disputed Claim.**

**RESPONSE**: The BFT objects that this request is ambiguous. The BFT admits Plaintiff transferred the claim to MAB but currently is without sufficient information to admit or deny whether MAB "took possession" of the Disputed Claim in part because Plaintiff does not define this term. The BFT relies on MAB's answer admitting Plaintiff "transferred" the claim to MAB (*see* Doc. #68, ¶16). The BFT Parties further note Plaintiff acknowledged he filed a transfer of claim to MAB in the PetroHunter Bankruptcy and that document is a matter of public record.

3.    **Admit that MAB identified himself in the PetroHunter Bankruptcy as the owner and/or transferee of the Disputed Claim.**

**EXHIBIT 14**

**RESPONSE**: The BFT admits MAB identified himself as the transferee of the Disputed Claim in the PetroHunter Bankruptcy.

4.    **Admit that as of the date of Your responses to these Requests for Admissions, MAB still asserts that he is the owner and/or transferee of the Disputed Claim.**

**RESPONSE**: The BFT Parties cannot admit or deny this request because it requires the BFT to speculate as to what another party asserts and his state of mind.

5.    **Admit that MAB sought payment of distributions on the Disputed Claim to himself in the PetroHunter Bankuptcy.**

**RESPONSE**: Admitted.

6.    **Admit that one or more of Defendants used the Disputed Claim in negotiations with the PetroHunter Bankruptcy trustee.**

**RESPONSE**: The BFT objects that this request is ambiguous. It is not clear what Plaintiff means when inquiring about the "use" of the Disputed Claim in negotiations or what negotiations are being referenced. The BFT denies it or MEB "used" the Disputed Claim in negotiations with the PetroHunter Bankruptcy trustee. Without knowing what Plaintiff is specifically asking, the BFT lacks sufficient information to take a position about whether MAB used the Disputed Claim in negotiations with the PetroHunter Bankruptcy trustee. Such negotiations, if they occurred, may also have occurred without the BFT's knowledge. Subject to the foregoing, the BFT Parties admit MAB, the BFT, the PetroHunter Bankruptcy trustee, and Plaintiff all negotiated a stipulation regarding various matters [Bankr. Doc. No. 585] that resulted in, among other things, the payment of distributions by the trustee and the dismissal of certain bankruptcy pleadings.

7.    **Admit that without the Disputed Claim, MAB would not be a creditor in the PetroHunter Bankruptcy.**

**RESPONSE**: Denied. If MAB had not obtained the Disputed Claim but wanted to have standing in the PetroHunter Bankruptcy he could have purchased all or a portion of any other claim to gain creditor standing.

8.    **Admit that MAB paid no consideration to Plaintiff under the Agreement.**

**EXHIBIT 14**

**RESPONSE**: The BFT cannot admit or deny this request because it was not party to the Agreement or involved with performance under the Agreement and therefore has no personal knowledge about whether MAB paid any consideration under the Agreement.

**9.     Admit that at any time since ten (10) days after the date of the Agreement, MAB has had the ability to cause the consideration under the Agreement to be delivered to Plaintiff.**

**RESPONSE**: The BFT cannot admit or deny this request because it seeks information regarding another party's assets for which the BFT has no personal knowledge and it seeks such information over an extended period of time.

**10.     Admit that at any time since sixty (60) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff $25,000 in cash.**

**RESPONSE**: The BFT cannot admit or deny this request because it seeks information regarding another party's assets for which the BFT has no personal knowledge and it seeks such information over an extended period of time.

**11.     Admit that at any time since ten (10) days after the date of the Agreement, MAB has owned various assets valued over $300,000.**

**RESPONSE**: The BFT cannot admit or deny this request because it seeks information regarding another party's assets for which the BFT has no personal knowledge and it seeks such information over an extended period of time.

**12.     Admit that at any time since (10) days after the date of the Agreement, MAB has had sufficient assets to pay Plaintiff an equivalent of the value of the Fortem Shares identified as consideration under the Agreement, either in cash or in different stock.**

**RESPONSE**: The BFT cannot admit or deny this request because it seeks information regarding another party's assets for which the BFT has no personal knowledge and it seeks such information over an extended period of time.

**13.     Admit that the BFT holds assets sufficient to pay the consideration under the Agreement.**

**RESPONSE**: The BFT objects to this request because it appears to mischaracterize the BFT as being obligated to pay consideration under the Agreement.  The BFT is not a party to the Agreement

**EXHIBIT 14**

and therefore has no obligation to perform any obligations under the Agreement. The BFT further objects because this request does not seek information that is relevant to any party's claims or defenses and is not proportional to the needs of the case. The ability to pay a claim is not an element of any claim or defense in this action. The BFT's financial wherewithal is not an element of, and has no bearing on whether it engaged in, civil conspiracy. Therefore this request is beyond the scope of F.R.C.P. 26(b)(1).

14.     **Admit that MAB never intended to pay all of the consideration under the Agreement.**

**RESPONSE**: Denied. Paragraph 23 of MAB's answer specifically denied Plaintiff's allegation that MAB never intended to perform under the Agreement.

15.     **Admit that MAB never intended to pay any of the consideration under the Agreement.**

**RESPONSE**: Denied. Paragraph 23 of MAB's answer specifically denied Plaintiff's allegation that MAB never intended to perform under the Agreement.

DATED this 9th day of September 2021.

**POLSINELLI PC**

*/s/ William R. Meyer*
William R. Meyer
POLSINELLI PC
1401 Lawrence Street,
Suite 2300
Denver, CO 80202
wmeyer@polsinelli.com
*Attorneys for Defendants Bruner Family Trust and Marc E. Bruner*

**EXHIBIT 14**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2021, a true and correct copy of the foregoing **THE BFT'S RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS** was served via email to each party as follows:

William F. Jones
Tanya A. Sevy
MOYE WHITE LLP
1400 16th Street,
Suite 600
Denver, CO 80202
tim.swanson@moyewhite.com
billy.jones@moyewhite.com
tanya.sevy@moyewhite.com
*Attorneys for Defendant Marc A. Bruner*

Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 S. Garfield St., Sixth Floor
Denver, CO 80209
mrollin@fostergraham.com
*Attorneys for Plaintiff*

Lance Henry
ALLEN VELLONE WOLF HELFRICH & FACTOR PC
1600 Stout Street,
Suite 1900
Denver, CO 80202
lhenry@allen-vellone.com
*Attorneys for Interpleader Plaintiff Jeffrey L. Hill, Chapter 7 Trustee of PetroHunter Energy Corporation*

/s/ _____

79298954.1

**EXHIBIT 14**