

360 South Garfield Street
6th Floor Denver, CO 80209
T 303-333-9810   F 303-333-9786

mrollin@fostergraham.com

September 21, 2021

**Via E-mail**

Tanya Sevy
Tanya.Sevy@moyewhite.com

Dear Tanya,

I have received and reviewed your letter of September 14, 2021. I appreciate you bringing your concerns to my attention.

I want to assure you at the outset that all responsive documents in Plaintiff's possession have been produced. Plaintiff's former employers may have further responsive documents, and you are certainly able to subpoena them, but they are not in Plaintiff's possession, custody, or control, and therefore he cannot produce them. Once you have collected documents from the various sources, you are free to argue the effect of the existence or absence of any particular document, and you have my assurance that Plaintiff will not be an impediment to your ability to collect any discoverable documents or other information from any source.

As to your request for additional information about privileged information in the documents marked *Brody_221* and *Brody_290*, you are correct that the redacted information is identified as privileged and that Rule 26(b)(5)(A)(ii) requires identification of the nature of the documents and/or communications in such a manner that you can assess the claim of privilege. My response is as follows:

1. The redactions in Brody_221-2 relate to a dispute between Hogan Lovells and an entity with which your client is affiliated but is not connected to our case.

2. The redacted portion of Brody_290 relates to objections to claims in the PetroHunter bankruptcy case.

Please let me know if you would like to discuss further. I'm happy to jump on a call at your convenience.

Thank you,

*[signature]*

Michael A. Rollin for
FOSTER GRAHAM MILSTEIN & CALISHER, LLP

Page **1** of **2**

**EXHIBIT 16**

cc: Lance Henry, LHenry@allen-vellone.com
Billy Jones, billy.jones@moyewhite.com

4831-7216-3068, v. 1

**EXHIBIT 16**