IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARK E. BRUNER, as trustee of the Bruner Family Trust,

    Defendant.

## ORDER

This matter is before the Court on six fully briefed motions:

(1)     Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 90);

(2)     The BFT Parties' Motion for an Award of Mandatory Fees and Costs (ECF No. 130);

(3)     Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Civil Conspiracy Claim Against the BFT Parties or, Alternatively, for Leave to Amend (ECF No. 135);

(4)     Plaintiff's Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs (ECF No. 136);

(5)     Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 137); and

(6)     Plaintiff's Motion to Supplement Motion for Reconsideration (ECF No. 170).

This Order addresses each of them, though not in the order in which they were filed.

I. **BACKGROUND**

This case began as a relatively straightforward contract dispute between Plaintiff and former Defendant Marc A. Bruner ("MAB"). In August 2017, Plaintiff and MAB signed an agreement whereby Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation in exchange for 150,000 unrestricted, freely tradable shares in Fortem Resources, Inc., to be transferred within ten days of the agreement, and $25,000 in cash, payable in two instalments due within thirty and sixty days of the agreement. Although Plaintiff received the bankruptcy claim and transferred it into his name with the bankruptcy court, MAB did not deliver the Fortem shares or make any payments to Plaintiff.

Plaintiff filed this lawsuit against MAB in April 2019, seeking specific performance and actual damages for his breach of the implied duty of good faith and fair dealing as well as attorney fees and costs. (ECF No. 1.) In June 2020, Plaintiff filed the Amended Complaint (ECF No. 16), adding as Defendants the Bruner Family Trust and Marc E. Bruner (MAB's son), as trustee of the Bruner Family Trust (the "BFT Defendants"), and asserting claims arising under Colorado law for fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and declaratory judgment.

In January 2020, the BFT Defendants filed a Motion to Dismiss (ECF No. 67), arguing that Plaintiff failed to state a conspiracy claim and that his civil theft claim was barred by the statute of limitations. Before the Court ruled on the Motion to Dismiss, Plaintiff filed his Motion for Partial Summary Judgment on the Pleadings (ECF No. 90), seeking summary judgment on his breach of contract claim against MAB.

In September 2021, the Court issued an Order granting in part and denying in part the

Motion to Dismiss. As pertinent here, the Court agreed with the BFT Defendants that Plaintiff failed to allege two necessary elements of a conspiracy claim: a meeting of the minds on the object or course of action and an unlawful overt act.

With respect to a meeting of the minds, the Court found that Plaintiff's "bare assertion that MAB and the BFT Defendants agreed and worked cooperatively to defraud [Plaintiff] without any factual support about the substance of the illicit plan, when it was discussed, or why the parties conspired to defraud [Plaintiff] is insufficient to state a claim for relief." (ECF No. 123 at 5.) The Court further found that, regardless of whether the BFT Defendants had an interest in MAB obtaining the bankruptcy claim, the Amended Complaint "lacks factual support to indicate the BFT Defendants approved, or even were aware of, MAB's alleged plan." (*Id.* at 5-6.)

With respect to an unlawful overt act, the Court found that even if the BFT Defendants and MAB shared a goal of strengthening the trust's position in the bankruptcy proceeding, the Amended Complaint failed to allege "facts supporting that this was to be accomplished by unlawful means," and therefore it was "insufficiently clear to show exactly what the BFT Defendants did wrong." (*Id.* at 6.)

After the Court dismissed with prejudice the civil conspiracy claim, it concluded there were no remaining claims against the BFT Defendants. (*Id.* at 9.) In addition, the Court declined to dismiss, on statute of limitations grounds, Plaintiff's civil theft claim against MAB, finding that further factual development was warranted. (*Id.* at 7.)

II.  **PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND RELATED MOTION TO SUPPLEMENT**

After the Court ruled on the Motion to Dismiss, Plaintiff filed a Motion to Supplement

(ECF No. 137), seeking to provide additional evidence in support of his Motion for Partial Judgment on the Pleadings (ECF No. 90), which had already been fully briefed (ECF Nos. 98, 100, 108).  However, the parties have since stipulated to the dismissal without prejudice of the claims against MAB.  (*See* ECF No. 167.)  Therefore, the Court finds both these Motions have become moot.

### III.     PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELATED MOTION TO SUPPLEMENT

Plaintiff also responded to the Court's Order on the Motion to Dismiss by filing a Motion for Reconsideration (ECF No. 135), seeking reconsideration of that Order, or, in the alternative, leave to amend.  He also filed a related Motion to Supplement (ECF No. 170), seeking to provide additional evidence in support of his Motion for Reconsideration.  Both Motions have been fully briefed.  (ECF Nos. 142, 151, 172, 173.)

#### A.     Motion for Reconsideration

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from an order for a list of reasons that includes "any other reason that justifies relief."  *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (noting that in this Circuit, subsection (6) of the Rule has been described as a "grand reservoir of equitable power to do justice in a particular case" (quotation omitted)).

In his Motion for Reconsideration, Plaintiff argues that the Court incorrectly applied the legal standard that applies to claims brought under 42 U.S.C. §§ 1983 and 1985 when assessing his state-law conspiracy claims.  But Plaintiff's position is significantly undermined by the fact that while the Order sets forth the familiar *Twombly* standard for evaluating motions to dismiss, it nowhere cites or discusses these statutes or any "heightened pleading standard."  (*See* ECF

Nos. 135 at 5; 151 at 3.)  The closest the Order comes to suggesting such a standard is when it states that Plaintiff needed to allege "specific facts showing agreement and concerted action among the defendants," quoting *Wagner v. CHER, LLC*, No. 18-cv-01007-STV, 2018 WL 6046432, at *5 (D. Colo. Nov. 19, 2018) (unpublished).  However, a review of the Court's Order shows that it concluded, properly, that Plaintiff failed to plead sufficient facts to support his conspiracy claims.

First, the Court found evidence supporting a meeting of the minds was lacking.  The Court observed that the *only* allegation in the complaint regarding MAB and the BFT Defendants meeting on the purported agreement between them was that they agreed and worked cooperatively to defraud Plaintiff for their own benefit.  (ECF No. 123 at 5.)  It then concluded that this "bare assertion that MAB and the BFT Defendants agreed and worked cooperatively to defraud [Plaintiff] without any factual support about the substance of this illicit plan, when it was discussed, or why the parties conspired to defraud [Plaintiff] is insufficient to state a claim for relief."  (*Id.*)

The Court's conclusion is consistent with the guidance set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007), where the Supreme Court held that a naked assertion of conspiracy without further factual enhancement stops short of the line between possibility and plausibility of entitlement to relief, stating that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice."  Moreover, "[t]he court will not infer the agreement necessary to form a conspiracy; evidence of such an agreement must be presented by the plaintiff.  *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (en banc); *see also FDIC v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1473 (D. Colo. 1996) (citing *Nelson*).

Although Plaintiff asserts that the complaint "as a whole" makes his entitlement to relief plausible, the snippets of allegations he identifies—vaguely referring to Defendants' intent to "use" the bankruptcy claim and their use of "intertwined and interrelated entities" (ECF No. 135 at 9)—add no heft to the allegation identified in the Order. While such allegations may be consistent with an agreement, that is not enough to make out a claim. *See Twombly*, 550 U.S. at 557.

Plaintiff's reliance on *Hanks v. Aminokit Laboratories, Inc.*, No. 17-cv-01108-RM-MJW, 2018 WL 11025410, at *7 (D. Colo. Feb. 7, 2018), is unavailing. There, the plaintiffs' assertion of an agreement was premised on specific conduct, e.g., the defendant knowing that certain co-defendants were not licensed, negotiating a lease with another co-defendant on their behalf, distributing marketing materials, and providing access to referral sources. *Id.* The vague and conclusory allegations in Plaintiff's Amended Complaint do not compare to the factual assertions in *Hanks*.

Second, the Court found evidence of an overt unlawful act was also lacking. The Court determined in the Order that even if MAB intended to withhold consideration for the bankruptcy claim as alleged, there was no evidence imputing such intent to the BFT Defendants. Consequently, the allegations in the Amended Complaint failed "to show exactly what the BFT Defendants did wrong." (ECF No. 123 at 6.) Again, the mere fact that MAB's acquisition of the bankruptcy claim may have strengthened the BFT Defendants' position in the bankruptcy proceeding is inadequate to establish that the BFT Defendants supported acquiring the claim *by unlawful means*. *See Nelson*, 908 P.2d at 106-07 ("Without an allegation that the respondents committed, or participated in the commission of, an unlawful overt act, conspiracy liability may

not be imposed against them."). In the absence of any evidence that the BFT Defendants knew of, much less supported, MAB's alleged intent not to compensate Plaintiff for the bankruptcy claim, Plaintiff's allegations fall short of establishing a conspiracy claim against them. Accordingly, the Court stands by its previous conclusion that Plaintiff's allegations are insufficient to state a conspiracy claim against the BFT Defendants.

Nor has Plaintiff established good cause to support his request, in the alternative, for leave to amend. A party seeking leave to amend after the scheduling order deadline must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

Here, Plaintiff contends that newly discovered evidence strengthens his conspiracy claims. (ECF No. 151 at 13.) Setting aside Plaintiff's failure to file a proposed amended pleading as required under D.C.COLO.LCivR 15.1(b), the Court finds the additional facts to which he points—gleaned from his own declaration—establish neither a meeting of the minds between MAB and the BFT Defendants with regard to any agreement between Plaintiff and MAB nor any awareness or participation on the part of the BFT Defendants regarding any unlawful conduct. The Court further finds that Plaintiff has not established good cause for amending the complaint at this late stage of the case. In any event, Plaintiff now concedes that "a formal motion to amend cannot be made unless and until the Court reconsiders its prejudicial

7

dismissal." (ECF No. 151 at 14.) The Court has already determined that reconsideration is not appropriate, and therefore there is no basis for granting leave to amend.

### B. Motion to Supplement

In his Motion to Supplement (ECF No. 170), Plaintiff seeks to supplement his Motion for Reconsideration. This Motion appears to be a continuation of the arguments he made in support of his request for leave to amend. As a procedural matter, the Motion is in an unusual posture because the Motion for Reconsideration addresses an underlying Order addressing the allegations contained within the four corners of the Amended Complaint. As Plaintiff seeks to supplement his request for reconsideration, the case strays well beyond the purpose of a motion to dismiss, which is to test the adequacy of the allegations *in the complaint*. Nonetheless, for present purposes the Court finds the newly discovered facts on which Plaintiff relies pertain to the underlying bankruptcy proceeding and have little, if anything, to do with the allegations in the Amended Complaint or the agreement between Plaintiff and MAB that precipitated this case. To the extent such evidence is relevant to the merits of Plaintiff's conspiracy claims, it does not shed sufficient light on the allegations in the Amended Complaint to show they state a claim.

Furthermore, this Court is not a forum for rehashing the bankruptcy proceedings. Plaintiff has not shown how MAB's and the BFT Defendants' efforts to pursue their interests in the underlying bankruptcy proceedings—by means Plaintiff labels, but has not shown to be, unlawful—are more than tangentially related to Plaintiff's claims, which are mostly premised upon the transfer of his bankruptcy claim to MAB in exchange for promised consideration he never received. And in any event, the Court need not decide at this juncture whether such evidence could be relevant to the underlying merits of this case because it does not change the

Court's view as to the insufficiency of the allegations in the Amended Complaint. Indeed, in his Reply, Plaintiff contends that he "could not have known all the facts at the time of the Amended Complaint." (ECF No. 173 at 3.) There are limited exceptions to the general principle that a court may not consider matters outside the complaint when ruling on a motion to dismiss, *see Hernandez v. Grisham*, 508 F. Supp. 3d 893, 948-49 (D.N.M. 2020), but Plaintiff has not shown that any of them apply in this context. Therefore, the Court denies the Motion to Supplement.

## IV. BFT DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S RELATED MOTION TO STRIKE

### A. Motion for Attorney Fees

Shortly after the Court ruled on Plaintiff's Motion to Dismiss, the BFT Defendants filed their Motion for Attorney Fees (ECF No. 130), relying primarily on Colo. Rev. Stat. § 13-17-201.[1] Under that statute, an award of attorney fees is mandatory when a tort action is dismissed under Fed. R. Civ. P. 12(b)(6). *See Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009). To determine whether a tort action has been pleaded, the Court examines the face of the pleading as well as the manner in which the claims are pleaded. *Id.* at 1291. This approach "makes the plaintiff the master of his pleading: if the plaintiff chooses to plead claims in tort, he runs the risk of . . . § 13-17-201 applying; if he wishes to avoid the application of the statute, he must refrain from pleading tort claims." *Id.* (citing *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo. 2008)). The purpose of the statute is to discourage the institution or maintenance of unnecessary tort claims. *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 606 (Colo. App. 2008). Colo. Rev. Stat. § 13-16-116(2) is a complimentary fee-

---

[1] The BFT Defendants have withdrawn their request for fees premised on Colo. Rev. Stat. § 13-17-102. (*See* ECF No 147 at 8.)

9

shifting provision which addresses costs in the same circumstances in which § 13-17-201 applies. *See Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010). The analysis for each provision is the same. *Id.*

Here, the Amended Complaint states that Plaintiff's civil conspiracy claim is based on the allegation that "Defendants agreed and worked cooperatively to defraud Plaintiff of and steal the [bankruptcy claim], use the [bankruptcy claim], and/or retain the benefit of the [bankruptcy claim], or in the alternative, to breach [MAB's] contractual obligation to pay consideration and act in good faith under the Agreement, and/or retain the benefit of [MAB's] breach, in order to enrich themselves at the expense of Plaintiff." (ECF No. 16, ¶ 62.)

In his Response, Plaintiff contends that § 13-17-201 does not apply because his claims sound predominantly in non-tort causes of action. But his position is undermined by the fact that the contract-based claims in the Amended Complaint are asserted against MAB only as well as the fact that the very first claim he asserts is for fraud. Regardless of the claims asserted against MAB, however, the Court finds the civil conspiracy claim asserted against the BFT Defendants sounds in tort. To the extent an agreement underlies Plaintiff's claims against MAB, no such agreement exists with respect to Plaintiff and the BFT Defendants. The gist of Plaintiff's allegations against the BFT Defendants—though lacking a factual basis—is that they conspired with MAB to defraud Plaintiff of his bankruptcy claim. Indeed, throughout his pleadings, Plaintiff has characterized his claims against the BFT Defendants as premised upon their fraudulent conduct. Even when an action contains a mix of tort and other claims, fees may be awarded under § 13-17-201 if the action is primarily a tort action. *See U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009). The Court has little trouble

concluding that § 13-17-201 applies in this context.

The Court also finds that the amount of fees requested—in connection with *this proceeding*—is reasonable. However, the Court does not find that fees incurred in connection with the PetroHunter Energy Corporation bankruptcy proceeding, which was resolved by stipulation in August 2020, are properly included in the fee award. In determining the reasonableness of a fee request, the Court begins by calculating the lodestar amount of the fee, which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. City of Edmond*, 160 F.3d 1275. 1281 (10th Cir. 1998).

Based on its review of the BFT Defendants' submissions, the Court finds and concludes that the hours expended and the rates charged by their counsel are reasonable under the circumstances of this case. Plaintiff's contentions that the BFT Defendants' fee request is unreasonable are unavailing. For example, his contention that the BFT Defendants "inserted themselves in matters that were just between Plaintiff and MAB" (ECF No. 138 at 17-18) lacks merit given that he brought these Defendants into the case without sufficient factual allegations to support his civil conspiracy claims. From the Court's perspective, it is Plaintiff who has expanded and prolonged these proceedings, having filed five of the six motions addressed in this Order while now taking the position that "there is nothing particularly complex about this case." (*Id.* at 19.) And Plaintiff's contentions that certain entries are "vague" or amount to block billing are undeveloped and unpersuasive.

Therefore, the Court will award the BFT Defendants their attorney fees in the amount of **$105,937.52** and their costs in the amount of **$27.55** for a total award of **$105,965.07**.

### B. Motion to Strike

Plaintiff also moved to strike the BFT Defendant's Motion for Attorney Fees (ECF No. 136), arguing that it is unripe under Fed. R. Civ. P. 54(d)(2) because the Court has not entered final judgment in this case. This argument appears to be moot in light of the final judgment that will issue concurrently with this Order. Further, "[c]ourts have found that Rule 54 does not require parties to wait for entry of judgment to file a motion for attorney's fees." *TBM Land Conservancy, Inc. v. Nextel W. Corp.*, No. 15-cv-00134-PAB-KLM, 2017 WL 772303, at *1 (D. Colo. Feb. 28, 2017) (citing cases); *see also id.* ("The plain language of the rule provides a deadline by which a motion for attorney's fees must be filed[] but says nothing about when a motion for attorney's fees would be considered premature."). And because the Court has concluded that Plaintiff has no claims against the BFT Defendants (and affirms that conclusion in this Order), Plaintiff's reliance on *Graham v. Hartford Life and Accident Insurance Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007), is inapposite. Plaintiff cites no authority for the proposition that Fed. R. Civ. P. 54(d)(2) creates a ripeness requirement, and the Court declines to infer such a requirement under the circumstances, where all claims against the BFT Defendants have been dismissed with prejudice. Accordingly, the Court denies the Motion to Strike.

### V. CONCLUSION

For the reasons above, the Court ORDERS as follows:

(1) Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 90) is DENIED AS MOOT;

(2) the BFT Parties' Motion for an Award of Mandatory Fees and Costs (ECF No. 130) is GRANTED IN PART and DENIED IN PART, as set forth in this Order;

(3)   Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Civil Conspiracy Claim Against the BFT Parties or, Alternatively, for Leave to Amend (ECF No. 135) is DENIED;

(4)   Plaintiff's Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs (ECF No. 136) is DENIED;

(5)   Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 137) is DENIED AS MOOT; and

(6)   Plaintiff's Motion to Supplement Motion for Reconsideration (ECF No. 170) is DENIED.

The Clerk is directed to entire FINAL JUDGMENT and CLOSE this case.

DATED this 1st day of March, 2023.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge