ALLMTN,APPEAL,JD1,LEAD,MJ CIV PP,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:19–cv–01091–RM–NRN</u>

Brody v. Bruner et al

Assigned to: Judge Raymond P. Moore

Referred to: Magistrate Judge N. Reid Neureiter

Demand: $25,000

Cause: 28:1332 Diversity–Breach of Contract

Date Filed: 04/12/2019

Date Terminated: 03/01/2023

Jury Demand: Defendant

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

**Plaintiff**

| | | |
|---|---|---|
| **David E Brody** | represented by | **Michael Andrew Rollin** |
| | | Foster Graham Milstein & Calisher, LLP |
| | | 360 South Garfield Street |
| | | Suite 600 |
| | | Denver, CO 80209 |
| | | 303–333–9810 |
| | | Fax: 303–333–9786 |
| | | Email: <u>mrollin@fostergraham.com</u> |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Marc A Bruner** | represented by | **Tanya Ann Sevy** |
| *TERMINATED: 03/02/2022* | | Moye White LLP |
| | | 1400 16th Street Mall |
| | | 6th Floor |
| | | Denver, CO 80202 |
| | | 303–292–2900 |
| | | Email: <u>tanya.sevy@moyewhite.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy Michael Swanson** |
| | | Moye White LLP |
| | | 1400 16th Street Mall |
| | | 6th Floor |
| | | Denver, CO 80202 |
| | | 303–292–2900 |
| | | Fax: 303–292–4510 |
| | | Email: <u>tim.swanson@moyewhite.com</u> |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **William Frederick Jones** |
| | | Moye White LLP |
| | | 1400 16th Street Mall |
| | | 6th Floor |
| | | Denver, CO 80202 |

303–292–2900
Fax: 303–292–4510
Email: billy.jones@moyewhite.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bruner Family Trust, The**                  represented by   **William R. Meyer**
*TERMINATED: 09/20/2021*                                       Polsinelli PC
                                                              1401 Lawrence Street
                                                              Suite 2300
                                                              Denver, CO 80202
                                                              303–572–9300
                                                              Fax: 303–572–7883
                                                              Email: Wmeyer@polsinelli.com
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Marc E. Bruner**                            represented by   **William R. Meyer**
*as*                                                          (See above for address)
*trustee*                                                     *ATTORNEY TO BE NOTICED*
The Bruner Family Trust

**Interested Party**

**Jeffrey L Hill**                            represented by   **Lance Henry**
                                                              Allen Vellone Wolf Helfrich & Factor
                                                              P.C.
                                                              1600 Stout Street
                                                              Suite 1900
                                                              Denver, CO 80202
                                                              303–534–4499
                                                              Fax: 303–893–8332
                                                              Email: lhenry@allen–vellone.com
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2023 | 181 | NOTICE OF APPEAL as to 179 Order on Motion for Attorney Fees,, Order on Motion for Reconsideration,, Order on Motion to Strike,, Order on Motion to Supplement,,, 180 Judgment, 123 Order on Motion to Dismiss,,, Order on Motion for Joinder,, by Plaintiff David E Brody (Filing fee $ 505, Receipt Number ACODC–9024099) (Rollin, Michael) (Entered: 03/31/2023) |
| 03/01/2023 | 180 | FINAL JUDGMENT pursuant 179 Order. Entered by the Clerk of the Court on 3/1/2023. (cpear) (Entered: 03/01/2023) |
| 03/01/2023 | 179 | ORDER denying as moot 90 Motion for Partial Summary Judgment, granting in part and denying in part 130 Motion for Attorney Fees, denying 135 MOTION for Reconsideration, denying 136 MOTION to Strike, denying as moot 137 MOTION to Supplement, denying 170 MOTION to Supplement. Judgment shall enter accordingly. Entered by Judge Raymond P. Moore on 3/1/2023. (cpear) (Entered: 03/01/2023) |

| 09/20/2021 | 123 | ORDER MAB' Motion for Partial Joinder (ECF No. <u>69</u> ) is GRANTED; The BFT Defendants' Motion to Dismiss (ECF No. <u>67</u> ) is GRANTED IN PART and DENIED IN PART; Brodys civil conspiracy claim (Count VI) against MAB and the BFT Defendants is DISMISSED WITH PREJUDICE and there are no remaining claims against the BFT Defendants; Brody's civil theft claim (Count II) and all remaining claims against MAB are allowed to proceed; and The BFT Defendants' request for fees and costs is DENIED WITHOUT PREJUDICE, by Judge Raymond P. Moore on 9/20/2021.(evana, ) (Entered: 09/20/2021) |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

      Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

      Defendants.

---

## ORDER

---

This matter is before the Court on Defendants the Bruner Family Trust ("BFT") and Marc E. Bruner, as Trustee of the BFT's (collectively, "BFT Defendants") motion to dismiss (ECF No. 67) and Marc A. Bruner's ("MAB") motion for partial joinder (ECF No. 69). Plaintiff David Brody ("Brody") has filed a response to the motion to dismiss (ECF No. 74) and the BFT Defendants have filed a reply (ECF No. 76). Upon consideration of the motion and related briefing, the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.    BACKGROUND

This case stems from a contract dispute where Brody agreed to transfer his bankruptcy claim ("Claim 7") against PetroHunter Energy Corporation to MAB in exchange for stocks and cash. (ECF No. 16 at ¶ 12.) The consideration for Claim 7 was to be (1) two equal instalments of $12,500 paid within 30 and 60 days of the agreement and (2) 150,000 shares of stock in

4

Fortem Resources, Inc. transferred within 10 days of the agreement. (*Id.* at ¶ 17.)

On August 22, 2017, Brody transferred Claim 7 to MAB, but MAB failed to pay Brody as outlined in the agreement. (*Id.* at ¶¶ 16, 18-19.) As a result, Brody sued MAB. Brody later amended his complaint to add the BFT Defendants. (*Id.* at ¶¶ 6-9.) In his amended complaint, Brody alleges seven causes of action arising under state law based on the contract dispute: (1) fraud; (2) civil theft; (3) breach of contract; (4) breach of implied duty of good faith and fair dealing; (5) promissory estoppel; (6) civil conspiracy; and (7) declaratory judgment. (*Id.* at ¶¶ 31-69.)

As relevant to the instant motion to dismiss, Brody asserted a single claim for civil conspiracy (Count VI) against the BFT Defendants. (*Id.* at ¶¶ 60-65.) The amended complaint alleges that the BFT Defendants and Carmen Lotito "agreed and worked cooperatively to defraud [Brody] of and steal [Claim 7] . . . or, in the alternative, to breach [MAB's] contractual obligation." (*Id.* at ¶ 62.) In furtherance of their scheme, Mr. Lotito "repeatedly misled [Brody] into believing that [MAB] would fulfill his obligations under the agreement."[1] (*Id.* at ¶ 64.)

Before answering the complaint, the BFT Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 67.) The BFT Defendants also seek costs and fees associated with defending against this suit. (*Id.*) MAB then filed a motion for partial joinder to the BFT Defendants' motion with respect to Brody's civil conspiracy claim and request for treble damages. (ECF No. 69.)

## II.    LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most

---

[1] The Court notes Mr. Lotito is not a party to this lawsuit.

favorable to the non-movant, and draw all reasonable inferences in that party's favor. *Brokers'
Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*,
613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief.
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual
allegations must be enough to raise a right to relief above the speculative level."). Conclusory
allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and
courts "are not bound to accept as true a legal conclusion couched as a factual allegation,"
*Twombly*, 550 U.S. at 555 (quotation omitted).

In determining whether a claim has been plausibly alleged, courts "do not require
plaintiffs to establish a prima facie case. Instead, [courts] consider whether [plaintiffs] have set
forth a plausible claim in light of the elements of their claim." *Frappied v. Affinity Gaming
Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020). When a party asserts complex claims
against multiple defendants, "it is particularly important to make clear exactly who is alleged to
have done what to whom, to provide each individual with fair notice as to the basis of the claims
against him or her, as distinguished from collective allegations." *Bristow Endeavor Healthcare,
LLC v. Blue Cross & Blue Shield Ass'n*, 691 F. App'x 515, 519 (10th Cir. 2017) (quotation
marks and citation omitted). Further, "[t]he *Twombly* Court was particularly critical of
complaints that mentioned no specific time, place, or person involved in . . . alleged
conspiracies." *Id.* (quotation marks and citation omitted).

## III. DISCUSSION

The BFT Defendants argue that (1) Brody failed to pled facts supporting his civil
conspiracy claim (Count VI) and (2) his claim for civil theft (Count II) and request for treble
damages is barred by the statute of limitations. (ECF No. 67 at 5, 10.) Brody disagrees, arguing

3

that (1) he pled with sufficient particularity his claim for civil conspiracy and (2) his claim for

civil theft is timely as it did not accrue until he knew of the breach, or, in the alternative, it

survives under equitable tolling and estoppel doctrines.  (ECF No. 74 at 3, 11.)

As an initial matter, the Court has reviewed MAB's motion to join the BFT Defendants'

motion to dismiss with respect to the civil conspiracy claim and civil theft claim insofar as it

seeks treble damages.  The Court grants the motion for partial joinder with regard to the

arguments raised in the BFT Defendants' motion which apply to MAB.

### A.      Civil Conspiracy Claim

To state a claim for civil conspiracy in Colorado, a plaintiff must allege: "(1) two or more

persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of

action; (4) an unlawful overt act; and (5) damages as to the proximate result."  *Nelson v. Elway*,

908 P.2d 102, 106 (Colo. 1995) (citation omitted).  "Conclusory allegations of conspiracy"

generally reciting the elements of the claim are insufficient to survive a motion to dismiss.

*Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (affirming district court's dismissal of

conspiracy claim).  Instead, Brody "must allege *specific facts* showing agreement and concerted

action among the defendants."  *Wagner v. CHER, LLC*, No. 18-CV-01007-STV, 2018 WL

6046432, at *5 (D. Colo. Nov. 19, 2018) (citation and quotation omitted) (emphasis in original).

Here, Brody fails to allege with any particularity facts which state a plausible claim for

relief in light of the elements of his claim.  More precisely, the complaint lacks facts to support at

least two elements of this claim: (1) a meeting of the minds and (2) an unlawful overt act.[2]

---

[2] The BFT Defendants also argue that the claim for civil conspiracy should be dismissed because Brody failed to
allege facts showing a conspiracy by two or more people.  (ECF No. 67 at 6.)  This argument is based on the
principle that "[a] corporation and its employees do not constitute the 'two or more persons' required for a civil
conspiracy, at least if the employees are acting on behalf of the corporation and not as individuals for their
individual advantage."  *Pittman v. Larson Distrib. Co.*, 724 P.2d 1379, 1390 (Colo. App. 1986) (citation omitted).
The parties concede, however, that they are unable to find any caselaw extending this tenet of corporate law to a
trust, and the Court declines to do so here.

1.     <u>Meeting of the minds</u>

As discussed previously, the only allegation in the complaint regarding MAB and the BFT Defendants meeting on the purported agreement is that they "agreed and worked cooperatively to defraud" Brody for their own benefit.  (ECF No. 16 ¶ 62.)  Even though the complaint alleges that, as part of the plan, Mr. Lotito misled Brody into believing that he would eventually be paid for Claim 7, that allegation does not concern any Defendants to this suit.  The bare assertion that MAB and the BFT Defendants agreed and worked cooperatively to defraud Brody without any factual support about the substance of this illicit plan, when it was discussed, or why the parties conspired to defraud Brody is insufficient to state a claim for relief.  The Court will not infer the necessary agreement; rather, the complaint must allege facts showing such agreement.  *F.D.I.C. v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1473 (D. Colo. 1996).

Brody argues that the complaint contains some indicia of an agreement which is sufficient to survive a motion to dismiss.  Essentially, Brody asks the Court to infer an agreement from the context of the complaint.[3]  *See id.* (explaining that "the requisite agreement may be found by viewing the circumstances").  Drawing the inferences in Brody's favor, as the Court must do at this stage, the complaint lacks factual support to indicate the BFT Defendants approved, or even were aware of, MAB's alleged plan.  The complaint fails to allege when the BFT Defendants conspired with MAB, details of their discussion, why they conspired with MAB to breach the agreement, or on what they had a meeting of the minds.  Thus, Brody has not established an indicium of an agreement.  While it may be reasonable to infer that the BFT

---

[3] Brody also asks the Court to take judicial notice of ECF No. 29 (Motion for Constructive Trust) and construe the facts therein as allegations stating a claim for civil conspiracy.  (ECF No. 74 at 7.)  The Court declines to consider evidence outside the pleadings on a Rule 12(b)(6) motion.  *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

Defendants had an interest in MAB obtaining Claim 7 to bolster the BFT's position in the

PetroHunter bankruptcy proceeding, there is no indication that the parties conspired to do so

through illegal means.  Without more, the complaint fails to plausibly allege that MAB and the

BFT Defendants mutually agreed to defraud Brody.

2.    Unlawful overt act

The Court also finds that Brody fails to allege the BFT Defendants participated in an

unlawful overt act.  "The purpose of the conspiracy must either be unlawful or lawful and

accomplished by unlawful means." *Powell Prod., Inc. v. Marks*, 948 F. Supp. 1469, 1480 (D.

Colo. 1996).  For a civil conspiracy claim to survive a motion to dismiss, Brody "must allege

facts that show that each defendant agreed to do something in furtherance of the conspiracy,

knowing of its improper purpose." *Sieverding v. Colorado Bar Ass'n*, No. CIV.A.02-M-1950

(OES), 2003 WL 22400218, at *18 (D. Colo. Oct. 14, 2003) (dismissing conspiracy claim where

the plaintiff failed to "allege any facts that show either unlawful acts or unlawful goals by the

defendants").

Here, Brody has not pled facts demonstrating the BFT Defendants interfered with the

agreement to sell Claim 7 or that they encouraged MAB to withhold consideration.  The only

allegation of an unlawful act in the complaint is MAB's failure to tender consideration, and there

is no indication that the BFT Defendants were aware of his wrongdoings.  While the goal of the

alleged conspiracy may have been to strengthen the BFT's position in the PetroHunter

bankruptcy, there are no facts supporting that this was to be accomplished by unlawful means.

To the extent that Brody asserts collective allegations against MAB, the BFT Defendants, and

Mr. Lotito, they are insufficiently clear to show exactly what the BFT Defendants did wrong.

Thus, Brody does not plausibly allege any unlawful overt acts taken by the BFT Defendants in

furtherance of the conspiracy.  Accordingly, the claim must be dismissed.

Because Claim VI is the only claim alleged against the BFT Defendants, and it fails to

allege a plausible right to relief, there are no remaining claims against the BFT defendants.[4]

### B.    Civil Theft Claim

The BFT Defendants argue that Brody's claim for civil theft and request for treble

damages is barred by the statute of limitations.  The parties agree that, under Colorado law, the

statute of limitations for civil theft is two years and the statute of limitations for its treble

damages provision is one year.  *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019).  The parties

dispute, however, when the civil theft claim accrued.

The BFT Defendants argue that the claim accrued when MAB failed to tender

consideration in September 2017, thirty days after executing the agreement.  (ECF No. 67 at 10.)

Consequently, when Brody filed suit in April 2019, the one-year statute of limitations had

expired.  Further, the BFT Defendants argue that the civil theft claim was first asserted in June

2020, more than two years after the claim accrued.  (*Id*. at 11.)  Brody argues his claim is timely

because it did not accrue when the theft occurred, but rather when he knew or should have

known MAB would not deliver consideration in May 2020.  (ECF No. 74 at 12.)  Brody also

argues that the equitable doctrines of estoppel and tolling bar application of the statute of

limitations, or, in the least, require more factual development.  (*Id.*)

The Court finds that dismissal of the civil theft claim based on the statute of limitations is

not appropriate and is better left to some factual development.  The statute of limitations is an

affirmative defense and is more aptly raised in the "defendant's answer than through a motion to

---

[4] The Court recognizes that Count VII for declaratory judgment is against all Defendants, but as the BFT Defendants argue, the only relief sought pertains to Claim 7, in which they have no interest and the proceeds from which have been deposited into the Court's registry pending final disposition of this matter.  Accordingly, the Court finds there still are no remaining claims against the BFT Defendants.

dismiss." *Kerby v. Commodity Res. Inc.*, 395 F. Supp. 786, 791 (D. Colo. 1975); *see also* Fed. R.
Civ. P. 8(c)(1).

Based on the limited record before the Court and the nature of the claim asserted, it is
difficult to discern precisely when the statute of limitations began to run. The complaint contains
allegations which, taken as true, show Mr. Lotito misled Brody into believing he was going to be
paid until April 2019, almost two years after the alleged breach. Whether that is sufficient to
meet the requirements for equitable tolling or estoppel is a question for another day, but at this
juncture, the allegations plausibly support Brody's position. *See Animal Care Sys., Inc. v.
Hydropac/Lab Prod., Inc.*, No. 13-CV-00143-MSK-BNB, 2015 WL 1469513, at *12 (D. Colo.
Mar. 26, 2015) (declining to resolve a statute of limitations defense on a motion to dismiss).
Thus, the complaint plausibly alleges a claim for civil theft.

One final matter, the BFT Defendants request the Court award them all fees and costs
incurred defending Brody's claims, but provide no development, statute, court rule, or private
contract warranting such award. The general rule in Colorado is that each party in a lawsuit is
required to bear its own legal expenses. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287
(Colo. 1996). Consequently, the BFT Defendants' request for fees and costs is denied, without
prejudice.

## IV.   CONCLUSION

Based on the forgoing, it is therefore **ORDERED** that:

1. MAB's Motion for Partial Joinder (ECF No. 69) is GRANTED;

2. The BFT Defendants' Motion to Dismiss (ECF No. 67) is GRANTED IN PART and
   DENIED IN PART;

3. Brody's civil conspiracy claim (Count VI) against MAB and the BFT Defendants is

DISMISSED WITH PREJUDICE and there are no remaining claims against the BFT

Defendants;

4. Brody's civil theft claim (Count II) and all remaining claims against MAB are

allowed to proceed; and

5. The BFT Defendants' request for fees and costs is DENIED WITHOUT

PREJUDICE.

DATED this 20th day of September, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

      Plaintiff,

v.

MARK E. BRUNER, as trustee of the Bruner Family Trust,

      Defendant.

---

## ORDER

---

      This matter is before the Court on six fully briefed motions:

(1)      Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 90);

(2)      The BFT Parties' Motion for an Award of Mandatory Fees and Costs (ECF No. 130);

(3)      Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Civil Conspiracy Claim Against the BFT Parties or, Alternatively, for Leave to Amend (ECF No. 135);

(4)      Plaintiff's Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs (ECF No. 136);

(5)      Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 137); and

(6)      Plaintiff's Motion to Supplement Motion for Reconsideration (ECF No. 170).

This Order addresses each of them, though not in the order in which they were filed.

## I.     BACKGROUND

This case began as a relatively straightforward contract dispute between Plaintiff and former Defendant Marc A. Bruner ("MAB").  In August 2017, Plaintiff and MAB signed an agreement whereby Plaintiff agreed to sell his claim against the bankruptcy estate of PetroHunter Energy Corporation in exchange for 150,000 unrestricted, freely tradable shares in Fortem Resources, Inc., to be transferred within ten days of the agreement, and $25,000 in cash, payable in two instalments due within thirty and sixty days of the agreement.  Although Plaintiff received the bankruptcy claim and transferred it into his name with the bankruptcy court, MAB did not deliver the Fortem shares or make any payments to Plaintiff.

Plaintiff filed this lawsuit against MAB in April 2019, seeking specific performance and actual damages for his breach of the implied duty of good faith and fair dealing as well as attorney fees and costs.  (ECF No. 1.)  In June 2020, Plaintiff filed the Amended Complaint (ECF No. 16), adding as Defendants the Bruner Family Trust and Marc E. Bruner (MAB's son), as trustee of the Bruner Family Trust (the "BFT Defendants"), and asserting claims arising under Colorado law for fraud, civil theft, breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, civil conspiracy, and declaratory judgment.

In January 2020, the BFT Defendants filed a Motion to Dismiss (ECF No. 67), arguing that Plaintiff failed to state a conspiracy claim and that his civil theft claim was barred by the statute of limitations.  Before the Court ruled on the Motion to Dismiss, Plaintiff filed his Motion for Partial Summary Judgment on the Pleadings (ECF No. 90), seeking summary judgment on his breach of contract claim against MAB.

In September 2021, the Court issued an Order granting in part and denying in part the

Motion to Dismiss.  As pertinent here, the Court agreed with the BFT Defendants that Plaintiff

failed to allege two necessary elements of a conspiracy claim: a meeting of the minds on the

object or course of action and an unlawful overt act.

With respect to a meeting of the minds, the Court found that Plaintiff's "bare assertion

that MAB and the BFT Defendants agreed and worked cooperatively to defraud [Plaintiff]

without any factual support about the substance of the illicit plan, when it was discussed, or why

the parties conspired to defraud [Plaintiff] is insufficient to state a claim for relief."  (ECF

No. 123 at 5.)  The Court further found that, regardless of whether the BFT Defendants had an

interest in MAB obtaining the bankruptcy claim, the Amended Complaint "lacks factual support

to indicate the BFT Defendants approved, or even were aware of, MAB's alleged plan."  (*Id.*

at 5-6.)

With respect to an unlawful overt act, the Court found that even if the BFT Defendants

and MAB shared a goal of strengthening the trust's position in the bankruptcy proceeding, the

Amended Complaint failed to allege "facts supporting that this was to be accomplished by

unlawful means," and therefore it was "insufficiently clear to show exactly what the BFT

Defendants did wrong."  (*Id.* at 6.)

After the Court dismissed with prejudice the civil conspiracy claim, it concluded there

were no remaining claims against the BFT Defendants.  (*Id.* at 9.)  In addition, the Court

declined to dismiss, on statute of limitations grounds, Plaintiff's civil theft claim against MAB,

finding that further factual development was warranted.  (*Id.* at 7.)

## II.    PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND RELATED MOTION TO SUPPLEMENT

After the Court ruled on the Motion to Dismiss, Plaintiff filed a Motion to Supplement

3

(ECF No. 137), seeking to provide additional evidence in support of his Motion for Partial

Judgment on the Pleadings (ECF No. 90), which had already been fully briefed (ECF Nos. 98,

100, 108).  However, the parties have since stipulated to the dismissal without prejudice of the

claims against MAB.  (*See* ECF No. 167.)  Therefore, the Court finds both these Motions have

become moot.

### III.  PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELATED MOTION TO SUPPLEMENT

Plaintiff also responded to the Court's Order on the Motion to Dismiss by filing a Motion

for Reconsideration (ECF No. 135), seeking reconsideration of that Order, or, in the alternative,

leave to amend.  He also filed a related Motion to Supplement (ECF No. 170), seeking to provide

additional evidence in support of his Motion for Reconsideration.  Both Motions have been fully

briefed.  (ECF Nos. 142, 151, 172, 173.)

#### A.  Motion for Reconsideration

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from an order for a list of

reasons that includes "any other reason that justifies relief."  *See Van Skiver v. United States*,

952 F.2d 1241, 1244 (10th Cir. 1991) (noting that in this Circuit, subsection (6) of the Rule has

been described as a "grand reservoir of equitable power to do justice in a particular case"

(quotation omitted)).

In his Motion for Reconsideration, Plaintiff argues that the Court incorrectly applied the

legal standard that applies to claims brought under 42 U.S.C. §§ 1983 and 1985 when assessing

his state-law conspiracy claims.  But Plaintiff's position is significantly undermined by the fact

that while the Order sets forth the familiar *Twombly* standard for evaluating motions to dismiss,

it nowhere cites or discusses these statutes or any "heightened pleading standard."  (*See* ECF

4

Nos. 135 at 5; 151 at 3.)  The closest the Order comes to suggesting such a standard is when it states that Plaintiff needed to allege "specific facts showing agreement and concerted action among the defendants," quoting *Wagner v. CHER, LLC*, No. 18-cv-01007-STV, 2018 WL 6046432, at *5 (D. Colo. Nov. 19, 2018) (unpublished).  However, a review of the Court's Order shows that it concluded, properly, that Plaintiff failed to plead sufficient facts to support his conspiracy claims.

First, the Court found evidence supporting a meeting of the minds was lacking.  The Court observed that the *only* allegation in the complaint regarding MAB and the BFT Defendants meeting on the purported agreement between them was that they agreed and worked cooperatively to defraud Plaintiff for their own benefit.  (ECF No. 123 at 5.)   It then concluded that this "bare assertion that MAB and the BFT Defendants agreed and worked cooperatively to defraud [Plaintiff] without any factual support about the substance of this illicit plan, when it was discussed, or why the parties conspired to defraud [Plaintiff] is insufficient to state a claim for relief."  (*Id.*)

The Court's conclusion is consistent with the guidance set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007), where the Supreme Court held that a naked assertion of conspiracy without further factual enhancement stops short of the line between possibility and plausibility of entitlement to relief, stating that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice."  Moreover, "[t]he court will not infer the agreement necessary to form a conspiracy; evidence of such an agreement must be presented by the plaintiff.  *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (en banc); *see also FDIC v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1473 (D. Colo. 1996) (citing *Nelson*).

5

Although Plaintiff asserts that the complaint "as a whole" makes his entitlement to relief plausible, the snippets of allegations he identifies—vaguely referring to Defendants' intent to "use" the bankruptcy claim and their use of "intertwined and interrelated entities" (ECF No. 135 at 9)—add no heft to the allegation identified in the Order. While such allegations may be consistent with an agreement, that is not enough to make out a claim. *See Twombly*, 550 U.S. at 557.

Plaintiff's reliance on *Hanks v. Aminokit Laboratories, Inc.*, No. 17-cv-01108-RM-MJW, 2018 WL 11025410, at *7 (D. Colo. Feb. 7, 2018), is unavailing. There, the plaintiffs' assertion of an agreement was premised on specific conduct, e.g., the defendant knowing that certain co-defendants were not licensed, negotiating a lease with another co-defendant on their behalf, distributing marketing materials, and providing access to referral sources. *Id.* The vague and conclusory allegations in Plaintiff's Amended Complaint do not compare to the factual assertions in *Hanks*.

Second, the Court found evidence of an overt unlawful act was also lacking. The Court determined in the Order that even if MAB intended to withhold consideration for the bankruptcy claim as alleged, there was no evidence imputing such intent to the BFT Defendants. Consequently, the allegations in the Amended Complaint failed "to show exactly what the BFT Defendants did wrong." (ECF No. 123 at 6.) Again, the mere fact that MAB's acquisition of the bankruptcy claim may have strengthened the BFT Defendants' position in the bankruptcy proceeding is inadequate to establish that the BFT Defendants supported acquiring the claim *by unlawful means*. *See Nelson*, 908 P.2d at 106-07 ("Without an allegation that the respondents committed, or participated in the commission of, an unlawful overt act, conspiracy liability may

not be imposed against them.").  In the absence of any evidence that the BFT Defendants knew

of, much less supported, MAB's alleged intent not to compensate Plaintiff for the bankruptcy

claim, Plaintiff's allegations fall short of establishing a conspiracy claim against them.

Accordingly, the Court stands by its previous conclusion that Plaintiff's allegations are

insufficient to state a conspiracy claim against the BFT Defendants.

Nor has Plaintiff established good cause to support his request, in the alternative, for

leave to amend.   A party seeking leave to amend after the scheduling order deadline must

demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4).  Courts "generally refuse leave to amend

only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment."  *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315

(10th Cir. 2005).  "A proposed amendment is futile if the complaint, as amended, would be

subject to dismissal."  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

Here, Plaintiff contends that newly discovered evidence strengthens his conspiracy

claims.  (ECF No. 151 at 13.)  Setting aside Plaintiff's failure to file a proposed amended

pleading as required under D.C.COLO.LCivR 15.1(b), the Court finds the additional facts to

which he points—gleaned from his own declaration—establish neither a meeting of the minds

between MAB and the BFT Defendants with regard to any agreement between Plaintiff and

MAB nor any awareness or participation on the part of the BFT Defendants regarding any

unlawful conduct.  The Court further finds that Plaintiff has not established good cause for

amending the complaint at this late stage of the case.  In any event, Plaintiff now concedes that

"a formal motion to amend cannot be made unless and until the Court reconsiders its prejudicial

dismissal." (ECF No. 151 at 14.) The Court has already determined that reconsideration is not appropriate, and therefore there is no basis for granting leave to amend.

**B.**      **Motion to Supplement**

In his Motion to Supplement (ECF No. 170), Plaintiff seeks to supplement his Motion for Reconsideration. This Motion appears to be a continuation of the arguments he made in support of his request for leave to amend. As a procedural matter, the Motion is in an unusual posture because the Motion for Reconsideration addresses an underlying Order addressing the allegations contained within the four corners of the Amended Complaint. As Plaintiff seeks to supplement his request for reconsideration, the case strays well beyond the purpose of a motion to dismiss, which is to test the adequacy of the allegations *in the complaint*. Nonetheless, for present purposes the Court finds the newly discovered facts on which Plaintiff relies pertain to the underlying bankruptcy proceeding and have little, if anything, to do with the allegations in the Amended Complaint or the agreement between Plaintiff and MAB that precipitated this case. To the extent such evidence is relevant to the merits of Plaintiff's conspiracy claims, it does not shed sufficient light on the allegations in the Amended Complaint to show they state a claim.

Furthermore, this Court is not a forum for rehashing the bankruptcy proceedings. Plaintiff has not shown how MAB's and the BFT Defendants' efforts to pursue their interests in the underlying bankruptcy proceedings—by means Plaintiff labels, but has not shown to be, unlawful—are more than tangentially related to Plaintiff's claims, which are mostly premised upon the transfer of his bankruptcy claim to MAB in exchange for promised consideration he never received. And in any event, the Court need not decide at this juncture whether such evidence could be relevant to the underlying merits of this case because it does not change the

8

Court's view as to the insufficiency of the allegations in the Amended Complaint. Indeed, in his Reply, Plaintiff contends that he "could not have known all the facts at the time of the Amended Complaint." (ECF No. 173 at 3.) There are limited exceptions to the general principle that a court may not consider matters outside the complaint when ruling on a motion to dismiss, *see Hernandez v. Grisham*, 508 F. Supp. 3d 893, 948-49 (D.N.M. 2020), but Plaintiff has not shown that any of them apply in this context. Therefore, the Court denies the Motion to Supplement.

## IV. BFT DEFENDANTS' MOTION FOR ATTORNEY FEES AND PLAINTIFF'S RELATED MOTION TO STRIKE

### A. Motion for Attorney Fees

Shortly after the Court ruled on Plaintiff's Motion to Dismiss, the BFT Defendants filed their Motion for Attorney Fees (ECF No. 130), relying primarily on Colo. Rev. Stat. § 13-17-201.[1] Under that statute, an award of attorney fees is mandatory when a tort action is dismissed under Fed. R. Civ. P. 12(b)(6). *See Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009). To determine whether a tort action has been pleaded, the Court examines the face of the pleading as well as the manner in which the claims are pleaded. *Id.* at 1291. This approach "makes the plaintiff the master of his pleading: if the plaintiff chooses to plead claims in tort, he runs the risk of . . . § 13-17-201 applying; if he wishes to avoid the application of the statute, he must refrain from pleading tort claims." *Id.* (citing *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo. 2008)). The purpose of the statute is to discourage the institution or maintenance of unnecessary tort claims. *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 606 (Colo. App. 2008). Colo. Rev. Stat. § 13-16-116(2) is a complimentary fee-

---

[1] The BFT Defendants have withdrawn their request for fees premised on Colo. Rev. Stat. § 13-17-102. (*See* ECF No 147 at 8.)

shifting provision which addresses costs in the same circumstances in which § 13-17-201 applies. *See Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010). The analysis for each provision is the same. *Id.*

Here, the Amended Complaint states that Plaintiff's civil conspiracy claim is based on the allegation that "Defendants agreed and worked cooperatively to defraud Plaintiff of and steal the [bankruptcy claim], use the [bankruptcy claim], and/or retain the benefit of the [bankruptcy claim], or in the alternative, to breach [MAB's] contractual obligation to pay consideration and act in good faith under the Agreement, and/or retain the benefit of [MAB's] breach, in order to enrich themselves at the expense of Plaintiff." (ECF No. 16, ¶ 62.)

In his Response, Plaintiff contends that § 13-17-201 does not apply because his claims sound predominantly in non-tort causes of action. But his position is undermined by the fact that the contract-based claims in the Amended Complaint are asserted against MAB only as well as the fact that the very first claim he asserts is for fraud. Regardless of the claims asserted against MAB, however, the Court finds the civil conspiracy claim asserted against the BFT Defendants sounds in tort. To the extent an agreement underlies Plaintiff's claims against MAB, no such agreement exists with respect to Plaintiff and the BFT Defendants. The gist of Plaintiff's allegations against the BFT Defendants—though lacking a factual basis—is that they conspired with MAB to defraud Plaintiff of his bankruptcy claim. Indeed, throughout his pleadings, Plaintiff has characterized his claims against the BFT Defendants as premised upon their fraudulent conduct. Even when an action contains a mix of tort and other claims, fees may be awarded under § 13-17-201 if the action is primarily a tort action. *See U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009). The Court has little trouble

concluding that § 13-17-201 applies in this context.

The Court also finds that the amount of fees requested—in connection with *this proceeding*—is reasonable.  However, the Court does not find that fees incurred in connection with the PetroHunter Energy Corporation bankruptcy proceeding, which was resolved by stipulation in August 2020, are properly included in the fee award.  In determining the reasonableness of a fee request, the Court begins by calculating the lodestar amount of the fee, which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *See Robinson v. City of Edmond*, 160 F.3d 1275. 1281 (10th Cir. 1998).

Based on its review of the BFT Defendants' submissions, the Court finds and concludes that the hours expended and the rates charged by their counsel are reasonable under the circumstances of this case.  Plaintiff's contentions that the BFT Defendants' fee request is unreasonable are unavailing.  For example, his contention that the BFT Defendants "inserted themselves in matters that were just between Plaintiff and MAB" (ECF No. 138 at 17-18) lacks merit given that he brought these Defendants into the case without sufficient factual allegations to support his civil conspiracy claims.  From the Court's perspective, it is Plaintiff who has expanded and prolonged these proceedings, having filed five of the six motions addressed in this Order while now taking the position that "there is nothing particularly complex about this case." (*Id.* at 19.)  And Plaintiff's contentions that certain entries are "vague" or amount to block billing are undeveloped and unpersuasive.

Therefore, the Court will award the BFT Defendants their attorney fees in the amount of **$105,937.52** and their costs in the amount of **$27.55** for a total award of **$105,965.07**.

11

**B. Motion to Strike**

Plaintiff also moved to strike the BFT Defendant's Motion for Attorney Fees (ECF No. 136), arguing that it is unripe under Fed. R. Civ. P. 54(d)(2) because the Court has not entered final judgment in this case. This argument appears to be moot in light of the final judgment that will issue concurrently with this Order. Further, "[c]ourts have found that Rule 54 does not require parties to wait for entry of judgment to file a motion for attorney's fees." *TBM Land Conservancy, Inc. v. Nextel W. Corp.*, No. 15-cv-00134-PAB-KLM, 2017 WL 772303, at *1 (D. Colo. Feb. 28, 2017) (citing cases); *see also id.* ("The plain language of the rule provides a deadline by which a motion for attorney's fees must be filed[] but says nothing about when a motion for attorney's fees would be considered premature."). And because the Court has concluded that Plaintiff has no claims against the BFT Defendants (and affirms that conclusion in this Order), Plaintiff's reliance on *Graham v. Hartford Life and Accident Insurance Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007), is inapposite. Plaintiff cites no authority for the proposition that Fed. R. Civ. P. 54(d)(2) creates a ripeness requirement, and the Court declines to infer such a requirement under the circumstances, where all claims against the BFT Defendants have been dismissed with prejudice. Accordingly, the Court denies the Motion to Strike.

**V. CONCLUSION**

For the reasons above, the Court ORDERS as follows:

(1)     Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 90) is DENIED AS MOOT;

(2)     the BFT Parties' Motion for an Award of Mandatory Fees and Costs (ECF No. 130) is GRANTED IN PART and DENIED IN PART, as set forth in this Order;

12

(3)   Plaintiff's Motion for Reconsideration of the Court's Order Dismissing the Civil Conspiracy Claim Against the BFT Parties or, Alternatively, for Leave to Amend (ECF No. 135) is DENIED;

(4)   Plaintiff's Motion to Strike the BFT Parties' Motion for Award of Mandatory Fees and Costs (ECF No. 136) is DENIED;

(5)   Plaintiff's Motion to Supplement Record in Support of Motion for Judgment on the Pleadings or, Alternatively, for Partial Summary Judgment (ECF No. 137) is DENIED AS MOOT; and

(6)   Plaintiff's Motion to Supplement Motion for Reconsideration (ECF No. 170) is DENIED.

The Clerk is directed to entire FINAL JUDGMENT and CLOSE this case.

DATED this 1st day of March, 2023.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

      Plaintiff,

v.

MARK E. BRUNER, as trustee of the Bruner Family Trust,

      Defendant.

---

**FINAL JUDGMENT**

---

      In accordance with the orders filed during the pendency of this case, and pursuant to

Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

      Pursuant to the Order (Doc. 179) by Judge Raymond P. Moore entered on March 1,

2023, it is

      ORDERED that judgment is entered in favor of the defendant and against the

plaintiff.   It is

      FURTHER ORDERED that the BFT Defendants are awarded attorney fees in the

amount of $105,937.52 and their costs in the amount of $27.55, for a total award of

$105,965.07.

      FURTHER ORDERED that this case is closed.

      Dated this 1st day of March, 2023.

                          FOR THE COURT:
                          JEFFREY P. COLWELL

                          By:   s/C. Pearson, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY

Plaintiff,

v.

MARC A. BRUNER,
THE BRUNER FAMILY TRUST, and
MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST,

Defendants.

---

## NOTICE OF APPEAL

---

Notice is hereby given that Plaintiff, David E. Brody, Plaintiff in the above-captioned matter hereby appeals to the United States Court of Appeals for the Tenth Circuit from (1) the Order entered on September 20, 2021 (ECF No. 123) granting The Bruner Family Trust and Marc E. Bruner, as Trustee's (the "BFT Parties") Motion to Dismiss (ECF 67), and (2) the Order and Judgment (ECF Nos. 179 and 180) entered on March 1, 2023 (a) denying Plaintiff's Motion for Reconsideration the Court's Order Dismissing the Civil Conspiracy Claim Against the BFT Parties or, Alternatively, for Leave to Amend   (ECF No. 135); (b) denying Plaintiff's Motion to Supplement Motion for Reconsideration (ECF No. 170); and (c) granting the BFT Parties' Motion for Award of Mandatory Fees and Costs (ECF No. 180).

Respectfully submitted, this 31st day of March, 2023.

*/s/ Michael A. Rollin*
Michael. A. Rollin, Esq.
FOSTER GRAHAM MILSTEIN & CALISHER LLP
360 South Garfield Street,

Sixth Floor
Denver, Colorado 80209
mrollin@fostergraham.com
Tel: (303) 333-9810
Fax: (303) 333-9786
*Attorneys for Plaintiff*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2023, I served the foregoing **NOTICE OF APPEAL** via CM/ECF to all counsel of record.

By:      <u>*/s/ Michael A. Rollin*</u>
             Michael. A. Rollin, Esq.

3