IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY, Plaintiff,

v.

MARC A. BRUNER, THE BRUNER FAMILY TRUST, and MARC E. BRUNER, AS TRUSTEE OF THE BRUNER FAMILY TRUST, Defendants.

## THE BFT PARTIES' BRIEF REGARDING APPELLATE JURISDICTION

Defendants the Bruner Family Trust and Marc E. Bruner as its trustee (collectively BFT) respond to this Court's November 15, 2023 order directing the parties to submit briefs "on where the case now stands and how it should proceed" in light of the Tenth Circuit's determination that it lacks appellate jurisdiction because Plaintiff David Brody dismissed Marc A. Bruner (MAB) without prejudice, per an F.R.C.P. 41(a)(1)(A)(ii) stipulation.

### I. SUMMARY

This Court entered a final judgment, but the Tenth Circuit has determined that it is not final for purposes of appeal because of Brody's decision to dismiss MAB without prejudice. The Tenth Circuit did not direct this Court to cure this jurisdictional defect, or even suggest that the jurisdictional problem that abated Brody's appeal could be cured. The Tenth Circuit merely remanded for this Court to conduct "any proceedings necessary to address the [Tenth Circuit's] jurisdictional concern." ECF 191, remand order at 2.

The jurisdictional defect that Brody introduced cannot be cured. Brody dismissed MAB without prejudice for strategic reasons: so Brody could preserve his ability to pursue the dismissed claims against MAB *in addition to* enjoying his settlement with MAB. The only way Brody can alter the final judgment that incorporates this voluntary dismissal is through a Rule 60(b) motion. But Rule 60(b) relief will not lie to correct a strategic litigation decision that a

1

party later comes to regret. This Court should report to the Tenth Circuit that the jurisdictional defect that Brody deliberately introduced into this action is not amenable to correction under the Tenth Circuit's own precedents, and suggest that the appellate court dismiss Brody's appeal.

## II.   RELEVANT BACKGROUND

BFT briefly refreshes this Court's recollection of the relevant procedural background.[1]

Brody had a legally cognizable (though not meritorious) claim against MAB for breach of an agreement for Brody to sell his supposedly secured claim in the PetroHunter bankruptcy to MAB for $335,000 in stock and cash. MAB's defenses to this breach of contract claim included Brody's apparent RPC 1.8(a) ethical violation in transacting business with a current or former client without the required disclosures and safeguards, and Brody's misrepresentation of the claim as being secured.[2]

Brody had difficulty serving MAB, so he decided to pressurize the case by suing BFT (including MAB's son Marc E. Bruner as trustee) for allegedly conspiring with MAB to breach the transfer agreement. By September 2021, Brody had filed a motion for summary judgment on his contract claim against MAB (which joined MAB's affirmative defense based on Brody's ethical violation); and BFT had filed a motion to dismiss the sole conspiracy claim against it.

On September 20, 2021, this Court granted BFT's Rule 12 motion and dismissed Brody's conspiracy claim against BFT with prejudice. ECF 123. BFT immediately moved for its fees incurred up to that point under C.R.S. § 13-17-201, which requires a plaintiff to pay a defendant's fees when his tort claims are dismissed at the Rule 12 stage. ECF 130.

On October 15, 2021, Brody filed a Rule 60(b) motion for reconsideration of the

---

[1] BFT's answer brief in the pending Tenth Circuit appeal, no. 23-1102, which is publicly available, provides a more thorough review of the relevant background of this case.

[2] Brody charged MAB the full $335,000 face value of the claim based on Brody's misrepresentation that the claim was secured. The unsecured claim ended up being worth about $39,000, or about 12 cents on the dollar.

2

dismissal, followed by a motion to supplement the motion for reconsideration. ECF 135, 170. Brody's two post-judgment motions involved over 300 pages of legal argument and exhibits. BFT's then pending fee motion did not include the substantial legal work required to respond.

Brody settled with MAB, and on March 2, 2022, Brody filed a Rule 41(a)(1)(A)(ii) stipulation to dismiss MAB *without* prejudice. ECF 167. Brody recently revealed that his reason for the without-prejudice dismissal was "to ensure that [Brody] would be able to sue Marc A. Bruner on the same claims rather than solely for breach of the settlement agreement should the need arise." *See* Brody's 11/2/2023 filing in Tenth Circuit no. 23-1102 at 3

A year later, on March 1, 2023, this Court denied Brody's Rule 60(b) motions to reconsider and supplement, and granted BFT's fee motion (filed 18 months earlier) in part by awarding BFT the $106,000 of fees and costs it had incurred in this action, but not the fees incurred in the PetroHunter bankruptcy. ECF 179 at 11. The Court then entered a final judgment and closed the case. ECF 180. Brody appealed and posted a supersedeas bond to stay collection of the $106,000 fee judgment. ECF 190-1.

The parties filed their appellate briefs, with neither party requesting oral argument. After briefing was completed, the Tenth Circuit *sua sponte* ordered oral argument. Then, shortly before argument, the Tenth Circuit noticed the jurisdictional defect resulting from Brody's decision to voluntarily dismiss MAB without prejudice. The Tenth Circuit ordered briefing, confirmed the jurisdictional defect, and remanded to this Court to address the issue.

### III.     ARGUMENT

The Tenth Circuit has determined that this case falls under the general rule that where at least one claim has been dismissed without prejudice, the circuit court lacks appellate jurisdiction to review any of the underlying orders due to the possibility of further proceedings in federal court. *See* 11/6/2023 order, citing *Heimann v. Snead*, 133 F.3d. 767, 769 (10th Cir. 1998); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992).

3

The question before this Court on the limited remand is what, if anything, Brody can do to cure this jurisdictional defect. Because Brody painted himself into a jurisdictional corner through a deliberate litigation strategy, this Court cannot bail him out.

BFT anticipates that Brody will try to cure the jurisdictional defect in one of two ways: by requesting a Rule 41(a)(2) voluntary dismissal of MAB with prejudice, or through a Rule 54(b) certification. Neither procedural avenue works here.

**A.    This Court cannot convert Brody's voluntary dismissal of MAB without prejudice into a dismissal with prejudice.**

Brody might try to achieve finality for purposes of his pending appeal against BFT by converting his voluntary dismissal of MAB without prejudice into a voluntary dismissal *with* prejudice under Rule 41(a)(2) – perhaps by asking the Court to presume that MAB (who is already dismissed and no longer a party) would not object to conversion of his without-prejudice dismissal into a with-prejudice dismissal; or perhaps by obtaining non-party MAB's stipulation to this effect. However, to accomplish this change in the Court's final judgment, Brody must file and this Court must grant a Rule 60(b) motion to alter the final judgment. Such relief is unavailable to correct a party's own strategic litigation decisions – here, Brody's desire to preserve his original claims against MAB in addition to enjoying the benefits of the settlement agreement Brody negotiated with MAB.

When parties settle, the defendant is typically dismissed with prejudice because the settlement agreement substitutes for the plaintiff's claims – either the defendant performs the settlement agreement, or the plaintiff can sue on it if necessary. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994) ("a settlement agreement is a contract, part of the consideration for which is dismissal of a suit") (cleaned up).

Here, Brody decided that he wanted to have his settlement cake and eat it too. He admits that he chose to dismiss MAB *without* prejudice "to ensure that [Brody] would be able to sue Marc A. Bruner on the same claims rather than solely for breach of the settlement agreement

4

should the need arise." *See* Brody's 11/2/2023 filing in the Tenth Circuit appeal at 3.  And Brody effected this without-prejudice dismissal through a Rule 41(a)(1)(A)(ii) stipulation, which takes effect immediately without any involvement of the Court.  Brody did this after the Court had dismissed BFT, so Brody knew that he might want to appeal BFT's dismissal.  If Brody intended to preserve his right to take an appeal of this Court's dismissal of BFT (should the Court deny Brody's Rule 60(b) motions, as it did), Brody should have given thought to how his decision to dismiss MAB *without* prejudice would impact appellate jurisdiction.  As the Tenth Circuit has ruled in this matter, Brody's decision to dismiss MAB without prejudice prevents Brody from appealing the judgment dismissing Brody's claims against BFT.

So, can this Court now save Brody from the legal consequences of his strategic litigation decision to keep alive multiple avenues for pursuing MAB, which (as Brody must now appreciate) was ill-advised because it scuttled his ability to appeal BFT's dismissal?  The only procedural avenue is through Rule 60(b), and that avenue is blocked by Brody's own tactics.

"[O]nce a Rule 41(a)(1) dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims **or issue further orders pertaining to them.**"  *Netwig v. Ga. Pac. Corp*., 375 F.3d 1009, 1011 (10th Cir. 2004) (emphasis added).  Or as the Tenth Circuit has more colorfully phrased it, a Rule 41(a)(1) dismissal notice "**closes the file**.  There is nothing the defendant can do to fan the ashes of that action into life and **the court has no role to play**….  Its alpha and omega was the doing of the plaintiff alone."  *Id.*, quoting *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (emphasis added); *accord De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits.").

As a result, the *only* way for Brody to turn his voluntary dismissal of MAB without prejudice into a dismissal with prejudice (as he must to cure the appellate jurisdictional defect he

5

inserted into this matter) is through Rule 60(b).  "Once a case is unconditionally dismissed the Court loses all jurisdiction over the case other than the ability to hear motions under rule 60(b)." *Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 326-27 (D.N.M. 2014) (cleaned up, quoting *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989)).[3]  Specifically, Brody must try to bring MAB back into the case by filing a Rule 60(b)(1) motion to alter the final judgment in this case by converting Brody's without-prejudice dismissal of MAB into a with-prejudice dismissal.

The Court need not wait for Brody to try this curative maneuver, or wait to see whether MAB can somehow be brought back into this case (or whether MAB stipulates to it).  That is because relief under Rule 60(b)(1) is not available to Brody under the unusual procedural situation he has fashioned for himself by settling with MAB while trying to simultaneously keep his claims against MAB alive for further prosecution.

Tenth Circuit considers three factors in determining whether a judgment may be set aside under Rule 60(b)(1): (i) whether the moving party's culpable conduct caused the default; (ii) whether the moving party has a meritorious defense; and (iii) whether the nonmoving party will be prejudiced by setting aside the judgment.  *Pedroza*, 304 F.R.D. at 327, citing *United States v. Timbers Preserve,* 999 F.2d 452, 454 (10th Cir. 1993).

Here, the first factor is controlling.  "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party ... when the party has made an excusable litigation mistake." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  But where the "incident entails a mistake, then it must be excusable, meaning that the party was not at fault."  *Pedroza*, *supra*.  Courts will not grant Rule 60(b)(1) relief when the mistake of which the movant complains is the result of a deliberate litigation tactic.  *Id.*, citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("If the mistake alleged is a party's litigation mistake, we have declined to

---

[3] While complex and factually inapposite, the *Pedroza* case contains a virtual treatise on the Tenth Circuit law addressing finality and jurisdiction at issue here.

grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party.").

As explained, Brody chose to dismiss MAB without prejudice because he wanted to have his settlement with MAB *and* retain his ability to sue on the original claims against MAB. Brody knew at the time that BFT had been dismissed, and he therefore knew (or should have known) how the manner of dismissing MAB could impact his ability to appeal BFT's dismissal, per the Tenth Circuit's controlling analysis here. Simply put, if Brody wanted to be able to appeal, then he should have dismissed MAB with prejudice – not without prejudice. So if dismissing MAB without prejudice was a "mistake," per the above authorities, the only way to alter the judgment dismissing MAB (which was not the Court's judgment, but MAB's own jurisdiction-stripping decision per *Netwig* and *De Leon*, *supra*) is through Rule 60(b)(1) motion to correct the mistake – but that relief is unavailable because here the "mistake" was Brody's own strategic litigation decision. *Cashner*, *supra*.

Because the first Rule 60(b)(1) consideration (the moving party's culpable conduct) is dispositive here, the Court need not address the other two factors.

In sum, even if Brody were to obtain MAB's consent to converting the without-prejudice dismissal into a with-prejudice dismissal under Rule 41(a)(2), the only way to effect that conversion in this final and dismissed action is through the procedural mechanism of a Rule 60(b) motion to alter the judgment. But Brody cannot go down this Rule 60(b) road here – the route is blocked for him under controlling Tenth Circuit precedent: Brody should have appreciated that he was injecting a jurisdictional defect into his ability to appeal against BFT when he dismissed MAB without prejudice, and the Court may not relieve Brody from the consequences of this decision because it was a deliberate litigation tactic – Brody wanted to have his settlement with MAB and still be able to sue him.

**B.     Rule 54(b) certification is not appropriate.**

7

Brody might also ask this Court to achieve finality for purposes of his pending appeal against BFT by certifying the judgment dismissing BFT as a final judgment under F.R.C.P. 54(b). This procedure may be appropriate in some circumstances. *See Heimann*, 133 F.3d at 769 (allowing the parties to return to the district court to obtain a Rule 54(b) certification so the appeal could proceed). It is not available here.

Rule 54(b) certification is an exception to the general rule that all claims and parties must be fully disposed of before an appeal may be taken, based on "the long-established policy against piecemeal appeals." *United States v. Solco I, LLC*, 962 F.3d 1244, 1250 (10th Cir. 2020). Certification is permitted for the rare situation when a ruling dismisses some parties, and there is no just reason for delaying an appeal as to the dismissed parties while the case continues in the district court as to the non-dismissed parties. *See Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

This case is not continuing as to anyone. This Court dismissed BFT with prejudice, and then Brody voluntarily dismissed MAB *without* prejudice through a Rule 41(a)(1)(A)(ii) stipulation. This case is thus concluded – it has been closed for months. This is not a proper 54(b) situation where there is some good reason to lop off some claims or some parties and treat that partial disposition as final while the case progresses as to the remaining claims or parties. *Stockman's Water Co.*, *supra*.

More importantly (and also dispositively), Brody's voluntarily dismissed claims against MAB unquestionably overlap Brody's conspiracy claim against BFT – *e.g.* breach of contract, and conspiracy to breach that contract. This means that if Brody's claims against MAB were to be reinstated, tried, and "give rise to a separate appeal at the end of the case[, the appellate] court would have to go over the same ground that it had covered in the first appeal." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005). Rule 54(b) certification is unavailable in these circumstances. *Id.*

8

### C. The Court should condition any dismissal with prejudice on updating BFT's section 13-17-201 fee award.

If the Court nonetheless allows Brody to somehow voluntarily dismiss MAB with prejudice in order to correct the jurisdictional defect that Brody inserted into his own case, the Court should condition that Rule 41(a)(2) dismissal on updating BFT's fee award under C.R.S. § 13-17-201 to cover the substantial fees that BFT has incurred since September 2021 in defending against Brody's 300 pages of post-judgment motions, and Tenth Circuit appeal.

Rule 41(a)(2) permits the Court to condition any dismissal order "upon such terms as the court considers proper." F.R.C.P. 41(a)(2); *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (the rule "permits a district court to dismiss an action … upon such terms and conditions as the court deems proper"). The Tenth Circuit has recognized that it may be appropriate in some circumstances to condition a dismissal with prejudice on payment of a party's attorney fees. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). The Tenth Circuit has also recognized that there may be "unusual circumstance[s] where dismissal with prejudice of a plaintiff's claims would adversely impact another party to the litigation." *County of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) (holding that the district court abused its discretion in granting the plaintiff's Rule 41(a)(2) motion to voluntarily dismiss because of the adverse impact the dismissal would have on intervenors in the case). It is therefore appropriate here to condition any Rule 41(a)(2) dismissal of MAB with prejudice upon updating BFT's fee award.

BFT's entitlement to fees and costs stems from C.R.S. § 13-17-201, which requires a plaintiff to pay a defendant's fees and costs when the plaintiff's tort claims are dismissed at the Rule 12 stage. As long as the Court's Rule 12 dismissal is not reversed, Brody will eventually have to pay all of BFT's fees and costs incurred in the roughly 19 months spent dealing with Brody's two lengthy Rule 60(b) post-judgment motions, and the pending Tenth Circuit appeal. *E.g. Wark v. Board of County Comm'rs*, 47 P.3d 711, 717 (Colo.App. 2002). Polsinelli's billing

department has determined that BFT has paid about $126,000 for work done in this Court in dealing with Brody's lengthy post-judgment motions; and about $78,000 for work defending this Court's Rule 12 dismissal of BFT in Brody's Tenth Circuit appeal (including an estimate of the time spent on this remand brief).

If the Court agrees that updating its fee judgment is appropriate at this juncture, while the matter is fresh in the Court's mind, then BFT will quickly file a formal fee motion for these additional fees and costs, the Court can determine them: the full $204,000 claim, or just the $126,000 claim for work done in this Court (should this Court prefer to wait for direction from the Tenth Circuit before reviewing and determining BFT's appellate fees).[4]  The Court can then either amend its existing $106,000 judgment or enter a second judgment with the new fees and costs.  BFT believes that a second fee judgment is the better course, to avoid confusion.  Brody would then have the option of staying execution of this second judgment by posting an appellate bond, as he did for the initial fee judgment.

## IV. CONCLUSION

Rule 54(b) certification is unavailable.  And this Court may not rescue Brody from the consequences of his strategic decision to dismiss MAB without prejudice under Rule 60(b).  This Court should report to the Tenth Circuit that the jurisdictional defect Brody inserted into this matter cannot be corrected, per the above analysis, and suggest that the Tenth Circuit dismiss Brody's appeal; and the Court should update BFT's fee award.

---

[4] If this Court is hesitant about awarding BFT's fees incurred in defending the appeal, then it can update BFT's fee judgment just for the amount of fees incurred in defending against Brody's two lengthy post-judgment motions, and BFT will seek fees for the appeal in the Tenth Circuit if warranted through Tenth Circuit Rule 39.2.  However, since an award of appellate fees would be mandatory rather than discretionary under section 13-17-201, the Tenth Circuit would almost certainly remand for this Court to determine the amount of appellate fees to award.  *Hoyt v. Robson Companies, Inc*., 11 F.3d 983, 985 (10th Cir. 1993).  This Court may wish to take this opportunity to review BFT's appellate fees now, so it does not have to revisit them again if the Tenth Circuit dismisses the appeal (as it should), or affirms and remands for an award of appellate fees.

10

Dated: November 28, 2023.

                                           */s/ Bennett L. Co/hen*
William R. Meyer
Bennett L. Cohen
POLSINELLI PC
1401 Lawrence St., Suite 2300
Denver, CO 80202
Phone: (303) 572-9300
wmeyer@polsinelli.com
bcohen@polsinelli.com
*Attorneys for Defendants the Bruner Family Trust and its trustee Marc E. Bruner*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which was electronically served to all parties in this matter.

                                             */s/      Polsinelli PC*