IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 19-cv-01091-RM-NRN

DAVID E. BRODY,

    Plaintiff,

v.

MARK E. BRUNER, as trustee of the Bruner Family Trust,

    Defendant.

## ORDER

This matter is before the Court on the parties' responses to its November 15, 2023, Order directing them to state their positions on where this case stands following remand from the United States Court of Appeals for the Tenth Circuit and how it should proceed. The Court has considered the parties' positions and now rules that the case shall remain closed.

Here is the relevant procedural history: After an agreement to purchase a bankruptcy claim fell through, Plaintiff sued former Defendant Marc A. Bruner ("MAB"). Plaintiff subsequently filed an Amended Complaint, adding as Defendants the Bruner Family Trust and Marc E. Bruner (MAB's son), as trustee of the Bruner Family Trust (the "BFT Defendants"), and asserting a civil conspiracy claim against them and MAB. After the Court granted the BFT Defendants' Motion to Dismiss, Plaintiff filed a Motion for Reconsideration. Later, Plaintiff voluntarily dismissed without prejudice his claims against MAB. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court then denied Plaintiff's Motion for Reconsideration and entered Final

Judgment. Plaintiff appealed. Citing *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (per curiam), the Tenth Circuit determined that finality was lacking because Plaintiff had dismissed his claims against MAB without prejudice, and therefore it lacked appellate jurisdiction. *See id.* at 768 (holding that dismissal without prejudice of the defendants' counterclaims did not render prior decisions disposing of the plaintiffs' complaint on the merits final and appealable under 28 U.S.C. § 1291). The Tenth Circuit remanded the matter to this Court to address this issue, and, as mentioned above, the Court directed the parties to respond.

Plaintiff's one-page response cites no legal authority. Plaintiff states that he and MAB have settled his claims against MAB and that they have agreed "the claims against the latter will be dismissed with prejudice." (ECF No. 195 at 1.) He goes on to state that he "will file an appropriation stimulation imminently," thereby allowing the appeal to proceed. (*Id.*) But the Court finds this approach unsatisfactory for multiple reasons. To begin with, the response was filed more than two months ago, yet no stipulation has been filed.

More importantly, the Court lacks jurisdiction over these claims. "[O]nce a Rule 41(a)(1) dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004) (quotation omitted). Tenth Circuit precedent holds that under Fed. R. Civ. P. 41(a)(1)(A)(i), "dismissal is automatic, immediately divesting the district court of subject-matter jurisdiction." *Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 920 (10th Cir. 2023) (citing *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003)). Plaintiff offers no reason why the same should not apply to a dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), and the Court discerns no rational basis for making such a distinction. *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed

under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."). Discussing the interaction between Fed. R. Civ. P. 41(a) and Fed. R. Civ. P. 60(b), the *Waetzig* court concluded that because a voluntary dismissal under the former is not a final proceeding, relief under the latter was not available. 82 F.4th at 926-27. Plaintiff offers no reason why a different rule should apply in this case, and the Court sees none. Thus, Rule 60(b) does not provide a means to obtain jurisdiction over the dismissed claims, and Plaintiff has suggested no other means by which jurisdiction might be obtained.

Defendant's response argues that the jurisdictional defect cannot be cured and highlights an additional reason why Rule 60(b) relief is not available to Plaintiff—the decision to dismiss his claims against MAB without prejudice was part of a deliberate litigation strategy. Although Fed. R. Civ. P. 60(b)(1) provides that "mistake, inadvertence, surprise, or excusable neglect" may be a ground for relief from a final judgment, courts have declined to grant relief under the rule "when the mistake was the result of a deliberate and counseled decision by the party." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Thus, to the extent that Plaintiff's dismissal of his claims against MAB without prejudice might be considered a litigation mistake, the Court finds that it does not support a claim for relief under Rule 60(b).

Accordingly, this case will remain CLOSED.

DATED this 22nd day of February, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge